**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 15 |
| DEMAR INSTALADORA Y | § | |
| CONSTRUCTORA, S.A. DE C.V., | § | Case No.: 26-90523 |
| | § | |
| Debtor in a Foreign Proceeding. | § | |
| | § | |

**VERIFIED PETITION FOR ORDER GRANTING RECOGNITION OF
FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 1515 AND 1517
OF THE BANKRUPTCY CODE AND RELATED RELIEF**

Miguel Hernandez Quezada and Amada Josefa Ferrera Gunnersan, as the duly authorized representatives (the "Foreign Representatives") of DEMAR Instaladora y Constructora, S.A. de C.V. ("DEMAR" or the "Debtor"), which is subject to a bankruptcy proceeding (the "Mexican Concurso Proceeding") pending before the First District Court in Commercial Bankruptcy Matters in Mexico City, Mexico (the "Mexican Court"), hereby file this *Verified Petition for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Related Relief* (the "Motion") seeking entry of an Order granting (i) recognition, pursuant to 11 U.S.C. § 1517,[1] of the Debtor's Mexican Concurso Proceeding; (ii) related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any additional relief that may be available under the Bankruptcy Code. The Foreign Representatives further request a hearing on the initial petition (ECF No. 1) (the "Petition") and this Motion no earlier than twenty-one days after the date the Court issues its notice of hearing, but in any event "at the earliest possible time" thereafter. *See* Fed. R. Bankr. P. 2002(q); § 1517(c).

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

**PRELIMINARY STATEMENT**

1.      The Foreign Representatives file the Petition and this Motion pursuant to section 1504, seeking recognition of the Mexican Concurso Proceeding as a "foreign main proceeding" as defined in section 1502(4), together with related relief under section 1520 and 1521.

2.      The Petition and this Motion are supported by the Declaration under penalty of perjury of Miguel Hernandez Quezada (the "Declaration"), filed concurrently herewith. *See The Declaration of Miguel Hernandez Quezada in Support of the Chapter 15 Petition for Recognition of a Foreign Main Proceeding & Emergency Motion for Provisional Relief.*[2] The Declaration itself contains exhibits referred to and incorporated herein. The Declaration also provides a summary of the Mexican Concurso Proceeding.

3.      A true and correct copy of the Mexican Court's order granting the petition for DEMAR's involuntary commercial bankruptcy and opening the conciliation period (described in greater detail below), along with its English translation is attached to the Declaration as **Exhibit "A"** (the "Reconciliation Order").  Furthermore, the written resolution of DEMAR's shareholders appointing the Foreign Representatives as representatives of the company with respect to the Mexican Concurso Proceeding and this chapter 15 case, along with its English translation is attached to the Declaration as **Exhibit "B"**.

4.      As required by Federal Rule of Bankruptcy Procedure 1007(a)(4), the Statement of Corporate Ownership, in conformity with Rule of Bankruptcy Procedure 7007.1 is attached to the Declaration as **Exhibit "C"**.

---

[2] The Declaration sets forth in detail the background and basis for recognition, and it is incorporated by reference as if fully set forth here. *See* Ex. 1.

5.    The Petition, this Verified Petition, and the Declaration demonstrate that the Mexican Concurso Proceeding should be recognized as a foreign main proceeding pursuant to sections 1515 and 1517 of the Bankruptcy Code.

6.    The Foreign Representatives seek the type of relief that Chapter 15 was designed to provide, and the Debtor's bankruptcy proceeding, the Petition, and this Motion meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334.

8.    This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution. This Chapter 15 case has been properly commenced pursuant to section 1504 by the Foreign Representatives' filing of a petition for recognition of the Mexican Concurso Proceeding under section 1515(a).

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1410(1). The Debtor has a bank account located in this District with Zions Bancorporation d/b/a Amegy Bank ("Amegy Bank") with account number XXXXXX9431. *See The Declaration of Miguel Hernandez Quezada in Support of the Chapter 15 Petition for Recognition of a Foreign Main Proceeding & Emergency Motion for Provisional Relief.* Additionally, there are pending actions against the Debtor in in this District in the matters of *Ocean Sub Sea Services, LLC v. Demar Instaladora y Constructora S.A. de C.V.*, Case No. 4:26-cv-01274 (S.D. Tex.) and *The Adani Harbour International DMCC v. Demar Instaladora y Constructora S.A.*, Case No. 4:26-cv-03308 (S.D. Tex.).

10.    Mexico is the Debtor's center of main interests as the Debtor is incorporated in Mexico, its registered office is located in Mexico, and is business operations are located in Mexico.

## GENERAL BACKGROUND AND HISTORY

I.     **Overview of the Ley de Concursos Mercantiles (the "Mexican Business Reorganization Act")**

11.     The Mexican Business Reorganization Act, enacted on May 13, 2000, replaced Mexico's prior insolvency regime under the 1943 Ley de Quiebras y de Suspensión de Pagos, and expressly provides that it serves the public interest to maintain operating companies and to avoid widespread payment defaults that could jeopardize both the debtor and related enterprises. *See id.* at ¶ 5. Hence, The Mexican Business Reorganization Act's objective is for the debtor to reorganize its finances and operations to repay its debts and preserve the continuity of its business, including pursuant to a controlled monetization of its assets subject to the supervision of the court. *See id.*

12.     This act establishes a three-phase insolvency process consisting of: (i) an investigative stage, in which eligibility for relief is assessed; (ii) a reconciliation stage, in which the debtor and its creditors attempt to reach an agreed resolution of outstanding obligations; and (iii) where necessary, a liquidation stage, in which the debtor's assets are administered and sold to satisfy creditor claims. *See id.* at ¶ 6.

13.     These proceedings are initiated by a petition filed in the appropriate federal district court, and, at the outset, the court may impose protective measures to preserve the debtor's estate, including suspending enforcement actions and restricting transfers of assets. *See id.* at ¶¶ 6-8. During the investigative stage, a visitor appointed through the Federal Institute of Commercial Insolvency Specialists (a body created by the Mexican Business Reorganization Act and an auxiliary body of Mexico's Federal Judicial Council) ("IFECOM") who reviews the debtor's financial condition and reports to the court, which then determines whether to proceed. *See id.* at ¶¶ 7-11. If the petition is granted, enforcement actions are stayed and a conciliator is appointed to facilitate negotiations and propose a restructuring plan, while the debtor generally remains in

control of its operations. *See id.* at ¶¶ 12-13. If no agreement is reached within the prescribed period, the proceeding transitions to liquidation, at which point a receiver assumes control and is charged with maximizing the value of the debtor's assets for distribution to creditors. *See id.* at ¶¶ 14-15.

14.     As explained in detail in the Declaration, the Mexican Business Reorganization Act, affords creditors, including foreign creditors, adequate notice of timing and procedures for filing claims and certain rights and protections. *See id.* at ¶ 16. Creditors have the opportunity to submit proofs of claims and foreign creditors may even be afforded an extended term for filing these initial proofs of claim, thereby entitling all those who allege claims against the debtor to be included on the list of creditors and receive the benefits of the Conciliator's oversight. *See id.* The Mexican Business Reorganization Act contemplates and involves all of the debtor's assets, rights, obligations, and liabilities, with respect to all creditors, debtors, customers, and clients, which is led by an orderly statutory process by which all creditors of the debtor are afforded with an orderly resolution of claims and equitable distributions of its assets among all of its creditors in accordance with the Mexican Business Reorganization Act's statutory priority scheme. *See id.* at ¶ 17 & 19.

15.     Throughout the entire process of reorganization, the debtor's estate is subject to the review of both the Mexican court and the conciliator, and potentially an interventor (which may be appointed if requested by creditors representing at least 10% of the debtor's debt) to oversee and supervise the acts of the conciliator and the debtor's management. *See id.* at ¶ 18.

**II.     <u>Overview of Debtor's Business Operations and Events Leading to Insolvency</u>**

16.     DEMAR is a commercial company incorporated in Mexico in 1990. Its registered office is located at Ejército Nacional número 216, Piso 15, Col. Anzures, C.P. 11590, Ciudad de México, México. DEMAR provides engineering, procurement, construction, and marine

operations services. *See id.* at ¶ 20. Near the end of 2023, DEMAR began to face financial issues arising from its heavy reliance on Petróleos Mexicanos ("PEMEX"), its principal client in the oil, gas, and energy sectors. *See id.*. When PEMEX experienced a significant financial crisis beginning in late 2023 and became delinquent on payments through 2025, DEMAR was left with substantial unpaid invoices, which in turn impaired its liquidity and prevented it from meeting its own obligations to vendors, employees, and fiscal authorities. *See id.* at ¶ 21.

### III.   The Mexican Concurso Proceeding

17.   Pursuant to the Mexican Business Reorganization Act, two of DEMAR's creditors—*i.e.,* Ocean Sub Sea Services, LLC ("Ocean"), a limited liability company formed in the State of Washington, and JK Ingenieria S.A. de C.V. ("JK"), a Mexican company involved in the provision of commercial offshore service in the maritime industry—filed an involuntary commercial bankruptcy petition against DEMAR on September 29, 2025. *See id.*, at ¶¶ 22-23. The Mexican Court admitted the bankruptcy petition on October 9, 2025, imposing precautionary measures including the suspension of payments and enforcement actions, and restrictions on asset transfers. *See id.* at ¶¶ 22-23. After review by a court-appointed visitor, who determined that DEMAR was generally failing to meet its obligations and had approximately 312 creditors with liabilities exceeding its liquidity, DEMAR consented to the bankruptcy proceeding on February 25, 2026. *See id.* at ¶¶ 25-26. On March 23, 2026, the Mexican Court granted the petition, commenced the conciliation stage of the proceeding, maintained the protective measures, appointed a conciliator, and continued the stay of all enforcement actions against DEMAR's assets. *See id.* at ¶27.

### THIS CHAPTER 15 CASE AND BASIS FOR RELIEF REQUESTED

I.   **The Debtor is Eligible for Chapter 15 Relief and Recognition of the Mexican Concurso Proceeding is Appropriate**

18. Section 1517(a) of the Bankruptcy Code provides that, subject to section 1506, after notice and a hearing,

[A]n order recognizing a foreign proceeding shall be entered if (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515.

11 U.S.C. § 1517(a). As explained below, the Mexican Concurso Proceeding, the Foreign Representative, and the Petition satisfy all of the foregoing requirements.

### A. The Mexican Concurso Proceeding is a Foreign Main Proceeding

#### i. The Mexican Concurso Proceeding is a "Foreign Proceeding" Under 11 U.S.C. § 101(23)

19. The Mexican Concurso Proceeding is a foreign main proceeding for DEMAR. As such, the Mexican Concurso Proceeding satisfies the first condition for entry of a recognition order under section 1517(a) of the Bankruptcy Code.

20. Section 101(23) of the Bankruptcy Code defines "foreign proceeding as:

[A] collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23). A "foreign court" is defined as "a judicial or other authority competent to control or supervise a foreign proceeding." 11 U.S.C. § 1502(3).

21. A foreign proceeding is one in which "acts and formalities [are] set down in law so that courts, merchants and creditors can know them in advance, and apply them evenly in practice." *In re Betcorp Ltd.*, 400 B.R. 266, 278 (Bankr. D. Nev. 2009); cf. *In re Carmona*, 580 B.R. 690, 708-09 (Bankr S.D. Tex. 2018) (holding that a foreign proceeding must be conducted under a

7

SEQUOR LAW, P.A.

foreign judicial system that is "fundamentally fair" and "[does not] offend against basic fairness") (citing *DeJoria v. Maghreb Petroleum Exploration, S.A.*, 804 F.3d 373, 381 (5th Cir. 2015); *see also In re Xacur*, 216 B.R. 187, 195 (Bankr. S.D. Tex. 1997) ("A foreign proceeding under the Bankruptcy Code is a 'proceeding . . . for the purpose of liquidating an estate, adjusting debts by composition, extension, or discharge, or effecting a reorganization.") (quoting 11 U.S.C. § 101(23)).

22.     Courts have regularly found that proceedings commenced pursuant to the Mexican Business Reorganization Act are foreign proceedings under section 101(23). *See e.g., In re Cozumel Caribe, S.A. de C.V. ,* No. 10-13913 (MG), 2010 Bankr. LEXIS 6438, at *5 (Bankr. S.D.N.Y. Oct. 20, 2010) (finding that a proceeding under the Mexican Business Reorganization Act is foreign proceeding within the meaning of the section 101(23)); *In re Corporación Durango, S.A.B. de C.V.,* No. 08-13911 (RDD), 2008 Bankr. LEXIS 5115, at *3 (Bankr. S.D.N.Y. Dec. 11, 2008) (same); *In re Controladora Comercial Mexicana, S.A.B. de D.V.*, No. 10-13750 (SMB), 2010 Bankr. LEXIS 6437, at *3 (Bankr. S.D.N.Y. Aug. 19, 2010) (same).

23.     In determining whether a specific proceeding is a "foreign proceeding" under section 101(23) of the Bankruptcy Code, courts examine the following criteria:

> (i) [the existence of] a proceeding; (ii) that is either judicial or administrative; (iii) that is collective in nature; (iv) that is in a foreign country; (v) that is authorized or conducted under a law related to insolvency or the adjustment of debts; (vi) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and (vii) which proceeding is for the purpose of reorganization and or liquidation.

*Betcorp*, 400 B.R. 266, 276-77; *see also In re Ran*, 607 F.3d 1017, 1021 (5th Cir. 2010) (citing the definition set forth in Betcorp with approval). These factors are satisfied here.

24.     First, a proceeding exists. The Mexican Concurso Proceeding was commenced by Ocean, one of DEMAR'S creditors pursuant to the Mexican Business Reorganization Act, a law establishing a reorganization and liquidation procedure for commercial companies in Mexico that went into effect on May 13, 2000. *See* Ex. 1 at ¶ 5. For purposes of chapter 15 recognition, "the hallmark of a 'proceeding' is a statutory framework that constrains a company's actions and that regulates the final distribution of a company's assets." *Betcorp*, 400 B.R. 266, 278. Because the Mexican Concurso Proceeding operates under such a statutory framework, it satisfies the first facet of section 101(23).

25.     Second, the Mexican Concurso Proceeding is "judicial" in nature. A reorganization proceeding is judicial in character whenever "a court exercises its supervisory powers." *In re ABC Learning Centres Ltd.*, 445 B.R. 318, 328 (Bankr. D. Del. 2010), aff'd, 728 F.3d 301 (3rd Cir. 2013). On March 23, 2026 the Mexican Court entered the Reconciliation Order. *See* Ex. 1 at ¶ 23 & Ex. A. The Mexican Court thereafter must approve any proposed reorganization plan for it to be effective. *See* Ex. 1 at ¶¶ 12-13. The Mexican Court is a judicial body in Mexico, which throughout the Mexican Concurso Proceeding will have jurisdiction to hear and consider any issues relating to the Mexican Concurso Proceeding. *See* Ex. 1 at ¶¶ 5-15.

26.     Third, the Mexican Concurso Proceeding is "collective". A proceeding is "collective if it considers the rights and obligations of all creditors." *ABC Learning Centres*, 445 B.R. at 328 (citing *Betcorp*, 400 B.R. at 281). The Mexican Concurso Proceeding plainly satisfies this standard, as it is governed by a statutory framework that mandates a centralized process for all claims, includes all creditors, and provides procedural safeguards for all creditors—including foreign creditors. *See* Ex. 1 at ¶¶ 16-19.  First, the Mexican Business Reorganization Act ensures that all creditors receive notice and an opportunity to submit proofs of claim, which are reviewed

and incorporated into a single, court-supervised claims registry. *See* Ex. 1 at ¶¶ 16–17 & 19. Second, the Mexican Business Reorganization Act governs the treatment all of DEMAR's assets, rights, obligations, and liabilities, and provides an orderly process to provide creditors with an orderly distribution scheme based on an established priority scheme. *See id.* at ¶¶ 17 & 19. Third, throughout the entire process of reorganization, DEMAR's estate is subject to various levels of review, including by the Mexican Court, which provides a forum in which creditors can seek relief against the decisions of the conciliator and DEMAR. *See id.* at ¶¶ 17-19. Accordingly, the presence of more than 300 creditors, each with a distinct economic interest, reflects the breadth of the proceeding's reach and the fact that all such claims are addressed within a single, comprehensive process. *See id.* at ¶ 25. For these reasons, the Mexican Concurso Proceeding is "collective" within the meaning of applicable law..

27.     Fourth, the Mexican Concurso Proceeding is pending before the Mexican Court which is located in the country of Mexico, a foreign country.

28.     Fifth, the Mexican Concurso Proceeding is a proceeding conducted under a law relating to insolvency and the adjustment of debt which is intended to support the revitalization and preservation of the Debtor. *See id.* at ¶ 5. The Mexican Business Reorganization Act establishes a structured process—particularly through the reconciliation stage—wherein DEMAR and its creditors negotiate a consensual plan to pay outstanding obligations. *See id.* at ¶¶ 12-13. During this stage, the Debtor facilitates restructuring of the business by creating a plan, in accordance with which certain debts may be modified rather than immediately enforced. *See id.* at ¶¶ 12-13.

SEQUOR LAW, P.A.

ii. *The Mexican Concurso Proceeding is a "Foreign Main Proceeding" Under 11 U.S.C. § 1502(4)*

29.     Section 1502(4) defines the term "foreign main proceeding" as a "foreign proceeding pending in the country where the debtor has the center of its main interests[.]" 11 U.S.C. § 1502(4). While the Bankruptcy Code does not define a debtor's center of main interests ("COMI"), section 1516(c) provides that, "in the absence of evidence to the contrary, the debtor's registered office. . . is presumed to be the center of the debtor's main interests." 11 U.S.C. § 1516(c). The legislative history indicates that this rebuttable presumption was "designed to make recognition as simple and expedient as possible" in cases where the COMI of a debtor is not controversial. *See* H. Rep. No. 109-31, pt. 1, at 112-13 (2005).

30.     Here, DEMAR was incorporated in Mexico and it's registered office is located in Mexico at Ejército Nacional número 216, Piso 15, Col. Anzures, C.P. 11590, Ciudad de México, México. *See* Ex. 1 at ¶ 16. Accordingly, Mexico is presumed to be DEMAR's center of main interests.

31.     Moreover, DEMAR's business is primarily conducted from Mexico, and its reorganization activities with respect of the Mexican Concurso Proceeding have all occurred in Mexico. Therefore, because DEMAR's registered office is located in Mexico, DEMAR is entitled to presumption codified in section 1516(c) of the Bankruptcy Code, determining that its COMI is in Mexico.

**B.   *The Foreign Representative is a Person***

32.     The second requirement for recognition of a foreign proceeding under section 1517(a) of the Bankruptcy Code is that the foreign representative applying for recognition be a "person or body." *See* 11 U.S.C. § 1517(a)(2). The term "foreign representative" is defined in section 101(24) of the Bankruptcy Code as:

11

> a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11. U.S.C. § 101(24).

33.     Pursuant to Article 74 of the Mexican Business Reorganization Act, DEMAR remains in control of the administration of the business throughout the reconciliation stage. *See* Ex. 1 at ¶¶ 12 & 24. As such, the Foreign Representatives in this case are the individuals who have been duly authorized by DEMAR to act as its authorized representatives with the powers to administer its reorganization efforts, including authorizing and overseeing this chapter 15 case. *See* Ex 1. at ¶ 24 & Ex. B; *Ad Hoc Grp. of Vitro Noteholders v. Vitro S.A.B. de C.V. (In re Vitro, S.A.B. de C.V.)*, 470 B.R. 408, 412 (N.D. Tex. 2012), aff'd sub nom., *In re Vitro S.A.B. de CV*, 701 F.3d 1031 (5th Cir. 2012), cert. dismissed, 133 S. Ct. 1862 (2013) (recognizing that a board of directors may authorize a person to act as company's foreign representative in a chapter 15 proceeding); *In re Compania Mexicana de Aviacion, S.A. de C.V.*, No. 10-14182 (MG) (Bankr. S.D.N.Y. Nov. 8, 2010) (ECF No. 261) (same). Accordingly, the Foreign Representatives are "foreign representative(s)" within the meaning of section 101(24).

   C.   ***The Procedural Requirements of Section 1517(a)(3) and Applicable Bankruptcy Rules are Satisfied***

28.     Section 1517(a)(3) requires that the petition meet the requirements of section 1515. *See* 11 U.S.C. § 1517(a)(3). Section 1515(a) requires that the foreign representative apply to the court for recognition by filing a petition for recognition. 11 U.S.C. § 1515(a). Pursuant to section 1515(b), a petition for recognition must be accompanied by one of the following:

> (i) a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;

12
SEQUOR LAW, P.A.

(ii) a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or

(iii) in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.

29. The documents referred to in section 1515(b) must be translated into English. 11 U.S.C. § 1515(d).

30. Section 1515(c) requires that the petition be accompanied by a statement identifying all foreign proceedings with respect to the foreign debtor that are known to the foreign representative. 11 U.S.C. § 1515(c).

31. Lastly, the Bankruptcy Rules require that a corporate ownership statement accompany the Petition. Fed. R. Bank. P. 1007(a)(4).

32. Here, the Foreign Representatives properly commenced this chapter 15 case by filing the Petition accompanied by all the fees, documents and information required by the Bankruptcy Code and the Bankruptcy Rules, including: (i) a corporate ownership statement containing the information described in Bankruptcy Rule 7007.1; (ii) the names and addresses of all persons or bodies (a) authorized to administer the Mexican Concurso Proceeding [*See* Ex. 1 at ¶ 24], (b) all parties to litigation pending in the United States in which DEMAR is a party at the time of the filing of the Petition [*See* Ex. 1 at ¶¶ 28-35], and (c) all entities against whom provisional relief is being sought under section 1519 [*See* Ex. 1 at ¶ 36]; (iii) a certified copy of the Reconciliation Order, accompanied by its English language translation; and (iv) a true and correct copy of the written resolution of DEMAR's shareholders appointing the Foreign Representatives as representatives of the company with respect to the Mexican Concurso Proceeding and this chapter 15 case, accompanied by its English language translation.

33.     Having filed the above-referenced documents, and because the Court is entitled to presume the authenticity of such documents filed in connection with the Petition under section 1516(b), the requirements of section 1515 and Bankruptcy Rule 1007(a)(4) have been met and this chapter 15 case was properly commenced. *See* 11 U.S.C. §§ 1504, 1509(a) & 1515; Fed. R. Bank. P. 1007(a)(4).

## II.     Upon Recognition of the Mexican Concurso Proceeding as a "Foreign Main Proceeding" the Automatic Stay Applies

34.     Upon the recognition of a foreign proceeding as a "foreign main proceeding," a foreign representative is automatically entitled to the benefit of the relief conferred under section 1520(a), including, without limitation, the automatic stay imposed pursuant to section 362. *See* 11 U.S.C. § 1520(a)(1) ("Upon the recognition of a foreign proceeding that is a foreign main proceeding—(1) sections 361 and 362 of the Bankruptcy Code apply with respect to the debtor and property of the debtor that is within the territorial jurisdiction of the United States[.]")

35.     Consequently, upon the recognition by this Court of the Mexican Concurso Proceeding as a "foreign main proceeding," the automatic stay provided under section 362(a) should apply to, among other things, prevent the commencement or continuation of all actions and proceedings against the DEMAR and its property in the United States, including the continuation of the following actions seeking to attach DEMAR's funds located in this district: (i) the action brought by Ocean Sub Sea Services, LLC against DEMAR on February 16, 2026, in the United States District Court in and for the Southern District of Texas, with Case No. 4:26-cv-1274 (the "Ocean Admiralty Case"); and (ii) the action brought by The Adani Harbour International DMCC ("Adani") against DEMAR on April 23, 2026, in the matter *The Adani Harbour International DMCC v. Demar Instaladora y Constructora S.A.*, Case No. 4:26-cv-03308 (S.D. Tex.) (the

"Adani Admiralty Case" and together with the Ocean Admiralty Case, the "Texas Admiralty Cases").

36.     Given that the protections set forth in section 1520(a) flow automatically from the recognition of a "foreign main proceeding" under section 1517, upon recognition of the Mexican Concurso Proceeding as a "foreign main proceeding," no further showing or action is required.

37.     Moreover, pursuant to section 1521(a)(1), the Court has the discretion to stay the continuation of an individual action or proceeding concerning the Debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a).

38.     Here, a stay on the Texas Admiralty Cases is warranted because Ocean and Adani are pursuing duplicative relief on similar claims they already sought before the Mexican courts and which are subject of the Mexican Concurso Proceeding. Ocean filed its involuntary concurso petition on September 29, 2025, and DEMAR has since consented to that proceeding, which is designed to centralize the resolution of creditor claims. *See* Ex. 1. at ¶¶ 22 & 26. Yet, after initiating that process, Ocean proceeded to file an action against DEMAR in this District on February 16, 2026, obtained an ex parte writ of garnishment just two days later, and restrained at least $17.5 million—an amount sufficient to satisfy its asserted claim in full—and then moved for default. *See id.* at ¶¶ 34-40. In effect, Ocean's strategy has been to put DEMAR into an insolvency proceeding, obtain precautionary relief to prevent the payment of other creditors unless through the Mexican Concurso Proceeding, and seek to enforce against DEMAR's assets in Texas—in effect attempting to obtain and secure a de facto priority over other creditors through the Ocean Admiralty Case.

39.     Moreover, this entire process unfolded without reasonable notice to DEMAR and through inconsistent procedural steps that deprived DEMAR of a fair opportunity to respond. Over a month after it filed the lawsuit, Ocean sent a request for waiver of service pursuant to Rule 4(d)

of the Federal Rules of Civil Procedure which DEMAR received on March 23, 2026 (the "Request for Waiver of Service"), expressly providing DEMAR with at least 60 days to respond and an additional 30 days to answer if the waiver were executed, but then, days later, asserted for the first time a separate Admiralty Rule 3(b) deadline tied to the attachment had already purportedly expired. *See id.* at ¶¶ 37. Within approximately one week of first sending the Request for Waiver of Service, Ocean sought entry of default without serving that request on DEMAR, and, even after DEMAR's counsel attempted to engage with Ocean's counsel, proceeded to seek default judgment without response or service. *See id.* at ¶¶ 39-40.

40.     For its part, prior to the Mexican Concurso Proceeding, Adani obtained a seizure of DEMAR's receivables, which seizure was lifted over Adani's objections due to the existence of the Mexican Concurso Proceeding. Accordingly, Adani has not only sought recourse in Mexico before the initiation of the concurso, but is aware that the Mexican Concurso Proceeding prevents its seizure of DEMAR's assets. Given that Adani's seizure was lifted, Adani is now seeking to circumvent the Mexican Concurso Proceeding, and its applicable stay, here in the United States in an effort to obtain priority over other creditors.

41.     Permitting the Texas Admiralty Cases to proceed would undermine the collective nature of the Mexican Concurso Proceeding, and reward the opportunistic maneuvering by Ocean and Adani by allowing them to extract a full, unilateral recovery, to the detriment of similarly situated creditors in the Mexican Concurso Proceeding; a stark contrast to the centralized insolvency process that was commenced by Ocean.

## III.     Other Relief Requested Pursuant to Section 1521(a)

42.     Upon recognition of a foreign proceeding as a foreign main proceeding, sections 1521 and 1507 provide specific basis for additional relief. A foreign representative may request

additional "appropriate relief" pursuant to section 1521(a) of the Bankruptcy Code. 11 U.S.C. § 1521(a). Section 1521(a) authorizes the Court to grant "any appropriate relief" to a foreign representative "where necessary to effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors . . . ." 11 U.S.C. §§ 1521(a); *see also Avanti*, 582 B.R. at 612 ("The discretion that is granted is 'exceedingly broad,' since a court may grant 'any appropriate relief' that would further the purposes of chapter 15 and protect the debtor's assets and the interests of creditors") (internal citations omitted). Such relief may include (among other things):

> i. staying the commencement or continuation of an individual action or proceeding concerning the debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a);
>
> ii. staying execution against the debtor's assets to the extent it has not been  stayed under section 1520(a);
>
> iii. suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor to the extent this right has not been suspended under section 1520(a);
>
> iv. providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities;
>
> v. entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative or another person, including the examiner, authorized by the court;
>
> vi. extending relief granted under section 1519(a); and
>
> vii. granting any additional relief that may be available to the trustee, except for relief available under sections 522, 544, 545, 547, 548, 550 and 724(a).

11. U.S.C. § 1521(a).

**RELIEF REQUESTED**

43.     Accordingly, the Foreign Representatives seek an Order pursuant to sections 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order attached as **Exhibit "1"** hereto, granting the following relief:

a.  Recognizing the Mexican Concurso Proceeding as a foreign main proceeding and acknowledging the Foreign Representatives as the duly authorized foreign representatives of the Debtor;

b.  Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520, including applying sections 361 and 362 with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States, to stay, among other things, the two Texas Admiralty Cases;

c.  Granting all necessary and appropriate relief under section 1521, including the following:

   i.  Pursuant to Section 1521(a)1), staying the commencement or continuation of any action or proceeding filed without the Foreign Representatives' consent concerning rights, obligations, or liabilities of the Debtor to the extent not stayed under section 1520(a), including the two Texas Admiralty Cases;

   ii.  Pursuant to section 1521(a)(2), staying execution against the Debtor's assets to the extent not stayed under section 1520(a);

   iii.  Pursuant to section 1521(a)(5), entrusting the administration or realization of all the Debtor's assets within the territorial jurisdiction of the United

SEQUOR LAW, P.A.

States to the Foreign Representatives and finding that the interests of the Debtor's creditors are sufficiently protected thereby; and

iv. Granting the Foreign Representatives such other and further relief as the Court may deem just and proper.

## NO PRIOR REQUEST

44. No previous request for the relief sought herein has been made to this or any other court in the United States.

## CONCLUSION

WHEREFORE, the Foreign Representatives respectfully request that this Court enter an Order substantially in the form of the Proposed Order attached as **Exhibit "1"** hereto and grant such other relief as may be just and proper.

Dated: May 6, 2026

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
jmendoza@sequorlaw.com
fmenendez@sequorlaw.com
mhanlon@sequorlaw.com
Telephone:    (305) 372-8282
Facsimile:    (305) 372-8202

By:   /s/ *Juan J. Mendoza*
    Juan J. Mendoza
    Florida Bar No.: 113587
    Fernando J. Menendez (*pro hac vice pending*)
    Florida Bar No.: 18167
    Michael D. Hanlon (*pro hac vice pending*)
    Florida Bar No.: 1068478

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 15 |
| DEMAR INSTALADORA Y | § | |
| CONSTRUCTORA, S.A. DE C.V., | § | Case No.: |
| | § | |
| Debtor in a Foreign Proceeding. | § | |
| | § | |

**ORDER GRANTING RECOGNITION OF FOREIGN MAIN
PROCEEDING PURSUANT TO 11 U.S.C. §§ 1515 AND 1517 AND
GRANTING RELATED RELIEF**

This matter came on for hearing on _____2026 at ___ (the "Hearing"), upon the *Verified Petition for Order of Recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 1515 and 1517 and Request for Hearing* (the "Verified Petition") [ECF No. _] filed by Miguel Hernandez Quezada and Amada Josefa Ferrera Gunnersan, by and through counsel, as the duly authorized representatives (the "Foreign Representatives") of DEMAR Instaladora y Constructora, S.A. de C.V. ("DEMAR" or the "Debtor"), which is subject to a bankruptcy proceeding (the "Mexican Concurso Proceeding") pending before the First District Court in Commercial Bankruptcy Matters in Mexico City, Mexico (the "Mexican Court"), seeking recognition of the Mexican Concurso Proceeding as a Foreign Main Proceeding and related relief under Chapter 15 of the Bankruptcy Code. The Court has considered the Verified Petition, the Declaration of Miguel Hernandez Quezada and its attachments, including the Corporate Ownership Statement, and the Petition ("Petition") [ECF No. _], as well as counsel's proffer at the Hearing.

**The Court finds:**

A.      Due and timely notice of the filing of the chapter 15 Petition, the Verified Petition, and the Hearing was given by the Foreign Representatives as directed by this Court.

B.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

C.       Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410(1).

D.       This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.       The Foreign Representatives qualify as "foreign representative(s)" as defined in 11 U.S.C. §101(24).

F.       This chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515, and 1517.

G.       The Foreign Representatives have met the requirements of 11 U.S.C. §§ 1515(a), 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.       The Mexican Concurso Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.       The Mexican Concurso Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J.       The Mexican Concurso Proceeding is pending in Mexico City, Mexico. The Debtor has its center of main interests in Mexico, and, accordingly, the Mexican Concurso Proceeding is a foreign main proceeding, under 11 U.S.C. § 1502(4) entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K.       The Foreign Representatives are entitled to all relief provided under 11 U.S.C. § 1520.

L.       The Foreign Representatives are further entitled to the relief expressly set forth in 11 U.S.C. § 1521(a)(1)–(5).

M.       The relief granted by this Order is necessary and appropriate, in the interests of

22

SEQUOR LAW, P.A.

public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor or other parties that is not outweighed by the benefits of the relief being granted.

N.      The interests of the Debtor, its creditors, and interested entities are sufficiently protected by the rights and obligations under the Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Civil Procedure governing the taking of discovery.

**IT IS ORDERED THAT:**

1.      The Mexican Concurso Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.      The Mexican Court's Order commencing the Mexican Concurso Proceeding shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.

3.      Under 11 U.S.C. § 1521(a)(5), the Foreign Representatives are entrusted with the full administration and realization of all or a part of the Debtor's assets within the territorial jurisdiction of the United States.

4.      The Foreign Representatives shall have the authority to act independently in order to carry out any of the duties and powers granted by this Order.

5.      The provisions of 11 U.S.C. § 1520(a) apply to this proceeding, including without limitation, the application of the automatic stay of 11 U.S.C. § 362 with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States.

6.      Under 11 U.S.C. § 1521(a)(1), all persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor located in the United States, including the Two Admiralty Cases.

SEQUOR LAW, P.A.

7.     Under 11 U.S.C. § 1521(a)(2), all persons and entities are stayed from executing against the assets of the Debtor located in the United States.

8.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry within the meaning of 28 U.S.C. §158(a); (ii) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Foreign Representatives are authorized and empowered to, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

9.     No action taken by the Foreign Representatives or their successors, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Mexican Concurso Proceeding or any order entered in or in respect of this chapter 15 case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of the immunity afforded to the Foreign Representatives, including pursuant to 11 U.S.C. §§ 306 and 1510.

10.    This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

11.    This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

12.    A copy of this Order, confirmed to be true and correct, shall be served electronically on any person or entity that has appeared in this case to date.

13.    The Foreign Representatives are directed to serve a true and correct copy of this

Order in accordance with Rule 2002(q) of the Federal Rules of Bankruptcy Procedure.


Dated: _____, 2026    _____
   Houston, Texas       United States Bankruptcy Judge