## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 15 |
| DEMAR INSTALADORA Y | § | |
| CONSTRUCTADORA, S.A. DE C.V., | § | Case No.: 26-90523 |
| | § | |
| Debtor in a Foreign Proceeding. | § | |
| | § | |

### DECLARATION OF MIGUEL HERNANDEZ QUEZADA IN SUPPORT OF THE CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING & EMERGENCY MOTION FOR PROVISIONAL RELIEF

I, MIGUEL HERNANDEZ QUEZADA, hereby declare under penalty of perjury under the laws of the United States as follows:

1. I am over the age of 18 and, if called upon, could competently testify as to all matters set forth in this Declaration based upon my own personal knowledge, except for those parts otherwise specified. Where matters are based on information supplied to me, those matters are true to the best of my information, knowledge, and belief, and I clearly identify the source of that knowledge.

2. Although I understand English and can read English, my first language is Spanish and therefore, if called upon to testify as to the matters set forth in this Declaration, I respectfully request that such testimony be supported by an interpreter.

3. Amada Josefa Ferrera Gunnarsen and I are the duly authorized representatives of DEMAR Instaladora y Constructora, S.A. de C.V. ("DEMAR" or the "Debtor") with the general judicial power of attorney for lawsuits and collections for DEMAR, including the plain authority to oversee this Chapter 15 case.

4.     I make this Declaration in support of the chapter 15 petition form [DE 1], the *Verified Petition for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Recognition Motion"), and the *Emergency Motion for Provisional Relief Pursuant to §§ 105, 1519, and 1521 of the Bankruptcy Code* filed concurrently herewith.

## THE MEXICAN BUSINESS REORGANISZATION ACT<br>(LEY DE CONCURSO MERCANTILES)

5.     The *Ley de Concurso Mercantiles* (the "Mexican Business Reorganization Act"), which went into effect on May 13, 2000, is a relatively recent statute intended to replace Mexico's 1943 *Ley de Quiebras y de Suspension de Pagos*, officially published in the *Diario de la Federación* on April 20, 1943. The Mexican Business Reorganization Act expressly recognizes that it is "in the public interest to preserve companies and to prevent a general default in payment from risking their failure and the failure of other companies with which they have dealings." Mexican Business Reorganization Act, Art. 1. The Mexican Business Reorganization Act's objective is for the debtor to reorganize its finances and operations to repay its debts and preserve the continuity of its business, including pursuant to a controlled monetization of its assets subject to the supervision of the court. As set forth in more detail below, the Mexican Business Reorganization Act establishes a process for reorganization proceedings (concurso mercantiles) and provides for the orderly administration of all claims against a debtor in a centralized proceeding.

### A.     The Stages in Concurso Proceedings

6.     The Mexican Business Reorganization Act provides for three distinct and successive stages in insolvency proceedings: (a) the investigative stage, wherein  the debtor seeks to avail itself of the protections of the Mexican Business Reorganization Act; (b) the

2

reconciliation stage, wherein the debtor seeks consensual resolution to pay its debts; and, (c) in cases were consensual resolution is not obtained and/or where a debtor seeks voluntary liquidation, the liquidation stage, wherein the debtor is divested of its control over the business and the assets of the debtor are sold for the benefit of the creditors.

### i. The Investigative Stage

7. Cases brought under the Mexican Business Reorganization Act are commenced by the filing of a petition for business reorganization either by the debtor, a creditor or a government official. *See id.* at Art. 21. In Mexico, recent legislation has established two specialized courts which have the exclusive jurisdiction to hear bankruptcy matters. Accordingly, petitions for bankruptcy are filed in either of those two courts

8. As part of its petition, the debtor, creditor, or government official may seek preliminary relief aimed at avoiding any action that could disrupt the debtor's business activities. *See id.* at Art. 26. Included in this relief is the ability to seek a temporary restraining order preventing collection efforts against the debtor and its assets until the court determines whether to grant the petition. *See id.*

9. Once a petition is filed, the investigative stage of the insolvency proceedings commences during which the *visitador* (visitor), an individual appointed by the Federal Institute of Commercial Insolvency Specialists (a body created by the Mexican Business Reorganization Act and an auxiliary body of Mexico's Federal Judicial Council) ("IFECOM"), examines the debtor's books and records to determine if the company satisfies the eligibility requirements to be a debtor as defined and required under the Mexican Business Reorganization Act. *See id.* at Arts. 10 & 29-40.

10.     The visitor also may request that the court impose any relief necessary to protect the debtor's assets and the rights of creditors. *See id.* at Art. 37. The determination of the application of this relief is left to the discretion of the court and includes: (i) the prohibition to make payments of obligations due prior to the date of admittance of the petition of commercial insolvency; (ii) the suspension of any enforcement procedure against the assets and rights of the debtor; (iii) the prohibition of the debtor to perform sales or transfers or encumbrances of the principal assets of its enterprise; (iv) the attachment of property; (v) judicial administration; (vi) the prohibition to perform transfers of funds or securities in favor of third parties; and (vii) any other relief of a similar nature.

11.     Once the examination is concluded, the visitor is required to submit a report of his or her findings to the court. Upon consideration of this report, along with the facts stated in the petition and other evidence offered, the court will issue a "business reorganization judgment" determining whether to grant the petition and permit the debtor to proceed with the next stage of the bankruptcy reorganization process. *See id.* at Art. 24.

### ii.     The Reconciliation Stage

12.     Once the petition is granted, all efforts by creditors to enforce judgments or otherwise seize assets of the debtor will be automatically stayed, *see id.* at Art. 43, section IV & Art. 65[1], and the case enters a "reconciliation" stage with the appointment of a *conciliador*

---

[1] In relevant part, Article 65 of the Mexican Business Reorganization Act provides as follows:

> From the business reorganization judgment issue date to the end of the conciliation stage, no seizure or enforcement order may be executed against the Merchant's properties and rights.

Under the Mexican Business Reorganization Act, the term "Merchant" has the same meaning as the term "Debtor" under the Bankruptcy Code.

4

(conciliator). *See id.* at Art. 43, sections IV & V. The conciliator is a professional who is also associated with IFECOM.

13. The conciliator is responsible for overseeing the negotiations between the debtor and its creditors, and is also responsible for proposing a plan of reorganization. *See id.* at Arts. 148-151. The conciliator however does not have control of the debtor's business; rather, the debtor remains in control of the administration of the business similar to the US bankruptcy concept of debtor-in-possession. *See id. at* Art. 74.

### iii.        The Liquidation Stage

14. The conciliation process can last no longer than 365 days. *See id.* at Art. 145. If within that time, a plan of reorganization is not approved by the court, the debtor will be directed by the court to enter liquidation proceedings. In contrast to the reconciliation stage, upon entering the liquidation stage, management of the debtor is transferred to a receiver, who is also an appointee of IFECOM.

15. The receiver is tasked with the obligation to sell all of the assets and rights of the debtor, seeking at all times to maximize their value, and to apply the funds obtained from such sales to the payment of the debtor's indebtedness.

### B.        Treatment of Creditors Under the Mexican Business Reorganization Act

16. Under the Mexican Business Reorganization Act, creditors are given adequate notice of timing and procedures for filing claims. Foreign creditors are afforded the same rights and protections under the Mexican Business Reorganization Act as a creditor in Mexico, including the requirements of adequate notice. *See id.* at Art. 291. Creditors have the opportunity to submit proofs of claim to the Conciliator and foreign creditors are even afforded an extended term for filing initial proofs of claim. *See id.* at Arts. 122, 290-291. Therefore, foreign and

5

domestic creditors are entitled to be on the list of creditors submitted by the Conciliator and receive the benefits of the Conciliator's oversight under the Mexican Business Reorganization Act. In addition, all creditors are permitted to object in writing to the Conciliator's list of creditors and receive notice of the court order that recognizes the amount and priority of all claims against a debtor's estate. *See id.* at Arts. 129-130, 132-133.

17.    The Mexican Business Reorganization Act also treats the creditors fairly. When a petition commencing the concurso proceeding is admitted, the Mexican Business Reorganization Act affords all creditors of a debtor an orderly resolution of claims and the equitable distribution of assets among the estate's creditors in a single proceeding before the Mexican concurso court. The Mexican Business Reorganization Act contemplates and involves all of the debtor's assets, rights, obligations, and liabilities, with respect to all creditors, debtors, customers, and clients, regardless of whether the parties are Mexican. This means there are no exempted parties or assets that are excluded from a debtor's estate. Moreover, the Mexican Business Rorganization Act expressly protects the rights of foreign creditors and ensures that their claims will be treated the same as those of Mexican creditors. *See id.* at Art. 290.

18.    Under Mexican Business Reorganization Act, throughout the entire process of reorganization, the debtor's estate is subject both to the review and oversight of the Mexican concurso Court and the specific supervision of fiduciaries, such as the visitador and the conciliator. *See id.* at Art. 75. The Mexican Business Reorganization Act also prohibits fraudulent acts against creditors, including fraudulent conveyances, self-dealing transactions, transactions with family members, and transactions with related business associations, if done without proper consideration. *See id* at Art. 112-119. Finally, if the conciliator suspects the

6

presence of fraud or preferences, he or she may ask the Mexican concurso court to remove the debtor's management. *See id.* at Art. 81.

19.     The Mexican Business Reorganization Act also provides a priority scheme for purposes of distribution. *See id.* at Arts. 197- 200, 217-224. Creditor classes are categorized and ranked as "creditors with collateral," "creditors with special privileges," and "common creditors," and "subordinated creditors." *See id.* at Art. 217. However, there certain creditors form part of a *sui generis* category that has priority over the other creditor classes. *See id.* at Art. 218.

## Factual Background

### A.     The Debtors' Business Operations and Path Towards Insolvency

20.     DEMAR is a commercial company incorporated in Mexico in 1990 with its present day registered office located at Ejército Nacional número 216, Piso 15, Col. Anzures, C.P. 11590, Ciudad de México, México. DEMAR provides engineering, procurement, construction and marine operations services, and its business operations have been focused within the oil, gas, and energy sectors. DEMAR's principal client is Petroleos Mexicanos ("PEMEX"), Mexico's state-owned national oil company, from whom DEMAR derives the majority of its business, and consequently its income and profit, including various projects and works leading up until and through the current date.

21.     Near the end of 2023 and through the late months of 2025, PEMEX suffered a significant financial crisis and failed to make payments to various service providers, including DEMAR. A number of DEMAR's outstanding invoices to PEMEX were not paid (and still have not been to date). This resulted in a cascading turn of events wherein DEMAR lacked the

7

sufficient liquidity to fulfill its own financial obligations to providers, workers, and fiscal authorities.

**B.     The Procedural Background of the Mexican Concurso Proceeding**

22.     On September 29, 2025, two of DEMAR's creditors—*i.e.*, (i) Ocean Sub Sea Services, LLC ("Ocean"), a limited liability company formed in the State of Washington, and (ii) JK Ingenieria S.A. de C.V. ("JK"), a Mexican company involved in the provision of commercial offshore services in the maritime industry—filed a petition before the First District Court in Commercial Bankruptcy Matters in Mexico City (the "Mexican Court") for involuntary commercial bankruptcy against DEMAR (the "Mexican Concurso Proceeding") on account of claims relating to DEMAR's chartering of an Ocean vessel called "Ocean Intrepid" from October 21, 2023 until December 31, 2024.

23.     On October 9, 2025 the Mexican Court entered an order (1) admitting Ocean and JK's petition because it fulfilled the highlighted requirements in articles 22 and 23 of the Mexican Business Reorganization Act; (2) granting several precautionary measures, including: (i) preventing DEMAR from making payments on any obligation arising prior to the petition date, (ii) suspending all execution procedures and/or all attachments against DEMAR's assets and rights, (iii) preventing DEMAR from alienating or encumbering its main assets, (iv) prohibiting the seizure of DEMAR's indispensable assets, and (v) prohibiting the transfer of DEMAR's resources or securities to third parties; and (3) appointing a visitor through transmission of a request to IFECOM to choose a visitor within five (5) days.

24.     DEMAR was then afforded the opportunity to answer in respect of the concurso petition, which it did on October 28, 2025.

8

25.     IFECOM chose a visitor who conducted an extensive examination of DEMAR's books and records and submitted such report to the Mexican Court. On January 6, 2026, the Mexican Court entered an order recognizing the submission of the visitor's report regarding the Debtor in which the Visitor reported that DEMAR was generally delinquent in its obligations to creditors and had more than three hundred (300) creditors with amounts owed surpassing DEMAR's liquidity.

26.     On February 25, 2026, DEMAR filed a notice consenting to the commercial insolvency petition before the Mexican Court.

27.     On March 23, 2026, the Mexican Court entered an order (i) granting Ocean and JK's petition for involuntary commercial bankruptcy against DEMAR (ii) opening the conciliation stage for a period of one hundred and eighty five (185) days (iii) maintaining the precautionary measures decreed in its October 9, 2025 order, (iii) appointing a conciliator, to be chosen by IFECOM, and (iv) suspending any and all execution proceedings against DEMAR's assets or rights. A true and correct copy of the Mexican Court's order dated March 23, 2026, together with a certified translation of the same, is attached hereto as **Exhibit "A"**. IFECOM choose Fernando Perez Correa Camarena as the conciliator and Mr. Correa Camarena accepted the position on April 9, 2026, who undertakes this supervisory position and has designated his address in such capacity as:

> Avenida Insurgentes Sur 1602, Piso 11, Oficina 1102,
> Colonia Crédito Constructor, C.P. 03940,
> Alcaldía Benito Juárez, Ciudad de México

28.     As explained above, DEMAR remains in control of the administration of the business and it's reorganization efforts throughout the conciliation period as per applicable law under the Mexican Business Reorganization Act. On April 23, 2026, DEMAR held a

9

Shareholders' Meeting, wherein a resolution was entered authorizing Amada Josefa Ferrera Gunnarsen and I to act as DEMAR's representatives with the powers to administer its reorganization efforts abroad, including commencing and conducting this Chapter 15 case. A true and correct copy of the Shareholders' Resolution is attached hereto as **Exhibit "B"**. Our addresses in such capacity are the following:

Demar Instaladora y Constructora S.A. de C.V.
c/o Palomino, Flores, Hernandez & Rodriguez Abogados
Attn: Miguel Hernandez Quezada
Florencia 14, Col. Juarez,
Zona Reforma,
C.P. 06600, Ciudad de Mexico

Demar Instaladora y Constructora S.A. de C.V.
Attn: Amada Josefa Ferrera Gunnarsen
Ejército Nacional número 216, Piso 15,
Col. Anzures, C.P. 11590, Ciudad de México, México

29.    For purposes of this proceeding, we also request that any correspondence be sent, in addition to the address provided above, to the following:

Sequor Law, P.A.
Attn: Juan J. Mendoza, Fernando J. Menendez, and
Michael D. Hanlon
1111 Brickell Ave, Suite 1250
Miami, FL 33131

## The Debtor has Property in the United States

30.    The Debtor has property in the United States, namely, the Debtor has the following bank account in Houston, Texas: an account at Zions Bancorporation d/b/a Amegy Bank ("Amegy Bank") with account number XXXXXX9431 which holds a balance of at least $17,538,644.78.

## Statement Identifying Foreign Proceedings with Respect to the Debtor

31.    In accordance with section 1515(c) of the Bankruptcy Code, I am not aware of

10

any foreign proceedings, as that term is defined in section 101(23), other than the Mexican Concurso Proceeding currently pending in Mexico.

32. Amada Josefa Ferrera Gunnarsen and I are the duly authorized foreign representatives of the Debtor as that term is defined in section 101(24) and our addresses are indicated above.

**Parties to any U.S. Litigation in which the Debtor is a Party**

33. In accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtor is a party to two maritime attachment proceedings pending in the United States, and specifically, in this District.

    a. A complaint and request for issuance of a maritime attachment and garnishment filed by Ocean against the Debtor on February 16, 2026, in the matter *Ocean Sub Sea Services, LLC v. Demar Instaladora y Constructora S.A. de C.V.*, Case No. 4:26-cv-1274 (S.D. Tex.) (the "Ocean Admiralty Case"); and

    b. A complaint and request for issuance of a maritime attachment and garnishment filed by The Adani Harbour International DMCC against the Debtor on April 23, 2026, in the matter *The Adani Harbour International DMCC v. Demar Instaladora y Constructora S.A.*, Case No. 4:26-cv-03308 (S.D. Tex.) (the "Adani Admiralty Case", and together with the Ocean Admiralty Case, the "Texas Admiralty Cases").

**A.    The Ocean Admiralty Case**

34. After filing its petition for the involuntary commercial bankruptcy against the Debtor in Mexico and obtaining precautionary measures, on February 16, 2026, Ocean brought a

lawsuit against the Debtor in the United States District Court in and for the Southern District of Texas (the "Texas District Court"), with Case No. 4:26-cv-1274, alleging breach of its maritime contract and requesting an ex-parte attachment and garnishment as against the Debtor to satisfy its claims, which Ocean quantified at $17,538,644.78 (comprised of $16,788,644.78 in alleged damages plus an additional $750,000 of unearned and estimated costs and interest for a projected two-years).

35.    Two days later, on February 18, 2026, the court granted Ocean's writ of garnishment as to its bank account with Amegy Bank.

36.    On March 12, 2026 Amegy answered the Writ of Garnishment and confirmed that it had control or possession of at least $17,538,644.78 of DEMAR's funds, i.e., funds in the total amount of Ocean's claims.

37.    Over a month later, Ocean sent DEMAR a request for waiver of service per Rule 4(d) of the Federal Rules of Civil Procedure, which DEMAR received on March 23, 2026 (the "Request for Waiver of Service"), advising DEMAR that it had sixty (60) days to respond to the Request for Waiver of Service and an additional thirty (30) days thereafter to respond to the complaint if a waiver was signed.

38.    A few days after, in a letter dated March 26, 2026, Ocean sent DEMAR another package which, despite previously advising DEMAR that it had an extended period of time to respond to the complaint per the Request for Waiver of Service, advised for the first time that DEMAR was purportedly required to file an answer to the attachment pursuant to Admiralty Rule 3(b) within 30 days after process has been executed, whether by attachment of property or service on the garnishee, which Ocean alleges was March 25, 2025.

12

39.     On April 3, 2026—shortly after Ocean sent DEMAR the Request for Waiver of Service advising that it had 60 additional days to waive service and 90 days to respond to the complaint—Ocean requested that the clerk of the Texas District Court enter a default against DEMAR. Ocean did not serve DEMAR with this request for entry of default. I have been advised that our Chapter 15 counsel attempted to contact counsel for Ocean on April 20, 2026 regarding Ocean's request for entry of default and, instead of responding, counsel for Ocean filed a motion seeking entry of default judgment.

40.     On April 22, 2026, DEMAR entered a restricted appearance in the Texas District Court pursuant to Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure to file its *Motion to Vacate Clerk's Default and for Extension of Deadline to Respond to Attachment*, which remains pending as of the time of this Declaration.

### B.     The Adani Harbour Litigation

41.     On April 23, 2026, The Adani Harbour filed a comlaint against DEMAR, seeking damages for breach of contract, maritime attachment and garnishment under Supplemental Rule B of $4,272,272.31, as well as attachment and under Texas state law, of DEMAR's bank account at Amegy bank.

42.     On April 27, 2026, the court granted Ocean's writ of garnishment as to its bank account with Amegy Bank. It is expected that Adani will serve the writ upon Amegy Bank and attach the funds in that account.

### Corporate Ownership Statement

43.     Pursuant to Fed. R. Bankr. P. 1007(a)(4), a corporate ownership statement declaring that DEMAR has no parent corporation and that no publicly held corporation owns

13

10% or more of its stock is attached hereto as **Exhibit "C"**.

<div align="center"><u>**Entities Against Whom Provisional Relief Is Being Sought**</u></div>

44.     DEMAR is seeking provisional relief under 11 U.S.C. § 1519 against Ocean and Adani to prevent the continuation of the Texas Admiralty Cases and the execution against DEMAR's assets as set forth in the Emergency Motion for Provisional Relief filed contemporaneously herewith.


I, Miguel Hernandez Quezada, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. §1746, that I am one of the duly authorized representatives of DEMAR Instaladora y Constructora, S.A. de C.V., and that, in such capacity, I have the authority to make this Declaration; that I have read the foregoing Declaration; that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to DEMAR Instaladora y Constructora, S.A. de C.V.

Executed in Mexico City, Mexico on 05 May, 2026

_____
Miguel Hernandez Quezada
for and on behalf of DEMAR Instaladora y
Constructora, S.A. de C.V., as its duly authorized
representative

14

*EXHIBIT A*



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
Concurso Mercantil 18855/2025-VII
Sentencia declaración de concurso mercantil

PODER JUDICIAL DE LA FEDERACIÓN

Ciudad de México, veintitrés de marzo de dos mil veintiséis.

**VISTOS** los autos, para resolver la **declaración de concurso mercantil** del expediente **18855/2025-VII**, de la **comerciante Demar Instaladora y Constructora, sociedad anónima de capital variable**; y

**RESULTANDO**

**PRIMERO. Demanda de concurso mercantil.** Mediante escrito presentado en la Oficina de Correspondencia Común de los Juzgados de Distrito en Materia de Concursos Mercantiles, con residencia en la Ciudad de México, el **veintinueve de septiembre de dos mil veinticinco,** remitido al siguiente día a este órgano jurisdiccional, por **Ocean Sub Sea Service, LLC** por conducto de su apoderado **Rafael González Vázquez** y **JK, Ingeniería, sociedad anónima de capital variable**, por conducto de su apoderado **José Luis Hernández López**, demandaron la **declaración de concurso mercantil en etapa de <u>conciliación</u>**, de la **comerciante Demar Instaladora y Constructora, sociedad anónima de capital variable**; el cual se radicó con número de expediente **18855/2025-VII**.

**SEGUNDO. Radicación y admisión.** Previo desahogo de requerimiento, por auto de **nueve de octubre de dos mil veinticinco**, este juzgado **admitió a trámite** la demanda planteada; asimismo, se giró oficio al **Instituto Federal de Especialistas de Concursos Mercantiles**, para que



designara **visitador**, así como a las autoridades fiscales y laborales correspondientes; de igual manera, se dictaron providencias precautorias.

**TERCERO. Emplazamiento y contestación de la demanda.** En diligencia de **catorce de octubre de dos mil veinticinco**, se emplazó a la **comerciante** en el presente juicio concursal, se le corrió traslado con copia de la demanda, escritos de desahogo y anexos.

En proveído de **treinta de octubre de dos mil veinticinco**, se tuvo a la **comerciante** dando contestación a la demanda y por opuestas las excepciones que hizo valer.

**CUARTO. Designación de visitador**. Por oficio **IFECOM/DG/2470/2025** el **Instituto Federal de Especialistas de Concursos Mercantiles** hizo del conocimiento que designó como **visitador** a **José Gerardo Badin Cherit**; quien por escrito electrónico presentado el **veintiuno de octubre de dos mil veinticinco** y registrado con folio **12591**, aceptó y protestó el cargo conferido.

**QUINTO. Admisión de pruebas y orden de visita.** En auto de **once de noviembre de dos mil veinticinco**, se tuvo a la **parte actora** realizando diversas manifestaciones en relación con la contestación de la demanda y se admitieron las siguientes pruebas:

Por lo que respecta a la **parte actora**:

**1.** Documental, consistente en la impresión original de la página de internet http://demar.com.mx/#proyectos.

**2.** Documental, consistente en el contrato de fletamento por tiempo determinado "**Time Charter Party for Offshore Support Vessels**", celebrado el **cuatro de octubre de dos mil veintitrés**, así como su



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
Concurso Mercantil 18855/2025-VII
Sentencia declaración de concurso mercantil

traducción al español.

**3.** Documental, consistente copia certificada del convenio modificatorio al contrato de fletamento celebrado el **seis de septiembre de dos mil veinticuatro** y su traducción certificada al español.

**4.** Documental, consistente en diecisiete facturas, como consecuencia de los servicios prestados al amparo del contrato de fletamento, emitidas por la **actora Ocean Subsea Services, LLC.**

**5.** Documental, consistente en la traducción al español elaborada por perito oficial de las diecisiete facturas, mencionadas en el punto anterior.

**6.** Documental, consistente en la versión impresa del correo electrónico de **uno de mayo de dos mil veinticuatro**; a través del cual, se envió la factura **20306**, y su traducción certificada al español.

**7.** Documental, consistente en la versión impresa del correo electrónico de **treinta y uno de mayo de dos mil veinticuatro**; a través del cual, se envió la factura **20321**, y su traducción certificada al español.

**8.** Documental, consistente en la versión impresa del correo electrónico de **seis de junio de dos mil veinticuatro**; a través del cual, se envió la factura **20322**, y su traducción certificada al español.

**9.** Documental, consistente en la versión impresa del correo electrónico de **cinco de septiembre de dos mil veinticuatro**; a través del cual, se enviaron las facturas





**20330** y **20341**, así como su traducción certificada al español.

10. Documental, consistente en la versión impresa del correo electrónico de **diecinueve de septiembre de dos mil veinticuatro**; a través del cual, se envió la factura **20343**, y su traducción certificada al español.

11. Documental, consistente en la versión impresa del correo electrónico de **dos de octubre de dos mil veinticuatro**; a través del cual, se envió la factura **20345**, y su traducción certificada al español.

12. Documental, consistente en la versión impresa del correo electrónico de **treinta y uno de octubre de dos mil veinticuatro**; a través del cual, se envió la factura **20352**, y su traducción certificada al español.

13. Documental, consistente en la versión impresa del correo electrónico de **dos de diciembre de dos mil veinticuatro**; a través del cual, se enviaron las facturas **20358** y **20359**, así como su traducción certificada al español.

14. Documental**,** consistente en la versión impresa del correo electrónico de **tres de diciembre de dos mil veinticuatro**; a través del cual, se enviaron las facturas **20362** y **20383**, así como su traducción certificada al español.

15. Documental, consistente en la versión impresa del correo electrónico de **nueve de enero de dos mil veinticinco**; a través del cual se enviaron las facturas **20393**, **20399** y **20400**, así como su traducción certificada al español.

16. Documental, consistente en la versión impresa del



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**

correo electrónico de **veintiuno de febrero de dos mil veinticinco**; a través del cual se enviaron las facturas **20412** y **20413**, así como su traducción certificada al español.

17. Documental, consistente en la orden de compra **4500190787** por la prestación de servicios de *"LEVANTAMIENTO CON ESCANER LASER Y MODELO 3D DE LA PLATAFORMA EXISTENTES CB-LITORAL-A INCLUYENDO EL MODELADO INGENIERÍA APC A DETALLE LEVANTAMIENTO CON ESCÁNER LASER Y MODELO 3D DE LA PLATAFORMA EXISTENTES C-BLITORAL- A INCLUYENDO EL MODELADO INGENIERÍA APC A DETALLE"*, emitida por la **comerciante**.

18. Documental, consistente en el correo electrónico enviado a la **comerciante** el **veinticinco de marzo de dos mil veinticuatro**.

19. Documental, consistente en el correo electrónico enviado a la **comerciante** el **cuatro de junio de dos mil veinticuatro**.

20. Documental, consistente en la orden de compra **4600010320** por la prestación de servicios de *"LEVANTAMIENTO CON ESCANER LASER Y MODELO 3D DE LA PLATAFORMAS XANAB-201; INCLUYENDO EL MODELADO DE LA INGENIERÍA APC A DETALLE DEL PROYECTOLEVANTAMIENTO CON ESCANER LASER Y MODELO 3D DE LA PLATAFORMAS XANAB-201; INCLUYENDO EL MODELADO DE LA INGENIERÍA APC A DETALLE DEL PROYECTO"*, emitida por la **comerciante.**

21. Documental, consistente en el correo electrónico enviado a la **comerciante** el **siete de abril de dos mil**

JOSE ALEJANDRO RESENDIZ FRAGOSO
706ef62063f6063200000000000000000005729
15/05/26 18:00:00





**veinticinco.**

22. Documental, consistente en el correo electrónico enviado a la **comerciante** el **catorce de agosto de dos mil veinticinco.**

23. Documental, consistente en las facturas **274**, **275**, **287** y **292** a cargo de la **comerciante**, por la prestación de los servicios amparados en las órdenes de compra.

24. Documental, consistente en la evidencia de pago de la **comerciante** a favor de la actora **Jk Ingeniería, sociedad anónima de capital variable**, de **dieciocho de febrero de dos mil diecinueve**, de en su cuenta bancaria.

25. Documental, consistente en la evidencia de pago de la **comerciante** a favor de la actora **Jk Ingeniería, sociedad anónima de capital variable**, de **veintiuno de marzo de dos mil diecinueve**, en su cuenta bancaria.

26. instrumental de actuaciones, **c**onsistente en todo lo actuado en el presente juicio, en todo aquello que beneficie los intereses de la parte actora.

27. Presuncional legal y humana, consistente en la concatenación lógica y jurídica de los hechos conocidos, para inferir aquellos desconocidos.

En relación con la demandada:

1. Documental pública, consistente en la copia certificada de la escritura pública número **dieciséis mil seiscientos setenta y dos**, de **veintidós de marzo de dos mil veintitrés**, de la notaría pública **ciento siete** del **Estado de México**, con residencia en **Naucalpan**.



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**

PODER JUDICIAL DE LA FEDERACIÓN



2. Documental, consistente en la opinión del experto **Miguel Armando Esquivel Valladares**, en su calidad de licenciado en contaduría, con cédula número **6588416**, expedida por la Dirección General de Profesiones de la Secretaría de Educación Pública.

3. Presuncional legal y humana, consistente en las presunciones tanto legales como humanas que del juicio se desprendan en lo que favorezca a su poderdante.

4. Instrumental de actuaciones, consistente en las actuaciones que favorezcan a su representada.

Asimismo, en dicho acuerdo, se ordenó realizar la visita que refieren los artículos 30 y 31 de la Ley de Concursos Mercantiles, en el domicilio señalado para tal efecto, la que inició el **diecinueve de noviembre de dos mil veinticinco**.

**SEXTO. Presentación de dictamen.** En proveído de **seis de enero de dos mil veintiséis**, se tuvo al **visitador** exhibiendo dictamen razonado y circunstanciado, por lo que se ordenó ponerlo a la vista de la **comerciante** por **cinco días hábiles** para que alegara lo que a su derecho conviniera.

Una vez transcurrido el citado plazo, en auto de **diecinueve de enero de dos mil veintiséis**, se ordenó poner los autos a la vista de la suscrita para pronunciar la sentencia que hoy se dicta al tenor de los siguientes:



## C O N S I D E R A N D O

**PRIMERO. Competencia.** Este Juzgado Primero de Distrito en Materia de Concursos Mercantiles, con residencia en la Ciudad de México y jurisdicción en toda la República Mexicana, **es competente para resolver lo concerniente a la declaración de concurso mercantil**, de conformidad con el artículo 104, fracción II de la Constitución Política de los Estados Unidos Mexicanos; Acuerdo General 4/2022[1] del Pleno del Consejo de la Judicatura Federal, relativo al inicio de funciones de este órgano jurisdiccional; 56, fracción II de la Ley Orgánica del Poder Judicial de la Federación, y los numerales 9o, 10, 11, 20, 41, 42 y 43 de la Ley de Concursos Mercantiles.

**SEGUNDO. Legitimación.** La legitimación de las partes para actuar en el presente juicio se encuentra acreditada en autos con los documentos exhibidos, escrito de demanda y libelo de contestación.

Así pues, el artículo 21 de la Ley de Concursos Mercantiles señala que podrá demandar la declaración de concurso mercantil cualquier **acreedor** de la **comerciante** o el **Ministerio Público**; por lo que, se encuentra acreditada la legitimación de Ocean Sub Sea Service, LLC por conducto de su apoderado Rafael González Vázquez y JK, Ingeniería, sociedad anónima de capital variable, por conducto de su apoderado José Luis Hernández López, para demandar la **declaración de concurso mercantil** de Demar Instaladora y Constructora, sociedad anónima de capital variable, en razón que los demandantes, dieron cumplimiento con los requisitos que se prevén en los

---

[1] "**Artículo 3.** Los Juzgados Primero y Segundo de Distrito en Materia de Concursos Mercantiles tendrán su residencia en la Ciudad de México y jurisdicción en la República Mexicana para conocer de todas las controversias en materia concursal a que se refieren el artículo 59, fracción II, de la Ley Orgánica del Poder Judicial de la Federación y la Ley de Concursos Mercantiles; así como de los juicios de amparo indirecto relacionados con esta materia".



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**

dispositivos 22 y 23 de la ley concursal.

Es decir, los accionantes acompañaron a su demanda copias certificadas de los siguientes documentos:

**1.** Contrato de fletamento por tiempo determinado "**Time Charter Party for Offshore Support Vessels**", celebrado el **cuatro de octubre de dos mil veintitrés**, así como su traducción al español.

**2.** Convenio modificatorio al contrato de fletamento celebrado el **seis de septiembre de dos mil veinticuatro** y su traducción certificada al español.

**3.** Diecisiete facturas, como consecuencia de los servicios prestados al amparo del contrato de fletamento, emitidas por la **actora Ocean Sub Sea Services, LLC.,** así como la traducción al español elaborada por perito oficial de las mismas.

**4.** Versión impresa del correo electrónico de **uno de mayo de dos mil veinticuatro**; a través del cual, se envió la factura **20306**, y su traducción certificada al español.

**5.** Versión impresa del correo electrónico de **treinta y uno de mayo de dos mil veinticuatro**; a través del cual, se envió la factura **20321**, y su traducción certificada al español.

**6.** Versión impresa del correo electrónico de **seis de junio de dos mil veinticuatro**; a través del cual, se envió la factura **20322**, y su traducción certificada al español.

**7.** Versión impresa del correo electrónico de **cinco de septiembre de dos mil veinticuatro**; a través del cual, se



enviaron las facturas **20330** y **20341**, así como su traducción certificada al español.

**8.** Versión impresa del correo electrónico de **diecinueve de septiembre de dos mil veinticuatro**; a través del cual, se envió la factura **20343**, y su traducción certificada al español.

**9.** Versión impresa del correo electrónico de **dos de octubre de dos mil veinticuatro**; a través del cual, se envió la factura **20345**, y su traducción certificada al español.

**10.** Versión impresa del correo electrónico de **treinta y uno de octubre de dos mil veinticuatro**; a través del cual, se envió la factura **20352**, y su traducción certificada al español.

**11.** Versión impresa del correo electrónico de **dos de diciembre de dos mil veinticuatro**; a través del cual, se enviaron las facturas **20358** y **20359**, así como su traducción certificada al español.

**12.** Versión impresa del correo electrónico de **tres de diciembre de dos mil veinticuatro**; a través del cual, se enviaron las facturas **20362** y **20383**, así como su traducción certificada al español.

**13.** Versión impresa del correo electrónico de **nueve de enero de dos mil veinticinco**; a través del cual se enviaron las facturas **20393**, **20399** y **20400**, así como su traducción certificada al español.

**14.** Versión impresa del correo electrónico de **veintiuno de febrero de dos mil veinticinco**; a través del cual se enviaron las facturas **20412** y **20413**, así como su traducción certificada al español.

**15.** Orden de compra **4500190787** por la prestación



FORMA-55
11

**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
Concurso Mercantil 18855/2025-VII
Sentencia declaración de concurso mercantil

de servicios de "*LEVANTAMIENTO CON ESCANER LASER Y MODELO 3D DE LA PLATAFORMA EXISTENTES CB-LITORAL-A INCLUYENDO EL MODELADO INGENIERÍA APC A DETALLE LEVANTAMIENTO CON ESCÁNER LASER Y MODELO 3D DE LA PLATAFORMA EXISTENTES C-BLITORAL- A INCLUYENDO EL MODELADO INGENIERÍA APC A DETALLE*", emitida por la **comerciante**.

**16.** Orden de compra **4600010320** por la prestación de servicios de "*LEVANTAMIENTO CON ESCANER LASER Y MODELO 3D DE LA PLATAFORMAS XANAB-201; INCLUYENDO EL MODELADO DE LA INGENIERÍA APC A DETALLE DEL PROYECTOLEVANTAMIENTO CON ESCANER LASER Y MODELO 3D DE LA PLATAFORMAS XANAB-201; INCLUYENDO EL MODELADO DE LA INGENIERÍA APC A DETALLE DEL PROYECTO*", emitida por la **comerciante.**

**17.** Facturas **274**, **275**, **287** y **292** a cargo de la **comerciante**, por la prestación de los servicios amparados en las órdenes de compra.

**18.** Evidencia de pago de la **comerciante** a favor de la actora **Jk Ingeniería, sociedad anónima de capital variable**, en su cuenta bancaria.

**19.** Evidencia de pago de la **comerciante** a favor de la actora **Jk Ingeniería, sociedad anónima de capital variable**, en su cuenta bancaria.

Probanzas a las cuales se concede pleno valor probatorio conforme a los artículos 1237, 1292 y 1293, del Código de Comercio, de aplicación supletoria a la Ley de Concursos Mercantiles, por tratarse de documentos públicos que proviene de una autoridad en ejercicio de sus funciones.



Por otro lado, la legitimación de la **parte demandada** (**comerciante**) está acreditada en autos, en los términos previstos por el artículo 4o, fracción II de la Ley de Concursos Mercantiles, con relación a la fracción II del artículo 3o del Código de Comercio.

En ese sentido, es importante considerar que la fracción II del artículo 4o de la Ley de Concursos Mercantiles, para efectos de dicha Ley, el término "**Comerciante**" es cualquier "persona física o moral que tenga ese carácter conforme al Código de Comercio".

El artículo 3o, fracción II del Código de Comercio, de aplicación supletoria a la ley de la materia, dispone que la calidad de **comerciante** de las personas morales se adquiere cuando éstas se constituyan con arreglo a las leyes mercantiles.

Al respecto, la **comerciante** al contestar la demanda exhibió copia certificada del instrumento notarial **dieciséis mil seiscientos setenta y dos**, del protocolo del notario **ciento siete** del Estado de México, con residencia en Naucalpan de Juárez, donde en la parte denominada "personalidad" se advierte la constitución de la **moral demandada**, bajo el régimen de sociedad anónima de capital variable, y con el objeto social de prestación dentro de la industria pública y privada de Hidrocarburos y Energía, de toda clase de servicios relacionados con la ingeniería, procura, construcción, prefabricación, instalación, interconexión, arranque, puesta en operación, manejo y mantenimiento de plataformas marinas e instalaciones terrestres, incluyendo el tendido de tuberías y cables submarinos, relacionados con la exploración, extracción y producción de petrolíferos, entre otros.

Consecuentemente, **Demar Instaladora y**



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**



**Constructora, sociedad anónima de capital variable**, tiene acreditada su legitimidad en el procedimiento en los términos previstos por los artículos 3o, 4o fracción II y, 11 fracción II todos de la Ley de Concursos Mercantiles; así como el numeral 3, fracción II del Código de Comercio, de aplicación supletoria a la ley concursal.

**TERCERO. Cuestiones previas.** El presente fallo tiene una naturaleza especial debido a que no resuelve una cuestión de fondo o incidental, sino que, es la que declara formalmente el comienzo del procedimiento concursal, o bien, improcedente.

En caso de ser procedente, dicha sentencia concursal constituye la parte fundamental del desarrollo del procedimiento establecido en la Ley de Concursos Mercantiles, ya que con ella se establece la base procesal y jurídica del concurso mercantil.

Tiene, entre otras consecuencias, la conformación de la masa concursal, la situación y separación de los bienes del **comerciante**, la administración de la empresa y la suspensión de los procedimientos de ejecución.

Bajo el argumento anterior, es importante mencionar, que la sentencia permite el ejercicio de dos acciones: i) la acción de conciliación, en donde la **comerciante** busca el pago de sus **acreedores**, mediante un **convenio** y ii) acción de **quiebra**, en donde se busca el pago mediante la liquidación de los bienes y activos con los que contaba el **comerciante**.

Además, se considera pertinente acotar la materia



litigiosa de este fallo de declaración o no en concurso mercantil de una **comerciante**, para lo cual es de utilidad lo previsto en los artículos 9o, 10, 30 y 40 de la legislación concursal.

De los numerales referidos se infiere que procede la declaración de concurso mercantil de una **comerciante** cuando así lo solicite un **acreedor** y se demuestra el incumplimiento generalizado de sus obligaciones de pago.

Siendo que, para la verificación de la existencia de dicho incumplimiento generalizado, en el caso de contestarse la demanda, el juez ordenará la práctica de una visita a la **comerciante**, que tendrá por principal objeto que el **visitador** dictamine si la **concursada** incurrió en los supuestos previstos en el artículo 10 de esta ley de la materia, así como la fecha de vencimiento de los créditos relacionados con esos hechos.

Aunado a que el **visitador**, con base en la información que conste en el acta de visita, deberá rendir a la persona juzgadora un dictamen razonado y circunstanciado, tomando en consideración los hechos planteados en la demanda y en la contestación, anexando a ella, el acta de visita.

De lo asentado se puede concluir que, la materia litigiosa de esta determinación, en principio, lo es dirimir si la **comerciante demandada** se encuentra en incumplimiento generalizado de obligaciones, de conformidad con lo establecido en los artículos 9o y 10 de la legislación concursal.

Asimismo, cabe decir que la legislación concursal en sus artículos 31, 33 y 35 contempla otro supuesto de procedencia de la acción, siendo esta la consecuencia de la conducta procesal de la **comerciante**, la cual se actualiza



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**

cuando una vez dictada la orden de visita si la presunta **concursada** se opone al desahogo de dicha diligencia, ya sea por no haber persona alguna con la cual realizarla, no proporcione, oculte u obstruya su desarrollo, previa verificación y/o imposición de medidas de apremio por el juez concursal, declarará en estado de concurso mercantil.

Por ende, la **sentencia concursal** puede decantarse en dos sentidos:

Declarar en estado jurídico de concurso mercantil a la **comerciante**, lo que puede tener lugar, como se verá más adelante, i) cuando se demuestra el incumplimiento generalizado de las obligaciones de pago; o, ii) como una sanción, resultado de la omisión del **comerciante** de estar presente para enterarse del contenido de la orden de inspección, o por haber obstaculizado la práctica de la visita; o bien, no se declare en concurso mercantil a la **concursada**, lo cual, en general, se da cuando no se acredita el incumplimiento generalizado en el pago de obligaciones.

Asentado lo anterior, es claro que el problema jurídico en la determinación que ahora se dicta, es dilucidar si la **demandada** se encuentra en los supuestos marcados por los artículos 9o y 10 de la legislación concursal, para considerarla en incumplimiento generalizado en el pago de sus obligaciones o se deba de hacer efectivo el apercibimiento en caso de haber obstaculizado la visita.

**CUARTO. Excepciones y defensas.** Por razón de método y previo al estudio de fondo del procedimiento que nos ocupa, <u>**se analizarán las excepciones opuestas por la**</u>



**demandada en su escrito de contestación,** dado que de resultar fundada alguna de ellas, se hará innecesario el análisis relativo a la procedencia de la acción intentada.

Ilustra al respecto la tesis de la entonces Tercera Sala de la Suprema Corte de Justicia de la Nación, visible en la página 1226, Tomo CXXII, Civil, del Semanario Judicial de la Federación, que a letra dice:

> *"**ACCIONES Y EXCEPCIONES, ESTUDIO DE LAS.** El hecho de que el juzgador se ocupe en primer lugar de las excepciones del demandado y no de las acciones entabladas, por sí solo no implica una violación, porque es una práctica procesal repetida, ya que muchas veces el éxito de las excepciones hace innecesario el tratamiento de lo perseguido por el actor."*

En la especie, la demandada opuso diversas excepciones y defensas:

**a)** Excepción de oscuridad en la demanda.

**b)** Falta de acción, por no ser exigible el crédito al no contar con una fecha clara de vencimiento.

**c)** Falta de acción, por no ser exigible el crédito, porque no se establece claramente el lugar ni la forma de pago.

**d)** Excepción de falta de acción por no acreditarse los supuestos de procedencia del concurso mercantil.

**e)** Excepción de improcedencia de la acción por no acreditarse los extremos del artículo 10 de la Ley de Concursos Mercantiles.

**f)** Falta de legitimación activa, por no acreditar los actores su calidad de **acreedores**, al no contar con resolución judicial alguna que acredite la existencia de un supuesto incumplimiento.

**g)** Improcedencia de la acción, por no colmarse los



Case 26-90523   Document 5   Filed in TXSB on 05/06/26   Page 32 of 172
FORM 4-A-55
17

**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**

requisitos previstos en el artículo 11, fracción II de la Ley de Concursos Mercantiles.

**h)** Improcedencia de la acción, por no aportarse elementos que presuman que se incumplió generalizadamente en el pago de sus obligaciones.

**i)** Falta de acción, en relación con lo dispuesto por los artículos 9, 10, 11 y 23 de la Ley de Concursos Mercantiles.

**j)** Excepción de improcedencia de la acción por falta de acreditación de un crédito a favor.

**k)** Excepción de cosa juzgada o de su eficacia refleja.

**l)** Excepción de improcedencia de la acción por no acreditar el envío de las facturas.

**m)** Excepción de condena en gastos y costas.

En ese sentido, respecto a la excepción de **oscuridad de la demanda a)** argumenta que la **parte actora** no es clara en el contenido de los hechos en relación con las prestaciones reclamadas.

Al respecto, dicha excepción resulta **infundada**, porque para su procedencia es necesario que la demanda se redacte de forma que imposibilite atender ante a quién se demanda, por qué se hace y sus fundamentos legales; en la especie, de la lectura del escrito correspondiente se advierte que esos aspectos se colmaron; tan es así que la **enjuiciada** contestó los hechos narrados por la **parte actora**.

Apoya la anterior consideración, la jurisprudencia



número V.1o. J/29, visible en la página 62, del Tomo 81 de la Gaceta del Semanario Judicial de la Federación, septiembre de 1994, Octava Época, que dice:

> *"**OBSCURIDAD, EXCEPCIÓN DE. PROCEDENCIA**. Para la procedencia de la excepción de obscuridad y defecto en la forma de plantear la demanda, se hace necesario que ésta se redacte de tal forma, que se imposibilite entender ante quien se demanda, porqué se demanda y sus fundamentos legales, por lo que no transgrede garantías individuales, la responsable que declara improcedente la excepción de obscuridad y defecto de la demanda, con el argumento de que del escrito relativo se desprenden datos y elementos suficientes para que la demandada pudiese controvertir la demanda, tanto más cuando de las constancias que integran el acto reclamado, se advierte que la demandada ofreció prueba pericial tendiente a acreditar que el trabajador no padece lesiones que produzcan disminución o alteración de sus facultades orgánicas y solicitó a la Junta designara un perito tercero en discordia, por lo que resulta claro que entendió el contenido y alcance de la demanda entablada en su contra y rindió los medios de prueba para impugnarla.".*

Luego, por lo que hace a las denominadas como **b) falta de acción, por no ser exigible el crédito al no contar con una fecha clara de vencimiento, y c) falta de acción, por no ser exigible el crédito, porque no se establece claramente el lugar ni la forma de pago,** resultan **infundadas,** porque propiamente no lo son en estricto sentido, sino que constituyen alegaciones encaminadas a evidenciar que la parte actora, carece de acción para reclamar las pretensiones que solicita, es decir, se constriñen en negar la existencia de los elementos de la acción y del derecho ejercido, cuyo efecto jurídico es el de arrojar la carga de la prueba a su contraria y obligar al juzgador a examinar todos los elementos constitutivos de la acción; por tanto, su análisis de estos se hará de manera conjunta con dichos elementos.

Sustenta lo anterior la jurisprudencia VI. 2o. J/203[2], emitida por el Segundo Tribunal Colegiado del Sexto Circuito, que señala:

---

[2] Registro digital **219050**, Gaceta del Semanario Judicial de la Federación de la Octava Época, Núm. 54, Junio de 1992, página 62



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
Concurso Mercantil 18855/2025-VII
Sentencia declaración de concurso mercantil



"**SINE ACTIONE AGIS.** *La defensa de carencia de acción o sine actione agis, no constituye propiamente hablando una excepción, pues la excepción es una defensa que hace valer el demandado, para retardar el curso de la acción o para destruirla, y la alegación de que el actor carece de acción, no entra dentro de esa división. Sine actione agis no es otra cosa que la simple negación del derecho ejercitado, cuyo efecto jurídico, solamente puede consistir en el que generalmente produce la negación de la demanda, o sea, el de arrojar la carga de la prueba al actor, y el de obligar al juez a examinar todos los elementos constitutivos de la acción.*"

Respecto de las diversas **d)** falta de acción por no acreditarse los supuestos de procedencia del concurso mercantil, **e)** improcedencia de la acción por no acreditarse los extremos del artículo 10 de la Ley de Concursos Mercantiles, **g)** Improcedencia de la acción, por no colmarse los requisitos previstos en el artículo 11, fracción II de la Ley de Concursos Mercantiles, **h)** Improcedencia de la acción, por no aportarse elementos que presuman que se incumplió generalizadamente en el pago de sus obligaciones, **i)** falta de acción, en relación con lo dispuesto por los artículos 9, 10, 11 y 23 de la Ley de Concursos Mercantiles y **m)** relativa a la excepción de condena en gastos y costas.

Dichas excepciones al ser parte de los elementos de la acción, en su caso, se abordarán en el apartado correspondiente, en virtud que se encuentran relacionadas con el estudio de fondo del juicio concursal.

Por lo que respecta a las diversas **f)** falta de legitimación activa, por no acreditar los actores su calidad de **acreedores**, al no contar con resolución judicial alguna que acredite la existencia de un supuesto incumplimiento, **j)** improcedencia de la acción por falta de acreditación de un crédito a favor de los **actores** y **l)** improcedencia de la acción por no acreditar el envío de las facturas.



Resultan **infundadas**, en virtud que las excepciones referidas ya fueron materia de análisis en este fallo en la parte considerativa referente a la legitimación de los **accionantes**, donde se estimó que sí contaban con el carácter de **acreedores demandantes**, debido a que, de las documentales anexan y constancias de autos se concluyó la existencia de la relación jurídica entre las partes.

Además, que una vez superado el presupuesto de legitimidad de la parte actora como **acreedora** de la **comerciante**, la litis a esclarecer es si se encuentra la **concursada** en incumplimiento generalizado en el pago de sus obligaciones, no así determinar la procedencia del pago de determinado monto a favor de la demandante.

Con relación a la señalada en el inciso **k)** de cosa juzgada o de su eficacia refleja, bajo el argumento que en el Juzgado Noveno de Distrito en Materia Civil en la Ciudad de México, en el concurso mercantil **29/2021**, se determinó en la resolución de **doce de enero de dos mil veintidós**, que la **comerciante** no se encontraba en los supuestos de los artículo 10 y 11 de la Ley de Concursos Mercantiles, resolución que fue confirmada por el Segundo Tribunal Colegiado de Apelación en Materias Civil, Administrativa y Especializado en Competencia Económica, Radiodifusión y Telecomunicaciones del Primer Circuito, en el toca **336/2022** y sus acumulados **337/2022** y **338/2022** antes **36/2022**.

Resolución que fue confirmada por el Noveno Tribunal Colegiado en Materia Civil del Primer Circuito, en los Amparos Directos **27/2023** y **50/2023.**

Dicha excepción resulta **infundada**, pues debe partirse de la base que la acción de declaración de concurso mercantil toma como base la fecha de la presentación de la demanda para determinar si la **concursada** ha incumplido en



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**

algunos de los supuestos del artículo 9o y 10 de la Ley de Concursos Mercantiles; de ahí que si bien, en el juicio a que alude la **comerciante** se determinó que no se ubicaba en las hipótesis de los preceptos en mención; sin embargo, ello de suyo no significa que actualmente se encuentre en la misma situación, pues aquella determinación se emitió en **dos mil veintidós**, y en esa data no se encontraba en alguno de los supuestos de los preceptos citados; por ende, en atención al lapso transcurrido, la demanda que originó la tramitación del presente juicio, será motivo de estudio en la presente resolución.

De ahí que tomando en consideración el tiempo transcurrido y atendiendo a la naturaleza del juicio concursal, no se puede hablar de cosa juzgada por el hecho que con anterioridad se haya sometido a la **comerciante** a **concurso mercantil** y no se haya declarado procedente por no ubicarse en los supuestos de los artículos 9 y 10 de la ley de la materia y, actualmente se le demande la **declaración de concurso mercantil**, pues se estima que las condiciones de la **concursada** pudieron haber variado en sus estados financieros y contables, así como en las relaciones con sus **acreedores**.

Consecuentemente, al haberse desestimado las excepciones y defensas opuestas por la **demandada** mencionada, procede el análisis de la acción.

**QUINTO. Estudio de la acción concursal.** Tomando en consideración que como requisito indispensable para ser **declarado en concurso mercantil**, en forma primordial se debe concluir si la **comerciante demandada Demar**



**Instaladora y Constructora, sociedad anónima de capital variable**, incumplió generalizadamente en el pago de sus obligaciones, es pertinente remitirse a lo establecido en la ley de la materia.

De los artículos 9o, 10, 11 de la Ley de Concursos Mercantiles, se infiere que procede la **declaración de concurso mercantil** de una **comerciante** cuando haya incumplido generalizadamente en el pago de sus obligaciones.

Lo que puede darse mediante dos vías, **voluntaria** e **involuntaria**, la primera se da cuando la propia **comerciante** solicita su declaración de concurso mercantil y acredita que ha incurrido en alguna de las dos fracciones que contempla el artículo 10 citado.

Mientras que, la **involuntaria** se presenta cuando algún **acreedor** o el **Ministerio Público**, demande la declaración de concurso mercantil de la **comerciante** y ésta se ubique en los dos supuestos consignados en las fracciones I y II del numeral 10 referido.

Es decir, tratándose de **solicitud** bastará con que se acredite la actualización de uno de los supuestos contenido en dichas fracciones, mientras que en **demanda** deberán acreditarse los supuestos contenidos en ambas fracciones.

En el caso, el proceso fue iniciado vía demanda, por lo cual, para que resulte procedente la acción, deberán acreditarse los supuestos contenidos en las dos fracciones señaladas.

Ahora, si bien el artículo 42 de la ley de la materia,





dispone que la sentencia que se dicte debe considerar lo manifestado, probado y alegado por las partes; así como razonar las pruebas aportadas, incluyendo el dictamen de **visitador**.

Exhibió el listado de **acreedores**, que indica nombres, domicilios, fechas de vencimiento de crédito o créditos de cada uno de ellos, en términos del artículo 20, fracción III de la Ley de Concursos Mercantiles.

Lo que se adminicula con el contenido integral del acta de visita de **dieciocho de diciembre de dos mil veinticinco**, a través de la cual el especialista **José Gerardo Badín Cherit**, indicó que tuvo a la vista los documentos o medios electrónicos de almacenamiento de datos de los registros contables, que sirvieron de base para determinar el pasivo vencido a cargo de la **comerciante**, a la fecha de presentación de la demanda de **concurso mercantil**, entre otras cuestiones.

Medios de convicción que gozan de pleno valor probatorio, de acuerdo con lo dispuesto por el artículo 1301 del Código de Comercio, de aplicación supletoria a la Ley de Concursos Mercantiles, del que se advierte que el **especialista** precisó que siguió los lineamientos establecidos por la legislación mencionada; señaló que revisó información y documentación proporcionada por la **comerciante**; indicó el periodo marcado en la misma; tomó en consideración los hechos planteados en la demanda; además refirió los datos por los que llegó al resultado y satisfizo los requisitos que se establecen en el numeral 40 de la ley de la materia.



Asimismo, se observa que el **visitador** señaló que el importe de las obligaciones de pago que tienen por lo menos treinta días de vencidas, constituyen el **66.30%** (**sesenta y seis punto treinta por ciento**), del importe total de obligaciones de pago de la **comerciante**, vencidas y no vencidas; en tanto que, el porcentaje del total de activos para hacer frente a las obligaciones de pago vencidas, a la fecha de presentación de la demanda de **concurso mercantil**, es del **35.60%** (**treinta y cinco punto sesenta por ciento**), como se observa de la tabla siguiente:

SIN TEXTO POR

IMAGEN

JOSE ALEJANDRO RESENDIZ FRAGOSO
70606620636066320000000000000000005729
15/05/26 18:00:00



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**

PODER JUDICIAL DE LA FEDERACIÓN



## Dictamen del visitador

| C. Juez:<br>En cumplimiento de lo ordenado por los artículos 10, 30 y 40 de la Ley de Concursos Mercantiles y de la orden de visita recibida de usted, le rindo dictamen razonado y circunstanciado en relación con los hechos de la demanda y contestación de la misma, con base en la información que consta en el acta de visita anexa. | Juzgado 1° de Distrito en Materia de Concursos Mercantiles, con residencia en la Ciudad de México y jurisdicción en toda la República Mexicana<br>Actor: Ocean Sub Sea Services, LLC. y JK Ingeniería SA de CV<br><br>Comerciante: Demar Instaladora y Constructora, SA de CV<br><br>Concurso mercantil expediente número: 18855/2025 |
|---|---|

| Datos del comerciante | Datos del visitador |
|---|---|
| Demar Instaladora y Constructora, SA de CV | José Gerardo Badín Cherit |
| Domicilio procesal: Ejército Nacional 15 Piso 15 Colonia Anzures, Miguel Hidalgo, Ciudad de México C. P. 11590, México | Domicilio procesal: Copérnico 171 N/A Colonia Anzures, Miguel Hidalgo, Ciudad de México C. P. 11590, México |

| Fecha de presentación de la demanda | Vencimientos de | |
|---|---|---|
| 29/09/2025 | Plazo normal para dictaminar: 03/12/2025 | Prórroga (en su caso): 18/12/2025 |

**Dictamen**

Revisé la información y documentos que me fueron proporcionados por el comerciante según se señala en la orden de visita, por el periodo marcado en la misma, tomé asimismo en consideración los hechos planteados en la demanda y contestación. Manifiesto a usted que, de acuerdo con la demanda el comerciante Sí incurrió en la(s) hipótesis de la(s) fracciones I y II del artículo 10 de la Ley de Concursos Mercantiles, según lo siguiente:

| | | Cuantía en moneda nacional |
|---|---|---|
| 1 | Obligaciones de pago que tienen por lo menos 30 días de vencidas a la fecha de presentación de la demanda y que corresponden a 237 acreedores distintos (total de la sección 1). | $3,320,423,617.49 |
| 2 | Obligaciones de pago con menos de 30 días de vencidas a la fecha de presentación de la demanda (total de la sección 2). | $21,442,898.95 |
| A=1+2 | Total de obligaciones de pago vencidas a la fecha de presentación de la demanda. | $3,341,866,516.44 |
| 3 | Obligaciones de pago no vencidas a la fecha de presentación de la demanda (total de la sección 3). | $1,666,259,528.93 |
| B=A+3 | Total de obligaciones a cargo de comerciante, vencidas y no vencidas. | $5,008,126,045.37 |
| 4 | Total de activos líquidos concursales para hacer frente a por lo menos el ochenta por ciento de las obligaciones de pago vencidas a la fecha de presentación de la demanda (total de la sección 5). | $1,189,772,688.48 |
| 1 ÷ B | Porcentaje de: Obligaciones de pago que que tienen por lo menos 30 días de vencidas / Total de obligaciones de pago a cargo del comerciante, vencidas y no vencidas. | 66.30% |
| 4 ÷ A | Porcentaje de: Total de activos para hacer frente / Total de obligaciones de pago vencidas a la fecha de presentación de la demanda. | 35.60% |

**Relación de las secciones integrantes de este dictamen (las que aparecen marcadas con X)**

| | | |
|---|---|---|
| 1 Obligaciones con por lo menos 30 días de vencidas | ☒ | **Información de casos especiales** |
| 2 Obligaciones con menos de 30 días de vencidas | ☒ | |
| 3 Obligaciones no vencidas | ☒ | 8 Responsabilidad ilimitada de los socios ☐ |
| 4 Total de obligaciones de pago del comerciante | ☒ | 9 Otros casos ☑ |
| 5 Total de activos para hacer frente a obligaciones | ☒ | |
| 6 Información complementaria | ☒ | Total de hojas que integran este dictamen: _____ |
| 7 Acta de visita | ☒ | |

Lugar y fecha

José Gerardo Badín Cherit
(Nombre y firma del visitador)

Así, adminiculados los medios de convicción mencionados con antelación, este órgano jurisdiccional considera que la **comerciante** **Demar Instaladora y Constructora, sociedad anónima de capital variable**, incurrió en incumplimiento generalizado de sus obligaciones de pago a más de dos **acreedores** distintos, y por tanto se



actualizan las condiciones previstas en las fracciones I y II, del artículo 10 de la Ley de Concursos Mercantiles, toda vez que de dichas obligaciones, aquellas que tenían por lo menos treinta días de haber vencido a la fecha de presentación de la demanda, representan más del treinta y cinco por ciento de todas las obligaciones de pago a cargo de la **comerciante**.

Máxime que, del estudio integral del dictamen rendido por el **visitador**, se corrobora que la empresa en comento carece del tipo de activos enunciados en la fracción II del precepto legal invocado, que le permitieran hacer frente por lo menos al ochenta por ciento de sus obligaciones vencidas a la fecha de presentación de la demanda incoada en su contra.

En razón de lo anterior, **SE DECLARA PROCEDENTE LA DEMANDA DE DECLARACIÓN DE CONCURSO MERCANTIL** con apertura en la **ETAPA DE CONCILIACIÓN**, con las consecuencias que se describen en los puntos resolutivos de la presente resolución, en términos de los artículos 43 al 45, 47, 89, 112, 149, 278, fracción IV y 291 de la Ley de Concursos Mercantiles.

**SEXTO. Medidas precautorias.** Siendo esta juzgadora rectora del procedimiento de concurso mercantil y teniendo todas las facultades necesarias para cumplir lo que prevé la Ley de Concursos Mercantiles, **SE DEJAN SUBSISTENTES** las medidas cautelares concedidas en autos de **nueve de octubre de dos mil veinticinco**.

Lo anterior, al ser necesarias para mantener el curso ordinario del negocio, proteger la masa concursal y no crear mayores contingencias a la **concursada** agravando su



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**

situación actual, sea por una ejecución directa en contra de su patrimonio como también indirecta en ejecución de cualquiera de sus garantías otorgadas por terceros.

Además, en protección de los derechos de los **acreedores**, evitando que el incumplimiento generalizado de las obligaciones de la **demandada**, ponga en riesgo a las empresas con las que mantiene relaciones de negocio, así como a efecto de evitar cualquier menoscabo a la masa concursal con motivo de la declaración de concurso mercantil.

Por lo expuesto y fundado, se

**R E S U E L V E**

**PRIMERO. Declaración de concurso mercantil**. Es **procedente** la **demanda de concurso mercantil** presentada por **Ocean Sub Sea Service, LLC** por conducto de su apoderado **Rafael González Vázquez** y **JK, Ingeniería, sociedad anónima de capital variable**, por conducto de su apoderado **José Luis Hernández López**, respecto de la **concursada Demar Instaladora y Constructora, sociedad anónima de capital variable**, de conformidad con lo dispuesto por el artículo 10 de la Ley de Concursos Mercantiles; incurrió en incumplimiento generalizado en el pago de sus obligaciones, por lo que con esta fecha, **VEINTITRÉS DE MARZO DE DOS MIL VEINTISÉIS**, **SE DECLARA EN CONCURSO MERCANTIL A LA CITADA COMERCIANTE**, quien fue emplazada en **Ejército Nacional número 216, piso 15, colonia Anzures, alcaldía Benito**



**Juárez, código postal 11590, Ciudad de México**.

**SEGUNDO. Etapa de Conciliación**. Se declara abierta la **ETAPA DE CONCILIACIÓN** por **ciento ochenta y cinco días naturales**, contados a partir del día en que se haga la última publicación en el **Diario Oficial de la Federación** de la presente resolución, con fundamento en lo dispuesto por el artículo 145 de la Ley de Concursos Mercantiles.

**TERCERO. Se pide al Instituto Federal de Especialistas de Concursos Mercantiles, designación de Conciliador**. Se solicita al **IFECOM**, que dentro del término de **CINCO DÍAS HÁBILES** y a través del procedimiento aleatorio previamente establecido, designe **conciliador**, quien dentro de los **TRES DÍAS** siguientes a su designación deberá hacer del conocimiento de los **acreedores** su nombramiento y señalar un domicilio dentro de la jurisdicción de este juzgado para el cumplimiento de las obligaciones que impone la Ley de Concursos Mercantiles.

En tanto se efectúa designación de **conciliador**, la **comerciante**, sus administradores, gerentes y dependientes tendrán las obligaciones que la ley atribuye a los depositarios.

**CUARTO. Lista de presuntos acreedores que obra en el dictamen del visitador**. Sin que la siguiente relación agote el procedimiento de **reconocimiento, graduación y prelación de créditos** a que alude la ley de la materia, se hace del conocimiento de los interesados que del dictamen emitido por el **visitador**, se desprende que les surte el carácter de presuntos **acreedores** de la **comerciante** a los siguientes:



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
Concurso Mercantil 18855/2025-VII
Sentencia declaración de concurso mercantil

| No. | Nombre y domicilio del acreedor | Total en moneda nacional de cada acreedor |
|---|---|---|
| 1 | 7 SEAS LATIN AMERICA S. DE R.L. DE C.V. CAMPESTRE ARAGÓN SN GUSTAVO A MADERO CD DE MEXICO. C. P. 07530 | $494,127.15 |
| 2 | ABASTECIMIENTOS Y SERVICIOS COTMAR S.A. DE C.V. CALLE 51 28 PALLAS CARMEN CAMPECHE. C. P 24140 | $345,584.88 |
| 3 | ABBA SUPPLIES SERVICES S.A. DE C.V. HUANO MZNA 12, LOTE 19 23 DE JULIO CARMEN CAMPECHE. C.P. 24155 | $771,501.55 |
| 4 | ACCESORIOS INDUSTRIALES DEL GOLFO S.A. DE C.V. 5TA. AVENIDA 160 VILLAHERMOSA TAMAULIPAS, TAMAULIPAS. C.P 89319 | $3,419,850.91 |
| 5 | ACEROS INDUSTRIALES TUVACE S.A. | $1,114.62 |
| 6 | ADMINISTRACIÓN DE CARTERA Y COBRANZA NOVUS, S.A. DE C.V. HOMERO14255 POLANCO MIGUEL HIDALGO, CDMX. C.P. 11560 | $622,084,252.25 |
| 7 | ADMINISTRACIÓN PORTUARIA INTEGRA DE CAMPECHE S.A. DE C.V. CALLE 20 x CALLE 2 PONIENTE 699 LERMA CENTRO CAMPECHE, CAMPECHE. C.P. 24500 | $988,661.84 |
| 8 | ADRIAN MOTA HERNÁNDEZ XALAPA ENRIQUEZ 717 ADOLFO LÓPEZ MATEOS, XALAPA XALAPA-ENRÍQUEZ. C.P. 91020 | $1,326.00 |
| 9 | ADRIANA LÓPEZ MONROY MEDITERRANEO RESIDENCIAL EL CIELO CARMEN CAMPECHE. C.P. 24156 | $504.00 |
| 10 | AEROSERVICIOS ESPECIALIZADOS S.A. DE C.V. RIO SAN LORENZO 168-A FUENTES DEL VALLE NUEVO LEÓN. C.P. 66220 | $503,656.62 |
| 11 | AGENCIA ADUANAL DEL VALLE SURESTE SCP CALE 27 188 CENTRO PROGRESO YUCATÁN. C.P. 97320 | $261,471.60 |
| 12 | AGENCIA CONSIGNATARIA STELLA MARIS S.A. DE C.V. SANTO DOMINGO A-9 FRACC. RESIDENCIAL SAN MIGUEL CAMPECHE. C.P. 24150 | $45,235.36 |
| 13 | ALESCA PRODUCTIVIDAD S. R.L. DE C.V. AV MARIANO OTERO 408 EDIFICIO C 409 CIUDAD DEL SOL ZAPOPAN JALISCO. C.P. 45050 | $1,511,266.76 |
| 14 | ALPCO DE MÉXICO S.A. DE C.V. SAN LUIS DE LA PAZ 9-A MIGUEL HIDALGO TLALPAN CD DE MÉXICO. C.P. 14260 | $457,905.20 |
| 15 | AMADO HERNÁNDEZ SALAS RIO OTAPA 435 LAS HORTALIZAS FOVISSSTE VERACRUZ VERACRUZ. C.P. 91809 | $1,215.00 |
| 16 | AMERICAN EXPRESS COMPANY S.A. DE C.V. AV PATRIOTISMO 635 CD DELOS DEPORTES BENITO JUÁREZ CDMX. C.P. 03710 | $1,223,472.17 |



| 17 | ANTONIO GARCÍA GARCÍA<br>AV. ADOLFO LOPEZ MATEOS S/N PALLAS CARMEN CAMPECHE.  C.P. 24140 | $1,185.00 |
|----|----|----|
| 18 | AQUA EXPLORACIÓN<br>JOSÉ MOJICA SN FLAMINGOS MAZATLÁN SINALOA. C.P. 82149 | $917,535.00 |
| 19 | ARACELI ZAPATA HERNÁNDEZ<br>EMILIANO ZAPATA 24 A LOMITAS NACAJUCA TABASCO. C.P. 86220 | $72,662.40 |
| 20 | ARFERSI S.A. DE C.V.<br>MAR DE FILIPINAS LT 3 LOMAS LINDAS I SECCIÓN ESTADO DE MÉXICO. C.P. 52947 | $216,591.66 |
| 21 | ARMANDO TORRES COLORADO<br>INDEPENDENCIA 606 TIERRA BLANCA CENTRO TIERRA BLANCA VERACRUZ DE IGNACIO<br>DE LA LLAVE. C.P. 95100 | $4,007.92 |
| 22 | ARPO SINERGIA TECNOLÓGICA S.R.L. DE C.V.<br>OCEANIA ESTE 483-A HACIENDA DEL MAR CIUDAD DEL CARMEN CAMPECHE. C.P. 24157 | $2,747,862.64 |
| 23 | ARTÍCULOS ELÉCTRICOS INDUSTRIALES DEL CARMEN S.A. DE C.V. CALLE 60 319 PARQUE INDUSTRIAL MERIDA YUCATÁN. C.P. 97300 | $7,922,680.93 |
| 24 | ASESORÍA EJECUTIVA EN COMERCIO INTERNACIONAL S.C. AMSTERDAM 435 HIPÓDROMO CUAUHTÉMOC CD DE MÉXICO. C.P. 06100 | $864,984.16 |
| 25 | ASESORÍA Y CAPACITACIÓN EN RIESGOS INDUSTRIALES S.C. AV XOCHIQUETZAL VE SANTA ISABEL TOLA GUSTAVO A. MADERO CD DE MÉXICO. C.P. 07010 | $734,941.20 |
| 26 | ASPEN TECHNOLOGY INC<br>CROSBY DRIVE 123 BEDFORD 01730 ESTADOS UNIDOS | $1,376,229.10 |
| 27 | AUTOBUSES DE ORIENTE ADO S.A. DE C.V<br>ARTILLEROS, PISO 9 SIETE DE JULIO VENUSTIANO CARRANZA DE MEXICO CD DE MÉXICO. C.P. 15390 | $5,577,877.62 |
| 28 | BANCO INVEX S.A. INSTITUCIÓN DE BANCA MÚLTIPLE INVEX GRUPO FINANCIERO<br>BLV. MANUEL ÁVILA CAMACHO 5 LOMAS DE CHAPULTEPEC I SECCIÓN MIGUEL HIDALGO. | $237,899.77 |
| 29 | BBVA BANCOMER<br>PASEO DE LA REFORMA 510 JUÁREZ CUAHTEMOC CDMX. | $133,986.99 |
| 30 | BENIGNO NIETO GARCÍA<br>ESCARCEGA 5 LUIS DONALDO COLOSIO CD DEL CARMEN CAMPECHE CAMPECHE. C.P. 24150 | $4,988.00 |
| 31 | BENTLEY SYSTEMS INTERNATIONAL LIMITED<br>SECOND FLOOR BLOCK 2 PARK PLACE, UPPER HATCH STREET DUBLIN 52602 IRLANDA | $199,649.01 |
| 32 | BLACK EAGLE LOGISTICS S.A. DE C.V.<br>CALLE 31 #213 84 CONKAL MÉRIDA YUCATÁN. C.P. 97345 | $7,028,571.00 |
| 33 | BOCK WEAR S.A. DE C.V.<br>50 150 YUCATÁN MÉRIDA YUCATÁN. C.P. 97050 | $837,713.12 |
| 34 | BREBE COMERCIALIZADORA S.A. DE C.V.<br>SEGUNDO CALLEJÓN DE ALLENDE 517, INT 201 BARRIO SAN PABLO CIUDAD DE MÉXICO. C.P. 09000 | $26,201.39 |
| 35 | BUCEO INSPECCIONES DEL CARMEN S.A. DE C.V.<br>E. CARRANZA S/N CENTRO TAMPICO TAMAULIPAS. C.P. 89000 | $3,347,212.27 |



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**

| | | |
|---|---|---|
| 36 | BUREAU DE CERTIFICACIONES DEL GOLFO S.A. DE C.V. #4 418, PISO 1 RENOVACIÓN 1 CD DEL CARMEN CAMPECHE CAMPECHE. C.P. 24155 | $7,656.00 |
| 37 | BUREAU VERITAS MEXICANA S.A. DE C.V. EJÉRCITO NACIONAL 2302 ChAPULTEPEC MORALES MIGUEL HIDALGO CIUDAD DE MÉXICO. C.P. 11570 | $356,960.86 |
| 38 | CABLE COMPANY S.A. DE C.V. CARRETERA TAMPICO MANTE 118 NIÑOS HÉROES TAMPICO TAMAULIPAS. C.P. 89359 | $1,214,923.51 |
| 39 | CADGRAFICS DE OCCIDENTE S.A. DE C.V. LA LUNA 2891 L-1 y 2, M-11 JARDINES DEL BOSQUE JALISCO, JALISCO. C.P. 44520 | $414,610.76 |
| 40 | CÁMARA MEXICANA DE LA INDUSTRIA DE LA CONSTRUCCIÓN PERIFERICO SUR 4839 PARQUES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C.P. 14010 | $648,986.39 |
| 41 | CAMERÓN DE MÉXICO S.A. DE C.V. AV. ACACIAS 206 BRUNO PAGLIAI VERACRUZ, VERACRUZ. C.P. 91697 | $117,947,802.82 |
| 42 | CARLOS SU NAVA PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $17,324,900.37 |
| 43 | CASANOVA CHAPULTEPEC 442 ROMA CD DE MEXICO. C.P. 6700 | $615,023.74 |
| 44 | CASANOVA VALLEJO S.A. DE C.V. NORTE 45 940-C AZCAPOTZALCO CD DE MÉXICO. C.P. 02300 | $40,468.62 |
| 45 | CAYO ARCAS GROUP S.A. DE C.V. CALLE 38 487 TECOLUTLA CIUDAD DEL CARMEN CAMPECHE. C.P 24178 | $64,348.61 |
| 46 | CC DISTRIBUCIONES FERRETERA PENINSU S.A. DE C.V. 13 A DEPTO A 3 RESIDENCIAL PENSIONES MÉRIDA YUCATÁN. C.P. 97217 | $1,312,867.50 |
| 47 | CÉSAR ANTONIO VALADEZ VILLALOBOS CALLE MUÑOZ 164 PALLAS CD DEL CARMEN CAMPECHE. C.P. 24140 | $102,586.12 |
| 48 | CFE SUMINISTRADOR DE SERVICIOS PASEO DE LA REFORMA 164 JUÁREZ CUAUHTÉMOC CDMX. C.P. 06600 | $22,020.08 |
| 49 | CHRISTIAN CUAUHTÉMOC TEJERO METELIN CALLE 55 384 OBRERA CARMEN CAMPECHE. C.P. 24117 | $1,866.11 |
| 50 | CIA.3A SERVICIOS Y SUMINISTROS S.A. DE C.V. COCOTEROS 19 BIBALVO CARMEN CAMPECHE. C.P. 24158 | $461,564.00 |
| 51 | CISPRO CONSULTORIA INDUSTRIAL Y SEGURIDAD DE PROCESOS S.A. DE C.V. LAGUNA AZUL 0 NTE SAN MIGUEL CIUDAD DEL CARMEN CAMPECHE. C.P. 24130 | $3,576,600.00 |
| 52 | COMERCIAL ESSEX S.A. DE C.V. AV. MANUEL L BARRAGAN / STIVA 1002 SAN NICOLÁS DE LOS GARZA PARQUE INDUSTRIAL STIVA BARRAGAN NUEVO LEÓN. C.P. 66425 | $1,921,103.47 |

JOSE ALEJANDRO RESENDIZ FRAGOSO
706o6626636o66320000000000000000000005729
15/05/26 18:00:00



| 53 | COMERCIALIZADORA DEL ISTMO S.A. DE C.V. AV LÁZARO CÁRDENAS S/N MARÍA DE LA PIEDAD COATZACOALCOS VERACRUZ. C.P. 96410 | $27,980,258.45 |
|---|---|---|
| 54 | COMERCIALIZADORA Y DISTRIBUIDORA IN S. DE R.L. DE C.V. 55 9D SAN CARLOS CIUDAD DEL CARMEN CAMPECHE. C.P. 24116 | $1,731,353.55 |
| 55 | CONSTRUCCIONES SERVICIOS Y SUMINISTROS DX S.A. DE C.V. ALFA 581 FRACCIONAMIENTO ORIZABA CD DEL CARMEN CAMPECHE. C.P. 24158 | $2,319,217.93 |
| 56 | CONSTRUCTORA INTERNACIONAL DE AIRE COMPRIMIDO CIAC S.A. DE C.V. TRABAJADORES DE OBRAS PÚBLICAS 295 LOMAS DE SAN JUAN MORELIA MICHOACÁN. C.P. | $954,156.26 |
| 57 | CONSULTORA INTEGRAL DE INNOVACIÓN Y DESARROLLO EMPRESARIAL SC CALLE 12 710-2 SAN RAMÓN CIUDAD DEL CARMEN CAMPECHE. C.P. 24040 | $231,187.19 |
| 58 | CONSULTORES EMPRESARIALES JURIDICOS ASOCIADOS SC 27 DE FEBRERO 4 COLONIA CENTRO VILLAHERMOSA TABASCO. C.P. 86000 | $141,756.17 |
| 59 | CONTROLES Y SERVICIOS S.A. DE C.V. ALFREDO DEL MAZO 405 PEDREGAL DE ATIZAPAN ATIZAPÁN DE ZARAGOZA ESTADO DE ÁMÉXICO. C.P. 52968 | $1,783,329.72 |
| 60 | CORPORACIÓN IPSA ZNA PONIENTE 295 PISO 2 CHAPULTEPEC SAN NICOLÁS DE NUEVO LEÓN. C.P. N 66450 | $528,071.52 |
| 61 | COSIO FERNÉNDEZ LEÓNCIO PEDRO EUGENIO SUE 1649 POLANCO MIGUEL HIDALGO CD DE MÉXICO. C.P. 11560 | $170,430.00 |
| 62 | CRECE TU TALENTO SC ADOLFO PRIETO 679 DEL VALLE BENITO JUÁREZ CD DE MÉXICO. C.P. 03100 | $46,400.00 |
| 63 | CROMINOX S.A. DE C.V. AVENIDA CEYLAN 550 COL. INDUSTRIAL VALLEJO AZCAPOTZALCO, LA VILLA CD DE MÉXICO. C.P. 02300 | $4,593,760.83 |
| 64 | DAKAR IT S.A. DE C.V. AVENIDA INSURGENTES SUR 188 ROMA SUR CUAUHTÉMOC CD DE MÉXICO. C.P. 06760 | $18,825.98 |
| 65 | DALA ENERGY S.A. DE C.V. NEWTON NA 1 POLANCO V SECCIÓN MIGUEL HIDALGO CD DE MÉXICO. C.P. 11560 | $242,927.20 |
| 66 | DANIEL ZAMORA LEAL CARRIZO 104 CENTRO TABASCO. C.P. 86139 | $786.00 |
| 67 | DC INFORMATION TECHNOLOGIES S.A. DE C. V. AVENIDA INSURGENTES 800 PISO 8 146 DEL VALLE BENITO JUAREZ CD DE MÉXICO. C.P. 03100 | $44,544.00 |
| 68 | DEEP SEA SERVICES S.A. DE C.V. PRIVADA AMAPOLA L 2 T P 6 SAN NICOLÁS CAMPECHE. C.P. 24118 | $5,178,512.60 |
| 69 | DEEPOCEAN DE MÉXICO S DE R.L. PASEO DEL MAR 19 JUSTO SIERRA CD DEL CARMEN CAMPECHE. C.P. 24114 | $4,605,210.19 |
| 70 | DEL MORAL YEPEZ MARÍA MARTHA FUENTE DE LAS PLATERIAS PISO 28 LOMAS DE TECAMACHALCO NAUCALPAN DE JUAREZ ESTADO DE MÉXICO. C.P. 53950 | $49,489.03 |
| 71 | DELOITTE ASESORÍA FINANCIERA SC PASEO DE LA REFORMA 505 400 TORRE COL. CUAUHTÉMOC CD DE MÉXICO. C.P. 06500 | $6,033,328.50 |



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
Concurso Mercantil 18855/2025-VII
Sentencia declaración de concurso mercantil

PODER JUDICIAL DE LA FEDERACIÓN



| | | |
|---|---|---|
| 72 | DENIS ANTONIO CHOW FLORES PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $11,252,500.00 |
| 73 | DESPACHO JURÍDICO IURIS TANTUM S.A. DE C.V. PASEO DE LOS TAMARINDOS 47 BOSQUES DE LAS LOMAS CD DE MÉXICO. C.P. 05120 | $967,615.94 |
| 74 | DIANA SANTIN HERNÁNDEZ CALLE 31 11 CENTRO CIUDAD DEL CARMEN CAMPECHE. C.P. 24100 | $25,430.78 |
| 75 | DIEGO DANIEL VÁZQUEZ LÓPEZ HÉCTOR PÉREZ MARTÍNEZ CALETA CARMEN CAMPECHE. C.P. 24110 | $1,763.46 |
| 76 | DISTRIBUCIONES MOGU S.A. DE C.V. NICETO DE ZAMACOIS LOTE 8 VIADUCTO PIEDAD IZTACALCO DISTRITO FEDERAL. C.P. 08200 | $157,610.77 |
| 77 | DISTRIBUCIONES Y EQUIPO INDUSTRIAL ALCE S.A. DE C.V. ANTONIO EXTÉVEZ MANZANA 27 6209 EJÉRCITO DE ORIENTE 2 SECCIÓN IZTAPALAPA ESTADO DE MÉXICO. C.P. 09239 | $775,591.27 |
| 78 | DISTRIBUIDORA FACTER MONTERREY S.A. DE C.V. ANTILOPE 1825 ALTOS MISIÓN LINCON 1 SECTOR NUEVO LEÓN. C.P. 64110 | $180,960.00 |
| 79 | DISTRIBUIDORA TAMEX SAPI C.V. ROBERTO FULTON 2 SAN LORENZO TLALNEPANTLA DE BAZ ESTADO DE MÉXICO. C.P. 54030 | $30,873.57 |
| 80 | DOAL CONSULTORES S DE R.L. DE C.V. AVENIDA ORIENTE 6 132 DESPACHO 4 CENTRO ORIZABA, VERACRUZ. C.P. 94300 | $3,375,020.00 |
| 81 | DOMÍNGUEZ PÉREZ JOSÉ ROBERTO LA GLORIA 139 PLUTARCO ELÍAS CALLES CURA HUESO VILLAHERMOSA TABASCO. C.P. 86170 | $2,465,000.00 |
| 82 | DREBBEL S.A.P.I. DE C.V. AV. BELISARIO DOMÍNGUEZ 70 COL. COMPOSITORES CD. DEL CARMEN CAMPECHE. C.P. 24154 | $7,952,459.35 |
| 83 | DRESSER DE MÉXICO S.A. DE C.V. AV : ANTONIO DOVALI JAIME 1007 TORRE B P-5 SANTA FE, ALVARO OBREGÓN CD DE MÉXICO. C.P. 01210 | $1,595,390.04 |
| 84 | EMILIO ENRIQUE GONZÁLEZ GARCÍA CALLE 70 ENTRE 53 Y 53A MZ G L18 MORELOS CIUDAD DEL CARMEN CAMPECHE. C.P. 24115 | $137,016.56 |
| 85 | EMPRESCAM S.A. DE C.V. HACIENDA TANKUCHE 99 FRACCIONAMIENTO SANTA MARÍA CAMPECHE. C.P. 24085 | $31,900.00 |
| 86 | ENERGÍA LATINA S.A. DE C.V. CALLE ENCINAL SN JALAPA TEPITO 2DA. AMPLIACIÓN ÁLVARO OBREGÓN ESTADO DE MÉXICO. C.P. 1296 | $156,384.67 |
| 87 | ENEROIL S.A. DE C.V. CALLE ALFONSO ESPARZA OTEO 21 PISO 5 ÁLVARO OBREGÓN CD DE MÉXICO. C.P. 01020 | $27,274,559.63 |
| 88 | EPESA ESPECIALISTAS EN PETRÓLEO Y ENERGÍA S.A. DE C.V. ALABAMA 3 COL. NAPOLES BENITO JUÁREZ CD DE MÉXICO. C.P. 03810 | $3,476,828.57 |



| | | |
|---|---|---|
| 89 | EQUIPO NEUMÁTICO ARES S.A. DE C.V.<br>AYALA FLORES SN FRANCISCO I MADERO CD DEL<br>CARMEN CAMPECHE. C.P. 24190 | $461,826.70 |
| 90 | EQUIPOS ESPECIALIZADOS EN RENTA NG S DE R.L. DE C.V.<br>Av. TEJOCOTES 9 SAN MARTÍN OBISPO CUAUTITLÁN<br>IZCALLI ESTADO DE MÉXICO. C.P. 54769 | $2,297,581.04 |
| 91 | ESMA INDUSTRIAL SAFETY EQUIPMENT S.A. DE C.V.<br>CALLE 78 14 OBRERA CAMPECHE, CAMPECHE. C.P. 24117 | $1,680,844.77 |
| 92 | ESTACIONAMIENTO CARCE S.A. DE C.V.<br>SICOMORO 390 PTE AMPLIACIÓN DEL GAS<br>AZCAPOTZALCO CD DE MÉXICO. C.P. 02970 | $5,367.00 |
| 93 | ESTACIONES DE SERVICIO AUTO S.A. DE C.V.<br>AV. JOSÉ VASCONCELOS SN DEL VALLE SAN PEDRO<br>GARZA GARCIA NUEVO LEÓN. C.P. 6622 | $2,750,974.33 |
| 94 | ETAP S DE R.L. DE C.V.<br>VERÓNICA ANZURES A VERÓNICA ANZURES MIGUEL<br>HIDALGO ESTADO DE MÉXICO. C.P. 11300 | $9,903,515.87 |
| 95 | FACUNDO ENRIQUE ONGAY REYES<br>20 703 24 PALLAS CAMPECHE. C.P. 24140 | $400,867.80 |
| 96 | FARMACOS DE MÉRIDA S DE R.L. DE C.V.<br>59A BOJORQUEZ MÉRIDA YUCATÁN. C.P. 97230 | $14,848.00 |
| 97 | FELIPE DE JESÚS LÓPEZ RUIZ<br>NICOLAS BRAVO NORTE 22 UNIÓN HIDALGO CENTRO<br>UNIÓN HIDALGO OAXACA. C.P. 70150 | $1,120.00 |
| 98 | FERROCICLABLES, S.A.<br>CARR FEDERAL TRANSISTMICA COATZA AMINA 8 2<br>COSOLEACAQUE VERACRUZ. C.P. 96340 | $350,000.00 |
| 99 | FIDEL ROSADO GUZMÁN<br>PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN<br>ESTADO DE MÉXICO. C.P. 53150 | $759.00 |
| 100 | FLETCHER SHIPPING MÉXICO<br>BLVR ANILLO PERIFERICO ADOLFO LÓPEZ MATEO 37<br>JARDÍNES DE LA MONTAÑA TLALPAN<br>MÉXICO. C.P. 14210 | $64,287.27 |
| 101 | FONACOT<br>AV. INSURGENTES SUR 452 CUAUTHÉMOC CIUDAD DE<br>MEXICO. C.P. 06760 | $6,074,458.00 |
| 102 | FRANCISCO ARCE GURZA<br>CALLE SIMÓN YARTO 82-201 SAN ÁNGEL INN ÁLVARO<br>OBREGÓN CD DE MÉXICO. C.P. 01060 | $597,278.52 |
| 103 | FRANCISCO JAVIER TEJERO METELIN<br>BUROCRATA CARMEN CAMPECHE. C.P. 24160 | $1,182.00 |
| 104 | FRANCISCO SUMANO HERNÁNDEZ<br>RUTA DE LA REFORMA 150 EL PORVENIR ZAMORA<br>MICHOACÁN DE OCAMPO. C.P. 59620 | $349.00 |
| 105 | FUEGO Y AGUA DE MÉXICO S.A. DE C.V.<br>MIGUEL ALEMÁN 2453 HICACAL BOCA DEL RIO VERACRUZ.<br>C.P. 94290 | $1,509,899.70 |
| 106 | FUEGO Y GAS S.A. DE C.V.<br>CHICONTEPEC 62 HIPODROMO CONDESA CUAUHTÉMOC<br>CIUDAD DE MÉXICO. C.P.  6170 | $5,541.91 |
| 107 | FUGRO MÉXICO S.A. DE C.V.<br>AV INSURGENTES SUR 1663 PISO 6 SUITE 6021 TIZAPAN<br>SAN ÁNGEL ÁLVARO OBREGÓN<br>CD DE MÉXICO. C.P. 01090 | $27,523,523.29 |



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**

**PODER JUDICIAL DE LA FEDERACIÓN**

Concurso Mercantil 18855/2025-VII
Sentencia declaración de concurso mercantil

| | | |
|---|---|---|
| 108 | G C S IMAGEN EMPRESARIAL S.A. DE C.V. XOLA 13 NARVARTE BENITO JUÁREZ CD DE MÉXICO. C.P. 03020 | $1,279,307.72 |
| 109 | GAELI DIESEL S.A. DE C.V. AV 2 ORIENTE 514 PUERTO INDUSTRIAL PESQUERO LAGUNA AZUL CARMEN CAMPECHE. C.P. 24140 | $3,260,380.73 |
| 110 | GIRSA SOLUCIONES INTEGRALES S.A. DE C.V. 99 311A PASEOS DE OPICHEN MÉRIDA YUCATÁN. C.P. 97246 | $807,480.54 |
| 111 | GLOBAL INTERNATIONAL OAKMONT CIT S.A. DE C.V. AV. MIGUEL HIDALGO 68, DESP. 203A CENTRO HUIMANGUILLO TABASCO. C.P. 86400 | $162,374.79 |
| 112 | GOBIERNO DEL ESTADO DE CAMPECHE ISN CALLE 8 325 CENTRO CIUDAD DEL CARMEN CAMPECHE. C.P. 24000 | $18,196,504.28 |
| 113 | GOBIERNO DEL ESTADO DE MEXICO ISN . | $741,653.14 |
| 114 | GRUAS Y AUTOTRANSPORTES VELÁZQUEZ S.A. DE C.V. DARWIN 319A NUEVA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO. C.P. 11590 | $278,864.00 |
| 115 | GRUPO ANCA PENINSULAR DEL SURESTE SAPI DE C.V. 35 X 34 Y 32 1313 MÉRIDA YUCATÁN. C.P. 97203 | $72,732.00 |
| 116 | GRUPO COVIX S.A. DE C.V. PASEO DEL PEDREGAL 117 JARDÍNES DEL PEDRAGAL, ÁLVARO OBREGÓN CD DE MÉXICO. C.P. 01900 | $1,186,590.76 |
| 117 | GRUPO ELECTROGER S.A. DE C.V. CALZ IGNACIO ZARAGOZA 18 JARDÍN BALBUENA VENUSTIANO CARRANZA CIUDAD DE MÉXICO. C.P. 15900 | $1,229,137.59 |
| 118 | GRUPO ESPECIALIZADO EN OBRAS MARINAS S.A. DE C.V. SAN FRANCISCO 72 DEL VALLE BENITO JUÁREZ ESTADO DE MÉXICO. C.P. 03100 | $4,361,901.46 |
| 119 | GRUPO EVYA S.A.P.I. DE C.V. 5 SUR5,6,7 Y 8 MANZANA Q PUERTO PESQUERO CD DEL CARMENCAMPECHE. C.P. 24129 | $1,492,412,524.07 |
| 120 | GRUPO INDUSTRIAL GIPSA S.A. DE C.V. JAVIN 34 23 DE JULIO CARMEN CAMPECHE. C.P. 24158 | $139,200.00 |
| 121 | GRUPO INDUSTRIAL OLEUM S.A. DE C.V. CRIOLLO 21 SANTA RITA CIUDAD DEL CARMEN CAMPECHE. C.P. 24158 | $798,813.00 |
| 122 | GRUPO INDUSTRIAL RAGA S.A. DE C.V. 21 DE MARZO 1423 HÉROES DE NACOZARI CIUDAD DEL CARMEN CAMPECHE. C.P. 24158 | $243,751.96 |
| 123 | GRUPO MARSAN DE MÉXICO S.A. DE C.V. FRANCISCO I MADERO 2000 MARÍA DE LA PIEDAD COATZACOALCOS VERACRUZ. C.P. 96410 | $130,065.00 |
| 124 | GRUPO METELMEX S.A. DE C.V. FRANCISCO DE LUNA A GUADALUPE BORJA DE DÍAZ ORDAZ FRONTERA COAHUILA DE ZARAGOZA COAHUILA. C.P. 25680 | $593,731.38 |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70fa6f620636a6632b0000000000000000000005729
15/05/26 18:00:00



| | | |
|---|---|---|
| 125 | GS DISTRIBUCIONES E INSTALACIONES S.A. DE C.V. LIRIO 2 166 B SAN NICOLÁS CD DEL CARMEN CAMPECHE. C.P. 24118 | $556,407.00 |
| 126 | GUILLERMO CRUZ RAMÍREZ AV.4 245 RAFAEL ALVARADO, ORIZABA VERACRUZ. C.P. 94340 | $116,000.00 |
| 127 | GULLIVER DE JESÉS CRUZ MARTÍNEZ FRANCISCO JAVIER MINA 80 ALVARADO CENTRO ALVARADO. C.P. 95270 | $658.00 |
| 128 | GURIGUTIA GONZÁLEZ JULIO SEBASTIAN PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $3,046.00 |
| 129 | GUTIÉRREZ JERÓNIMO ÁNGEL PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $401.66 |
| 130 | HARREN & PARTNER SERVICES MÉXICO SAPI DE C.V. AV AVIACIÓN 32 PETROLERA CD DEL CARMEN CAMPECHE. C.P. 24179 | $4,514,272.20 |
| 131 | HASEN DEL GOLFO S.A. DE C.V. 36 40 PLAYA NORTE CD DEL CARMEN CAMPECHE. C.P. 24115 | $162,735,114.45 |
| 132 | HAYNES AND BOONE SC BLVD MANUEL ÁVILA CAMACHO A LOMAS DE CHAPULTEPEC I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO. C.P. 11000 | $1,853,112.78 |
| 133 | HÉCTOR ERNESTO ALONSO BUSTAMANTE PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $2,340.00 |
| 134 | HPS OFFSHORE SERVICES S.A. DE C.V. PASEO DE LA REFORMA 180, PISO 12 17 COL. JUÁREZ CUAUHTÉMOC CD DE MÉXICO. C.P. 06600 | $91,729,182.02 |
| 135 | HUMA OIL & GAS SERVICES S.A. DE C.V. LAGUNA AZUL SUR SAN MIGUEL CARMEN CAMPECHE. C.P. 24150 | $107,300.00 |
| 136 | HYDRA MARINE S.A. DE C.V. CARRETERA CARMEN PUERTO REAL KM 14.5 17 CARMEN CIUDAD DEL CARMEN CAMPECHE. C.P. 24157 | $82,536,460.33 |
| 137 | IMPORTACIONES Y DESARROLLOS INDUSTRIALES S.A. DE C.V. TOLTECAS LOTE 16 LA ROMANA TLALNEPANTLA ESTADO DE MÉXICO. C.P. 54030 | $1,217,240.49 |
| 138 | INDUSTRIAL DE VALVULAS S.A. DE C.V. INDUSTRIA 3 FRACC. INDUSTRIAL EL TREBOL DE TEPOTZO TEPOTZOTLAN ESTADO DE MÉXICO. C.P. 54610 | $1,396,395.05 |
| 139 | INDUSTRIAS RICVAZ DEL CARMEN S DE R.L. DE C.V. AV PROLONGACIÓN 56 302 BENITO JUÁREZ CIUDAD DEL CARMEN CAMPECHE. C.P. 24180 | $6,133,468.68 |
| 140 | INFONAVIT (AMORTIZACION) AV. BARRANCA DEL MUERTO 280 GUADALUPE INN ÁLVARO OBREGÓN MÉXICO. C.P. 01020. | $7,911,509.00 |
| 141 | INFONAVIT CDMX AV. BARRANCA DEL MUERTO 280 GUADALUPE INN ÁLVARO OBREGÓN MÉXICO. C.P. 01020 | $11,443,077.37 |
| 142 | INFONAVIT CME AV. BARRANCA DEL MUERTO 280 GUADALUPE INN ALVARO OBREGÓN MÉXICO. C.P. 01020 | $4,788,392.24 |
| 143 | INGENIERÍA Y ENSAYOS AVANZADOS EN 2 DE JUNIO PISO 11 NUEVO LOMAS DEL REAL ALTAMIRA TAMAULIPAS. C.P. 89606 | $982,729.96 |

JOSE ALEJANDRO RESENDIZ FRAGOSO 70606620636066320000000000000000005729 15/05/26 18:00:00



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**

PODER JUDICIAL DE LA FEDERACIÓN

Concurso Mercantil 18855/2025-VII
Sentencia declaración de concurso mercantil



| | | |
|---|---|---|
| 144 | INMOBILIARIA EJÉRCITO NACIONAL SC PASEO DE LAS PALMAS 751 12 A LOMAS DE CHAPULTEPEC MIGUEL HIDALGO CD DE MÉXICO. C.P. 11000 | $2,656,152.34 |
| 145 | INMOBILIARIA JOBA S.A. DE C.V. ESFUERZO NACIONAL 1188 FRACCIONAMIENTO ALCE BLANCO NAUCALPAN ESTADO DE MÉXICO. C.P. 53370 | $8,730.10 |
| 146 | INMOBILIARIA JVGA S.A. DE C.V. BOSQUES DE ALISOS 47B BOSQUES DE LAS LOMASCUAJIMALPA CDMX DE MEXICO. C.P. 05120 | $29,418,419.69 |
| 147 | INSTITUTO MEXICANO DEL SEGURO SOCIAL CDMX VILLALONGIL 117 CUAUHTÉMOC. C.P. 6500 | $12,414,975.93 |
| 148 | INSTITUTO MEXICANO DEL SEGURO SOCIAL CME CALLE 20 S/N CENTRO CIUDAD DEL CARMEN CAMPECHE. C.P. 24100 | $5,846,418.46 |
| 149 | ISC CONTROL INTELIGENTE S.A. DE C.V. INSURGENTES SUR LT 12 TLACOQUEMECATL DEL VALLE BENITO JUÁREZ CD DE MÉXICO. C.P. 03200 | $88,202.27 |
| 150 | IVETTE MÁRQUEZ DÍAZ COAHUILA MZA 64 ALBORADA ATIZAPÁN DE ZARAGOZA MÉXICO. C.P. 52979 | $24,476.00 |
| 151 | JAIME ALBERTO MARTÍNEZ HERNÁNDEZ CONSTELACIÓN ACUARIO MZA D ROAD FRACC SANTA RITA III CD CARMEN CAMPECHE. C.P. 24158 | $12,961.84 |
| 152 | JAMES FISHER SUBSEA EXCAVATION INC 6421 CUNNINGHAM ROAD 100 TEXAS TEXAS 77041 ESTADOS UNIDOS | $1,566,701.11 |
| 153 | JERA INDUSTRIAS S.A. DE C.V. 16 DE ENERO 10 COL. MAESTRANZA PACHUCA DE SOTO HIDALGO. C.P. 42060 | $69,324.00 |
| 154 | JESUS MARINI DEBERNARDI SAN ANDRÉS 519 RENOVACIÓN I CARMEN CAMPECHE. C.P. 24155 | $2,819.04 |
| 155 | JK INGENIERÍA S.A. DE C.V. LAGUNA DEL ESTE 12A RESIDENCIAL DEL LAGO CIUDAD DEL CARMEN CAMPECHE. C.P. 24158 | $1,218,966.00 |
| 156 | JOSÉ ALBERTO HERRERA ALARCÓN CALLE 51A CALLE 51A 12A SANTA MARGARITA CIUDAD DEL CARMEN CAMPECHE. C.P. 24120 | $31,795.60 |
| 157 | JOSÉ DAVID ÁVILA HERNÁNDEZ PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $5.09 |
| 158 | JOSÉ JAVIER CABRERA BENÍTEZ AV DEL MAR 142 142 BIBALVO CD DEL CARMEN CAMPECHE. C.P. 24158 | $86,025.60 |
| 159 | JOSÉ LUIS VADILLO ESPINOSA 35 185 185 HÉCTOR PÉREZ MARTÍNEZ CD DEL CARMEN CAMPECHE. C.P. 24110 | $564,587.00 |
| 160 | JOSE MANUEL BARRADAS BUGAMBILIAS 31-B FRACC PUENTE DE LA UNIDAD, CARMEN CAMPECHE. C.P. 24154 | $113,100.00 |



| | | |
|---|---|---|
| 161 | **JOSÉ MOISÉS ESPINOSA CENTENO**<br>**31 78 CIUDAD DEL CARMEN CENTRO CARMEN CAMPECHE.**<br>**C.P. 24100** | **$9,233.70** |
| 162 | **JUAN JOSÉ ROMAN RODÍIGUEZ**<br>**BONAMPAK NUEVA INVITAB CENTRO TABASCO. C.P. 86126** | **$29.00** |
| 163 | **JULIO CÉSAR CRUZ OSUNA**<br>**SAN GILBERTO 11612 MONTE VERDE MAZATLÁN SINALOA.**<br>**C.P. 82134** | **$5,732.02** |
| 164 | **KAREN FIGUEROA URBINA**<br>**JUAN ESCUTIA MZ 37 LT 1 LOS HÉROES CD DE MÉXICO.**<br>**C.P.  56530** | **$229,500.00** |
| 165 | **KARENTAL S.A. DE C.V.**<br>**13 NORTE 225 SAN ÉNGEL VILLAHERMOSA TABASCO. C.P.**<br>**86281** | **$415,744.00** |
| 166 | **LABORATORIO PARA AGUAS Y ALIMENTOS DE CAMPECHE**<br>**SC ACCIÓN NACIONAL 2 AMPLIACIÓN POLVORIN II**<br>**CAMPECHE. C.P. 24060** | **$336,186.65** |
| 167 | **LAMBDA ESPECIALIZADA GLOBAL SC**<br>**MARICOPA 24 NÁPOLES BENITO JUÁREZ CD DE MÉXICO.**<br>**C.P.  03810** | **$58,000.00** |
| 168 | **LAURA MARISOL PAREDES PÉREZ**<br>**PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN**<br>**ESTADO DE MÉXICO. C.P.  53150** | **$6,960.00** |
| 169 | **LAZARUS JABER LOUIS ALBERTO**<br>**CALLE 33 A X 66 DPTO 14 LOMAS DE HOLCHE CD. DEL**<br>**CARMEN CAMPECHE. C. P. 24169** | **$48,671.34** |
| 170 | **LEOBARDO ESPINOSA MAGAÑA**<br>**CERRADA RIVA PALACIO 55 BARRIO DE SAN FRANCISCO**<br>**CARMEN CAMPECHE. C.P. 24010** | **$95,700.00** |
| 171 | **LEOPOLDO GARCIA LARA**<br>**COMPOSITORES ARCILA CARMEN CAMPECHE. C.P. 24154** | **$3,606.25** |
| 172 | **LITORAL LABORATORIOS INDUSTRIALES S.A. DE C.V.**<br>**CALLE 35 MZA L, LOTE 15 FRACCIONAMIENTO MALIBRAN**<br>**CARMEN CAMPECHE. C.P. C.P. 24197** | **$86,359.68** |
| 173 | **LLUVIA GABRIELA SUÁREZ ROBLES**<br>**PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN**<br>**ESTADO DE MÉXICO 53150 MEXICO. C.P.  53150** | **$10.04** |
| 174 | **LONDON OFFSHORE CONSULTANTS MÉXICO S.A. DE C.V.**<br>**AVENIDA SAN JERÓNIMO 1749 LOMAS QUEBRADAS,**<br>**MAGDALENA CONTRERA CIUDAD DE MEXICO. C.P. 10000** | **$5,424,586.57** |
| 175 | **LÓPEZ ARAGÓN ARNOLDO**<br>**PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN**<br>**ESTADO DE MÉXICO. C.P. 53150** | **$782.75** |
| 176 | **LÓPEZ AYALA WILLIAN DEL JESÚS**<br>**PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN**<br>**ESTADO DE MÉXICO. C.P. 53150** | **$908.01** |
| 177 | **LUB MAR OIL DE MÉXICO S.A. DE C.V.**<br>**AV CAMARÓN 7 JUSTO SIERRA CIUDAD DEL CARMEN**<br>**CAMPECHE. C.P. 24114** | **$2,488,997.46** |
| 178 | **LUBRICANTES DE CALIDAD DEL GOLFO Y DEL CARIBE S.A.**<br>**DE C.V. AVENIDA 4 ORIENTE / 3 SUR Y 2 S S/N PUERTO**<br>**INDUSTRIAL PESQUERO LAGUNA AZUL**<br>**CIUDAD DEL CARMEN CAMPECHE. C.P.  24129** | **$102,408.79** |
| 179 | **LUCIANO JOSÉ PERALTA RODRÍGUEZ**<br>**PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN**<br>**ESTADO DE MÉXICO. C.P. 53150** | **$43,016.00** |

JOSE ALEJANDRO RESENDIZ FRAGOSO
706o66206366o6320000000000000000005729
15/05/26 18:00:00



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
Concurso Mercantil 18855/2025-VII
Sentencia declaración de concurso mercantil

**PODER JUDICIAL DE LA FEDERACIÓN**

| | | |
|---|---|---|
| 180 | LUDIVINA GARCÍA CHAMA<br>AV. LUIS DONALDO COLOSIO N280 BENITO JUÁREZ X 17D Y GALEANA CD DEL CARMEN<br>CAMPECHE. C.P. 24180 | $243,578.08 |
| 181 | LUIS FELIPE IZARRITU PEREZ<br>MANUEL TORRES 30 CIUDAD SATÉLITE NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO. C.P. 53100 | $12,919.22 |
| 182 | LUIS MOLINA FERNÁNDEZ<br>BLVD. MANUEL ÁVILA CAMACHO LOMAS DE SOTELO NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO. C.P. 53390 | $122,201.99 |
| 183 | LUZ MARÍA HERNÁNDEZ MARTÍNEZ<br>ALFREDOS 12 MARINA DEL REY CARMEN CAMPECHE. C.P. 24115 | $60,839.20 |
| 184 | MA Y FT SERVICIOS MÚLTIPLES S.A. DE C.V.<br>CALLE 30 478 B LA FLORIDA MÉRIDA YUCATÁN. C.P. 97138 | $194,463.98 |
| 185 | MANAGEMENT SERVICES INTL INC.<br>9000 MONROE RD HOUSTON HOUSTON 77061 ESTADOS UNIDOS | $394,148.81 |
| 186 | MANGUERAS INDUSTRIALES Y RODAMIENTOS S.A. DE C.V.<br>AV. PUERTO DE CAMPECHE 100 FRACC. SANTA ISABEL CIUDAD DEL CARMEN. C.P. 24155 | $115,756.40 |
| 187 | MANSAM PTY LTD<br>UNIT 2 431/433 BURKE RD GLEN IRIS VICTORIA 3146 AUSTRALIA | $13,773,242.49 |
| 188 | MANTENIMIENTO ANTICORROSIVO CAJONA S.A. DE C.V.<br>PINTO 1 EL POTERRO CD DEL CARMEN CAMPECHE. C.P. 24158 | $1,116,422.37 |
| 189 | MANUEL JESÚS LONA CARVAJAL<br>CALLE 51 76 COL SANTA MARGARITA CD DEL CARMEN CAMPECHE. C.P. 24120 | $107,184.00 |
| 190 | MANUFACTURERS SUPPLY INTERNATIONAL<br>9000 MONROE ROAD HOUSTON HOUSTON 77061 ESTADOS UNIDOS | $63,977,118.38 |
| 191 | MARCO ANTONIO LÓPEZ MURILLO<br>CALLE 133 1250 1250 MULSAY MÉRIDA YUCATÁN. C.P. 97249 | $12,609.36 |
| 192 | MARIO ALBERTO ELIZONDO SHIELDS<br>CALLE MARGARITA 17 4 ARCILA CARMEN CAMPECHE. C.P. 24154 | $13,895.30 |
| 193 | MARTÍNEZ CANALES CARLOS JULIAN<br>PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $633.86 |
| 194 | MARTZ SEGURIDAD INDUSTRIAL S.A. DE C.V.<br>AV. PTO. DE CAMPECHE 36 LA RIVERA CENTRO CAMPECHE. C.P. 24150 | $1,130,177.68 |
| 195 | MAYA LUBRICANTES Y GRASAS S.A. DE C.V.<br>67 G 458 MÉRIDA YUCATÁN. C.P. 97246 | $157,500.60 |
| 196 | MBD DESARROLLO DE NEGOCIOS S.A.<br>REFORMA 59 SAN ÁNGEL INN ÁLVARO OBREGÓN CIUDAD DE MÉXICO. C.P. 01000 | $357,280.00 |





| | | |
|---|---|---|
| 197 | **MECAFLOW S DE RL MI**<br>**PALMA 20 BARRIO NORTE ATIZAPAN DE ZARAGOZA**<br>**ESTADO DE MÉXICO. C.P. 52960** | **$413,432.46** |
| 198 | **MEDIDORES INDUSTRIALES Y MÉDICOS S.A. DE C.V.**<br>**CALLE AMÉRICA 181 BARRIO SAN LUCAS CIUDAD DE**<br>**MÉXICO. C.P. 04030** | **$1,025,236.73** |
| 199 | **MEXICANA DE DRAGADOS S.A. DE C.V.**<br>**AVENIDA PASEO DE LAS PALMAS 405 MIGUEL HIDALGO**<br>**CIUDAD DE MÉXICO. C.P. 11000** | **$1,087,106,832.02** |
| 200 | **NANCY CRISTINA TORRES GUERRA**<br>**FRACC BICENTENARIO BUENAVISTA CARMEN CAMPECHE.**<br>**C.P. 24157** | **$947.90** |
| 201 | **NAVIERA ARMAMEX S.A. DE C.V.**<br>**HOMERO 10 CHAPULTEPEC MORALES MIGUEL HIDALGO**<br>**CIUDAD DE MÉXICO. C.P.  11570** | **$23,428.83** |
| 202 | **NDT GLOBAL S.A. DE C.V.**<br>**AV. INSURGENTES SUR 1443 PISO 4 COL. INSURGENTES**<br>**MIXCOAC BENITO JUÁREZ CD**<br>**DE MÉXICO. C.P. 03920** | **$58,106,768.35** |
| 203 | **NEUMÁTICA PROFESIONAL S.A. DE C.V.**<br>**REGIO AVENIDA 137 REGIO PARQUE INDUSTRIAL**<br>**APODACA NUEVO LEON. C.P. 66600** | **$124,640.71** |
| 204 | **NOMARNA CONSTRUCCIONES E INGENIERÍA S.A. DE C.V.**<br>**CALLE 35 326 SAN AGUSTÍN DEL PALMAR CARMEN**<br>**CAMPECHE. C.P. 24110** | **$6,281,608.00** |
| 205 | **OCEAN SUB SEA SERVICES LLC**<br>**201 2629 NW 54 TH 201 SEATLE SEATLE 98107 ESTADOS**<br>**UNIDOS.** | **$219,047,441.28** |
| 206 | **OFFSHORE 360 S.A. DE C.V.**<br>**PASEO DE LA REFORMA 2654 CIUDAD DE MEXICO. C.P.**<br>**11950** | **$92,688,305.94** |
| 207 | **OLYMPIC OPERATION II AS**<br>**POSTBOKS 234 FOSNAVAG NORWAY ESTADOS UNIDOS** | **$10,465,931.24** |
| 208 | **ORTIGOZA ROSALES ALBERTO JOSUE ERAS**<br>**MARINA NACIONAL 200, EDIF DEPTO. 31 ANAHUAC II**<br>**SECCION MIGUEL HIDALGO CD DE**<br>**MÉXICO. C.P. 11320** | **$306.58** |
| 209 | **OSCAR ALBERTO BARBA PATIÑO**<br>**CERRADA DE LAS TORRES 3411 CERRO PELÓN**<br>**CONCORDIA SINALOA. C.P. 82614** | **$1,363.00** |
| 210 | **OVARRO SEGURIDAD FUNCIONAL OPERATIVA SC**<br>**FRANCISCO I. MADERO 410 SAN LUIS POTOSÍ CENTRO SAN**<br>**LUIS POTOSÍ. C.P. 78000 M** | **$1,201,481.00** |
| 211 | **PALOMINO FLORES HERNÁNDEZ ABOGADO**<br>**FLORENCIA 14 JUÁREZ CUAUHTÉMOC CD DE MÉXICO.**<br>**C.P. 06600** | **$522,000.00** |
| 212 | **PASTRANA GARCÍA MARITZA**<br>**PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN**<br>**ESTADO DE MÉXICO. C.P. 53150** | **$4,753.10** |
| 213 | **PENSPEN S.A. DE C.V.**<br>**TABASCO 2000 SN CENTRO TABASCO 8. C.P. 86035** | **$5,612,784.05** |
| 214 | **PERMADUCTO S.A. DE C.V.**<br>**CARRETERA MONTERREY SALTILLO KM 339 LOS TREVIÑO**<br>**SANTA CATARINA NUEVO LEÓN. C.P. 66150** | **$93,981,343.38** |
| 215 | **PINTURAS E IMPERMEABILIZANTES RAMXA S.A. DE C.V.**<br>**AVENIDA CAMARÓN 615 JUSTO SIERRA CIUDAD DEL**<br>**CARMEN CAMPECHE. C.P. 24114** | **$2,270,397.38** |



**PODER JUDICIAL DE LA FEDERACIÓN**

**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**

**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**

| | | |
|---|---|---|
| 216 | PINTURAS HEMPEL DE MÉXICO S.A. DE C.V.<br>BLVD. DÍAZ ORDÁZ TORRE 2, 140 P20/2020 SANTA MARÍA MONTERREY NUEVO LEÓN. C.P. 64650 | $574,931.60 |
| 217 | PIVICO S.A.<br>SAN IGNACIO 214 PRIVADA SANTA MARÍA MONTERREY NUEVO LEÓN. C.P. 64650 | $10,787,970.87 |
| 218 | PLESA ANAHUAC Y CIAS S.A. DE C.V.<br>AV. VALLE DE LAS ALAMEDAS 66 SAN FRANCISCO CHILPAN TULTITLÁN ESTADO DE MÉXICO. C.P. 54940 | $2,620,760.03 |
| 219 | POLYMERS COMPUESTOS MÉXICO S.A. DE C.V.<br>CALLE TRIGO 247 VALLE DEL SUR IZTAPALAPA CIUDAD DE MÉXICO. C.P. 09819 | $1,076,325.89 |
| 220 | PRAXAIR MÉXICO S DE R.L. DE C.V.<br>BIOLOGO MAXIMINO MARTÍNEZ 3804 SAN SALVADOR XOCHIMANCA AZCAPOTZALCO<br>CIUDAD DE MEXICO. C.P. 02870 | $29,406.00 |
| 221 | PRINTEA MÉXICO S R.L. DE C.V.<br>CALLE 18 8 REFORMA SOCIAL MIGUEL HIDALGO CD DE MÉXICO. C.P. 11650 | $183,222.00 |
| 222 | PRODUCTOS DE CARGA DEL SURESTE S.A. DE C.V.<br>CALZADA DE LAS ARMAS 130-B INDUSTRIAL LAS ARMAS TLALNEPANTLA DE BAZ<br>ESTADO DE MÉXICO. C.P. 54080 | $4,786,869.46 |
| 223 | PROLADUCTO PRESIDENTE MASARIK 29 POLANCO V SECCION MIGUEL HIDALGO CD DE MÉXICO. C.P. 11560 | $3,900,000.44 |
| 224 | PROLADUCTO S.A.<br>CARRETERA KM 39 LOS TREVIÑOS SANTA CATARINA NUEVO LEÓN. C.P. 66150 | $1,052,048.08 |
| 225 | PROVEEDORA GENERAL POPO S.A. DE C.V.<br>SAN BORJA 1031 DEL VALLE BENITO JUÁREZ CIUDAD DE MÉXICO. C.P. 03100 | $26,489.42 |
| 226 | PROVEEDORES VARIOS<br>BOSQUES DE ALISOS 47 BOSQUES DE LAS LOMAS CUAJIMALPA DE MORELOS CDMX.  C.P.  05120 | $282,909.42 |
| 227 | PROYECTOS Y SERVICIOS RFE S.A. DE C.V.<br>JOSE MARÍA CARACAS 316 A ADALBERTO TEJEDA BOCA DEL RIO VERACRUZ. C.P. 94298 | $1,239,621.76 |
| 228 | PUERTOMAR SERVICIOS S.A. DE C.V.<br>CALLE 38 SN LÁZARO CÁRDENAS ASIENTOS AGUASCALIENTES. C.P. 20734 | $186,186.59 |
| 229 | QUIMICA APOLLO S.A. DE C.V.<br>BOULEVARD MIGUEL ALEMÁN VALDEZ 206 PARQUE INDUSTRIAL EXPORTEC II MÉXICO,<br>TOLUCA. C.P. 50223 | $127,720.87 |
| 230 | RADIOMOVIL DIPSA S.A. DE C.V.<br>LAGO ZURICH 245 AMPLIACION GRANADA MIGUEL HIDALGO CIUDAD DE MEXICO. C.P. 11529 | $4,426.00 |
| 231 | RAFAEL MÉNDEZ HERNÁNDEZ<br>ARBOLEDAS SAN RAMON LAGOS DE PUENTE MORENO MEDELLÍN DE BRAVO<br>VERACRUZ DE IGNACIO DE LA LLAVE. C.P. 94274 | $1,118.00 |
| 232 | RAFAEL PEDRAZA DOMÍNGUEZ SC<br>BOULEVARD LUIS DONALDO COLOSIO 790 GRAN BOULEVARTD TAMAULIPAS NUEVO<br>LAREDO TAMAULIPAS. C.P. 88277 | $145,779.69 |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70606620636066320000000000000000000005729
15/05/26 18:00:00





| | | |
|---|---|---|
| 233 | RAMÍREZ GONZÁLEZ VÍCTOR ALFONSO PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $3,144.95 |
| 234 | RAUL HILARIO HERNÁNDEZ PERALTA CALLE DE LAS CARRETELAS 154 LOMAS DE LA HERRADURA HUIXQUILUCAN ESTADO DE MÉXICO. C.P. 52785 | $115,000.00 |
| 235 | RAYMUNDO BARRAZA CERVANTES FRANCISCO VILLAS 5-A SAN JUAN TLALPIZAHUAC IXTAPALUCA ESTADO DE MÉXICO. C.P. 56576 | $212,150.08 |
| 236 | RAYMUNDO TOLEDO JORGE LUIS PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $1,700.00 |
| 237 | REFRIGERACI?N EFICIENTE Y EQUIPOS INDUSTRIALES S.A. DE C.V. MARIANO MATAMOROS 1400 MARÍA LUISA MONTERREY NUEVO LEÓN. C.P. 64040 | $2,150,947.21 |
| 238 | REINIGEN DE MÉXICO | $745,870.00 |
| 239 | RESPUESTAS MARITIMAS E INDUSTRIALES CALLE 65 41 PLAYA NORTE CIUDAD DEL CARMEN CAMPECHE.  C.P. 24115 | $32,699.60 |
| 240 | REY RODOLFO ZAMUDIO FIGUEROA RIO LA ANTIGUA 451 BIS A CUBIKA BOCA DEL RÍO BOCA DEL RÍO. C.P. 94297 | $3,110.00 |
| 241 | RICARDO JAIR OLGUÍN ROSAS AVENIDA CAMARÓN 213 JUSTO SIERRA CIUDAD DEL CARMEN CAMPECHE. C.P. 24114 | $1,049,676.00 |
| 242 | ROBERTO CHIMAL GUZMÁN CARRETERA PANAMERICANA PUNTA NORTE VILLAGRÁN GUANAJUATO. C.P. 38260 | $2,440.00 |
| 243 | ROBERTO CLEMENTE CABRERA OBANDO J M ZAMUDIO 34 CUBIKA BOCA DEL RÍO BOCA DEL RÍO. C.P. 94297 | $1,370.00 |
| 244 | ROCIO PÉREZ. | $500,000.00 |
| 245 | RODRIGO OLIVARES LÓPEZ CALZ. LEGARIA 432 PISO 8 DEPORTIVO PENSIL CIUDAD DE MÉXICO. C.P. 11470 | $94,000.00 |
| 246 | ROXTEC DE MÉXICO S.A. DE C.V. PROL. PASEO DE LA REFORMA NORTE 804 PASEO DE LAS LOMAS ÁLVARO OBREGÓN CIUDAD DE MÉXICO. C.P. 01330 | $91,364.10 |
| 247 | RUBEN MOYA CHÁVEZ 3 DE MARZO SN EMILIANO ZAPATA CIUDAD DEL CARMEN CAMPECHE. C.P. 24198 | $17,616,990.66 |
| 248 | RUSSELL BEDFORD MÉXICO SC MIGUEL DE CERVANTES SAAVEDRA 301 GRANADA MIGUEL HIDALGO CD DE MÉXICO. C.P. 11520 | $430,824.00 |
| 249 | S&S MAGNOLIOS S.A. DE C.V. AVENIDA CENTRAL 9 SAN JOAQUÍN CIUDAD DEL CARMEN CAMPECHE. C.P. 24157 | $255,180.76 |
| 250 | SALVADOR SÁNCHEZ TEPATLAN ANDADOR MITLA 19 ORIZABA CARMEN CAMPECHE. C.P. 24158 | $230.00 |
| 251 | SAMANTHA MELISA GONZÁLEZ GUZMÁN CONSTITUCIÓN 14 MARINA DEL REY CARMEN CAMPECHE. C.P.  24115 | $67.00 |



**PODER JUDICIAL DE LA FEDERACIÓN**

| | | |
|---|---|---|
| 252 | SANIPLUS SERVICIOS SANITARIOS S DE RL<br>CIRCUITO CAMELIAS SUR 10 FRACC. BUGAMBILIAS<br>CIUDAD DEL CARMEN CAMPECHE. C.P. 24155 | $2,479,088.27 |
| 253 | SANTOS SEGURA JORGE ABERTO<br>SAN NICOLÁS SAN NICOLÁS CARMEN CAMPECHE. C.P.<br>24118 | $308.70 |
| 254 | SAP MÉXICO S.A. DE C.V.<br>PROLONGACIÓN PASEO DE LA REFO 600-2 PEÑA BLANCA<br>SANTA FE MIGUEL HIDALGO CIUDAD DE MÉXICO. C.P.<br>01210 | $2,754,975.54 |
| 255 | SCAFFOLDS & MORE ESPARZA S.A. DE C.V.<br>PRIV. PRESA MAL PASO 206-A SCOP GUADALUPE NUEVO<br>LEÓN. C.P. 67190 | $1,184,225.50 |
| 256 | SEA MAR MÉXICO S. DE R.L. DE C.V.<br>CARRETERA CARMEN PUERTO REAL 13.5 CANTERIAS<br>CARMEN CAMPECHE. C.P. 24157 | $8,285,771.37 |
| 257 | SECRETARÍA DE ADMINISTRACIÓN Y FINANZAS ISN CDMX<br>VIADUCTO RIO DE LA PIEDAD 515 6 GRANJAS MEXICO<br>IZTACALCO. C.P. 08400 | $1,891,677.57 |
| 258 | SEGUROS ARGOS S.A. DE C.V.<br>TECOYOTITLA 412 412 EX HACIENDA DE GUADALUPE<br>CHIMALISTAC ÁLVARO OBREGÓN<br>CD DE MÉXICO. C.P. 01050 | $152,103.85 |
| 259 | SEGUROS BANORTE S.A. DE C.V.<br>HIDALGO 250 250 CENTRO MONTERREY NUEVO LEÓN.<br>C.P. 64000 | $74,607.23 |
| 260 | SEGUROS INBURSA SA GRUPO FINANCIERO INBURSA<br>AV INSURGENTES SUR 3500 3500 PEÑA POBRE TLAPAN<br>CIUDAD DE MÉXICO. C.P. 14060 | $9,395,733.74 |
| 261 | SENSIA ENERGY S.A. DE C.V.<br>EJÉRCITO NACIONAL 350 350 PISO 4, POLANCO V MIGUEL<br>HIDALGO CD DE MÉXICO. C.P. 11560 | $1,133,352.44 |
| 262 | SEÑALIZACIÓN Y CONTROL DEL SURESTE S.A. DE C.V.<br>CANTAREL 20 20 18 DE MARZO CIUDAD DEL CARMEN<br>CAMPECHE. C.P. 24157 | $1,423,600.92 |
| 263 | SERVICES INTER LAB DE MÉXICO S.A. DE C.V.<br>CALLE GREGORIO MÉNDEZ 512 512 PUNTA BRAVA CENTRO<br>TABASCO. C.P. 86150 | $645,671.58 |
| 264 | SERVICIOS DE HOTELERÍA Y RESTAURANTES S.A. DE C.V.<br>1 SUR PUERTO PESQUERO SIN NÚMERO CD DEL CARMEN<br>CAMPECHE.  C.P. 24129 | $2,791,523.68 |
| 265 | SERVICIOS EN TECNOLOGIAS DE INFORMA S.A. DE C.V.<br>INSURGENTES SUR 1647-2 228 SAN JOSÉ INSURGENTES<br>BENITO JUÁREZ CD DE MÉXICO. C.P. 03900 | $18,207,854.00 |
| 266 | SERVICIOS INTEGRALES DE CRUCEROS S.A. DE C.V.<br>ARQUIMIDES 209, PH1 POLANCO V SECCION MIGUEL<br>HIDALGO CIUDAD DE MEXICO. C.P. 11560 | $642,934.64 |
| 267 | SERVICIOS INTEGRALES NDT S.A. DE C.V.<br>ALTAMRINA 225 ATASTA NUEVA VILLAHERMOSA CENTRO<br>TABASCO. C.P. 86070 | $121,452.00 |
| 268 | SERVICIOS INTEGRALES OAD S.A. DE C.V.<br>38A 106 CALETA CAMPECHE. C.P. 24110 | $494,856.00 |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70606620636066320000000000000000000005729
15/05/26 18:00:00





| | | |
|---|---|---|
| 269 | SERVICIOS INTEGRALES TÉCNICOS Y ECOLÓGICOS S.A. DE C.V. CALLE 35 52 ALTOS CENTRO CIUDAD DEL CARMEN CAMPECHE. C.P. 24100 | $504,697.41 |
| 270 | SERVICIOS MARINOS Y LOGISTICOS SHARK S.A. DE C.V. 55 COLONIA CALETA 102 CD DEL CARMEN CAMPECHE. C.P. 24110 | $13,453,797.35 |
| 271 | SERVICIOS MÚLTIPLES Y MEDIOAMBIENTALES DEL GOLFO S.A. DE C.V. VILLA CONEJOS 14 LOTE 9 REFORMA CIUDAD DEL CARMEN CAMPECHE. C.P. 24158 | $105,233.46 |
| 272 | SERVICIOS Y PROYECTOS GRIL S.R.L. DE C.V. UNIVERSIDAD DE WISCONSIN 208 UNIVERSIDAD SUR TAMPICO TAMAULIPAS. C.P. 89109 | $2,144,682.49 |
| 273 | SHARK MARINE DE MÉXICO S.A. DE C.V. CALLE 55 102 CALETA CIUDAD DEL CARMEN CAMPECHE. C.P. 24110 | $1,606,217.69 |
| 274 | SIERRA VILLEGAS FRANCISCO MANUEL AV NAYARIT S/N LOS TAMARINDOS SANTO DOMINGO TEHUANTEPEC OAXACA. C.P. 70760 | $559.76 |
| 275 | SIND NACIONAL DE PILOTOS DE PTOS DELEGACIÓN CIUDAD DEL CARMEN CALLE 20 73 CENTRO CIUDAD DEL CARMEN CAMPECHE. C.P. 24100 | $31,857.10 |
| 276 | SISTEMA DE ADMINISTRACIÓN TRIBUTARIA SOR JUANA INES DE LA CRUZ 22 TLANEPANTLA TLANEPANTLA MÉXICO. C.P. 54000 | $120,718,989.00 |
| 277 | SISTEMA MUNICIPAL DE AGUA POTABLE Y CALLE 56 140 PETROLERA CAMPECHE. C.P. 24180 | $12,046.38 |
| 278 | SISTEMAS CONTINO S.A. DE C.V. AV. PROLONGACIÓN DÍAZ MIRON 4751 LAS ANTILLAS VERACRUZ, VERACRUZ. C.P. 91936 | $220,993.26 |
| 279 | SISTEMAS INDUSTRIALES MARINOS S.A. DE C.V. AV. 4 ORIENTE 14 INTERIOR 2 PUERTO INDL PESQ LAGUNA AZUL CIUDAD DEL CARMEN CAMPECHE. C.P.  24100 | $297,574.80 |
| 280 | SOFIMEX INSTITUCION DE GARANTIAS S.A. AVENIDA DE LA REFORMA 373 8A CUAUHTÉMOC CIUDAD DE MÉXICO. C.P. 06500 | $2,580,399.10 |
| 281 | SOLUCIONES AVANZADAS DARUTI S.A. DE C.V. LEÓN ALEJO TORRES 302 CENTRO VILLAHERMOSA TABASCO. C.P. 86090 | $384,862.07 |
| 282 | SOLUCIONES EN PIEDRA FRANCO S.A. DE C.V. JESÚS DEL MONTE 2 FRACC HACIENDA DE LAS PALMAS HUIXQUILUCAN ESTADO DE MÉXICO. C.P. 52763 | $170,055.04 |
| 283 | SOLUCIONES GASTRONOMICAS APM S.A. DE C.V. AV LOMAS VERDES 825 LOMAS VERDES NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO. C.P. 53120 | $19,798,229.31 |
| 284 | SOLUCIONES INTEGRALES PARA TRITURAC SAPI DE CV AVENIDA PERIFÉRICO SUR 7800 STA. MA. TEQUEPEXPAN JALISCO, JALISCO. C.P. 45601 | $267,878.77 |
| 285 | SOPORTE E INSTALACIONES DE AIRE ACONDICIONADO S.A. DE C.V. AV. 501 106 SAN JUAN DE ARAGÓN SECCIÓN I CD DE MÉXICO. C.P. 07969 | $113,812.00 |
| 286 | SP RENTAS Y PROYECTOS S.A. DE C.V. ALLENDE 2504 B HIPODROMO CD MADERO TAMAULIPAS. C.P. 89560 | $2,012,020.00 |
| 287 | SU JIMÉNEZ MIGUEL ÁNGEL PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $1,580.66 |



FORMATA-55

45

**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**



| | | |
|---|---|---|
| 288 | SUB MARELHER S DE R.L. DE C.V. AVENIDA DE LAS GRANJAS 138 JARDÍN AZPEITIA AZCAPOTZALCO CIUDAD DE MÉXICO. C.P. 02530 | $20,473,425.19 |
| 289 | SUMERGE EMERGE S.A. DE C.V. PREDIO RÚSTICO CARRETERA CARME LTE1 OTRA NO ESPECIFICADA EN EL CATÁLOGO CD DEL CARMEN CAMPECHE. C.P. 24100 | $2,754,903.60 |
| 290 | SUMINISTROS INGENIERIA & CONSTRUCCIONES JACKO S..A. DE C.V. MARGARITA 360 FLORES DEL VALLE VERACRUZ, VERACRUZ. C.P. 91948 | $681,616.00 |
| 291 | SUMINISTROS INTEGRALES MÉXICO S DE R.L. DE C.V. CALLE 20 S/N GUANAL CIUDAD DEL CARMEN CAMPECHE. C.P. 24130 | $67,994.56 |
| 292 | SUPPLEO BUNKERING S DE R.L. DE C.V. CALLE BOSQUE DE CIRUELOS 180 BOSQUES DE LA LOMA MIGUEL HIDALGO CD DE MÉXICO. C.P. 11700 . | $25,902,862.31 |
| 293 | SYCNET Y ASOCIADOS SC AVENIDA INSURGENTES 800 DEL VALLE BENITO JUÁREZ CD DE MÉXICO. C.P. 03100 | $320,497.45 |
| 294 | TAJIN CONSIGNACIONES S.A. DE C.V. CALLE CUITLAHUAC 90 SANTIAGO DE LA PEÑA TUXPAN VERACRUZ. C.P. 92770 | $68,138.40 |
| 295 | TECNOLOGÍA EN SOLDADURA Y CORTE S.A. DE C.V. PASEO DE LA REFORMA 180 JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO. C.P. 06600 | $2,634,611.79 |
| 296 | TECNOSERVICIOS INFORMATICOS Y DE NEGOCIOS INTELIGENTES S.A. DE C.V. IZTACCIHUATL MANZANA 439 LOTE 11 CIUDAD AZTECA SECCIÓN ORIENTE ESTADO DE MÉXICO. C.P. 55120 | $109,504.00 |
| 297 | THE ADANI HARBOUR INTERNATIONAL DMCC 27 LEVEL SN JLT, CLUSTER W, DUBAI, UAE 2701 AUSTRALIA | $48,290,115.15 |
| 298 | TLSAT 18 N 91 W S DE RL DE CV AVENIDA DEL MAR 61 BIVALBO CD DEL CARMEN CAMPECHE. C.P. 24158 | $592,411.75 |
| 299 | TORRES CALLEJA MARÍA DE LOURDES ADOLFO LÓPEZ MATEOS 411 PENTHOSE B ATLAMAY, ÁLVARO OBREGÓN CD DE MEXICO. C.P.  01760 | $17,923.51 |
| 300 | TOTAL COPIAS S.A. DE C.V. CALLE OCHO HORAS 127 NUEVAVILLAHERMOSA VILLA HERMOSA CENTRO TABASCO. C.P. 86070 | $3,221,096.00 |
| 301 | TRANSPORTES AEREOS PEGASO S.A. DE C.V. SANTANDER 15, PISO 10 INSURGENTES MIXCOAC BENITO JUÁREZ ESTADO DE MÉXICO. C.P. 03920 | $3,331,090.26 |
| 302 | TRANSPORTES ALICANTE DEL NORTE S DE R.L. DE C.V. DOLORES4203 CENTROC UAUHTÉMOC CD MÉXICO. C.P. | $700,000.00 |
| 303 | TRANSPORTES JE. | $300,000.00 |
| 304 | TREJO BONILLA JOSÉ LUIS SÓCRATES 143-601 POLANCO CHAPULTEPEC MIGUEL HIDALGO CD DE MÉXICO. C.P. 11560 | $66,600.00 |



| 305 | TURBO-MEX REFACCIONES MANTENIMIENT SEGURIDAD INDUSTRIAL S.A. DE C.V. ANILLO PERIFÉRICO 4816 ARENAL DE GUADALUPE TLALPAN CD DE MÉXICO. C.P. 14389 | $5,141,867.42 |
|---|---|---|
| 306 | UNIDAD GMR S.A. DE C.V. CALLE 33 86-A TILA CD. DEL CARMEN CAMPECHE. C.P. 24170 | $12,415,200.00 |
| 307 | UNIVERSO DE SERVICIOS S.A. DE C.V. CALLE 5 623 RESIDENCIAL PENSIONES MÉRIDA YUCATÁN. C.P. 97217 | $1,258,796.97 |
| 308 | VER+ SOCIETAS SC CALLE DOCTOR JIMÉNEZ 58 DOCTORES 5 CUAHUTÉMOC CD DE MEXICO. C.P.  06720 | $176,206.32 |
| 309 | VIAR VALVOLE SRL VIA A. SANDRORI 38/A SUMIRAGO VARESE, ITALIA 21040 ITALIA | $73,402.80 |
| 310 | VICTOR MANUEL BAHENA BUSTOS CRACOVIA 72 BIS SAN ÁNGEL ÁLVARO OBREGÓN CDMX. C.P.  01000 | $74,439.10 |
| 311 | VINILES Y DISEÑOS GRÁFICOS S.A. DE C.V. CONSTELACIÓN ACUARIO MANZANA LOTE 12 LUIS DONALDO COLOSIO CARMEN CAMPECHE. C.P.  24150 | $651,264.02 |
| 312 | ZHONGTIAN TECHNOLOGY SUBMARINE CABLE CO LTD NO.1 XINKAI SOUTH ROAD NANTONG ETDZ SN PROVINCE, CHINA JIANGSU PROVINCE CHINA PC 226010 226010 CHINA | $3,621,510.65 |
| 313 | ZYANIA TELECOMUNICACIONES S.A. DE C.V. PONCIANO DIAZ 15A LOMAS DE SOTELO NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO. C.P. 53390 | $118,721.32 |
| | TOTAL DE OBLIGACIONES VENCIDAS Y NO VENCIDAS | $5,008,126,045.37 |

**QUINTO. Fecha de retroacción**. Con apoyo en los artículos 43 y 112 de la Ley de Concursos Mercantiles, se señala como **fecha de retroacción** del concurso el día **VEINTISIETE DE JUNIO DE DOS MIL VEINTICINCO.**

**SEXTO. Arraigo**. Esta sentencia produce efectos de **ARRAIGO** de los integrantes del **Consejo de Administración** de la empresa **Demar Instaladora y Constructora, sociedad anónima de capital variable**, o en su caso, de quienes sean responsables de la administración, para el sólo efecto de que no puedan separarse del lugar de su domicilio sin dejar mandato o apoderado debidamente instruido y expensado, en términos del artículo 47 de la Ley de Concursos Mercantiles.

**SÉPTIMO. Procedimiento de reconocimiento de**



FORMA A-55
47

**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
Concurso Mercantil 18855/2025-VII
Sentencia declaración de concurso mercantil

**créditos.** Se ordena al **conciliador** inicie el procedimiento de reconocimiento de créditos, efectuando de oficio en los términos establecidos por los artículos 121 y 123 de la Ley de Concursos Mercantiles, su determinación; deberá elaborar la **lista de créditos** a cargo de la **comerciante** que propone reconocer, con base entre otras fuentes, en la contabilidad, y en los demás documentos que permitan determinar su pasivo, con la información que el propio **comerciante** y su personal están obligados a proporcionar, la que se desprenda del dictamen del **visitador** y de las solicitudes de reconocimiento que se le presenten.

**OCTAVO. Se hace del conocimiento de los acreedores residentes dentro de la República y en el extranjero que pueden presentar solicitudes de reconocimiento de crédito.** Se hace del conocimiento de los **acreedores** residentes en la República Mexicana, que aquellos que así lo deseen, presenten al **conciliador** en el domicilio que éste señale para el cumplimiento de sus obligaciones, sus solicitudes de reconocimiento de crédito conforme a lo dispuesto por el artículo 125 de la Ley de Concursos Mercantiles, sin perjuicio de lo ordenado en el resolutivo que antecede. Los acreedores residentes en el extranjero podrán presentar dichas solicitudes, si a sus intereses conviene, ante la persona y lugar indicados, dentro de un plazo de cuarenta y cinco días naturales conforme el numeral 291 de la Ley de Concursos Mercantiles.

**NOVENO. Orden de poner en posesión del conciliador documentos.** De acuerdo con lo dispuesto en el artículo 43, fracción VI de la Ley de Concursos Mercantiles **se**



**ordena poner a disposición del conciliador**, de inmediato, los libros, registros y demás documentos de la empresa **concursada**, así como, los recursos necesarios para sufragar los gastos de registro y las publicaciones previstas en la ley de la materia.

**DÉCIMO. Orden de permitir las labores del conciliador.** Se ordena a la **comerciante** permita al **conciliador** y a los interventores, en su caso, la realización de las actividades propias de sus cargos.

**DÉCIMO PRIMERO. Suspensión de pagos**. <u>Se ordena a la **comerciante** suspender el pago de los adeudos contraídos con anterioridad a la fecha en que surta efectos esta sentencia</u>; salvo los que sean indispensables para la operación ordinaria de la empresa, incluido cualquier crédito indispensable para mantener la operación ordinaria de la empresa y la liquidez necesaria durante la tramitación del concurso mercantil, respecto de los cuales deberá informar dentro de las setenta y dos horas siguientes de efectuados, en un principio a la suscrita juzgadora y, una vez que sea dado a conocer el nombre del **conciliador**, deberá reportarlos directamente a dicho especialista, por ser el encargado de vigilar la contabilidad y todas las operaciones que realice la **comerciante**, en términos del artículo 75 de la Ley de Concursos Mercantiles.

En el entendido de que, la presente sentencia no será causa para interrumpir las obligaciones laborales ordinarias de la **comerciante**, así como, el pago de contribuciones fiscales o de seguridad social ordinarias de la **comerciante** por ser indispensables para la operación ordinaria de la empresa, tal y como lo establecen los artículos 66 y 69 de la Ley de Concursos Mercantiles.



**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
Concurso Mercantil 18855/2025-VII
Sentencia declaración de concurso mercantil

**PODER JUDICIAL DE LA FEDERACIÓN**

**DÉCIMO SEGUNDO. Suspensión de mandamientos de ejecución**. Se ordena que durante la **etapa de conciliación** sea suspendido todo mandamiento de embargo o ejecución contra los bienes y derechos de la **comerciante**, con las excepciones a que se refiere el artículo 65 de la Ley de Concursos Mercantiles, es decir, el mandamiento de embargo o ejecución de carácter laboral, en términos de lo dispuesto en la fracción XXIII, del apartado A, del artículo 123 constitucional y sus disposiciones reglamentarias, considerando los salarios de los dos años anteriores al concurso mercantil.

**DÉCIMO TERCERO. Publicación en el Diario Oficial de la Federación y en un diario de mayor circulación**. Se ordena al **conciliador** que, dentro de los **CINCO DÍAS HÁBILES** siguientes a su designación, tramite la publicación por una vez de un extracto de esta sentencia, en el Diario Oficial de la Federación y en uno de los periódicos de mayor circulación en la República Mexicana.

Para lo cual, se ordena desde ahora elaborar los edictos conteniendo dicho extracto; así como, los oficios correspondientes y ponerlos a disposición del **conciliador**.

**DÉCIMO CUARTO. Inscripción de la sentencia en los Registros Públicos correspondientes**. Se ordena al **conciliador** que, dentro de los **CINCO DÍAS HÁBILES** siguientes a su designación, solicite la inscripción de esta sentencia en el registro público de comercio que corresponda al domicilio de la **comerciante** y en todos aquellos lugares en



donde tenga una agencia, sucursal o bienes sujetos a inscripción en algún registro público.

Para tal efecto, se ordena desde ahora expedir copias certificadas; así como, girar el oficio necesario y una vez elaborado, ponerlo a disposición del **conciliador**.

**DÉCIMO QUINTO. Diversos Juicios**. Las acciones promovidas y los juicios seguidos por la **comerciante** y las promovidas y los seguidos contra él, que se encuentren en trámite al dictarse esta sentencia, que tengan un contenido patrimonial, no se acumularán al juicio concursal, **sino que se seguirán por la comerciante bajo la vigilancia del conciliador**.

En ese sentido, la **concursada** deberá informar al **especialista** de la existencia de dichos procedimientos, al día siguiente que sea de su conocimiento su designación, como establece el artículo 84 de la Ley de Concursos Mercantiles.

**DÉCIMO SEXTO. Precisión sobre intereses de créditos y conversión a UDI´s.** En términos del artículo 89 de la Ley de Concursos Mercantiles, con independencia del lugar originalmente pactado para pago, los créditos a cargo de la concursada que carezcan de garantía real dejarán de causar intereses a la fecha de esta sentencia; si no hubieren sido denominados originalmente en **UDI´s**, se convertirán a dicha unidad previa conversión a moneda nacional de los que en su caso estuvieren denominados en moneda extranjera; el tipo de cambio y la equivalencia de las citadas unidades serán los determinados por el Banco de México para la fecha de esta sentencia.

Así también, con independencia del lugar





Case 26-90523   Document 5   Filed in TXSB on 05/06/26   Page 66 of 172

FORMA A-55
51

**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA.**
**Concurso Mercantil 18855/2025-VII**
**Sentencia declaración de concurso mercantil**

originalmente pactado para pago, los créditos con garantía real, a partir de la fecha de esta sentencia, sólo causarán intereses ordinarios y hasta por el valor de la garantía; se mantendrán en la moneda o unidad en que originalmente se denominaron, pero también se convertirán a **UDI´s** sólo para cuantificar el alcance de su participación en las decisiones en que así se requiera, caso en el cual, se empleará la equivalencia antes mencionada.

**DÉCIMO SÉPTIMO. Medidas precautorias**. Siendo esta juzgadora rectora del procedimiento de concurso mercantil y teniendo todas las facultades necesarias para cumplir lo que prevé la Ley de Concursos Mercantiles, **SE DEJAN SUBSISTENTES** las medidas cautelares concedidas en autos.

**DÉCIMO OCTAVO. Expedición de copias**. Expídase a costa de quien teniendo interés jurídico lo solicite, copia simple o certificada de esta sentencia.

**Notifíquese; vía electrónica a la comerciante, parte actora Ocean Sub Sea Service, LLC y JK, Ingeniería, sociedad anónima de capital variable y al visitador; por oficio al Instituto Federal de Especialistas de Concursos Mercantiles; Secretaría de Hacienda y Crédito Público, Servicio de Administración Tributaria; Secretaría de Administración y Finanzas de la Ciudad de México; Instituto Mexicano del Seguro Social; Instituto del Fondo Nacional de la Vivienda para los trabajadores; Centro Federal de Conciliación y Registro Laboral; a los acreedores residentes en la República Mexicana cuyos**





**domicilios se conozcan de forma completa (calle, número exterior e interior, colonia, municipio o alcaldía, código postal, Estado o País, en su caso), se entenderán notificados de la declaración del concurso mercantil, en el día en que se haga la publicación señalada en el DÉCIMO TERCERO punto resolutivo, de conformidad con lo dispuesto por los artículos 44 y 45 de la Ley de Concursos Mercantiles. De ser el caso, a los acreedores residentes en el extranjero, también conforme a lo establecido en las leyes aplicables.**

Así lo resolvió y firma electrónicamente **Nataly Pérez Hernández**, Jueza Primero de Distrito en Materia de Concursos Mercantiles, con residencia en la Ciudad de México y jurisdicción en toda la República Mexicana, quien actúa en unión de **José Alejandro Reséndiz Fragoso**, secretario que autoriza y da fe.

jarf

En esta fecha se ordenó girar los oficios **1737, 1738, 1739, 1740, 1741, 1742 y 1743/2026. Conste.**

Se da fe que la presente sentencia se incorporó al expediente electrónico que obra en el SISE; asimismo, se certifica que el archivo electrónico correspondiente coincide en su totalidad con las constancias físicas. **Conste.**

La persona actuaria hace constar que las notificaciones correspondientes a esta resolución, fueron debidamente digitalizadas y vinculadas al expediente electrónico. **Doy fe.**

JOSE ALEJANDRO RESENDIZ FRAGOSO
706a6620636a663200000000000000000005729
15/05/26 18:00:00



# PODER JUDICIAL DE LA FEDERACIÓN

**EVIDENCIA CRIPTOGRÁFICA - TRANSACCIÓN**

Archivo Firmado:
146949455_4157000040045814073.p7m
Autoridad Certificadora:
Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal
Firmante(s): 2

| FIRMANTE | | | | | |
|---|---|---|---|---|---|
| Nombre: | JOSE ALEJANDRO RESENDIZ FRAGOSO | | Validez: | BIEN | Vigente |
| **FIRMA** | | | | | |
| No Serie: | 70.6a.66.20.63.6a.66.32.00.00.00.00.00.00.00.00.00.57.29 | | Revocación: | Bien | No revocado |
| Fecha (UTC/ CDMX) | 23/03/26 22:55:24 - 23/03/26 16:55:24 | | Status: | Bien | Valida |
| Algoritmo: | RSA-SHA256 | | | | |
| Cadena de firma: | 31 6c 5d 35 e6 fe d7 dd 61 3f da aa 9e 0f 57 e3 d6 79 ce 0a 1b a3 d1 08 5d 55 3e 60 cb 5f 95 ea 4f b8 7e 99 6c f7 23 d3 af d5 32 9b 04 a0 ed 0a 42 b1 1f f0 91 c6 d7 33 8e cc 18 40 88 b9 03 e7 ab 9f 3e fd 52 69 47 64 b3 c4 0a f7 a2 d7 73 d8 a7 e8 ba 3f e8 bf f2 90 5d f9 f1 73 9d ab 6d 61 79 7e 05 f6 d9 c4 ac 18 cd de 35 7b 92 da d9 c1 b8 ac 1d 1d 8c 5a 3a 81 69 26 e4 53 a7 23 eb 7a 2d f0 95 f8 3d fe c4 28 f8 00 be 73 6d 06 50 25 ab cf 45 ec 59 ff fe 23 58 0c eb 38 57 ff 7d e7 ab 24 36 56 c4 c2 eb ae 6b 24 dd cf f2 8a 04 cf 1a b9 f9 1c 7d 7b 9c 8e f1 07 00 ca d5 35 87 f6 d6 e6 00 05 03 0c df 79 d6 49 49 c8 e0 c7 dd a1 21 ab 2c 79 b3 38 7d b0 33 de 62 98 97 a4 cc ca 65 cf b9 68 3e f4 b5 97 af 8e 19 31 c0 de 4d 9d 12 9f fe fb 78 6e c7 5c f7 b5 b3 05 f0 a3 49 20 | | | | |
| **OCSP** | | | | | |
| Fecha: (UTC/ CDMX) | 23/03/26 22:55:24 - 23/03/26 16:55:24 | | | | |
| Nombre del respondedor: | Servicio OCSP ACI del Consejo de la Judicatura Federal | | | | |
| Emisor del respondedor: | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| Número de serie: | 70.6a.66.20.63.6a.66.32.00.00.00.00.00.00.00.00.00.57.29 | | | | |
| **TSP** | | | | | |
| Fecha : (UTC/ CDMX) | 23/03/26 22:55:24 - 23/03/26 16:55:24 | | | | |
| Nombre del emisor de la respuesta TSP: | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal | | | | |
| Emisor del certificado TSP: | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal | | | | |
| Identificador de la respuesta TSP: | 131953854 | | | | |
| Datos estampillados: | Tpoae9nS4ncPRrXiD1z9WCoqKu4= | | | | |



## PODER JUDICIAL DE LA FEDERACIÓN

| FIRMANTE | | | | |
|---|---|---|---|---|
| **Nombre:** | NATALY PEREZ HERNANDEZ | **Validez:** | BIEN | Vigente |

| FIRMA | | | | |
|---|---|---|---|---|
| **No Serie:** | 70.6a.66.20.63.6a.66.33.00.00.00.00.00.00.00.00.00.c4.44 | **Revocación:** | Bien | No revocado |
| **Fecha (UTC/ CDMX)** | 23/03/26 22:59:24 - 23/03/26 16:59:24 | **Status:** | Bien | Valida |
| **Algoritmo:** | RSA-SHA256 | | | |
| **Cadena de firma:** | 06 2f b0 81 78 aa 11 56 57 4c e2 88 1a e6 5d 2a 77 d7 e0 f0 59 dc 92 5f 1f 66 4a 45 43 61 22 b4 36 56 0a 02 d9 66 10 a0 b5 ca 3d 02 9b f8 83 76 5c 58 69 ed 1b ff 66 76 55 b0 27 5e 41 9e 83 e4 6a 87 c4 2f ea 0f 35 96 a7 f9 9c 98 f8 be a7 bf 41 a5 d3 55 b3 bf 0b 1f 62 e9 21 ac 18 27 5f de f6 d1 06 c8 29 be 03 82 7d 26 ea 47 19 30 d0 3d 64 eb e6 16 41 ad 42 7c f7 d6 75 d9 f0 90 01 96 77 91 a5 27 25 0e d8 35 b1 bd c5 ef 0c a3 09 ab eb 4c 88 08 f3 8b 0f 45 58 d9 e3 88 cc 1e a5 d1 f9 c6 ba 71 6d 60 bf 10 1d 58 d7 97 d4 35 7a cb f1 76 3a 13 6d 1b 2f 15 72 9a 80 e9 44 d4 31 ba 99 34 b1 54 66 ba da 1b 38 ef bd 27 d3 0a 13 82 91 7c ec ec 85 b2 2c 02 b1 e2 b6 ca 68 eb 4e 1d 28 5a a6 e5 6a c5 f5 c6 62 11 b9 ed 03 10 c7 7d e0 be 2f f1 1d 23 3b 44 6b 75 68 29 cc 18 12 c9 f4 1f 3f 58 de 21 65 e7 4c d1 c3 e8 8f 91 53 d1 a4 e8 d2 51 3c 0b 6e ff 8a dc 6b 57 ec 46 e3 35 2b 3a 7c d4 92 1b 43 4b d3 46 bb a9 fd 6f f7 c4 81 2b 14 ba f8 af 36 c8 ad 6e 8a 55 f8 7f bc 10 26 a9 cb 5e 30 d5 93 7e 9e c3 c9 31 e0 53 34 55 1d 99 1c 63 02 61 80 15 a2 17 c8 c8 c6 71 40 0b 0e b4 44 20 27 a2 82 d3 44 8b d4 bf 83 e0 9c 37 e8 a4 ee 5c 4a 96 55 ad e8 2d 72 d9 a1 9f 46 1b | | | |

| OCSP | |
|---|---|
| **Fecha: (UTC/ CDMX)** | 23/03/26 22:59:25 - 23/03/26 16:59:25 |
| **Nombre del respondedor:** | Servicio OCSP ACI del Consejo de la Judicatura Federal |
| **Emisor del respondedor:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| **Número de serie:** | 70.6a.66.20.63.6a.66.33.00.00.00.00.00.00.00.00.00.c4.44 |

| TSP | |
|---|---|
| **Fecha : (UTC/ CDMX)** | 23/03/26 22:59:25 - 23/03/26 16:59:25 |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| **Identificador de la respuesta TSP:** | 131956177 |
| **Datos estampillados:** | 3oJJYa1hIv6zdZpDXVt1tuaFTak= |



**PODER JUDICIAL DE LA FEDERACIÓN**

**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

**Mexico City, March 23, 2026.**

**HAVING REVIEWED** the case file, to rule on the **declaration of commercial insolvency proceedings** in case **18855/2025-VII**, involving the **merchant Demar Instaladora y Constructora, sociedad anónima de capital variable**; and

**BACKGROUND**

**FIRST. Petition for commercial insolvency proceedings**. By means of a petition filed with the General Correspondence Office of the District Courts in Commercial Insolvency Proceedings, located in Mexico City, on **September 29, 2025,** and forwarded the following day to this court, **Ocean Sub Sea Service, LLC**, through its attorney **Rafael González Vázquez** and **JK, Engineering, sociedad anónima de capital variable**, through its attorney-in-fact **José Luis Hernández López**, filed **a petition for the initiation of commercial insolvency proceedings in the** <u>**conciliation**</u> **stage** against the **merchant Demar Instaladora y Constructora, sociedad anónima de capital variable**; which was filed under case number **18855/2025-VII**.

**SECOND. Filing and admission.** Following the hearing on the petition, by order dated **October 9, 2025**, this court **admitted** the petition **for proceedings**; furthermore, a formal notice was sent to **the Federal Institute of Specialists in Commercial Insolvency Proceedings**, requesting the

*[barcode]*

appointment of **an visitor**, as well as the relevant tax and labor authorities; similarly, precautionary measures were ordered.

**THIRD. Service of Process and response to the complaint.** In a proceeding **dated October 14**, **2025**, the **merchant** was served with service of process and was required to file a response to the complaint, along with the pleadings and exhibits.

In an order dated **October 30, 2025**, the **merchant** was deemed to have responded to the complaint and raised the defenses asserted.

**FOURTH. Appointment of an visitor**. By official letter **IFECOM/DG/2470/2025,** the **Federal Institute of Specialists in Commercial Insolvency Proceedings** announced that it had appointed **José Gerardo Badin Cherit** as **visitor**; who, by electronic letter submitted on **October 21, 2025**, and registered under folio **12591**, accepted and affirmed the position conferred.

**FIFTH. Admission of evidence and order for inspection.** In the case file dated **November 11, 2025**, **the plaintiff** made various statements regarding the response to the complaint, and the following evidence was admitted:

With respect to the **plaintiff**:

**1.** Document, consisting of the original printout of the webpage http://demar.com.mx/#proyectos.

**2.** Document, consisting of the fixed-term charterparty **"Time Charterparty for Offshore Support Vessels**," executed **on October 4, 2023**, as well as its

JOSE ALEJANDRO RESENDIZ FRAGOSO
70fa6620636a6632000000000000000000005729
05/26/15 6:00:00 PM



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
Commercial Insolvency Proceeding 18855/2025-VII
Judgment Declaring Commercial Insolvency Proceedings

PODER JUDICIAL DE LA FEDERACIÓN

translation to Spanish.

**3.** Document, consisting of a certified copy of the amendment to the charterparty executed on **September 6, 2024,** and its certified translation to Spanish.

**4.** Document, consisting of seventeen invoices, resulting from services rendered under the charterparty, issued by the **plaintiff Ocean Subsea Services, LLC.**

**5.** Document consisting of the Spanish translation prepared by an official expert of the seventeen invoices mentioned in the previous point.

**6.** Document, consisting of the printed version of the email **dated May 1, 2024**, through which invoice **20306** was sent, and its certified translation to Spanish.

**7.** Document, consisting of the printed version of the email **dated May 31, 2024**, through which invoice **20321** was sent, and its certified translation to Spanish.

**8.** Document, consisting of the printed version of the email **dated June 6, 2024**, through which invoice **20322** was sent, and its certified translation to Spanish.

**9.** Document, consisting of the printed version of the email **dated September 5, 2024**, through which invoices

PODER JUDICIAL DE LA FEDERACIÓN

JOSE ALEJANDRO RESENDIZ FRAGOSO
70fa66f20d63ea663200000000000000000005729
05/26/15 6:00:00 PM

*[barcode]*

**20330** and **20341** were sent as well as their certified translation to Spanish.

10. Document, consisting of the printed version of the email dated **September 19, 2024**, through which invoice **20343** was sent, and its certified translation to Spanish.

11. Document, consisting of the printed version of the email **dated October 2, 2024**, through which invoice **20345** was sent, and its certified translation to Spanish.

12. Document, consisting of the printed version of the email dated **October 31, 2024**, through which invoice **20352** was sent, and its certified translation to Spanish.

13. Document, consisting of the printed version of the email **dated December 2, 2024**, through which invoices **20358** and **20359** were sent, along with their certified translation to Spanish.

14. Document**,** consisting of the printed version of the email **dated December 3, 2024**, through which invoices **20362** and **20383** were sent, along with their certified translation to Spanish.

15. Document, consisting of the printed version of the email **dated January 9, 2025**, through which invoices **20393**, **20399**, and **20400** were sent, along with their certified translation to Spanish.

16. Document, consisting of the printed version of the



FORMA-A-55

5

**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

PODER JUDICIAL DE LA FEDERACIÓN

email dated **February 21, 2025**; through which invoices **20412** and **20413** were sent, along with their certified translations to Spanish.

17. Document, consisting of purchase order **4500190787** for the provision of services for *"LASER SCANNING SURVEY AND 3D MODEL OF THE EXISTING CB-LITORAL-A INCLUDING DETAILED APC ENGINEERING MODELING LASER SCANNING SURVEY AND 3D MODEL OF THE EXISTING C-LITORAL PLATFORM -A INCLUDING DETAILED APC ENGINEERING MODELING,"* issued by the **merchant**.

18. Document, consisting of the email sent to the **merchant on March 25, 2024**.

19. Document, consisting of the email sent to the **merchant on June 4, 2024**.

20. Document, consisting of purchase order **4600010320** for the provision of services for *"LASER SCANNING SURVEY AND 3D MODEL OF THE XANAB-201 PLATFORMS; INCLUDING APC ENGINEERING MODELING IN DETAIL OF THE PROJECT; LASER SCANNING SURVEY AND 3D MODEL OF THE XANAB-201 PLATFORMS; INCLUDING APC ENGINEERING MODELING IN DETAIL OF THE PROJECT,"* issued by the **merchant.**

21. Document, consisting of the email sent to the **merchant on April 7,**

*[barcode]*

**2025.**

22. Document, consisting of the email sent to the **merchant on August 14, 2025.**

23. Document consisting of invoices **274**, **275**, **287**, and **292** issued by the **merchant** for the provision of services covered by the purchase orders.

24. Document consisting of proof of payment by the **merchant** to the plaintiff **JK Ingeniería, sociedad anónima de capital variable**, dated **February 18, 2019**, to its bank account.

25. Document consisting of proof of payment by the **merchant** to the plaintiff **JK Ingeniería, sociedad anónima de capital variable**, dated **March 21, 2019**, to its bank account.

26. Case file, consisting of all proceedings in this trial, in all matters that benefit the plaintiff's interests.

27. Legal and human presumption, consisting of the logical and legal connection of known facts to infer unknown ones.

Regarding the defendant:

1. Public document, consisting of the certified copy of public deed number **sixteen thousand six hundred and seventy-two**, dated **March 22, 2023**, from Notary Public **No. 107** of **Estado de México**, with residence in **Naucalpan**.



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

2. Document, consisting of the opinion of the expert **Miguel Armando Esquivel Valladares**, in his capacity as a certified public accountant, license number **6588416**, issued by the General Directorate of Professions of the Ministry of Public Education.

3. Legal and Human Presumptions, consisting of both legal and human presumptions arising from the trial that favor the reprsented party.

4. Proceedings documentation, consisting of the proceedings that favor the represented party.

Likewise, in said order, it was ordered to conduct the inspection referred to in Articles 30 and 31 of the Commercial Insolvency Law, at the address designated for that purpose, which began **on November 19, 2025**.

**SIXTH. Submission of the report.** In an order **dated January 6**, **2026**, the **visitor** was required to submit a reasoned and detailed report, whereupon it was ordered that the report be made available to the **merchant** for **five merchant days** so that it could file any arguments in its defense.

Once the aforementioned period had elapsed, in an order dated **January 19, 2026**, it was ordered that the case file be made available to the undersigned to render the judgment hereby issued as follows:

*[barcode]*

## W H E R E A S

**FIRST. Jurisdiction**. This First District Court in Commercial Insolvency Matters, with its seat in Mexico City and jurisdiction throughout the Mexican Republic, **has jurisdiction to rule on matters concerning the declaration of commercial insolvency proceedings**, in accordance with Article 104, Section II of the Political Constitution of the United Mexican States; General Order 4/20221 of the Plenary Session of the Federal Judiciary Council, regarding the commencement of functions of this court; Section 56, Subsection II of the Internal Law of the Federal Judiciary; and Sections 9, 10, 11, 20, 41, 42, and 43 of the Commercial Insolvency Law.

**SECOND. Standing.** The parties' standing to act in this proceeding is established in the case file by the documents submitted, the complaint, and the response.

Thus, Article 21 of the Commercial Insolvency Law provides that any **creditor** of the **merchant** or the **Public Prosecutor's Office** may file a petition for a declaration of commercial insolvency proceedings; therefore, the standing of **Ocean Sub Sea Service, LLC**, through its attorney **Rafael González Vázquez**, and **JK, Ingeniería, sociedad anónima de capital variable**, through its representative **José Luis Hernández López**, to file **a petition** for **the initiation** of **commercial insolvency** proceedings against **Demar Instaladora y Constructora, sociedad anónima de capital variable**, on the grounds that the petitioners have complied with the requirements set forth in

---

1 **"Article 3.** The First and Second District Courts in Commercial Insolvency Proceedings shall have their seat in Mexico City and jurisdiction throughout the Mexican Republic to hear all disputes in commercial insolvency proceedings referred to in Article 59, Section II, of the Internal Law of the Federal Judiciary and the Commercial Insolvency Law; as well as indirect amparo proceedings related to this matter."



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

Articles 22 and 23 of the insolvency law.

That is to say, the plaintiffs attached to their complaint certified copies of the following documents:

**1.** Time charterparty **"Time Charterparty for Offshore Support Vessels**," executed on **October 4, 2023**, as well as its translation to Spanish.

**2.** Amendment to the charterparty executed on **September 6, 2024,** and its certified Spanish translation.

**3.** Seventeen invoices, issued by the **plaintiff Ocean Sub Sea Services, LLC,** for services rendered under the charterparty, along with their Spanish translations prepared by an expert.

**4.** Printed version of the email **dated May 1, 2024**, through which invoice **20306** was sent, and its certified translation to Spanish.

**5.** Printed version of the email dated **May 31, 2024**, through which invoice **20321** was sent, and its certified translation to Spanish.

**6.** Printed version of the email dated **June 6, 2024**, through which invoice **20322** was sent, and its certified translation to Spanish.

**7.** Printed version of the email dated **September 5, 2024**, through which

*[barcode]*

invoices **20330** and **20341** were sent, along with their certified translation to Spanish.

8.  Printed version of the email dated **September 19, 2024**; through which invoice **20343** was sent and its certified translation to Spanish.

9. Printed version of the email dated **October 2, 2024**; through which invoice **20345** was sent and its certified translation to Spanish.

10. Printed version of the email dated **October 31, 2024**, through which invoice **20352** was sent, and its certified translation to Spanish.

11.  Printed version of the email **dated December 2, 2024**, through which invoices **20358** and **20359** were sent, along with their certified translations to Spanish.

12.  Printed version of the email **dated December 3, 2024**, through which invoices **20362** and **20383** were sent, along with their certified translation to Spanish.

13. Printed version of the email **dated January 9, 2025**, through which invoices **20393**, **20399**, and **20400** were sent, along with their certified translation to Spanish.

14.  Printed version of the email dated **February 21, 2025**, through which invoices **20412** and **20413** were sent, along with their certified translation to Spanish.

15. Purchase order **4500190787** for the provision



FORM A-55

11

**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

PODER JUDICIAL DE LA FEDERACIÓN

of services of *"LASER SCANNING SURVEY AND 3D MODEL OF THE EXISTING CB-LITORAL-A PLATFORM INCLUDING DETAILED APC ENGINEERING MODELING LASER SCANNING SURVEY AND 3D MODEL OF THE EXISTING C-LITORAL PLATFORM- A, INCLUDING DETAILED APC ENGINEERING MODELING,"* issued by the **merchant**.

**16.** Purchase Order **4600010320** for the provision of services for *"LASER SCANNING SURVEY AND 3D MODEL OF THE XANAB-201 PLATFORMS; INCLUDING DETAILED APC ENGINEERING MODELING OF THE PROJECT; LASER SCANNING SURVEY AND 3D MODEL OF THE XANAB-201 PLATFORMS; INCLUDING DETAILED APC ENGINEERING MODELING OF THE PROJECT,"* issued by the **merchant.**

**17.** Invoices **274**, **275**, **287**, and **292** issued by the **merchant** for the provision of services covered by the purchase orders.

**18.** Evidence of payment by the **merchant** to the plaintiff **JK Ingeniería, sociedad anónima de capital variable**, into its bank account.

**19.** Evidence of payment by the **merchant** to the plaintiff **JK Ingeniería, sociedad anónima de capital variable**, into its bank account.

Evidence to which full probative value is granted pursuant to Articles 1237, 1292, and 1293 of the Commercial Code, which applies supplementarily to the Commercial Insolvency Law, as these are public documents issued by an authority in the exercise of its functions.

*[barcode]*

On the other hand, the standing of **the defendant** (**merchant**) is established in the case file, in accordance with the provisions of Article 4, Section II of the Commercial Insolvency Law, in relation to Section II of Article 3 of the Commercial Code.

In this regard, it is important to note that, for the purposes of Article 4, Section II of the Commercial Insolvency Law, the term "**Merchant**" refers to any "natural or legal person who qualifies as such under the Commercial Code."

Article 3, Section II of the Commercial Code, which applies as a supplementary provision to the relevant law, provides that legal entities acquire the status of **merchant** when they are incorporated in accordance with commercial laws.

In this regard, the **merchant**, in its response to the complaint, submitted a certified copy of notarial instrument **No. 16**,**672**, from the records of Notary **No. 107** of Estado de México, residing in Naucalpan de Juárez, where the section titled "legal status" indicates the incorporation of the **defendant legal entity** as a *sociedad anónima de capital variable*, and with the corporate purpose of providing, within the public and private hydrocarbons and energy industries, all types of services related to engineering, procurement, construction, prefabrication, installation, interconnection, start-up, commissioning, operation, and maintenance of offshore platforms and onshore facilities, including the laying of subsea pipelines and cables, related to the exploration, extraction, and production of petroleum products, among others.

Consequently, **Demar Instaladora y**



FORMA-55

13

**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

PODER JUDICIAL DE LA FEDERACIÓN

**Constructora, sociedad anónima de capital variable**, has established its standing in the commercial insolvency proceedings under the terms provided for in Articles 3, 4(II), and 11(II) of the Commercial Insolvency Law; as well as Article 3(II) of the Commercial Code, which applies supplementarily to the commercial insolvency law.

**THIRD. Preliminary issues.** This ruling is of a special nature because it does not resolve a substantive or incidental issue, but rather formally declares the commencement of the insolvency proceedings or, alternatively, their dismissal.

If admissible, said insolvency ruling constitutes the fundamental part of the commercial insolvency proceedings established in the Commercial Insolvency Law, as it establishes the procedural and legal basis for the commercial insolvency proceedings.

Among other consequences, it entails the formation of the commercial insolvency estate, the identification and segregation of the **merchant's** assets, the administration of the merchant, and the suspension of enforcement proceedings.

Based on the foregoing, it is important to note that the judgment allows for the exercise of two actions: (i) the conciliation action, in which the **merchant** seeks to pay its **creditors** through a **settlement agreement**; and (ii) the **bankruptcy** action, in which payment is sought through the liquidation of the **merchant's** assets.

In addition, it is considered appropriate to clarify the litigation



[barcode]

matter regarding this ruling on whether or not to declare a **merchant** in commercial insolvency proceedings, for which the provisions of Articles 9, 10, 30, and 40 of the commercial insolvency are relevant.

It follows from the aforementioned provisions that commercial insolvency proceedings against a **merchant** are warranted when requested by a **creditor** and when widespread failure to meet payment obligations is demonstrated.

Given that, to verify the existence of such widespread default, if the complaint is responded to, the judge shall order an inspection of the **merchant**, the primary purpose of which shall be for the **visitor** to determine whether the **debtor** has incurred the circumstances provided for in Article 10 of this law, as well as the due dates of the claims related to those facts.

In addition, the **visitor**, based on the information contained in the inspection report, must submit to the adjudicating authority a reasoned and detailed opinion, taking into consideration the facts set forth in the complaint and the response, and attaching the inspection report thereto.

From the foregoing, it can be concluded that the subject matter of this determination, in principle, is to determine whether the **defendant merchant** is in general default of its obligations, in accordance with the provisions of Articles 9 and 10 of the insolvency legislation.

Likewise, it should be noted that Articles 31, 33, and 35 of the commercial insolvency provide for another ground for the action, which arises from the **merchant's** procedural conduct, which applies



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

once the search warrant has been issued, if the alleged **debtor** opposes the execution of said proceeding—whether because there is no one with whom to carry it out, or because the debtor fails to provide information, conceals information, or obstructs its execution—the bankruptcy judge, following verification and/or the imposition of coercive measures, shall declare the debtor in commercial insolvency proceedings.

Therefore, the **insolvency judgment** may proceed in two ways:

Declare the **merchant** in a state of commercial insolvency proceedings, which may occur, as will be seen below, i) when widespread failure to meet payment obligations is demonstrated; or, ii) as a sanction resulting from the **merchant's** failure to be present to learn the contents of the inspection order, or for having obstructed the conduct of the visit; or, the **debtor** is not declared to be in commercial insolvency proceedings, which generally occur when widespread failure to pay obligations is not established.

Having established the foregoing, it is clear that the legal issue in the ruling now being issued is to determine whether the **defendant** falls under the circumstances set forth in Articles 9 and 10 of the insolvency legislation, such that it may be considered to be in general default on the payment of its obligations, or whether the warning must be enforced in the event that the visit was obstructed.

**FOURTH. Exceptions and defenses.** For methodological reasons and prior to the substantive review of the proceedings at hand, <u>we will analyze the exceptions raised by the</u>

*[barcode]*

**defendant in its response,** given that if any of them are found to be well-founded, the analysis regarding the admissibility of the action brought will become unnecessary.

Illustrating this point is the opinion of the then Third Chamber of the Supreme Court of Justice of the Nation, found on page 1226, Volume CXXII, Civil, of the Federal Judicial Weekly, which states:

> *"ACTIONS AND EXCEPTIONS, EXAMINATION OF. The fact that the judge first addresses the defendant's exceptions rather than the actions brought does not in itself constitute a violation, because it is a common procedural practice, since the success of the exceptions often renders it unnecessary to address the plaintiff's claims."*

In this case, the defendant raised various exceptions and defenses:

**a)** Exception of vagueness in the complaint.

**b)** Lack of cause of action, as the debt is not enforceable due to the absence of a clear due date.

**c)** Lack of cause of action, as the debt is not enforceable because the place and method of payment are not clearly established.

**d)** Motion to dismiss for failure to establish the grounds for initiating commercial insolvency proceedings.

**e)** Motion to dismiss the action on the grounds that the requirements of Article 10 of the Commercial Insolvency Law have not been established.

**f)** Lack of standing to sue, as the plaintiffs failed to establish their status as **creditors**, having no court ruling establishing the existence of an alleged breach.

**g)** Action dismissed for failure to meet the



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

requirements set forth in Article 11, Section II of the Commercial Insolvency Law.

**h)** Action dismissed for lack of evidence to suggest a general failure to pay obligations.

**i)** Lack of standing, in relation to the provisions of Articles 9, 10, 11, and 23 of the Commercial Insolvency Law.

**j)** Motion to dismiss the action for failure to establish a valid claim.

**k)** Plea of res judicata or its reflexive effect.

**l)** Plea of inadmissibility of the action due to failure to prove the sending of the invoices.

**m)** Plea for an order to pay costs and expenses.

In this regard, concerning the objection that **the complaint is unclear, a)** it argues that the **plaintiff** is unclear regarding the facts pertaining to the services claimed.

In this regard, said exception is **unfounded**, because for it to be valid, the complaint must be drafted in such a way as to make it impossible to determine who is being sued, why the suit is being brought, and its legal grounds; in this case, a reading of the relevant pleading shows that these requirements were met; so much so that the **defendant** responded to the facts alleged by the **plaintiff**.

This conclusion is supported by the criterion

[barcode]

no. V.1o. J/29, visible on page 62 of Volume 81 of the Federal Judicial Weekly Gazette, September 1994, Eighth Series, which states:

> *"AMBIGUITY, EXCEPTION OF. ADMISSIBILITY. For the exception of obscurity and defect in the form of filing the complaint to be admissible, it is necessary that the complaint be drafted in such a way that it is impossible to understand against whom the complaint is filed, why it is filed, and its legal grounds; therefore, the court that declares the exception of obscurity and defect in the complaint inadmissible does not violate individual rights, on the grounds that the relevant document contains sufficient information and elements for the defendant to contest the complaint, all the more so since the records comprising the contested act show that the defendant offered expert evidence intended to prove that the worker does not suffer from injuries that cause a reduction or alteration of his physical faculties and requested that the Board appoint a third-party expert, therefore, it is clear that the defendant understood the content and scope of the claim filed against it and presented evidence to contest it."*

Furthermore, with regard to the so-called **b) lack of cause of action, on the grounds that the claim is not enforceable because it lacks a clear due date, and c) lack of cause of action, on the grounds that the claim is not enforceable because the place and method of payment are not clearly established,** these are **unfounded,** because they are not strictly speaking such, but rather constitute allegations aimed at demonstrating that the plaintiff lacks standing to assert the claims sought; that is, they are limited to denying the existence of the elements of the action and the right asserted, the legal effect of which is to shift the burden of proof to the opposing party and compel the judge to examine all the constituent elements of the action; therefore, their analysis will be conducted jointly with said elements.

This is supported by Criterion VI. 2o. J/203[2], issued by the Second Federal Court of the Sixth Circuit, which states:

---

[2] Digital Record **219050**, Gazette of the Federal Judicial Weekly of the Eighth Era, No. 54, June 1992, page 62



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

*"SINE ACTIONE AGIS. The defense of lack of cause of action, or sine actione agis, does not strictly speaking constitute an exception, since an exception is a defense asserted by the defendant to delay the course of the action or to destroy it, and the allegation that the plaintiff lacks a cause of action does not fall within that category. Sine actione agis is nothing more than the simple denial of the right being exercised, the legal effect of which can only consist of what the denial of the claim generally produces, that is, shifting the burden of proof to the plaintiff and obliging the judge to examine all the elements constituting the action."*

With respect to the various **d)** lack of cause of action due to failure to establish the grounds for the commercial insolvency proceedings, **e)** inadmissibility of the action due to failure to establish the requirements of Article 10 of the Commercial Insolvency Law, **g)** inadmissibility of the action due to failure to meet the requirements set forth in Article 11, Section II of the Commercial Insolvency Law, **h)** inadmissibility of the action due to failure to provide evidence suggesting widespread default in the payment of obligations, **i)** lack of grounds for the action in relation to the provisions of Articles 9, 10, 11, and 23 of the Commercial Insolvency Law, and **m)** regarding the objection to the award of costs and expenses.

Since these exceptions form part of the elements of the action, they will be addressed in the corresponding section, as they are related to the substantive review of the insolvency proceeding.

With regard to the various **f)** lack of standing to sue, as the plaintiffs have not proven their status as **creditors**, since there is no court ruling establishing the existence of an alleged breach; **j)** inadmissibility of the action due to failure to prove a claim in favor of the **plaintiffs**; and **l)** inadmissibility of the action due to failure to prove that the invoices were sent.

*[barcode]*

These objections are **unfounded**, given that the aforementioned exceptions were already analyzed in this ruling in the section regarding the **plaintiffs'** standing, where it was determined that they did indeed have the status of **plaintiff-creditors**, since the attached documents and the case files established the existence of a legal relationship between the parties.

Furthermore, once the plaintiff's standing as **a creditor** of the **debtor** has been established, the issue to be resolved is whether the **debtor** is in general default regarding the payment of its obligations, not whether a specific payment should be made to the plaintiff.

With regard to the issue raised in subsection **(k)** concerning res judicata or its reflective effect, based on the argument that in the Ninth District Court for Civil Matters in Mexico City, in commercial insolvency proceedings **29/2021**, it was determined in the ruling of **January 12, 2022**, that the **merchant** did not fall under the provisions of Articles 10 and 11 of the Commercial Insolvency Law, a ruling that was affirmed by the Second Federal Court of Appeals for Civil, Administrative, and Specialized Matters in Antitrust, Broadcasting, and Telecommunications of the First Circuit, in Case No. **336/2022** and its consolidated cases **337/2022** and **338/2022,** formerly **36/2022**.

This ruling was upheld by the Ninth Federal Court for Civil Matters of the First Circuit, in Direct Appeals **27/2023** and **50/2023.**

This objection is **unfounded**, as it must be understood that the action for commercial insolvency proceedings is based on the date of filing of the complaint to determine whether the **debtor** has failed to comply with



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

some of the circumstances set forth in Articles 9 and 10 of the Commercial Insolvency Law; hence, although the court proceedings referred to by the **merchant** determined that she did not fall under the circumstances described in those provisions; nevertheless, this does not in itself mean that she is currently in the same situation, since that determination was issued in **2022**, and at that time she did not fall under any of the provisions of the cited provisions; therefore, in view of the time that has elapsed, the claim that gave rise to the proceedings in this case will be the subject of review in this ruling.

Hence, taking into account the time that has elapsed and considering the nature of the bankruptcy proceedings, one cannot speak of res judicata merely because the **merchant** was previously subject to **commercial insolvency** proceedings that were dismissed for failing to meet the requirements of Articles 9 and 10 of the **commercial insolvency law**, and is now being sued for a **declaration of commercial insolvency**, as it is considered that the conditions of the **debtor** may have changed in its financial and accounting statements, as well as in its relations with its **creditors**.

Consequently, since the objections and defenses raised by the aforementioned **defendant** have been dismissed, the merits of the action must now be analyzed.

**FIFTH. Review of the commercial insolvency proceedings**. Taking into consideration that, as an essential requirement for **a declaration of commercial insolvency proceedings**, it must first be determined whether the **defendant, Demar**

*[barcode]*

<span style="color:red">**Instaladora y Constructora, sociedad anónima de capital variable**</span>, has generally failed to pay its obligations; it is appropriate to refer to the provisions of the relevant law.

From Articles 9, 10, and 11 of the Commercial Insolvency Law, it follows that **commercial insolvency proceedings** are warranted when the **merchant** has generally failed to pay its obligations.

This can occur in two ways: **voluntarily** or **involuntarily**. The former occurs when the **merchant** itself requests the initiation of commercial insolvency proceedings and demonstrates that it has incurred in one of the two circumstances set forth in the aforementioned Article 10.

**Involuntary** commercial insolvency proceedings, on the other hand, occur when a **creditor** or the **Public Prosecutor's Office** files a petition for **the merchant**'s commercial insolvency proceedings and the merchant falls under the two scenarios set forth in subparagraphs I and II of the aforementioned paragraph 10.

In other words, in the case of **a petition**, it is sufficient to demonstrate that one of the conditions set forth in those subparagraphs applies, whereas in the case of **a lawsuit**, the conditions set forth in both subparagraphs must be demonstrated.

In this case, the proceedings were initiated via a lawsuit; therefore, for the action to be admissible, the conditions set forth in both of the aforementioned subparagraphs must be proven.

Now, although Article 42 of the relevant law,



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

PODER JUDICIAL DE LA FEDERACIÓN

provides that the judgment to be rendered must consider the statements, evidence, and arguments presented by the parties; as well as analyze the evidence submitted, including the **visitor's** report.

The list of **creditors** was presented, indicating the names, addresses, and due dates of the debt or debts of each creditor, in accordance with Article 20, Section III of the Commercial Insolvency Law.

This is consistent with the full content of the inspection report **dated December 18, 2025**, in which the specialist **José Gerardo Badín Cherit** indicated that he reviewed the documents or electronic data storage media of the accounting records, which served as the basis for determining the **merchant's** overdue liabilities as of the date of filing the petition for **commercial insolvency proceedings**, among other matters.

Evidence that carries full probative value, in accordance with the provisions of Article 1301 of the Commercial Code, which applies on a supplementary basis to the Commercial Insolvency Law; it should be noted that the **expert** specified that he followed the guidelines established by the aforementioned legislation; he indicated that he reviewed the information and documentation provided by the **merchant**; he noted the period specified therein; took into consideration the facts set forth in the complaint; furthermore, he cited the data on which he based his conclusion and met the requirements established in Article 40 of the relevant law.



*[barcode]*

Furthermore, it is noted that the **visitor** indicated that the amount of payment obligations that are at least thirty days past due constitutes **66.30%** (**sixty-six point thirty percent**) of the total amount of **the merchant's** payment obligations, both past due and not yet due; whereas the percentage of total assets available to meet overdue payment obligations, as of the date of filing the petition for **commercial insolvency proceedings**, is **35.60%** (**thirty-five point sixty percent**), as shown in the following table:

NO TEXT DUE TO

IMAGE

JOSE ALEJANDRO RESENDIZ FRAGOSO
70a6620636a6632000000000000000005729
05/26/15 6:00:00 PM

**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

| Visitor's Report | |
|---|---|
| Judge_____<br>In compliance with the provisions of Articles 10, 30, and 40 of the Commercial Insolvency Law and the inspection order received from you, I hereby submit a reasoned and detailed report regarding the facts of the complaint and the response thereto, based on the information contained in the attached inspection report. | **First District Court in Commercial Insolvency Proceedings, located in Mexico City and having jurisdiction throughout the Mexican Republic**<br>Plaintiff: Ocean Sub Sea Services, LLC. and JK Ingenieria SA de CV<br>Debtor: Demar Instaladora y Constructora, SA de CV<br>Commercial insolvency proceedings number: 18855/2025 |

| Debtor's Information | Visitor Information | |
|---|---|---|
| Demar Instaladora y Constructora, SA de CV | José Gerardo Badin Cherit | |
| Address for service: Ejército Nacional 15 Piso 15 Colonia Anzures, Miguel Hidalgo, Ciudad de México C. P. 11590, México | Address for service: Copérnico 171 N/A Colonia Anzures, Miguel Hidalgo, Ciudad de México C.P. 11590, México | |

| Date of filing of the complaint | Due dates | |
|---|---|---|
| 09/29/2025 | Standard deadline for ruling: 12/03/2025 | Extension (if applicable): 12/18/2025 |

| Opinion | | |
|---|---|---|
| I reviewed the information and documents provided to me by the merchant as indicated in the visit order, for the period specified therein, and I also took into consideration the facts set forth in the complaint and the response. I hereby state to you that, in accordance with the complaint, the merchant did indeed fall under the provisions of sections I and II of Article 10 of the Commercial Insolvency Law, as follows: | | |
| | | **Amount in local currency** |
| 1 | Payment obligations that were at least 30 days past due as of the date the complaint was filed and that correspond to 237 different creditors (total for Section 1). | **$3,320,423,617.49** |
| 2 | Payment obligations less than 30 days past due as of the date of filing of the complaint (total of Section 2). | **$21,442,898.95** |
| A=1+2 | Total payment obligations past due as of the date the complaint was filed. | **$3,341,866,516.44** |
| 3 | Payment obligations not due as of the date of filing of the complaint (total of Section 3). | **$1,666,259,528.93** |
| B=A+3 | Total obligations owed by the merchant, both past due and not yet due. | **$5,008,126,045.37** |
| 4 | Total liquid bankruptcy assets to cover at least eighty percent of the payment obligations due as of the date of filing of the petition (total of Section 5). | **$1,189,772,688.48** |
| 1 ÷ B | Percentage of: Payment obligations that are at least 30 days past due / Total payment obligations owed by the merchant, both past due and not past due. | **66.30%** |
| 4 ÷ A | Percentage of: Total assets available to meet obligations / Total payment obligations past due as of the date the complaint was filed. | **35.60%** |

| Relationships  between the sections comprising this opinion (those marked with an X) | | | |
|---|---|---|---|
| 1 Obligations at least 30 days past due | [X] | Information on Special Cases | |
| 2 Liabilities less than 30 days past due | [X] | | |
| 3 Obligations not yet due | [X] | 8 Unlimited Liability of Partners | [_] |
| 4 Total payment obligations of the merchant | [X] | 9 Other cases | [X] |
| 5 Total assets to cover obligations | [X] | | |
| 6 Additional information | [X] | Total number of pages in this opinion | |
| 7 Visit report | [X] | | |

| Place and date | *[illegible signature]* |
|---|---|
| | **José Gerardo Badin Cherit**<br>(Name and signature of the visitor) |

*[illegible text on the left side of the page]*

Thus, having considered the evidence mentioned above, this court finds that the **merchant <span style="color:red">Demar Instaladora y Constructora, sociedad anónima de capital variable</span>**, has committed a general failure to meet its payment obligations to more than two different **creditors**, and therefore

JOSE ALEJANDRO RESENDIZ FRAGOSO
70606620656663200000000000000005729
05/26/15 6:00:00 PM

meets the conditions set forth in Sections I and II of Article 10 of the Commercial Insolvency Law, since, of those obligations, those that had been past due for at least thirty days as of the date the petition was filed represent more than thirty-five percent of all payment obligations owed by the **merchant**.

Moreover, a comprehensive review of the report submitted by the **visitor** confirms that the company in question lacks the type of assets listed in Section II of the cited legal provision, which would allow it to meet at least eighty percent of its obligations that were past due as of the date the complaint was filed against it.

In view of the foregoing, **THE PETITION FOR A DECLARATION OF COMMERCIAL INSOLVENCY PROCEEDINGS IS GRANTED**, with proceedings commencing in the **CONCILIATION STAGE**, with the consequences described in the operative provisions of this ruling, pursuant to Articles 43 through 45, 47, 89, 112, 149, 278, Section IV, and 291 of the Commercial Insolvency Law.

**SIXTH. Precautionary measures.** As this Court presides over the commercial insolvency proceedings and possesses all the necessary powers to comply with the provisions of the Commercial Insolvency Law, the precautionary measures granted in the case file **of October 9, 2025**, **ARE UPHELD**.

The foregoing, being necessary to maintain the ordinary course of merchant, protect the commercial insolvency estate, and avoid creating further contingencies for the **debtor** that would aggravate its



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

PODER JUDICIAL DE LA FEDERACIÓN

current situation, whether through direct enforcement against its assets or indirect enforcement of any of its guaranties provided by third parties.

Furthermore, to protect the rights of **creditors**, preventing the **defendant's** widespread failure to **fulfill** its obligations from jeopardizing the companies with which it maintains merchant relationships, as well as to avoid any impairment of the commercial insolvency estate resulting from the commencement of commercial insolvency proceedings.

For the foregoing reasons, it is hereby

## IT IS HEREBY ORDERED

**FIRST. Declaration of commercial insolvency proceedings**. The **petition for commercial insolvency proceedings** filed by **Ocean Sub Sea Service, LLC** through its attorney **Rafael González Vázquez** and **JK, Ingeniería, sociedad anónima de capital variable**, through its representative **José Luis Hernández López**, against the **debtor Demar Instaladora y Constructora, sociedad anónima de capital variable**, in accordance with the provisions of Article 10 of the Commercial Insolvency Law; it has incurred widespread default in the payment of its obligations; therefore, on this date, **MARCH 23, 2026**, **THE AFOREMENTIONED BUSINESS IS HEREBY DECLARED IN COMMERCIAL INSOLVENCY PROCEEDINGS**, having received Service of Process at **Ejército Nacional No. 216, 15th floor, Colonia Anzures, Benito**

JOSE ALEJANDRO RESENDIZ FRAGOSO
70a6620636a6632000000000000000005729
05/15/26 6:00:00 PM



[barcode]

**Juárez, C.P. 11590, Mexico City**.

**SECOND. Conciliation Stage**. The **CONCILIATION STAGE** is hereby declared open for **one hundred and eighty-five calendar days**, counted from the day on which the final publication of this resolution appears in the **Official Gazette of the Federation**, pursuant to the provisions of Article 145 of the Commercial Insolvency Law.

**THIRD. The Federal Institute of Specialists in Commercial Insolvency Proceedings is requested to appoint a Conciliator**. **IFECOM** is requested to appoint **a conciliator** within **FIVE BUSINESS DAYS**, through the previously established random selection procedure. Within **THREE DAYS** of their appointment, the conciliator must notify the **creditors** of their appointment and designate an address within the jurisdiction of this court for the fulfillment of the obligations imposed by the Commercial Insolvency Law.

Pending the appointment of **a conciliator**, the **merchant**, its administrators, managers, and employees shall have the obligations that the law assigns to trustees.

**FOURTH. List of Presumed Creditors Included in the Visitor's Report**. Without the following list exhausting the procedure for **the recognition, classification, and priority of claims** referred to in the applicable law, the interested parties are hereby notified that, based on the report issued by the **visitor**, the following are deemed to be presumed **creditors** of the **merchant**:



FORMA-55

29

**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
Commercial Insolvency Proceeding 18855/2025-VII
Judgment Declaring Commercial Insolvency Proceedings

PODER JUDICIAL DE LA FEDERACIÓN

| No. | Name and address of the creditor | Total in natioanl currency of each creditor |
|---|---|---|
| 1 | 7 SEAS LATIN AMERICA S. DE R.L. DE C.V. CAMPESTRE ARAGÓN SN GUSTAVO A MADERO CD DE MEXICO. C. P. 07530 | $494,127.15 |
| 2 | ABASTECIMIENTOS Y SERVICIOS COTMAR S.A. DE C.V. CALLE 51 28 PALLAS CARMEN CAMPECHE. C. P 24140 | $345,584.88 |
| 3 | ABBA SUPPLIES SERVICES S.A. DE C.V. HUANO MZNA 12, LOTE 19 23 DE JULIO CARMEN CAMPECHE. C.P. 24155 | $771,501.55 |
| 4 | ACCESORIOS INDUSTRIALES DEL GOLFO S.A. DE C.V. 5TA. AVENIDA 160 VILLAHERMOSA TAMAULIPAS, TAMAULIPAS. C.P 89319 | $3,419,850.91 |
| 5 | ACEROS INDUSTRIALES TUVACE S.A. | $1,114.62 |
| 6 | ADMINISTRACIÓN DE CARTERA Y COBRANZA NOVUS, S.A. DE C.V. HOMERO14255 POLANCO MIGUEL HIDALGO, CDMX. C.P. 11560 | $622,084,252.25 |
| 7 | ADMINISTRACIÓN PORTUARIA INTEGRA DE CAMPECHE S.A. DE C.V. CALLE 20 x CALLE 2 PONIENTE 699 LERMA CENTRO CAMPECHE, CAMPECHE. C.P. 24500 | $988,661.84 |
| 8 | ADRIAN MOTA HERNÁNDEZ XALAPA ENRIQUEZ 717 ADOLFO LÓPEZ MATEOS, XALAPA XALAPA-ENRÍQUEZ. C.P. 91020 | $1,326.00 |
| 9 | ADRIANA LÓPEZ MONROY MEDITERRANEO RESIDENCIAL EL CIELO CARMEN CAMPECHE. C.P. 24156 | $504.00 |
| 10 | AEROSERVICIOS ESPECIALIZADOS S.A. DE C.V. RIO SAN LORENZO 168-A FUENTES DEL VALLE NUEVO LEÓN. C.P. 66220 | $503,656.62 |
| 11 | AGENCIA ADUANAL DEL VALLE SURESTE SCP CALE 27 188 CENTRO PROGRESO YUCATÁN. C.P. 97320 | $261,471.60 |
| 12 | AGENCIA CONSIGNATARIA STELLA MARIS S.A. DE C.V. SANTO DOMINGO A-9 FRACC. RESIDENCIAL SAN MIGUEL CAMPECHE. C.P. 24150 | $45,235.36 |
| 13 | ALESCA PRODUCTIVIDAD S. R.L. DE C.V. AV MARIANO OTERO 408 EDIFICIO C 409 CIUDAD DEL SOL ZAPOPAN JALISCO. C.P. 45050 | $1,511,266.76 |
| 14 | ALPCO DE MÉXICO S.A. DE C.V. SAN LUIS DE LA PAZ 9-A MIGUEL HIDALGO TLALPAN CD DE MÉXICO. C.P. 14260 | $457,905.20 |
| 15 | AMADO HERNÁNDEZ SALAS RIO OTAPA 435 LAS HORTALIZAS FOVISSSTE VERACRUZ VERACRUZ. C.P. 91809 | $1,215.00 |
| 16 | AMERICAN EXPRESS COMPANY S.A. DE C.V. AV PATRIOTISMO 635 CD DELOS DEPORTES BENITO JUÁREZ CDMX. C.P. 03710 | $1,223,472.17 |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70606626365e0663200000000000000000005729
05/15/26 6:00:00 PM

*[barcode]*

| | | |
|---|---|---|
| 17 | **ANTONIO GARCÍA GARCÍA**<br>**AV. ADOLFO LOPEZ MATEOS S/N PALLAS CARMEN**<br>**CAMPECHE. C.P. 24140** | **$1,185.00** |
| 18 | **AQUA EXPLORACIÓN**<br>**JOSÉ MOJICA SN FLAMINGOS MAZATLÁN SINALOA. C.P.**<br>**82149** | **$917,535.00** |
| 19 | **ARACELI ZAPATA HERNÁNDEZ**<br>**EMILIANO ZAPATA 24 A LOMITAS NACAJUCA TABASCO.**<br>**C.P. 86220** | **$72,662.40** |
| 20 | **ARFERSI S.A. DE C.V.**<br>**MAR DE FILIPINAS LT 3 LOMAS LINDAS I SECCIÓN ESTADO**<br>**DE MÉXICO. C.P. 52947** | **$216,591.66** |
| 21 | **ARMANDO TORRES COLORADO**<br>**INDEPENDENCIA 606 TIERRA BLANCA CENTRO TIERRA**<br>**BLANCA VERACRUZ DE IGNACIO**<br>**DE LA LLAVE. C.P. 95100** | **$4,007.92** |
| 22 | **ARPO SINERGIA TECNOLÓGICA S.R.L. DE C.V.**<br>**OCEANIA ESTE 483-A HACIENDA DEL MAR CIUDAD DEL**<br>**CARMEN CAMPECHE. C.P. 24157** | **$2,747,862.64** |
| 23 | **ARTÍCULOS ELÉCTRICOS INDUSTRIALES DEL CARMEN S.A.**<br>**DE C.V. CALLE 60 319 PARQUE INDUSTRIAL MERIDA**<br>**YUCATÁN. C.P. 97300** | **$7,922,680.93** |
| 24 | **ASESORÍA EJECUTIVA EN COMERCIO INTERNACIONAL S.C.**<br>**AMSTERDAM 435 HIPÓDROMO CUAUHTÉMOC CD DE MÉXICO.**<br>**C.P. 06100** | **$864,984.16** |
| 25 | **ASESORÍA Y CAPACITACIÓN EN RIESGOS INDUSTRIALES**<br>**S.C. AV XOCHIQUETZAL VE SANTA ISABEL TOLA GUSTAVO**<br>**A. MADERO CD DE MÉXICO. C.P. 07010** | **$734,941.20** |
| 26 | **ASPEN TECHNOLOGY INC**<br>**CROSBY DRIVE 123 BEDFORD 01730 ESTADOS UNIDOS** | **$1,376,229.10** |
| 27 | **AUTOBUSES DE ORIENTE ADO S.A. DE C.V ARTILLEROS,**<br>**PISO 9 SIETE DE JULIO VENUSTIANO CARRANZA DE**<br>**MEXICO CD DE MÉXICO. C.P. 15390** | **$5,577,877.62** |
| 28 | **BANCO INVEX S.A. INSTITUCIÓN DE BANCA MÚLTIPLE**<br>**INVEX GRUPO FINANCIERO**<br>**BLV. MANUEL ÁVILA CAMACHO 5 LOMAS DE**<br>**CHAPULTEPEC I SECCIÓN MIGUEL HIDALGO.** | **$237,899.77** |
| 29 | **BBVA BANCOMER**<br>**PASEO DE LA REFORMA 510 JUÁREZ CUAHTEMOC CDMX.** | **$133,986.99** |
| 30 | **BENIGNO NIETO GARCÍA**<br>**ESCARCEGA 5 LUIS DONALDO COLOSIO CD DEL CARMEN**<br>**CAMPECHE CAMPECHE. C.P. 24150** | **$4,988.00** |
| 31 | **BENTLEY SYSTEMS INTERNATIONAL LIMITED**<br>**SECOND FLOOR BLOCK 2 PARK PLACE, UPPER HATCH**<br>**STREET DUBLIN 52602 IRLANDA** | **$199,649.01** |
| 32 | **BLACK EAGLE LOGISTICS S.A. DE C.V.**<br>**CALLE 31 #213 84 CONKAL MÉRIDA YUCATÁN. C.P. 97345** | **$7,028,571.00** |
| 33 | **BOCK WEAR S.A. DE C.V.**<br>**50 150 YUCATÁN MÉRIDA YUCATÁN. C.P. 97050** | **$837,713.12** |
| 34 | **BREBE COMERCIALIZADORA S.A. DE C.V.**<br>**SEGUNDO CALLEJÓN DE ALLENDE 517, INT 201 BARRIO**<br>**SAN PABLO CIUDAD DE MÉXICO. C.P. 09000** | **$26,201.39** |
| 35 | **BUCEO INSPECCIONES DEL CARMEN S.A. DE C.V.**<br>**E. CARRANZA S/N CENTRO TAMPICO TAMAULIPAS. C.P.**<br>**89000** | **$3,347,212.27** |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70/66620/656663200000000000000000008729
05/26/15 6:00:00 PM



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
Commercial Insolvency Proceeding 18855/2025-VII
Judgment Declaring Commercial Insolvency Proceedings

PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 36 | BUREAU DE CERTIFICACIONES DEL GOLFO S.A. DE C.V. #4 418, PISO 1 RENOVACIÓN 1 CD DEL CARMEN CAMPECHE CAMPECHE. C.P. 24155 | $7,656.00 |
| 37 | BUREAU VERITAS MEXICANA S.A. DE C.V. EJÉRCITO NACIONAL 2302 ChAPULTEPEC MORALES MIGUEL HIDALGO CIUDAD DE MÉXICO. C.P. 11570 | $356,960.86 |
| 38 | CABLE COMPANY S.A. DE C.V. CARRETERA TAMPICO MANTE 118 NIÑOS HÉROES TAMPICO TAMAULIPAS. C.P. 89359 | $1,214,923.51 |
| 39 | CADGRAFICS DE OCCIDENTE S.A. DE C.V. LA LUNA 2891 L-1 y 2, M-11 JARDINES DEL BOSQUE JALISCO, JALISCO. C.P. 44520 | $414,610.76 |
| 40 | CÁMARA MEXICANA DE LA INDUSTRIA DE LA CONSTRUCCIÓN PERIFERICO SUR 4839 PARQUES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C.P. 14010 | $648,986.39 |
| 41 | CAMERÓN DE MÉXICO S.A. DE C.V. AV. ACACIAS 206 BRUNO PAGLIAI VERACRUZ, VERACRUZ. C.P. 91697 | $117,947,802.82 |
| 42 | CARLOS SU NAVA PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $17,324,900.37 |
| 43 | CASANOVA CHAPULTEPEC 442 ROMA CD DE MEXICO. C.P. 6700 | $615,023.74 |
| 44 | CASANOVA VALLEJO S.A. DE C.V. NORTE 45 940-C AZCAPOTZALCO CD DE MÉXICO. C.P. 02300 | $40,468.62 |
| 45 | CAYO ARCAS GROUP S.A. DE C.V. CALLE 38 487 TECOLUTLA CIUDAD DEL CARMEN CAMPECHE. C.P 24178 | $64,348.61 |
| 46 | CC DISTRIBUCIONES FERRETERA PENINSU S.A. DE C.V. 13 A DEPTO A 3 RESIDENCIAL PENSIONES MÉRIDA YUCATÁN. C.P. 97217 | $1,312,867.50 |
| 47 | CÉSAR ANTONIO VALADEZ VILLALOBOS CALLE MUÑOZ 164 PALLAS CD DEL CARMEN CAMPECHE. C.P. 24140 | $102,586.12 |
| 48 | CFE SUMINISTRADOR DE SERVICIOS PASEO DE LA REFORMA 164 JUÁREZ CUAUHTÉMOC CDMX. C.P. 06600 | $22,020.08 |
| 49 | CHRISTIAN CUAUHTÉMOC TEJERO METELIN CALLE 55 384 OBRERA CARMEN CAMPECHE. C.P. 24117 | $1,866.11 |
| 50 | CIA.3A SERVICIOS Y SUMINISTROS S.A. DE C.V. COCOTEROS 19 BIBALVO CARMEN CAMPECHE. C.P. 24158 | $461,564.00 |
| 51 | CISPRO CONSULTORIA INDUSTRIAL Y SEGURIDAD DE PROCESOS S.A. DE C.V. LAGUNA AZUL 0 NTE SAN MIGUEL CIUDAD DEL CARMEN CAMPECHE. C.P. 24130 | $3,576,600.00 |
| 52 | COMERCIAL ESSEX S.A. DE C.V. AV. MANUEL L BARRAGAN / STIVA 1002 SAN NICOLÁS DE LOS GARZA PARQUE INDUSTRIAL STIVA BARRAGAN NUEVO LEÓN. C.P. 66425 | $1,921,103.47 |

| 53 | COMERCIALIZADORA DEL ISTMO S.A. DE C.V. AV LÁZARO CÁRDENAS S/N MARÍA DE LA PIEDAD COATZACOALCOS VERACRUZ. C.P. 96410 | $27,980,258.45 |
|---|---|---|
| 54 | COMERCIALIZADORA Y DISTRIBUIDORA IN S. DE R.L. DE C.V. 55 9D SAN CARLOS CIUDAD DEL CARMEN CAMPECHE. C.P. 24116 | $1,731,353.55 |
| 55 | CONSTRUCCIONES SERVICIOS Y SUMINISTROS DX S.A. DE C.V. ALFA 581 FRACCIONAMIENTO ORIZABA CD DEL CARMEN CAMPECHE. C.P. 24158 | $2,319,217.93 |
| 56 | CONSTRUCTORA INTERNACIONAL DE AIRE COMPRIMIDO CIAC S.A. DE C.V. TRABAJADORES DE OBRAS PÚBLICAS 295 LOMAS DE SAN JUAN MORELIA MICHOACÁN. C.P. | $954,156.26 |
| 57 | CONSULTORA INTEGRAL DE INNOVACIÓN Y DESARROLLO EMPRESARIAL SC CALLE 12 710-2 SAN RAMÓN CIUDAD DEL CARMEN CAMPECHE. C.P. 24040 | $231,187.19 |
| 58 | CONSULTORES EMPRESARIALES JURIDICOS ASOCIADOS SC 27 DE FEBRERO 4 COLONIA CENTRO VILLAHERMOSA TABASCO. C.P. 86000 | $141,756.17 |
| 59 | CONTROLES Y SERVICIOS S.A. DE C.V. ALFREDO DEL MAZO 405 PEDREGAL DE ATIZAPAN ATIZAPÁN DE ZARAGOZA ESTADO DE ÁMÉXICO. C.P. 52968 | $1,783,329.72 |
| 60 | CORPORACIÓN IPSA ZNA PONIENTE 295 PISO 2 CHAPULTEPEC SAN NICOLÁS DE NUEVO LEÓN. C.P. N 66450 | $528,071.52 |
| 61 | COSIO FERNÉNDEZ LEÓNCIO PEDRO EUGENIO SUE 1649 POLANCO MIGUEL HIDALGO CD DE MÉXICO. C.P. 11560 | $170,430.00 |
| 62 | CRECE TU TALENTO SC ADOLFO PRIETO 679 DEL VALLE BENITO JUÁREZ CD DE MÉXICO. C.P. 03100 | $46,400.00 |
| 63 | CROMINOX S.A. DE C.V. AVENIDA CEYLAN 550 COL. INDUSTRIAL VALLEJO AZCAPOTZALCO, LA VILLA CD DE MÉXICO. C.P. 02300 | $4,593,760.83 |
| 64 | DAKAR IT S.A. DE C.V. AVENIDA INSURGENTES SUR 188 ROMA SUR CUAUHTÉMOC CD DE MÉXICO. C.P. 06760 | $18,825.98 |
| 65 | DALA ENERGY S.A. DE C.V. NEWTON NA 1 POLANCO V SECCIÓN MIGUEL HIDALGO CD DE MÉXICO. C.P. 11560 | $242,927.20 |
| 66 | DANIEL ZAMORA LEAL CARRIZO 104 CENTRO TABASCO. C.P. 86139 | $786.00 |
| 67 | DC INFORMATION TECHNOLOGIES S.A. DE C. V. AVENIDA INSURGENTES 800 PISO 8 146 DEL VALLE BENITO JUAREZ CD DE MÉXICO. C.P. 03100 | $44,544.00 |
| 68 | DEEP SEA SERVICES S.A. DE C.V. PRIVADA AMAPOLA L 2 T P 6 SAN NICOLÁS CAMPECHE. C.P. 24118 | $5,178,512.60 |
| 69 | DEEPOCEAN DE MÉXICO S DE R.L. PASEO DEL MAR 19 JUSTO SIERRA CD DEL CARMEN CAMPECHE. C.P. 24114 | $4,605,210.19 |
| 70 | DEL MORAL YEPEZ MARÍA MARTHA FUENTE DE LAS PLATERIAS PISO 28 LOMAS DE TECAMACHALCO NAUCALPAN DE JUAREZ ESTADO DE MÉXICO. C.P. 53950 | $49,489.03 |
| 71 | DELOITTE ASESORÍA FINANCIERA SC PASEO DE LA REFORMA 505 400 TORRE COL. CUAUHTÉMOC CD DE MÉXICO. C.P. 06500 | $6,033,328.50 |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70o66c63o65o66320000000000000000005729
05/26/15 6:00:00 PM



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**

**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 72 | **DENIS ANTONIO CHOW FLORES** PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | **$11,252,500.00** |
| 73 | **DESPACHO JURÍDICO IURIS TANTUM S.A. DE C.V.** PASEO DE LOS TAMARINDOS 47 BOSQUES DE LAS LOMAS CD DE MÉXICO. C.P. 05120 | **$967,615.94** |
| 74 | **DIANA SANTIN HERNÁNDEZ** CALLE 31 11 CENTRO CIUDAD DEL CARMEN CAMPECHE. C.P. 24100 | **$25,430.78** |
| 75 | **DIEGO DANIEL VÁZQUEZ LÓPEZ** HÉCTOR PÉREZ MARTÍNEZ CALETA CARMEN CAMPECHE. C.P. 24110 | **$1,763.46** |
| 76 | **DISTRIBUCIONES MOGU S.A. DE C.V.** NICETO DE ZAMACOIS LOTE 8 VIADUCTO PIEDAD IZTACALCO DISTRITO FEDERAL. C.P. 08200 | **$157,610.77** |
| 77 | **DISTRIBUCIONES Y EQUIPO INDUSTRIAL ALCE S.A. DE C.V.** ANTONIO EXTÉVEZ MANZANA 27 6209 EJÉRCITO DE ORIENTE 2 SECCIÓN IZTAPALAPA ESTADO DE MÉXICO. C.P. 09239 | **$775,591.27** |
| 78 | **DISTRIBUIDORA FACTER MONTERREY S.A. DE C.V.** ANTILOPE 1825 ALTOS MISIÓN LINCON 1 SECTOR NUEVO LEÓN. C.P. 64110 | **$180,960.00** |
| 79 | **DISTRIBUIDORA TAMEX SAPI C.V.** ROBERTO FULTON 2 SAN LORENZO TLALNEPANTLA DE BAZ ESTADO DE MÉXICO. C.P. 54030 | **$30,873.57** |
| 80 | **DOAL CONSULTORES S DE R.L. DE C.V.** AVENIDA ORIENTE 6 132 DESPACHO 4 CENTRO ORIZABA, VERACRUZ. C.P. 94300 | **$3,375,020.00** |
| 81 | **DOMÍNGUEZ PÉREZ JOSÉ ROBERTO** LA GLORIA 139 PLUTARCO ELÍAS CALLES CURA HUESO VILLAHERMOSA TABASCO. C.P. 86170 | **$2,465,000.00** |
| 82 | **DREBBEL S.A.P.I. DE C.V.** AV. BELISARIO DOMÍNGUEZ 70 COL. COMPOSITORES CD. DEL CARMEN CAMPECHE. C.P. 24154 | **$7,952,459.35** |
| 83 | **DRESSER DE MÉXICO S.A. DE C.V.** AV : ANTONIO DOVALI JAIME 1007 TORRE B P-5 SANTA FE, ALVARO OBREGÓN CD DE MÉXICO. C.P. 01210 | **$1,595,390.04** |
| 84 | **EMILIO ENRIQUE GONZÁLEZ GARCÍA** CALLE 70 ENTRE 53 Y 53A MZ G L18 MORELOS CIUDAD DEL CARMEN CAMPECHE. C.P. 24115 | **$137,016.56** |
| 85 | **EMPRESCAM S.A. DE C.V.** HACIENDA TANKUCHE 99 FRACCIONAMIENTO SANTA MARÍA CAMPECHE. C.P. 24085 | **$31,900.00** |
| 86 | **ENERGÍA LATINA S.A. DE C.V.** CALLE ENCINAL SN JALAPA TEPITO 2DA. AMPLIACIÓN ÁLVARO OBREGÓN ESTADO DE MÉXICO. C.P. 1296 | **$156,384.67** |
| 87 | **ENEROIL S.A. DE C.V.** CALLE ALFONSO ESPARZA OTEO 21 PISO 5 ÁLVARO OBREGÓN CD DE MÉXICO. C.P. 01020 | **$27,274,559.63** |
| 88 | **EPESA ESPECIALISTAS EN PETRÓLEO Y ENERGÍA S.A. DE C.V.** ALABAMA 3 COL. NAPOLES BENITO JUÁREZ CD DE MÉXICO. C.P. 03810 | **$3,476,828.57** |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70fo6620635o6632000000000000000000005729
05/26/15 6:00:00 PM

34

| | | |
|---|---|---|
| 89 | EQUIPO NEUMÁTICO ARES S.A. DE C.V. AYALA FLORES SN FRANCISCO I MADERO CD DEL CARMEN CAMPECHE. C.P. 24190 | $461,826.70 |
| 90 | EQUIPOS ESPECIALIZADOS EN RENTA NG S DE R.L. DE C.V. Av. TEJOCOTES 9 SAN MARTÍN OBISPO CUAUTITLÁN IZCALLI ESTADO DE MÉXICO. C.P. 54769 | $2,297,581.04 |
| 91 | ESMA INDUSTRIAL SAFETY EQUIPMENT S.A. DE C.V. CALLE 78 14 OBRERA CAMPECHE, CAMPECHE. C.P. 24117 | $1,680,844.77 |
| 92 | ESTACIONAMIENTO CARCE S.A. DE C.V. SICOMORO 390 PTE AMPLIACIÓN DEL GAS AZCAPOTZALCO CD DE MÉXICO. C.P. 02970 | $5,367.00 |
| 93 | ESTACIONES DE SERVICIO AUTO S.A. DE C.V. AV. JOSÉ VASCONCELOS SN DEL VALLE SAN PEDRO GARZA GARCIA NUEVO LEÓN. C.P. 6622 | $2,750,974.33 |
| 94 | ETAP S DE R.L. DE C.V. VERÓNICA ANZURES A VERÓNICA ANZURES MIGUEL HIDALGO ESTADO DE MÉXICO. C.P. 11300 | $9,903,515.87 |
| 95 | FACUNDO ENRIQUE ONGAY REYES 20 703 24 PALLAS CAMPECHE. C.P. 24140 | $400,867.80 |
| 96 | FARMACOS DE MÉRIDA S DE R.L. DE C.V. 59A BOJORQUEZ MÉRIDA YUCATÁN. C.P. 97230 | $14,848.00 |
| 97 | FELIPE DE JESÚS LÓPEZ RUIZ NICOLAS BRAVO NORTE 22 UNIÓN HIDALGO CENTRO UNIÓN HIDALGO OAXACA. C.P. 70150 | $1,120.00 |
| 98 | FERROCICLABLES, S.A. CARR FEDERAL TRANSISTMICA COATZA AMINA 8 2 COSOLEACAQUE VERACRUZ. C.P. 96340 | $350,000.00 |
| 99 | FIDEL ROSADO GUZMÁN PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $759.00 |
| 100 | FLETCHER SHIPPING MÉXICO BLVR ANILLO PERIFERICO ADOLFO LÓPEZ MATEO 37 JARDÍNES DE LA MONTAÑA TLALPAN MÉXICO. C.P. 14210 | $64,287.27 |
| 101 | FONACOT AV. INSURGENTES SUR 452 CUAUTHÉMOC CIUDAD DE MEXICO. C.P. 06760 | $6,074,458.00 |
| 102 | FRANCISCO ARCE GURZA CALLE SIMÓN YARTO 82-201 SAN ÁNGEL INN ÁLVARO OBREGÓN CD DE MÉXICO. C.P. 01060 | $597,278.52 |
| 103 | FRANCISCO JAVIER TEJERO METELIN BUROCRATA CARMEN CAMPECHE. C.P. 24160 | $1,182.00 |
| 104 | FRANCISCO SUMANO HERNÁNDEZ RUTA DE LA REFORMA 150 EL PORVENIR ZAMORA MICHOACÁN DE OCAMPO. C.P. 59620 | $349.00 |
| 105 | FUEGO Y AGUA DE MÉXICO S.A. DE C.V. MIGUEL ALEMÁN 2453 HICACAL BOCA DEL RIO VERACRUZ. C.P. 94290 | $1,509,899.70 |
| 106 | FUEGO Y GAS S.A. DE C.V. CHICONTEPEC 62 HIPODROMO CONDESA CUAUHTÉMOC CIUDAD DE MÉXICO. C.P. 6170 | $5,541.91 |
| 107 | FUGRO MÉXICO S.A. DE C.V. AV INSURGENTES SUR 1663 PISO 6 SUITE 6021 TIZAPAN SAN ÁNGEL ÁLVARO OBREGÓN CD DE MÉXICO. C.P. 01090 | $27,523,523.29 |

JOSE ALEJANDRO RESENDIZ FRAGOSO 70ro662965ro6320000000000000000000008729 05/26/15 6:00:00 PM



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
Commercial Insolvency Proceeding 18855/2025-VII
Judgment Declaring Commercial Insolvency Proceedings

PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 108 | G C S IMAGEN EMPRESARIAL S.A. DE C.V. XOLA 13 NARVARTE BENITO JUÁREZ CD DE MÉXICO. C.P. 03020 | $1,279,307.72 |
| 109 | GAELI DIESEL S.A. DE C.V. AV 2 ORIENTE 514 PUERTO INDUSTRIAL PESQUERO LAGUNA AZUL CARMEN CAMPECHE. C.P. 24140 | $3,260,380.73 |
| 110 | GIRSA SOLUCIONES INTEGRALES S.A. DE C.V. 99 311A PASEOS DE OPICHEN MÉRIDA YUCATÁN. C.P. 97246 | $807,480.54 |
| 111 | GLOBAL INTERNATIONAL OAKMONT CIT S.A. DE C.V. AV. MIGUEL HIDALGO 68, DESP. 203A CENTRO HUIMANGUILLO TABASCO. C.P. 86400 | $162,374.79 |
| 112 | GOBIERNO DEL ESTADO DE CAMPECHE ISN CALLE 8 325 CENTRO CIUDAD DEL CARMEN CAMPECHE. C.P. 24000 | $18,196,504.28 |
| 113 | GOBIERNO DEL ESTADO DE MEXICO ISN . | $741,653.14 |
| 114 | GRUAS Y AUTOTRANSPORTES VELÁZQUEZ S.A. DE C.V. DARWIN 319A NUEVA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO. C.P. 11590 | $278,864.00 |
| 115 | GRUPO ANCA PENINSULAR DEL SURESTE SAPI DE C.V. 35 X 34 Y 32 1313 MÉRIDA YUCATÁN. C.P. 97203 | $72,732.00 |
| 116 | GRUPO COVIX S.A. DE C.V. PASEO DEL PEDREGAL 117 JARDÍNES DEL PEDRAGAL, ÁLVARO OBREGÓN CD DE MÉXICO. C.P. 01900 | $1,186,590.76 |
| 117 | GRUPO ELECTROGER S.A. DE C.V. CALZ IGNACIO ZARAGOZA 18 JARDÍN BALBUENA VENUSTIANO CARRANZA CIUDAD DE MÉXICO. C.P. 15900 | $1,229,137.59 |
| 118 | GRUPO ESPECIALIZADO EN OBRAS MARINAS S.A. DE C.V. SAN FRANCISCO 72 DEL VALLE BENITO JUÁREZ ESTADO DE MÉXICO. C.P. 03100 | $4,361,901.46 |
| 119 | GRUPO EVYA S.A.P.I. DE C.V. 5 SUR5,6,7 Y 8 MANZANA Q PUERTO PESQUERO CD DEL CARMENCAMPECHE. C.P. 24129 | $1,492,412,524.07 |
| 120 | GRUPO INDUSTRIAL GIPSA S.A. DE C.V. JAVIN 34 23 DE JULIO CARMEN CAMPECHE. C.P. 24158 | $139,200.00 |
| 121 | GRUPO INDUSTRIAL OLEUM S.A. DE C.V. CRIOLLO 21 SANTA RITA CIUDAD DEL CARMEN CAMPECHE. C.P. 24158 | $798,813.00 |
| 122 | GRUPO INDUSTRIAL RAGA S.A. DE C.V. 21 DE MARZO 1423 HÉROES DE NACOZARI CIUDAD DEL CARMEN CAMPECHE. C.P. 24158 | $243,751.96 |
| 123 | GRUPO MARSAN DE MÉXICO S.A. DE C.V. FRANCISCO I MADERO 2000 MARÍA DE LA PIEDAD COATZACOALCOS VERACRUZ. C.P. 96410 | $130,065.00 |
| 124 | GRUPO METELMEX S.A. DE C.V. FRANCISCO DE LUNA A GUADALUPE BORJA DE DÍAZ ORDAZ FRONTERA COAHUILA DE ZARAGOZA COAHUILA. C.P. 25680 | $593,731.38 |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70fe6620d36a663200000000000000000005729
05/26/13 6:00:00 PM

*[barcode]*

36

| | | |
|---|---|---|
| 125 | GS DISTRIBUCIONES E INSTALACIONES S.A. DE C.V. LIRIO 2 166 B SAN NICOLÁS CD DEL CARMEN CAMPECHE. C.P. 24118 | $556,407.00 |
| 126 | GUILLERMO CRUZ RAMÍREZ AV.4 245 RAFAEL ALVARADO, ORIZABA VERACRUZ. C.P. 94340 | $116,000.00 |
| 127 | GULLIVER DE JESÉS CRUZ MARTÍNEZ FRANCISCO JAVIER MINA 80 ALVARADO CENTRO ALVARADO. C.P. 95270 | $658.00 |
| 128 | GURIGUTIA GONZÁLEZ JULIO SEBASTIAN PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $3,046.00 |
| 129 | GUTIÉRREZ JERÓNIMO ÁNGEL PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $401.66 |
| 130 | HARREN & PARTNER SERVICES MÉXICO SAPI DE C.V. AV AVIACIÓN 32 PETROLERA CD DEL CARMEN CAMPECHE. C.P. 24179 | $4,514,272.20 |
| 131 | HASEN DEL GOLFO S.A. DE C.V. 36 40 PLAYA NORTE CD DEL CARMEN CAMPECHE. C.P. 24115 | $162,735,114.45 |
| 132 | HAYNES AND BOONE SC BLVD MANUEL ÁVILA CAMACHO A LOMAS DE CHAPULTEPEC I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO. C.P. 11000 | $1,853,112.78 |
| 133 | HÉCTOR ERNESTO ALONSO BUSTAMANTE PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $2,340.00 |
| 134 | HPS OFFSHORE SERVICES S.A. DE C.V. PASEO DE LA REFORMA 180, PISO 12 17 COL. JUÁREZ CUAUHTÉMOC CD DE MÉXICO. C.P. 06600 | $91,729,182.02 |
| 135 | HUMA OIL & GAS SERVICES S.A. DE C.V. LAGUNA AZUL SUR SAN MIGUEL CARMEN CAMPECHE. C.P. 24150 | $107,300.00 |
| 136 | HYDRA MARINE S.A. DE C.V. CARRETERA CARMEN PUERTO REAL KM 14.5 17 CARMEN CIUDAD DEL CARMEN CAMPECHE. C.P. 24157 | $82,536,460.33 |
| 137 | IMPORTACIONES Y DESARROLLOS INDUSTRIALES S.A. DE C.V. TOLTECAS LOTE 16 LA ROMANA TLALNEPANTLA ESTADO DE MÉXICO. C.P. 54030 | $1,217,240.49 |
| 138 | INDUSTRIAL DE VALVULAS S.A. DE C.V. INDUSTRIA 3 FRACC. INDUSTRIAL EL TREBOL DE TEPOTZO TEPOTZOTLAN ESTADO DE MÉXICO. C.P. 54610 | $1,396,395.05 |
| 139 | INDUSTRIAS RICVAZ DEL CARMEN S DE R.L. DE C.V. AV PROLONGACIÓN 56 302 BENITO JUÁREZ CIUDAD DEL CARMEN CAMPECHE. C.P. 24180 | $6,133,468.68 |
| 140 | INFONAVIT (AMORTIZACION) AV. BARRANCA DEL MUERTO 280 GUADALUPE INN ÁLVARO OBREGÓN MÉXICO. C.P. 01020. | $7,911,509.00 |
| 141 | INFONAVIT CDMX AV. BARRANCA DEL MUERTO 280 GUADALUPE INN ÁLVARO OBREGÓN MÉXICO. C.P. 01020 | $11,443,077.37 |
| 142 | INFONAVIT CME AV. BARRANCA DEL MUERTO 280 GUADALUPE INN ALVARO OBREGÓN MÉXICO. C.P. 01020 | $4,788,392.24 |
| 143 | INGENIERÍA Y ENSAYOS AVANZADOS EN 2 DE JUNIO PISO 11 NUEVO LOMAS DEL REAL ALTAMIRA TAMAULIPAS. C.P. 89606 | $982,729.96 |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70óó662ó636o6632000000000000000005729
05/26/15 6:00:00 PM



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

| | | |
|---|---|---|
| 144 | INMOBILIARIA EJÉRCITO NACIONAL SC PASEO DE LAS PALMAS 751 12 A LOMAS DE CHAPULTEPEC MIGUEL HIDALGO CD DE MÉXICO. C.P. 11000 | $2,656,152.34 |
| 145 | INMOBILIARIA JOBA S.A. DE C.V. ESFUERZO NACIONAL 1188 FRACCIONAMIENTO ALCE BLANCO NAUCALPAN ESTADO DE MÉXICO. C.P. 53370 | $8,730.10 |
| 146 | INMOBILIARIA JVGA S.A. DE C.V. BOSQUES DE ALISOS 47B BOSQUES DE LAS LOMASCUAJIMALPA CDMX DE MEXICO. C.P. 05120 | $29,418,419.69 |
| 147 | INSTITUTO MEXICANO DEL SEGURO SOCIAL CDMX VILLALONGIL 117 CUAUHTÉMOC. C.P. 6500 | $12,414,975.93 |
| 148 | INSTITUTO MEXICANO DEL SEGURO SOCIAL CME CALLE 20 S/N CENTRO CIUDAD DEL CARMEN CAMPECHE. C.P. 24100 | $5,846,418.46 |
| 149 | ISC CONTROL INTELIGENTE S.A. DE C.V. INSURGENTES SUR LT 12 TLACOQUEMECATL DEL VALLE BENITO JUÁREZ CD DE MÉXICO. C.P. 03200 | $88,202.27 |
| 150 | IVETTE MÁRQUEZ DÍAZ COAHUILA MZA 64 ALBORADA ATIZAPÁN DE ZARAGOZA MÉXICO. C.P. 52979 | $24,476.00 |
| 151 | JAIME ALBERTO MARTÍNEZ HERNÁNDEZ CONSTELACIÓN ACUARIO MZA D ROAD FRACC SANTA RITA III CD CARMEN CAMPECHE. C.P. 24158 | $12,961.84 |
| 152 | JAMES FISHER SUBSEA EXCAVATION INC 6421 CUNNINGHAM ROAD 100 TEXAS TEXAS 77041 ESTADOS UNIDOS | $1,566,701.11 |
| 153 | JERA INDUSTRIAS S.A. DE C.V. 16 DE ENERO 10 COL. MAESTRANZA PACHUCA DE SOTO HIDALGO. C.P. 42060 | $69,324.00 |
| 154 | JESUS MARINI DEBERNARDI SAN ANDRÉS 519 RENOVACIÓN I CARMEN CAMPECHE. C.P. 24155 | $2,819.04 |
| 155 | JK INGENIERÍA S.A. DE C.V. LAGUNA DEL ESTE 12A RESIDENCIAL DEL LAGO CIUDAD DEL CARMEN CAMPECHE. C.P. 24158 | $1,218,966.00 |
| 156 | JOSÉ ALBERTO HERRERA ALARCÓN CALLE 51A CALLE 51A 12A SANTA MARGARITA CIUDAD DEL CARMEN CAMPECHE. C.P. 24120 | $31,795.60 |
| 157 | JOSÉ DAVID ÁVILA HERNÁNDEZ PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $5.09 |
| 158 | JOSÉ JAVIER CABRERA BENÍTEZ AV DEL MAR 142 142 BIBALVO CD DEL CARMEN CAMPECHE. C.P. 24158 | $86,025.60 |
| 159 | JOSÉ LUIS VADILLO ESPINOSA 35 185 185 HÉCTOR PÉREZ MARTÍNEZ CD DEL CARMEN CAMPECHE. C.P. 24110 | $564,587.00 |
| 160 | JOSE MANUEL BARRADAS BUGAMBILIAS 31-B FRACC PUENTE DE LA UNIDAD, CARMEN CAMPECHE. C.P. 24154 | $113,100.00 |

JOSÉ ALEJANDRO RESENDIZ FRAGOSO
70660620630663200000000000000000005729
05/26/15 6:00:00 PM

[barcode]

38

| | | |
|---|---|---|
| 161 | JOSÉ MOISÉS ESPINOSA CENTENO<br>31 78 CIUDAD DEL CARMEN CENTRO CARMEN CAMPECHE.<br>C.P. 24100 | $9,233.70 |
| 162 | JUAN JOSÉ ROMAN RODÍIGUEZ<br>BONAMPAK NUEVA INVITAB CENTRO TABASCO. C.P. 86126 | $29.00 |
| 163 | JULIO CÉSAR CRUZ OSUNA<br>SAN GILBERTO 11612 MONTE VERDE MAZATLÁN SINALOA.<br>C.P. 82134 | $5,732.02 |
| 164 | KAREN FIGUEROA URBINA<br>JUAN ESCUTIA MZ 37 LT 1 LOS HÉROES CD DE MÉXICO.<br>C.P. 56530 | $229,500.00 |
| 165 | KARENTAL S.A. DE C.V.<br>13 NORTE 225 SAN ÉNGEL VILLAHERMOSA TABASCO. C.P.<br>86281 | $415,744.00 |
| 166 | LABORATORIO PARA AGUAS Y ALIMENTOS DE CAMPECHE<br>SC ACCIÓN NACIONAL 2 AMPLIACIÓN POLVORIN II<br>CAMPECHE. C.P. 24060 | $336,186.65 |
| 167 | LAMBDA ESPECIALIZADA GLOBAL SC<br>MARICOPA 24 NÁPOLES BENITO JUÁREZ CD DE MÉXICO.<br>C.P. 03810 | $58,000.00 |
| 168 | LAURA MARISOL PAREDES PÉREZ<br>PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN<br>ESTADO DE MÉXICO. C.P. 53150 | $6,960.00 |
| 169 | LAZARUS JABER LOUIS ALBERTO<br>CALLE 33 A X 66 DPTO 14 LOMAS DE HOLCHE CD. DEL<br>CARMEN CAMPECHE. C. P. 24169 | $48,671.34 |
| 170 | LEOBARDO ESPINOSA MAGAÑA<br>CERRADA RIVA PALACIO 55 BARRIO DE SAN FRANCISCO<br>CARMEN CAMPECHE. C.P. 24010 | $95,700.00 |
| 171 | LEOPOLDO GARCIA LARA<br>COMPOSITORES ARCILA CARMEN CAMPECHE. C.P. 24154 | $3,606.25 |
| 172 | LITORAL LABORATORIOS INDUSTRIALES S.A. DE C.V. CALLE<br>35 MZA L, LOTE 15 FRACCIONAMIENTO MALIBRAN CARMEN<br>CAMPECHE. C.P. C.P. 24197 | $86,359.68 |
| 173 | LLUVIA GABRIELA SUÁREZ ROBLES<br>PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN<br>ESTADO DE MÉXICO 53150 MEXICO. C.P. 53150 | $10.04 |
| 174 | LONDON OFFSHORE CONSULTANTS MÉXICO S.A. DE C.V.<br>AVENIDA SAN JERÓNIMO 1749 LOMAS QUEBRADAS,<br>MAGDALENA CONTRERA CIUDAD DE MEXICO. C.P. 10000 | $5,424,586.57 |
| 175 | LÓPEZ ARAGÓN ARNOLDO<br>PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN<br>ESTADO DE MÉXICO. C.P. 53150 | $782.75 |
| 176 | LÓPEZ AYALA WILLIAN DEL JESÚS<br>PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN<br>ESTADO DE MÉXICO. C.P. 53150 | $908.01 |
| 177 | LUB MAR OIL DE MÉXICO S.A. DE C.V.<br>AV CAMARÓN 7 JUSTO SIERRA CIUDAD DEL CARMEN<br>CAMPECHE. C.P. 24114 | $2,488,997.46 |
| 178 | LUBRICANTES DE CALIDAD DEL GOLFO Y DEL CARIBE S.A.<br>DE C.V. AVENIDA 4 ORIENTE / 3 SUR Y 2 S S/N PUERTO<br>INDUSTRIAL PESQUERO LAGUNA AZUL<br>CIUDAD DEL CARMEN CAMPECHE. C.P. 24129 | $102,408.79 |
| 179 | LUCIANO JOSÉ PERALTA RODRÍGUEZ<br>PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN<br>ESTADO DE MÉXICO. C.P. 53150 | $43,016.00 |

JOSE ALEJANDRO RESENDIZ FRAGOSO<br>70fo6620636o6632000000000000000000005729<br>05/26/15 6:00:00 PM



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
Commercial Insolvency Proceeding 18855/2025-VII
Judgment Declaring Commercial Insolvency Proceedings

PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 180 | LUDIVINA GARCÍA CHAMA<br>AV. LUIS DONALDO COLOSIO N280 BENITO JUÁREZ X 17D Y GALEANA CD DEL CARMEN CAMPECHE. C.P. 24180 | $243,578.08 |
| 181 | LUIS FELIPE IZARRITU PEREZ<br>MANUEL TORRES 30 CIUDAD SATÉLITE NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO. C.P. 53100 | $12,919.22 |
| 182 | LUIS MOLINA FERNÁNDEZ<br>BLVD. MANUEL ÁVILA CAMACHO LOMAS DE SOTELO NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO. C.P. 53390 | $122,201.99 |
| 183 | LUZ MARÍA HERNÁNDEZ MARTÍNEZ<br>ALFREDOS 12 MARINA DEL REY CARMEN CAMPECHE. C.P. 24115 | $60,839.20 |
| 184 | MA Y FT SERVICIOS MÚLTIPLES S.A. DE C.V.<br>CALLE 30 478 B LA FLORIDA MÉRIDA YUCATÁN. C.P. 97138 | $194,463.98 |
| 185 | MANAGEMENT SERVICES INTL INC.<br>9000 MONROE RD HOUSTON HOUSTON 77061 ESTADOS UNIDOS | $394,148.81 |
| 186 | MANGUERAS INDUSTRIALES Y RODAMIENTOS S.A. DE C.V.<br>AV. PUERTO DE CAMPECHE 100 FRACC. SANTA ISABEL CIUDAD DEL CARMEN. C.P. 24155 | $115,756.40 |
| 187 | MANSAM PTY LTD<br>UNIT 2 431/433 BURKE RD GLEN IRIS VICTORIA 3146 AUSTRALIA | $13,773,242.49 |
| 188 | MANTENIMIENTO ANTICORROSIVO CAJONA S.A. DE C.V.<br>PINTO 1 EL POTERRO CD DEL CARMEN CAMPECHE. C.P. 24158 | $1,116,422.37 |
| 189 | MANUEL JESÚS LONA CARVAJAL<br>CALLE 51 76 COL SANTA MARGARITA CD DEL CARMEN CAMPECHE. C.P. 24120 | $107,184.00 |
| 190 | MANUFACTURERS SUPPLY INTERNATIONAL<br>9000 MONROE ROAD HOUSTON HOUSTON 77061 ESTADOS UNIDOS | $63,977,118.38 |
| 191 | MARCO ANTONIO LÓPEZ MURILLO<br>CALLE 133 1250 1250 MULSAY MÉRIDA YUCATÁN. C.P. 97249 | $12,609.36 |
| 192 | MARIO ALBERTO ELIZONDO SHIELDS<br>CALLE MARGARITA 17 4 ARCILA CARMEN CAMPECHE. C.P. 24154 | $13,895.30 |
| 193 | MARTÍNEZ CANALES CARLOS JULIAN<br>PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $633.86 |
| 194 | MARTZ SEGURIDAD INDUSTRIAL S.A. DE C.V. AV.<br>PTO. DE CAMPECHE 36 LA RIVERA CENTRO CAMPECHE. C.P. 24150 | $1,130,177.68 |
| 195 | MAYA LUBRICANTES Y GRASAS S.A. DE C.V.<br>67 G 458 MÉRIDA YUCATÁN. C.P. 97246 | $157,500.60 |
| 196 | MBD DESARROLLO DE NEGOCIOS S.A.<br>REFORMA 59 SAN ÁNGEL INN ÁLVARO OBREGÓN CIUDAD DE MÉXICO. C.P. 01000 | $357,280.00 |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70606620636063200000000000000000005729
05726/15 6:00:00 PM

[barcode]

40

| | | |
|---|---|---|
| 197 | **MECAFLOW S DE RL MI**<br>**PALMA 20 BARRIO NORTE ATIZAPAN DE ZARAGOZA ESTADO**<br>**DE MÉXICO. C.P. 52960** | **$413,432.46** |
| 198 | **MEDIDORES INDUSTRIALES Y MÉDICOS S.A. DE C.V.**<br>**CALLE AMÉRICA 181 BARRIO SAN LUCAS CIUDAD DE**<br>**MÉXICO. C.P. 04030** | **$1,025,236.73** |
| 199 | **MEXICANA DE DRAGADOS S.A. DE C.V.**<br>**AVENIDA PASEO DE LAS PALMAS 405 MIGUEL HIDALGO**<br>**CIUDAD DE MÉXICO. C.P. 11000** | **$1,087,106,832.02** |
| 200 | **NANCY CRISTINA TORRES GUERRA**<br>**FRACC BICENTENARIO BUENAVISTA CARMEN CAMPECHE.**<br>**C.P. 24157** | **$947.90** |
| 201 | **NAVIERA ARMAMEX S.A. DE C.V.**<br>**HOMERO 10 CHAPULTEPEC MORALES MIGUEL HIDALGO**<br>**CIUDAD DE MÉXICO. C.P. 11570** | **$23,428.83** |
| 202 | **NDT GLOBAL S.A. DE C.V.**<br>**AV. INSURGENTES SUR 1443 PISO 4 COL. INSURGENTES**<br>**MIXCOAC BENITO JUÁREZ CD**<br>**DE MÉXICO. C.P. 03920** | **$58,106,768.35** |
| 203 | **NEUMÁTICA PROFESIONAL S.A. DE C.V.**<br>**REGIO AVENIDA 137 REGIO PARQUE INDUSTRIAL**<br>**APODACA NUEVO LEON. C.P. 66600** | **$124,640.71** |
| 204 | **NOMARNA CONSTRUCCIONES E INGENIERÍA S.A. DE C.V.**<br>**CALLE 35 326 SAN AGUSTÍN DEL PALMAR CARMEN**<br>**CAMPECHE. C.P. 24110** | **$6,281,608.00** |
| 205 | **OCEAN SUB SEA SERVICES LLC**<br>**201 2629 NW 54 TH 201 SEATLE SEATLE 98107 ESTADOS**<br>**UNIDOS.** | **$219,047,441.28** |
| 206 | **OFFSHORE 360 S.A. DE C.V.**<br>**PASEO DE LA REFORMA 2654 CIUDAD DE MEXICO. C.P.**<br>**11950** | **$92,688,305.94** |
| 207 | **OLYMPIC OPERATION II AS**<br>**POSTBOKS 234 FOSNAVAG NORWAY ESTADOS UNIDOS** | **$10,465,931.24** |
| 208 | **ORTIGOZA ROSALES ALBERTO JOSUE ERAS**<br>**MARINA NACIONAL 200, EDIF DEPTO. 31 ANAHUAC II**<br>**SECCION MIGUEL HIDALGO CD DE**<br>**MÉXICO. C.P. 11320** | **$306.58** |
| 209 | **OSCAR ALBERTO BARBA PATIÑO**<br>**CERRADA DE LAS TORRES 3411 CERRO PELÓN**<br>**CONCORDIA SINALOA. C.P. 82614** | **$1,363.00** |
| 210 | **OVARRO SEGURIDAD FUNCIONAL OPERATIVA SC**<br>**FRANCISCO I. MADERO 410 SAN LUIS POTOSÍ CENTRO SAN**<br>**LUIS POTOSÍ. C.P. 78000 M** | **$1,201,481.00** |
| 211 | **PALOMINO FLORES HERNÁNDEZ ABOGADO FLORENCIA**<br>**14 JUÁREZ CUAUHTÉMOC CD DE MÉXICO.**<br>**C.P. 06600** | **$522,000.00** |
| 212 | **PASTRANA GARCÍA MARITZA**<br>**PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN**<br>**ESTADO DE MÉXICO. C.P. 53150** | **$4,753.10** |
| 213 | **PENSPEN S.A. DE C.V.**<br>**TABASCO 2000 SN CENTRO TABASCO 8. C.P. 86035** | **$5,612,784.05** |
| 214 | **PERMADUCTO S.A. DE C.V.**<br>**CARRETERA MONTERREY SALTILLO KM 339 LOS TREVIÑO**<br>**SANTA CATARINA NUEVO LEÓN. C.P. 66150** | **$93,981,343.38** |
| 215 | **PINTURAS E IMPERMEABILIZANTES RAMXA S.A. DE C.V.**<br>**AVENIDA CAMARÓN 615 JUSTO SIERRA CIUDAD DEL**<br>**CARMEN CAMPECHE. C.P. 24114** | **$2,270,397.38** |

JOSE ALEJANDRO RESENDIZ FRAGOSO<br>70fe66t20f65ce6t320000000000000000000005729<br>05/26/15 6:00:00 PM



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**

**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 216 | PINTURAS HEMPEL DE MÉXICO S.A. DE C.V. BLVD. DÍAZ ORDÁZ TORRE 2, 140 P20/2020 SANTA MARÍA MONTERREY NUEVO LEÓN. C.P. 64650 | $574,931.60 |
| 217 | PIVICO S.A. SAN IGNACIO 214 PRIVADA SANTA MARÍA MONTERREY NUEVO LEÓN. C.P. 64650 | $10,787,970.87 |
| 218 | PLESA ANAHUAC Y CIAS S.A. DE C.V. AV. VALLE DE LAS ALAMEDAS 66 SAN FRANCISCO CHILPAN TULTITLÁN ESTADO DE MÉXICO. C.P. 54940 | $2,620,760.03 |
| 219 | POLYMERS COMPUESTOS MÉXICO S.A. DE C.V. CALLE TRIGO 247 VALLE DEL SUR IZTAPALAPA CIUDAD DE MÉXICO. C.P. 09819 | $1,076,325.89 |
| 220 | PRAXAIR MÉXICO S DE R.L. DE C.V. BIOLOGO MAXIMINO MARTÍNEZ 3804 SAN SALVADOR XOCHIMANCA AZCAPOTZALCO CIUDAD DE MEXICO. C.P. 02870 | $29,406.00 |
| 221 | PRINTEA MÉXICO S R.L. DE C.V. CALLE 18 8 REFORMA SOCIAL MIGUEL HIDALGO CD DE MÉXICO. C.P. 11650 | $183,222.00 |
| 222 | PRODUCTOS DE CARGA DEL SURESTE S.A. DE C.V. CALZADA DE LAS ARMAS 130-B INDUSTRIAL LAS ARMAS TLALNEPANTLA DE BAZ ESTADO DE MÉXICO. C.P. 54080 | $4,786,869.46 |
| 223 | PROLADUCTO PRESIDENTE MASARIK 29 POLANCO V SECCION MIGUEL HIDALGO CD DE MÉXICO. C.P. 11560 | $3,900,000.44 |
| 224 | PROLADUCTO S.A. CARRETERA KM 39 LOS TREVIÑOS SANTA CATARINA NUEVO LEÓN. C.P. 66150 | $1,052,048.08 |
| 225 | PROVEEDORA GENERAL POPO S.A. DE C.V. SAN BORJA 1031 DEL VALLE BENITO JUÁREZ CIUDAD DE MÉXICO. C.P. 03100 | $26,489.42 |
| 226 | PROVEEDORES VARIOS BOSQUES DE ALISOS 47 BOSQUES DE LAS LOMAS CUAJIMALPA DE MORELOS CDMX. C.P. 05120 | $282,909.42 |
| 227 | PROYECTOS Y SERVICIOS RFE S.A. DE C.V. JOSE MARÍA CARACAS 316 A ADALBERTO TEJEDA BOCA DEL RIO VERACRUZ. C.P. 94298 | $1,239,621.76 |
| 228 | PUERTOMAR SERVICIOS S.A. DE C.V. CALLE 38 SN LÁZARO CÁRDENAS ASIENTOS AGUASCALIENTES. C.P. 20734 | $186,186.59 |
| 229 | QUIMICA APOLLO S.A. DE C.V. BOULEVARD MIGUEL ALEMÁN VALDEZ 206 PARQUE INDUSTRIAL EXPORTEC II MÉXICO, TOLUCA. C.P. 50223 | $127,720.87 |
| 230 | RADIOMOVIL DIPSA S.A. DE C.V. LAGO ZURICH 245 AMPLIACION GRANADA MIGUEL HIDALGO CIUDAD DE MEXICO. C.P. 11529 | $4,426.00 |
| 231 | RAFAEL MÉNDEZ HERNÁNDEZ ARBOLEDAS SAN RAMON LAGOS DE PUENTE MORENO MEDELLÍN DE BRAVO VERACRUZ DE IGNACIO DE LA LLAVE. C.P. 94274 | $1,118.00 |
| 232 | RAFAEL PEDRAZA DOMÍNGUEZ SC BOULEVARD LUIS DONALDO COLOSIO 790 GRAN BOULEVARTD TAMAULIPAS NUEVO LAREDO TAMAULIPAS. C.P. 88277 | $145,779.69 |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70/e66/20/65e66/63200/000000000000000005729
05/26/15 6:00:00 PM

| | | |
|---|---|---|
| 233 | RAMÍREZ GONZÁLEZ VÍCTOR ALFONSO PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $3,144.95 |
| 234 | RAUL HILARIO HERNÁNDEZ PERALTA CALLE DE LAS CARRETELAS 154 LOMAS DE LA HERRADURA HUIXQUILUCAN ESTADO DE MÉXICO. C.P. 52785 | $115,000.00 |
| 235 | RAYMUNDO BARRAZA CERVANTES FRANCISCO VILLAS 5-A SAN JUAN TLALPIZAHUAC IXTAPALUCA ESTADO DE MÉXICO. C.P. 56576 | $212,150.08 |
| 236 | RAYMUNDO TOLEDO JORGE LUIS PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $1,700.00 |
| 237 | REFRIGERACI?N EFICIENTE Y EQUIPOS INDUSTRIALES S.A. DE C.V. MARIANO MATAMOROS 1400 MARÍA LUISA MONTERREY NUEVO LEÓN. C.P. 64040 | $2,150,947.21 |
| 238 | REINIGEN DE MÉXICO | $745,870.00 |
| 239 | RESPUESTAS MARITIMAS E INDUSTRIALES CALLE 65 41 PLAYA NORTE CIUDAD DEL CARMEN CAMPECHE. C.P. 24115 | $32,699.60 |
| 240 | REY RODOLFO ZAMUDIO FIGUEROA RIO LA ANTIGUA 451 BIS A CUBIKA BOCA DEL RÍO BOCA DEL RÍO. C.P. 94297 | $3,110.00 |
| 241 | RICARDO JAIR OLGUÍN ROSAS AVENIDA CAMARÓN 213 JUSTO SIERRA CIUDAD DEL CARMEN CAMPECHE. C.P. 24114 | $1,049,676.00 |
| 242 | ROBERTO CHIMAL GUZMÁN CARRETERA PANAMERICANA PUNTA NORTE VILLAGRÁN GUANAJUATO. C.P. 38260 | $2,440.00 |
| 243 | ROBERTO CLEMENTE CABRERA OBANDO J M ZAMUDIO 34 CUBIKA BOCA DEL RÍO BOCA DEL RÍO. C.P. 94297 | $1,370.00 |
| 244 | ROCIO PÉREZ. | $500,000.00 |
| 245 | RODRIGO OLIVARES LÓPEZ CALZ. LEGARIA 432 PISO 8 DEPORTIVO PENSIL CIUDAD DE MÉXICO. C.P. 11470 | $94,000.00 |
| 246 | ROXTEC DE MÉXICO S.A. DE C.V. PROL. PASEO DE LA REFORMA NORTE 804 PASEO DE LAS LOMAS ÁLVARO OBREGÓN CIUDAD DE MÉXICO. C.P. 01330 | $91,364.10 |
| 247 | RUBEN MOYA CHÁVEZ 3 DE MARZO SN EMILIANO ZAPATA CIUDAD DEL CARMEN CAMPECHE. C.P. 24198 | $17,616,990.66 |
| 248 | RUSSELL BEDFORD MÉXICO SC MIGUEL DE CERVANTES SAAVEDRA 301 GRANADA MIGUEL HIDALGO CD DE MÉXICO. C.P. 11520 | $430,824.00 |
| 249 | S&S MAGNOLIOS S.A. DE C.V. AVENIDA CENTRAL 9 SAN JOAQUÍN CIUDAD DEL CARMEN CAMPECHE. C.P. 24157 | $255,180.76 |
| 250 | SALVADOR SÁNCHEZ TEPATLAN ANDADOR MITLA 19 ORIZABA CARMEN CAMPECHE. C.P. 24158 | $230.00 |
| 251 | SAMANTHA MELISA GONZÁLEZ GUZMÁN CONSTITUCIÓN 14 MARINA DEL REY CARMEN CAMPECHE. C.P. 24115 | $67.00 |

JOSE ALEJANDRO RESENDIZ FRAGOSO 70a6620c9ca66320000000000000000005729 05/26/15 6:00:00 PM



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**

PODER JUDICIAL DE LA FEDERACIÓN

**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

| | | |
|---|---|---|
| 252 | SANIPLUS SERVICIOS SANITARIOS S DE RL CIRCUITO CAMELIAS SUR 10 FRACC. BUGAMBILIAS CIUDAD DEL CARMEN CAMPECHE. C.P. 24155 | $2,479,088.27 |
| 253 | SANTOS SEGURA JORGE ABERTO SAN NICOLÁS SAN NICOLÁS CARMEN CAMPECHE. C.P. 24118 | $308.70 |
| 254 | SAP MÉXICO S.A. DE C.V. PROLONGACIÓN PASEO DE LA REFO 600-2 PEÑA BLANCA SANTA FE MIGUEL HIDALGO CIUDAD DE MÉXICO. C.P. 01210 | $2,754,975.54 |
| 255 | SCAFFOLDS & MORE ESPARZA S.A. DE C.V. PRIV. PRESA MAL PASO 206-A SCOP GUADALUPE NUEVO LEÓN. C.P. 67190 | $1,184,225.50 |
| 256 | SEA MAR MÉXICO S. DE R.L. DE C.V. CARRETERA CARMEN PUERTO REAL 13.5 CANTERIAS CARMEN CAMPECHE. C.P. 24157 | $8,285,771.37 |
| 257 | SECRETARÍA DE ADMINISTRACIÓN Y FINANZAS ISN CDMX VIADUCTO RIO DE LA PIEDAD 515 6 GRANJAS MEXICO IZTACALCO. C.P. 08400 | $1,891,677.57 |
| 258 | SEGUROS ARGOS S.A. DE C.V. TECOYOTITLA 412 412 EX HACIENDA DE GUADALUPE CHIMALISTAC ÁLVARO OBREGÓN CD DE MÉXICO. C.P. 01050 | $152,103.85 |
| 259 | SEGUROS BANORTE S.A. DE C.V. HIDALGO 250 250 CENTRO MONTERREY NUEVO LEÓN. C.P. 64000 | $74,607.23 |
| 260 | SEGUROS INBURSA SA GRUPO FINANCIERO INBURSA AV INSURGENTES SUR 3500 3500 PEÑA POBRE TLAPAN CIUDAD DE MÉXICO. C.P. 14060 | $9,395,733.74 |
| 261 | SENSIA ENERGY S.A. DE C.V. EJÉRCITO NACIONAL 350 350 PISO 4, POLANCO V MIGUEL HIDALGO CD DE MÉXICO. C.P. 11560 | $1,133,352.44 |
| 262 | SEÑALIZACIÓN Y CONTROL DEL SURESTE S.A. DE C.V. CANTAREL 20 20 18 DE MARZO CIUDAD DEL CARMEN CAMPECHE. C.P. 24157 | $1,423,600.92 |
| 263 | SERVICES INTER LAB DE MÉXICO S.A. DE C.V. CALLE GREGORIO MÉNDEZ 512 512 PUNTA BRAVA CENTRO TABASCO. C.P. 86150 | $645,671.58 |
| 264 | SERVICIOS DE HOTELERÍA Y RESTAURANTES S.A. DE C.V. 1 SUR PUERTO PESQUERO SIN NÚMERO CD DEL CARMEN CAMPECHE. C.P. 24129 | $2,791,523.68 |
| 265 | SERVICIOS EN TECNOLOGIAS DE INFORMA S.A. DE C.V. INSURGENTES SUR 1647-2 228 SAN JOSÉ INSURGENTES BENITO JUÁREZ CD DE MÉXICO. C.P. 03900 | $18,207,854.00 |
| 266 | SERVICIOS INTEGRALES DE CRUCEROS S.A. DE C.V. ARQUIMIDES 209, PH1 POLANCO V SECCION MIGUEL HIDALGO CIUDAD DE MEXICO. C.P. 11560 | $642,934.64 |
| 267 | SERVICIOS INTEGRALES NDT S.A. DE C.V. ALTAMRINA 225 ATASTA NUEVA VILLAHERMOSA CENTRO TABASCO. C.P. 86070 | $121,452.00 |
| 268 | SERVICIOS INTEGRALES OAD S.A. DE C.V. 38A 106 CALETA CAMPECHE. C.P. 24110 | $494,856.00 |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70606620656065320000000000000000005729
05/26/15 6:00:00 PM



PODER JUDICIAL DE LA FEDERACIÓN

*[barcode]*

44

| | | |
|---|---|---|
| 269 | SERVICIOS INTEGRALES TÉCNICOS Y ECOLÓGICOS S.A. DE C.V. CALLE 35 52 ALTOS CENTRO CIUDAD DEL CARMEN CAMPECHE. C.P. 24100 | $504,697.41 |
| 270 | SERVICIOS MARINOS Y LOGISTICOS SHARK S.A. DE C.V. 55 COLONIA CALETA 102 CD DEL CARMEN CAMPECHE. C.P. 24110 | $13,453,797.35 |
| 271 | SERVICIOS MÚLTIPLES Y MEDIOAMBIENTALES DEL GOLFO S.A. DE C.V. VILLA CONEJOS 14 LOTE 9 REFORMA CIUDAD DEL CARMEN CAMPECHE. C.P. 24158 | $105,233.46 |
| 272 | SERVICIOS Y PROYECTOS GRIL S.R.L. DE C.V. UNIVERSIDAD DE WISCONSIN 208 UNIVERSIDAD SUR TAMPICO TAMAULIPAS. C.P. 89109 | $2,144,682.49 |
| 273 | SHARK MARINE DE MÉXICO S.A. DE C.V. CALLE 55 102 CALETA CIUDAD DEL CARMEN CAMPECHE. C.P. 24110 | $1,606,217.69 |
| 274 | SIERRA VILLEGAS FRANCISCO MANUEL AV NAYARIT S/N LOS TAMARINDOS SANTO DOMINGO TEHUANTEPEC OAXACA. C.P. 70760 | $559.76 |
| 275 | SIND NACIONAL DE PILOTOS DE PTOS DELEGACIÓN CIUDAD DEL CARMEN CALLE 20 73 CENTRO CIUDAD DEL CARMEN CAMPECHE. C.P. 24100 | $31,857.10 |
| 276 | SISTEMA DE ADMINISTRACIÓN TRIBUTARIA SOR JUANA INES DE LA CRUZ 22 TLANEPANTLA TLANEPANTLA MÉXICO. C.P. 54000 | $120,718,989.00 |
| 277 | SISTEMA MUNICIPAL DE AGUA POTABLE Y CALLE 56 140 PETROLERA CAMPECHE. C.P. 24180 | $12,046.38 |
| 278 | SISTEMAS CONTINO S.A. DE C.V. AV. PROLONGACIÓN DÍAZ MIRON 4751 LAS ANTILLAS VERACRUZ, VERACRUZ. C.P. 91936 | $220,993.26 |
| 279 | SISTEMAS INDUSTRIALES MARINOS S.A. DE C.V. AV. 4 ORIENTE 14 INTERIOR 2 PUERTO INDL PESQ LAGUNA AZUL CIUDAD DEL CARMEN CAMPECHE. C.P. 24100 | $297,574.80 |
| 280 | SOFIMEX INSTITUCION DE GARANTIAS S.A. AVENIDA DE LA REFORMA 373 8A CUAUHTÉMOC CIUDAD DE MÉXICO. C.P. 06500 | $2,580,399.10 |
| 281 | SOLUCIONES AVANZADAS DARUTI S.A. DE C.V. LEÓN ALEJO TORRES 302 CENTRO VILLAHERMOSA TABASCO. C.P. 86090 | $384,862.07 |
| 282 | SOLUCIONES EN PIEDRA FRANCO S.A. DE C.V. JESÚS DEL MONTE 2 FRACC HACIENDA DE LAS PALMAS HUIXQUILUCAN ESTADO DE MÉXICO. C.P. 52763 | $170,055.04 |
| 283 | SOLUCIONES GASTRONOMICAS APM S.A. DE C.V. AV LOMAS VERDES 825 LOMAS VERDES NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO. C.P. 53120 | $19,798,229.31 |
| 284 | SOLUCIONES INTEGRALES PARA TRITURAC SAPI DE CV AVENIDA PERIFÉRICO SUR 7800 STA. MA. TEQUEPEXPAN JALISCO, JALISCO. C.P. 45601 | $267,878.77 |
| 285 | SOPORTE E INSTALACIONES DE AIRE ACONDICIONADO S.A. DE C.V. AV. 501 106 SAN JUAN DE ARAGÓN SECCIÓN I CD DE MÉXICO. C.P. 07969 | $113,812.00 |
| 286 | SP RENTAS Y PROYECTOS S.A. DE C.V. ALLENDE 2504 B HIPODROMO CD MADERO TAMAULIPAS. C.P. 89560 | $2,012,020.00 |
| 287 | SU JIMÉNEZ MIGUEL ÁNGEL PUREPECHAS 28 G SANTA CRUZ ACATLÁN NAUCALPAN ESTADO DE MÉXICO. C.P. 53150 | $1,580.66 |

JOSE ALEJANDRO RESENDIZ FRAGOSO 70ó6620ó5óó632000000000000000000005729 05/26/15 6:00:00 PM



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
Commercial Insolvency Proceeding 18855/2025-VII
Judgment Declaring Commercial Insolvency Proceedings

PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 288 | SUB MARELHER S DE R.L. DE C.V. AVENIDA DE LAS GRANJAS 138 JARDÍN AZPEITIA AZCAPOTZALCO CIUDAD DE MÉXICO. C.P. 02530 | $20,473,425.19 |
| 289 | SUMERGE EMERGE S.A. DE C.V. PREDIO RÚSTICO CARRETERA CARME LTE1 OTRA NO ESPECIFICADA EN EL CATÁLOGO CD DEL CARMEN CAMPECHE. C.P. 24100 | $2,754,903.60 |
| 290 | SUMINISTROS INGENIERIA & CONSTRUCCIONES JACKO S..A. DE C.V. MARGARITA 360 FLORES DEL VALLE VERACRUZ, VERACRUZ. C.P. 91948 | $681,616.00 |
| 291 | SUMINISTROS INTEGRALES MÉXICO S DE R.L. DE C.V. CALLE 20 S/N GUANAL CIUDAD DEL CARMEN CAMPECHE. C.P. 24130 | $67,994.56 |
| 292 | SUPPLEO BUNKERING S DE R.L. DE C.V. CALLE BOSQUE DE CIRUELOS 180 BOSQUES DE LA LOMA MIGUEL HIDALGO CD DE MÉXICO. C.P. 11700 . | $25,902,862.31 |
| 293 | SYCNET Y ASOCIADOS SC AVENIDA INSURGENTES 800 DEL VALLE BENITO JUÁREZ CD DE MÉXICO. C.P. 03100 | $320,497.45 |
| 294 | TAJIN CONSIGNACIONES S.A. DE C.V. CALLE CUITLAHUAC 90 SANTIAGO DE LA PEÑA TUXPAN VERACRUZ. C.P. 92770 | $68,138.40 |
| 295 | TECNOLOGÍA EN SOLDADURA Y CORTE S.A. DE C.V. PASEO DE LA REFORMA 180 JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO. C.P. 06600 | $2,634,611.79 |
| 296 | TECNOSERVICIOS INFORMATICOS Y DE NEGOCIOS INTELIGENTES S.A. DE C.V. IZTACCIHUATL MANZANA 439 LOTE 11 CIUDAD AZTECA SECCIÓN ORIENTE ESTADO DE MÉXICO. C.P. 55120 | $109,504.00 |
| 297 | THE ADANI HARBOUR INTERNATIONAL DMCC 27 LEVEL SN JLT, CLUSTER W, DUBAI, UAE 2701 AUSTRALIA | $48,290,115.15 |
| 298 | TLSAT 18 N 91 W S DE RL DE CV AVENIDA DEL MAR 61 BIVALBO CD DEL CARMEN CAMPECHE. C.P. 24158 | $592,411.75 |
| 299 | TORRES CALLEJA MARÍA DE LOURDES ADOLFO LÓPEZ MATEOS 411 PENTHOSE B ATLAMAY, ÁLVARO OBREGÓN CD DE MEXICO. C.P. 01760 | $17,923.51 |
| 300 | TOTAL COPIAS S.A. DE C.V. CALLE OCHO HORAS 127 NUEVAVILLAHERMOSA VILLA HERMOSA CENTRO TABASCO. C.P. 86070 | $3,221,096.00 |
| 301 | TRANSPORTES AEREOS PEGASO S.A. DE C.V. SANTANDER 15, PISO 10 INSURGENTES MIXCOAC BENITO JUÁREZ ESTADO DE MÉXICO. C.P. 03920 | $3,331,090.26 |
| 302 | TRANSPORTES ALICANTE DEL NORTE S DE R.L. DE C.V. DOLORES4203 CENTROC UAUHTÉMOC CD MÉXICO. C.P. | $700,000.00 |
| 303 | TRANSPORTES JE. | $300,000.00 |
| 304 | TREJO BONILLA JOSÉ LUIS SÓCRATES 143-601 POLANCO CHAPULTEPEC MIGUEL HIDALGO CD DE MÉXICO. C.P. 11560 | $66,600.00 |

JOSE ALEJANDRO RESENDIZ FRAGOSO
70666363656663200000000000000000005729
05/26/15 6:00:00 PM

| | | |
|---|---|---|
| 305 | **TURBO-MEX REFACCIONES MANTENIMIENT SEGURIDAD INDUSTRIAL S.A. DE C.V. ANILLO PERIFÉRICO 4816 ARENAL DE GUADALUPE TLALPAN CD DE MÉXICO. C.P. 14389** | **$5,141,867.42** |
| 306 | **UNIDAD GMR S.A. DE C.V. CALLE 33 86-A TILA CD. DEL CARMEN CAMPECHE. C.P. 24170** | **$12,415,200.00** |
| 307 | **UNIVERSO DE SERVICIOS S.A. DE C.V. CALLE 5 623 RESIDENCIAL PENSIONES MÉRIDA YUCATÁN. C.P. 97217** | **$1,258,796.97** |
| 308 | **VER+ SOCIETAS SC CALLE DOCTOR JIMÉNEZ 58 DOCTORES 5 CUAHUTÉMOC CD DE MEXICO. C.P. 06720** | **$176,206.32** |
| 309 | **VIAR VALVOLE SRL VIA A. SANDRORI 38/A SUMIRAGO VARESE, ITALIA 21040 ITALIA** | **$73,402.80** |
| 310 | **VICTOR MANUEL BAHENA BUSTOS CRACOVIA 72 BIS SAN ÁNGEL ÁLVARO OBREGÓN CDMX. C.P. 01000** | **$74,439.10** |
| 311 | **VINILES Y DISEÑOS GRÁFICOS S.A. DE C.V. CONSTELACIÓN ACUARIO MANZANA LOTE 12 LUIS DONALDO COLOSIO CARMEN CAMPECHE. C.P. 24150** | **$651,264.02** |
| 312 | **ZHONGTIAN TECHNOLOGY SUBMARINE CABLE CO LTD NO.1 XINKAI SOUTH ROAD NANTONG ETDZ SN PROVINCE, CHINA JIANGSU PROVINCE CHINA PC 226010 226010 CHINA** | **$3,621,510.65** |
| 313 | **ZYANIA TELECOMUNICACIONES S.A. DE C.V. PONCIANO DIAZ 15A LOMAS DE SOTELO NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO. C.P. 53390** | **$118,721.32** |
| | **TOTAL DE OBLIGACIONES VENCIDAS Y NO VENCIDAS** | **$5,008,126,045.37** |

**FIFTH. Effective Date**. Pursuant to Articles 43 and 112 of the Commercial Insolvency Law, the **effective date** of the commercial insolvency proceedings is set as **JUNE 27, 2025.**

**SIXTH. Restrictive Order**. This judgment imposes **a RESTRICTIVE ORDER** on the members of the **Board of Directors** of **Demar Instaladora y Constructora, sociedad anónima de capital variable**, or, where applicable, on those responsible for its administration, for the sole purpose of preventing them from leaving their place of residence without appointing a duly instructed and paid-up attorney or representative, in accordance with Article 47 of the Commercial Insolvency Law.

**SEVENTH. Procedure for the recognition of**



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

**debts.** The **conciliator** is ordered to initiate the claim verification procedure, determining the claims ex officio in accordance with the terms established by Articles 121 and 123 of the Commercial Insolvency Law; The **conciliator** shall prepare a **list of the debts** owed by the **debtor** that he proposes to recognize, based, among other sources, on the accounting records and other documents that allow for the determination of the debtor's liabilities, including the information that the **debtor** and its personnel are required to provide, as well as information derived from the **visitor's** report and the applications for recognition submitted to him.

**EIGHTH. Creditors residing within the Republic and abroad are hereby notified that they may file applications for recognition of claims. Creditors** residing in the Mexican Republic are hereby notified that those who so desire may submit their applications for recognition of claims to **the conciliator** at the address designated by the conciliator for the fulfillment of their obligations, in accordance with the provisions of Article 125 of the Commercial Insolvency Law, without prejudice to the provisions of the preceding resolution. Creditors residing abroad may file such claims, if it is in their interest, with the person and at the location indicated, within a period of forty-five calendar days in accordance with Section 291 of the Commercial Insolvency Law.

**NINTH. Order to deliver documents to the conciliator**. Pursuant to the provisions of Article 43, Section VI of the Commercial Insolvency Law**,**

*[barcode]*

**orders that** the books, records, and other documents of the **insolvent** company, as well as the necessary resources to cover the costs of registration and the publications required by applicable law, **be made available to the conciliator** immediately.

**TENTH. Order to permit the conciliator's work.** The **merchant** is ordered to allow the **conciliator** and the receivers, if any, to carry out the activities inherent to their positions.

**ELEVENTH. Suspension of payments**. <u>The **merchant** is ordered to suspend payment of debts incurred prior to the date on which this judgment takes effect;</u> except for those that are indispensable for the ordinary operation of the company, including any credit indispensable for maintaining the ordinary operation of the company and the necessary liquidity during the commercial insolvency proceedings, regarding which the merchant must report within seventy-two hours of their occurrence, initially to the undersigned judge and, once the name of the **conciliator** is made known, must report them directly to said specialist, as he is responsible for overseeing the accounting and all operations carried out by the **merchant**, pursuant to Article 75 of the Commercial Insolvency Law.

It is understood that this ruling shall not constitute grounds for interrupting the **merchant's** ordinary labor obligations, nor the payment of the **merchant's** ordinary tax or social security contributions, as these are indispensable for the ordinary operation of the merchant, as established in Articles 66 and 69 of the Commercial Insolvency Law.



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

PODER JUDICIAL DE LA FEDERACIÓN

**TWELFTH. Suspension of enforcement orders**. It is ordered that during the **conciliation stage**, all orders of attachment or enforcement against the assets and rights of the **merchant** be suspended, with the exceptions referred to in Article 65 of the Commercial Insolvency Law, that is, the order of attachment or enforcement of a labor nature, in accordance with the provisions of Section XXIII, Subsection A, of Article 123 of the Constitution and its implementing regulations, taking into account the wages for the two years prior to the commercial insolvency proceedings.

**THIRTEENTH. Publication in the Official Gazette of the Federation and in a widely circulated newspaper**. The **conciliator** is ordered, within **FIVE BUSINESS DAYS** following his appointment, to arrange for the one-time publication of an excerpt from this judgment in the Official Gazette of the Federation and in one of the most widely circulated newspapers in the Mexican Republic.

To this end, it is hereby ordered that the notices containing said excerpt, as well as the corresponding official correspondence, be prepared and made available to the **conciliator**.

**FOURTEENTH. Registration of the judgment in the relevant Public Registries**. The **conciliator** is ordered, within **FIVE BUSINESS DAYS** following his appointment, to request the registration of this judgment in the public commercial registry corresponding to **the merchant's** domicile and in all those places where

JOSE ALEJANDRO RESENDIZ FRAGOSO
70666620656663200000000000000005729
05/26/15 6:00:00 PM

*[barcode]*

where it has an agency, branch, or assets subject to registration in any public registry.

To that end, it is hereby ordered that certified copies be issued; furthermore, the necessary official letter shall be drafted and, once prepared, made available to the **conciliator**.

**FIFTEENTH. Various Lawsuits**. The actions filed and lawsuits pursued by the **debtor**, as well as those filed and pursued against the debtor, which are pending at the time this judgment is rendered and involve financial claims, shall not be consolidated into the bankruptcy proceedings **but shall be continued by the merchant under the supervision of the conciliator**.

In this regard, the **debtor** must inform the **specialist** of the existence of such proceedings on the day following the date on which the debtor becomes aware of the specialist's appointment, as provided for in Article 84 of the Commercial Insolvency Law.

**SIXTEENTH. Clarification on Credit Interest and Conversion to UDIs.** Pursuant to Article 89 of the Commercial Insolvency Law, regardless of the place of payment originally agreed upon, unsecured claims owed by the debtor shall cease to accrue interest as of the date of this judgment; if they were not originally denominated in **UDIs**, they shall be converted to said unit following conversion to national currency of those that may be denominated in foreign currency; the exchange rate and the equivalence of the aforementioned units shall be those determined by the Bank of Mexico as of the date of this judgment.

Likewise, regardless of the original location



**FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.**
**Commercial Insolvency Proceeding 18855/2025-VII**
**Judgment Declaring Commercial Insolvency Proceedings**

agreed upon for payment, secured claims, as of the date of this judgment, shall accrue only ordinary interest and up to the value of the security; they shall remain in the currency or unit in which they were originally denominated, but shall also be converted to **UDIs** solely for the purpose of quantifying the extent of their participation in decisions where so required, in which case the aforementioned equivalence shall be applied.

**SEVENTEENTH. Precautionary measures**. As this court presides over the commercial insolvency proceedings and possesses all the necessary powers to comply with the provisions of the Commercial Insolvency Law, the precautionary measures granted in the case file **SHALL REMAIN IN EFFECT**.

**EIGHTEENTH. Issuance of copies**. A plain or certified copy of this judgment shall be issued at the expense of any party with a legal interest who requests it.

**Notification shall be served electronically to the merchant, the plaintiff Ocean Sub Sea Service, LLC, and JK, Ingeniería, sociedad anónima de capital variable, and to the visitor; by official letter to the Federal Institute of Specialists in Commercial Insolvency Proceedings; the Ministry of Finance and Public Credit, Tax Administration Service; the Mexico City Ministry of Administration and Finance; the Mexican Social Security Institute; the National Workers' Housing Fund Institute; the Federal Center for Labor Conciliation and Registration; and to creditors residing in the Mexican Republic whose**

JOSE ALEJANDRO RESENDIZ FRAGOSO
70a662036a6632000000000000000000005729
May 26, 2015, 6:08:00 PM

*[barcode]*

**addresses are known in full (street, house number, neighborhood, municipality or city, zip code, state or country, if applicable), they shall be deemed to have been notified of the declaration of commercial insolvency proceedings, on the day the publication referred to in the THIRTEENTH operative provision is made, in accordance with the provisions of Articles 44 and 45 of the Commercial Insolvency Law. Where applicable, this also applies to creditors residing abroad, in accordance with the provisions of applicable laws.**

Resolved and electronically signed by **Nataly Pérez Hernández**, First District Judge for commercial insolvency proceedings, residing in Mexico City and having jurisdiction throughout the Mexican Republic, acting in conjunction with **José Alejandro Reséndiz Fragoso**, the clerk who authorizes and certifies this document.

jarf

On this date, it was ordered that official writs **1737, 1738, 1739, 1740, 1741, 1742, and 1743/2026 be issued. For the record.**

It is hereby certified that this judgment has been incorporated into the electronic file maintained in the SISE; furthermore, it is certified that the corresponding electronic file matches the physical records in their entirety. **For the record.**

The court clerk certifies that the notifications pertaining to this decision were duly digitized and linked to the electronic file. **I attest.**

*[national emblem of Mexico and the text: "FEDERAL JUDICIAL BRANCH"]*

## CRYPTOGRAPHIC EVIDENCE - TRANSACTION

**Signed File:**

**146949455_4157000040045814073.p7m**

**Certifying Authority:**

**Intermediate Certification Authority of the Federal Judiciary Council**

**Signatory(ies): 2**

| SIGNATORY | | | | |
|---|---|---|---|---|
| **Name:** | JOSE ALEJANDRO RESENDIZ FRAGOSO | | **Validity:** | OK | Valid |

| SIGNATURE | | | | |
|---|---|---|---|---|
| **Serial No.:** | 70.6a.66.20.63.6a.66.32.00.00.00.00.00.00.00.00.00.00.57.29 | **Revocation:** | Ok | Not revoked |
| **Date (UTC/ Mexico City)** | 03/23/26 10:55:24 PM - 03/23/26 4:55:24 PM | **Status:** | Ok | Valid |
| **Algorithm:** | RSA-SHA256 | | | |
| **Signature string:** | 31 6c 5d 35 e6 fe d7 dd 61 3f da aa 9e 0f 57 e3 d6 79 ce 0a 1b a3 d1 08 5d 55 3e 60 cb 5f 95 ea 4f b8 7e 99 6c f7 23 d3 af d5 32 9b 04 a0 ed 0a 42 b1 1f f0 91 c6 d7 33 8e cc 18 40 88 b9 03 e7 ab 9f 3e fd 52 69 47 64 b3 c4 0a f7 a2 d7 73 d8 a7 e8 ba 3f e8 bf f2 90 5d f9 f1 73 9d ab 6d 61 79 7e 05 f6 d9 c4 ac 18 cd de 35 7b 92 da d9 c1 b8 ac 1d 1d 8c 5a 3a 81 69 26 e4 53 a7 23 eb 7a 2d f0 95 f8 3d fe c4 28 f8 00 be 73 6d 06 50 25 ab cf 45 ec 59 ff fe 23 58 0c eb 38 57 ff 7d e7 ab 24 36 56 c4 c2 eb ae 6b 24 dd cf f2 8a 04 cf 1a b9 f9 1c 7d 7b 9c 8e f1 07 00 ca d5 35 87 f6 d6 e6 00 05 03 0c df 79 d6 49 49 c8 e0 c7 dd a1 21 ab 2c 79 b3 38 7d b0 33 de 62 98 97 a4 cc ca 65 cf b9 68 3e f4 b5 97 af 8e 19 31 c0 de 4d 9d 12 9f fe fb 78 6e c7 5c f7 b5 b3 05 f0 a3 49 20 | | | |

| OCSP | |
|---|---|
| **Date: (UTC/ Mexico City)** | 03/23/26 10:55:24 PM - 03/23/26 4:55:24 PM |
| **Respondent Name:** | ACI OCSP Service of the Federal Judiciary Council |
| **Respondent ssuer:** | Intermediate Certification Authority of the Federal Judiciary Council |
| **Serial number:** | 70.6a.66.20.63.6a.66.32.00.00.00.00.00.00.00.00.00.00.57.29 |

| TSP | |
|---|---|
| **Date: (UTC/CDMX)** | 03/23/26 22:55:24 - 03/23/26 16:55:24 |
| **Name of the TSP response issuer:** | Time Stamp Issuing Authority of the Federal Judiciary Council |
| **TSP Certificate Issuer:** | Intermediate Certification Authority of the Federal Judiciary Council |
| **TSP response identifier:** | 131953854 |
| **Stamped data:** | Tpoae9nS4ncPRrXiD1z9WCoqKu4= |

*[national emblem of Mexico and the text: "FEDERAL JUDICIAL BRANCH"]*

| SIGNATORY | | | | | |
|---|---|---|---|---|---|
| **Name:** | NATALY PEREZ HERNANDEZ | | **Validity:** | OK | Valid |
| SIGNATURE | | | | | |
| **Serial No.:** | 70.6a.66.20.63.6a.66.33.00.00.00.00.00.00.00.00.00.00.c4.44 | | **Revocation:** | Valid | Not revoked |
| **Date (UTC/ Mexico City)** | 03/23/26 10:59:24 PM - 03/23/26 4:59:24 PM | | **Status:** | Ok | Valid |
| **Algorithm:** | RSA-SHA256 | | | | |
| **Signature string:** | 06 2f b0 81 78 aa 11 56 57 4c e2 88 1a e6 5d 2a 77 d7 e0 f0 59 dc 92 5f 1f 66 4a 45 43 61 22 b4 36 56 0a 02 d9 66 10 a0 b5 ca 3d 02 9b f8 83 76 5c 58 69 ed 1b ff 66 76 55 b0 27 5e 41 9e 83 e4 6a 87 c4 2f ea 0f 35 96 a7 f9 9c 98 f8 be a7 bf 41 a5 d3 55 b3 bf 0b 1f 62 e9 21 ac 18 27 5f de f6 d1 06 c8 29 be 03 82 7d 26 ea 47 19 30 d0 3d 64 eb e6 16 41 ad 42 7c f7 d6 75 d9 f0 90 01 96 77 91 a5 27 25 0e d8 35 b1 bd c5 ef 0c a3 09 ab eb 4c 88 08 f3 8b 0f 45 58 d9 e3 88 cc 1e a5 d1 f9 c6 ba 71 6d 60 bf 10 1d 58 d7 97 d4 35 7a cb f1 76 3a 13 6d 1b 2f 15 72 9a 80 e9 44 d4 31 ba 99 34 b1 54 66 ba da 1b 38 ef bd 27 d3 0a 13 82 91 7c ec ec 85 b2 2c 02 b1 e2 b6 ca 68 eb 4e 1d 28 5a a6 e5 6a c5 f5 c6 62 11 b9 ed 03 10 c7 7d e0 be 2f f1 1d 23 3b 44 6b 75 68 29 cc 18 12 c9 f4 1f 3f 58 de 21 65 e7 4c d1 c3 e8 8f 91 53 d1 a4 e8 d2 51 3c 0b 6e ff 8a dc 6b 57 ec 46 e3 35 2b 3a 7c d4 92 1b 43 4b d3 46 bb a9 fd 6f f7 c4 81 2b 14 ba f8 af 36 c8 ad 6e 8a 55 f8 7f bc 10 26 a9 cb 5e 30 d5 93 7e 9e c3 c9 31 e0 53 34 55 1d 99 1c 63 02 61 80 15 a2 17 c8 c8 c6 71 40 0b 0e b4 44 20 27 a2 82 d3 44 8b d4 bf 83 e0 9c 37 e8 a4 ee 5c 4a 96 55 ad e8 2d 72 d9 a1 9f 46 1b | | | | |
| OCSP | | | | | |
| **Date: (UTC/ Mexico City)** | 03/23/26 22:59:25 - 03/23/26 16:59:25 | | | | |
| **Respondent Name:** | ACI OCSP Service of the Federal Judiciary Council | | | | |
| **Respondent issuer:** | Intermediate Certification Authority of the Federal Judiciary Council | | | | |
| **Serial number:** | 70.6a.66.20.63.6a.66.33.00.00.00.00.00.00.00.00.00.00.c4.44 | | | | |
| TSP | | | | | |
| **Date: (UTC/CDMX)** | 03/23/26 22:59:25 - 03/23/26 16:59:25 | | | | |
| **Name of the TSP response issuer:** | Time Stamp Issuing Authority of the Federal Judiciary Council | | | | |
| **TSP Certificate Issuer:** | Intermediate Certification Authority of the Federal Judiciary Council | | | | |
| **TSP response identifier:** | 131956177 | | | | |
| **Stamped data:** | 3oJJYa1hIv6zdZpDXVt1tuaFTak= | | | | |

# Firma digital

| Firmante | RFC |
|---|---|
| SAUL VILLEGAS SOJO | VISS7908109D3 |

## Leyenda

The undersigned, Saul Villegas Sojo, Expert Translator, appointed by the Supreme Court of the State of Nuevo León, as evidenced in authorization number 802/2026 on January 31, 2026, certify that this translation to English language is, to my knowledge, true, complete, and accurate, without additions or omissions, which was delivered to the undersigned for its translation.

This translation is issued in the City of Monterrey, Nuevo León on April 24, 2026.

Appointment https://drive.google.com/file/d/1-XagUq7v7ytZ12iFdwb8bUYWWGVDJD8R/view?usp=sharing

## Firma digital

J2DZAUM87sY6ZdEt7QrH6MJclKl4r2PwuccNq2IwoA44p95rmA4Bs9m6on2aLtJ6yhlZ8uqxH2oNi9bIuWY1KOaxS3UT/LA0yuTJ6kEeatqYcSYEHMKYlT1pupS3G+nrbhcP2ffXh7NtF8lr5oEMs3ERvdvDK9LPgI6EvLbwKwVyJEz7fJsbF9pI4jg4wmjNU98Q0gTbHIdmtg6vWtsdvOWuPA+sGG+X1u7wPawRTS1Nxf5/C7rlCQAMGeB9iSLD6heFewxxn8WBElCESNGU+nswnQzxWLXy4CE7evmfkB2MjLM26ZuL9yUZFlwyoQ/T0R6LWyVZ/hfSrK9pylu5xQ==

| Fecha de suscripción (Local/UTC) | Número de serie del certificado | Fecha de consulta OCSP |
|---|---|---|
| 2026-04-24 11:58:44 / 2026-04-24 17:58:44 UTC | 30 30 30 30 31 30 30 30 30 30 30 37 30 34 32 35 34 31 31 34 | 2026-04-24 11:58:44 |

## NOM 151

| Fecha de certificación | Política PSC | Huella digital original |
|---|---|---|
| 2026-04-24 17:58:45 UTC | 2.16.484.101.10.316.100.7.1.2.1.1 | 5fZo+vFovYFDFETbo9yKcaMsJGzWLIr1VvXque6sM28= |

## Firma PSC

jTdoQ+1EtHoSz+ajTVkzkIMCKu4R8GGpuUkED89QPjbLIfBSL02WHya1qmhUnvg2pB9vkqTbPboFjcV6BNotTubDS4pvc/UomBajdCwBzJpjDuf9ucekipw/XJjY5qvZNSkDSFdLtNN+VzI0jJvj3/YV55e1afnx/DWwhEoRpwfAycaQAXuMiJtfkfxhsmrGnu+rOtn6KEb9EqmySdqSAB+kZYRnUMmp5NzzRAUGnUQwJaxMPS/iLwxvxSN+vHyPF7R/YB3qMkITDlR5V04IGb5/ITjythGnP4DN2RrK5+BzxH7LB5qdzIm3sVXWu3qXQB5tmz8h1GqEqZhEmh+4i0Y9VW/Iwj4JHsthkwcsJtBGFEozpaO5OxkLlNaBs7kK+vi/wWhSvQDOp+rWwM98JRNKS5/QE92ZEqKj2tsTGIj3pwH+qOMphbB2LTWFgkBfrG++0zboymHvMWbDXz+I2uTlbIP0o6pWy2HJXztsjJaIwH242nqYC/ixQyoaN0d1mnRb/9nZBQ5Lr2fiAMVaMH79batFeZBO07tJOsVRI+6gOEIuxLuu9jN9ZL3iazZC22CEKJ3Yt20KPPm3UFvVxaurbSXxxR8DpjIkmBkjOnLH5JTOCM/0D47JtFlKLmCZ+hn8ALjXgtofOA/POu7ZMAt1athyl+Q7TF4m3nwhpkw=



**Constancia de Firma en Línea** generada a través de Literax cumple con las disposiciones establecidas en los artículos 89 al 109 del **Código de Comercio de México** en materia de firma electrónica publicada el 29 de agosto de 2003, así como con la **Ley de Firma Electrónica Avanzada (LFEA),** publicada en el **Diario Oficial de la Federación (DOF) el 11 de enero de 2012.**

## 20260424 51182 26.03.24 Sentencia declaración de Concurso Mercantil

| Fecha solicitud de firmas: | Fecha fin de firmas: | No. de hojas: |
|---|---|---|
| 24/04/26 | 24/04/26 | 55 |

### Colaboradores:

- SAUL VILLEGAS SOJO

Firmante

### Constancia de conservación



Constancia

| PSC | Fecha/Hora de Constancia | Huella digital original |
|---|---|---|
| Interfactura | 2026-04-24 17:58:48 UTC | Bbh3DnrS3P9Lu23TEvXQS/IyMmU6mtzp57f3kY6BXFI= |

MIITETADAgEAMIITCAYJKoZIhvcNAQcCoIIS+TCCEvUCAQMxDzANBglghkgBZQMEAgEFADCCAUYGCyqGSIb3DQEJEAEEoIIBNQSCATEwggEtAgEBBg1gg2RlCoI8ZAcBAgEBMDEwDQYJYIZIAWUDBAIBBQAEIAW4dw560tz/S7tt0xL10EvyMjJIOprc6ee395GOgVxSAgZly7lrQEsYEjIwMjYwNDI0MTc1ODQ4LjE5WjAEgAlB9KCBw6SBwDCBvTERMA8GA1UEBRMINTAwMC00MDIxGDAWBgNVBAcTD1NhbnRhRhlENhdGFyaW5hIDETMBEGA1UECBMKTnVldm8gTGVvbjELMAkGA1UEBhMCTVgxGDAWBgNVBAMTD0NNDTURBSUZQUkINQVJJTzEwMC4GA1UECxMnbkNpcGhlciBTZWN1cml0eSBUU1MgRVNOOjc4NDktODU2Mi1EM0I3MSAwHgYDVQQKExdJbnRlcmZhY3R1cmEgU0FQSSBkZSBDVqCCDAQwggfuMIIF1qADAgECAgIAhzANBgkqhkiG9w0BAQsFADCCAUUxFzAVBgNVBAcTDkFsdmFybyBPYnJlZ29uMRkwFwYDVQQIExBDaXVkYWQgZGUgTWV4aWNvMQswCQYDVQQGEwJNWDEOMAwGA1UEERMFMDEwMzAxKzApBgNVBAkTIkluc3VyZ2VudGVzIFN1ciNciAxOTQwLCBDb2wulEZsb3JpZGEzGExRzBFBgNVBAMTPkF1dG9yaWRhZCBDZXJ0aWZpY2Fkb3JhIFJhaXogU2VndW5kYSBkZSBTZWNyZXRhcmlhIHIGRIIEVjb25vbWlhMSUwIwYJKoZIhvcNAQkBFhZhY3lyc2VAZWNvbm9taWEuZ29iLm1MB4XDTIxMDQxOTAwMDAwMFoXDTMxMDQxOTAwMDAwMFowgb0xETAPBgNVBAUTCDUwMDAtNDAyMRgwFgYDVQQHEw9TYW50YSBDYXRhcmluYSAxEzARBgNVBAgTCk51ZXZvIExlb24xCzAJBgNVBAYTAk1YMRgwFgYDVQQDEw9DQ01EQUIGUFJJTUFSSU8xMDAuBgNVBAsTJ25DaXBoZXIgU2VjdXJpdHkgVFNTIEVTTjo3ODQ5LTg1NjItRDNCNzEgMB4GA1UEChMXSW50ZXJmYWN0dXJhIFNBUEkgZGUgQ1YwggIiMA0GCSqGSIb3DQEBAQUAA4ICDwAwggIKAoICAQC2c8AOQMiqGxzPIuetNgQ+2h3PajOgsuU0nlSkhFEJnrVMh0TQlJWPxyFgUIr0YrzJ2vaWj6WF+7vrGokqv6oPlWO/gl0AUS8GmISAFk72PaN/Ap0Fnc+ChgT/365dGAPqsvo1PmQBUo+NXuEFOsUF0+0JVPwXSbXJgzwXwX9dE4awDgb2bXUvbTDUcu8ksqhSvn06WKAkhSxzo3fq3SSOy1vVe7KU5J/RL3SLhlzlguRsMbUZNPmZBRmTFnalOxK+0NUuDASgbYI81TCwBHUaZaC027Q+pFa0AEVE6m4xEAAQG118ndVzPm7zo5fSdfwyFAcUz3ZFENt/zt1CGUG8uTLtA5mMZIw87FHDshmtSy+8Tx2h9f+aKLI2UJB1DhtiaqZCuebt4baaJ3smgcX+Zt043y3g7CYWGsPFJkT6dLCo/bRkbiZ7lQuAneNNsCnATb/gH3+pTJOqFgadzYfg0mTMcy3+5nbkrVnWqu4ALdv8cFZRFcG2KUauKM+alNoQsDy220bcvifVEFKqcgjQmCWBcPTLjpO+9rZW8bdg0mBxwXToJf2A9XHpLK6GNT91+MYjOY98tdk0kutrp/oBX9EX3/dMAH96Arg3+O9znY4MAf06Kul6HPHgJrPwOWYEDIGnyTHkt7rdJwHRAhe1JpOpYSIaEulbKDRzpB+HqQIDAQABo4IBazCCAWcwHwYDVR0jBBgwFoAUEIEpKsESDXLNNYK1lVhZbvegSgYwHQYDVR0OBBYEFM+46OaWonb/UYfSkJntr3IB4DdJMD0GCCsGAQUFBwEBBDEwLzAtBggrBgEFBQcwAYYhaHR0cDovL29jc3AuZWNvbm9taaWEuZ29iLm14OjgwODIvMEAGA1UdHwQ5MDcwNaAzoDGGL2h0dHBzOi8vd3d3LmFjcjJzS5lY29ub21pYS5nb2IubXgvZWNvbm9taWEuY3JsMFEGA1UdIARKMEgwRgYJYINkZQqCPAoBMDkwNwYIKwYBBQUHAgEWK2h0dHBzOi8vd3d3LmFjcjJzSJ5lY29ub21pYS5nb2IubXgvY3BzLmh0bWwwHQYDVR0IBBYwFAYIKwYBBQUHAwQGCCsGAQUFBwMCMA8GA1UdEwEB/wQFMAMCAQAwDgYDVR0PAQH/BAQDAgPoMBEGCWCGSAGG+EIBAQQEAwIFoDANBgkqhkiG9w0BAQsFAAOCAgEAAXsMZLr+7kqYLJSMl09jjFEg7lJmgG9+6KyB19Vt7ejgtvAtZXVzn3EDsU75tsfTUeK7bNj6NJvwnAKjnZu3UiYr6nsBc5EU13Sv90m/KjncWtxyhk5c18KrggfPUDQrUXtkgrPIihClLiYCCEK+vPEx9mUwSrEnSqtwbfF9RcMiKSGazd5e7uQc58FJImoQxNTb+eKGwdEQy/WYY1+Wqiec62lNVGFYgGecEfl3+TBFXAz4uhNWx0gMPmL37vK3yjHtP4U4NZvP0iEE+nQnBj0674T4aFNvFmXy60zanffZMWENrqv4LA81jmQkEe4uM0YB3tpjrb+3TIL+aPVNqBDZUkUhZjP48JPrEBV52DSs4LNNSOd5nJVd0skUZ+1rXgw5Y8y1NL9aH1L09hzfvsuZv2KLRBRBPuJJjPGyRVXuFnzWAzFbDWLQ8tWEp17m9tEnO+xwAG7LdQAyxlJdjYgLhvXtctnKS5+6KHF/57dYqCM2yfi9nlm5cdl//LstaGDfL7U1Tb+Nl4pg3pi1jvPiqEyJ2NOXiJallwld7q6AqvyM1zO4OT19DFsYZ01a0oQYQlxDANMGr2DqlI3d7IYdMSASxtVaCLQkiizjdHxxkDux8bwtNky6pDnHLulOHuY74WLFx0t1wGtWTR2cW9NtAdQzkJbExqZ5Q1lVzWihggQOMIIC9gIBATCB66GBw6SBwDCBvTERMA8GA1UEBRMINTAwMC00MDIxGDAWBgNVBAcTD1NhbnRhRhlENhdGFyaW5hIDETMBEGA1UECBMKTnVldm8gTGVvbjELMAkGA1UEBhMCTVgxGDAWBgNVBAMTD0NDTURBSUZQUkINQVJJTzEwMC4GA1UECxMnbkNpcGhlciBTZWN1cml0eSBUU1MgRVNOOjc4NDktODU2Mi1EM0I3MSAwHgYDVQQKExdJbnRlcmZhY3R1cmEgU0FQSSBkZSBDVqljCgEBMAcGBSsOAwIaAxUAnLGh8gdeQYLsQIjZ1Y3MGoTVDqqgggFRMIIBTaSCAUkwggFFMRcwFQYDVQQHEw5BbHZhcm8gT2JyZWdvbjEZMBcGA1UECBMQQ2l1ZGFkIGRllE1leGljbzELMAkGA1UEBhMCTVgxDjAMBgNVBBETBTAxMDMwMSswKQYDVQQKEyJJbnN1cmdlbnRlcyBTdXIgMTk0MCwgQ29sLiBGbG9yaWRhMUcwRQYDVQQDEz5BdXRvcmlkYWQgQ2VydGlmaWNhZG9yYSBSYWl6IFNlZ3VuZGEgZGUgU2VjcmV0YXJpYSBkZSBFY29ub21pYTE0MDIGA1UECxMrRGlyZWNjaW9uIEdlbmVyYWwgZGUgTm9ybWF0aXZpZGFkIE1lcmNhbnRpbEPfEfMB0GA1UEChMWU2VjcmV0YXJpYSBkZSBFY29ub21pYTElMCMGCSqGSlb3DQEJARYWYWNyMnNlQGVjb25vbWlhLmdvYi5teDANBgkqhkiG9w0BAQsFAAIFAO2Vj6YwIhgPMjAyNjA0MjQwNjQzNTBaGA8yMDI2MDQyNTA2NDM1MFowdDA6BgorBgEEAYRZCgQBMSwwKjAKAgUA7ZWPpgIBADAHAgEAAgIFBjAHAgEAAgIRkDAKAgUA7ZbhJgIBADA2BgorBgEEAYRZCgQCMSgwJjAMBgorBgEEAYRZCgQMCoAowCAIBAAIDB6EgoQowCAIBAAIDAYagMA0GCSqGSlb3DQEBCwUAA4IBAQAGTuHzenfEkil5DaaDEFVWwU+MOklwBFinJfxtAwOrTdB5c/poTGScDVSCizVTqwotAs+dnKZ9oM3fZXt8pJD1zVhgOwP8Zd4rDEfeKvVg+qgNxeELNe4NBEKc3wQ8z6frGwAf/HX0bL4O9bFeIwJFPJceltJnrzFx0Hrczj2JwEVVe697b0gAyNWnMsqs/95olDorve556etWyAgk0OP697NOHx5pyWUWqdu6x1lN9ARuefvYye0G6eFPgbNOTVxJqHlq8XNw85seQ+l4bsY3998/p7dpljZcSvsgLnrLrio7hT+uNtGu7XzCWRlpDtlgH1GCk7A1Q+HOWPSmSzTEMYlFizCCBYcCAQEwggFNMIIBRTEXMBUGA1UEBxMOQWx2YXJvIE9icmVnb24xGTAXBgNVBAgTEENpdWRhZCBkZSBNZXhpY28xCzAJBgNVBAYTAk1YMQ4wDAYDVQQREwUwMTAzMDErMCkGA1UECRMiSW5zdXJnZW50ZXMgU3VylDE5NDAsIENvbC4gRmxvcmlkYTFHMEUGA1UEAxM+QXV0b3JpZGFkIENlcnRpZmljYWRvcmEgUmFpeiBTZWd1bmRhIGRllEVjb25vbWlhMUcwRQYDVQQDEz5BdXRvcmlkYWQgQ2VydGlmaWNhZG9yYSBSYWl6IFNlZ3VuZGEgZGUgU2VjcmV0YXJpYSBkZSBFY29ub21pYTE0MDIGA1UECxMrRGlyZWNjaW9uIEdlbmVyYWwgZGUgTm9ybWF0aXZpZGFkIE1lcmNhbnRpbEPfEfMB0GA1UEChMWU2VjcmV0YXJpYSBkZSBFY29ub21pYTElMCMGCSqGSAFIAwQCAQUAoIICDTAaBgkqhkiG9w0BCQMxDQYLKoZIhvcNAQkQAQQwLwYJKoZIhvcNAQkEMSIEIO73kG4s1E4ExPRMuc4FHvJj2rjF4hYyGf6XeKm8O08PMIIBvAYLKoZIhvcNAQkQAi8xggGrMIIBpzCCAAmwggF7BCAlqu7q4YNZI78/TlZStXA7d7NxOx53AX6B5Lpi+fjqSTCCAVUwggFNplIBSTCCAUUxFzAVBgNVBAcTDkFsdmFybyBPYnJlZ29uMRkwFwYDVQQIExBDaXVkYWQgZGUgTWV4aWNvMQswCQYDVQQGEwJNWDEOMAwGA1UEERMFMDEwMzAxKzApBgNVBAkTIkluc3VyZ2VudGVzIFN1ciAxOTQwLCBDb2wulEZsb3JpZGEzMxJpZGEzGExRzBFBgNVBAMTPkF1dG9yaWRhZCBDZXJ0aWZpY2Fkb3JhIFJhaXogU2VndW5kYSBkZSBTZWNyZXRhcmlhIHIGRIIEVjb25vYmlhMSUwIwYJKoZIhvcNAQkBFhZhY3lyc2VAZWNvbm9taWEuZ29iLm14AlhzBCDjVYOnT+SyhmYOlO2cDJFyuhBNT1myFqYucUT1dQXPdDANBgkqhkiG9w0BAQsFAASCAgClzPU6VnNoM7Pj7zcmb150hppSRWlpRQ5UAHQ8tDiHjhHbDT6P7HVCnZMmkaqDlxvrGze6MJMyeTNTRVglZCRRLPEDSljo6j3MXdlcdOWlsx6rtGcDeSYaTc3j7pFzwpWtF6c4RHiGJ22iBn3NCmvjMUHLUCbRxCWcZvgq7u85iD96NYHrQLr9HM6THYzzcidQnIApd36MDrh2k05DrgZOmjtfTBrSrhY20GAUubd2jTkNaUde/LJDWANmt0pWAWxXYomPd2/Zh3625t+B0FQPUoci4F+LwvHoj0ZXuJtPPm28iiOa07yyD47TraaLm/K3s7BY9y+lX2/+wTpGWoGDDmvf4Bza1J6n7PDvmnnvoQsWZCO2xpXCm2mtsKn5KutZerApf20ivbxfw+S6lVvyxPyqdLBnsJ1xl/nynJiflSTVDKU4EJyPEz+k058ce0MQVQZDqZ0wlGpF7zT635BCrpE30DfW2NtlERH88VLEHyiloevUFASsOLAiAPnXDUiwWMYKf5NcVEJQtFlehLBianSGjNtdfNtQOzB6DcR3Qzy3+5VY5lXL+BWp/AX18RH1JBfKix7vVxeTUkshfWoaCLYXEv/ndj1EslSyqHU5ZwbL1ObnN2BFXPY/b7K1nbNBCEp44+jTMyCdnbRleLPiE+2Tx+00DPGzMaoUzmVyxg==

PSC

Proveedor de Servicios de Certificación (PSC) Interfactura, S.A. de C.V. en su carácter de prestador de Servicios de Certificación de los Servicios de Expresión de Sellos Digitales de Tiempo y de Constancias de Conservación de Mensajes de Datos emitidas de conformidad con la NOM-151-SCFI-2016 acreditado por la Secretaría de Economía en el DOF del 26 de marzo de 2021.

## Verificación

Verifica en tiempo real la(s) firma(s) en Línea directamente en www.literax.com o:

**1. Escaneando el QR**



**2. Por medio del siguiente enlace**

URL

https://literax.origon.cloud/validator/uuid

Código de verificación

VZlPbDZiV6GQrpd

**3. Cargando archivos PDF y XML a**

URL

https://literax.origon.cloud/validator/xml

Verificación de la(s) Constancia(s) de Conservación:

1. Leer el código **QR** desde su dispositivo móvil.

2. Copiar la Huella Digital Original y el resultado del proceso de la NOM-151 en el enlace https://verificationn151.interfactura.com/ o directamente en www.psc.interfactura.com.

*EXHIBIT B*

1

--------------------**ESCRITURA** NÚMERO **DIECINUEVE MIL CUATROCIENTOS**

----------------------------**VOLUMEN** NÚMERO **QUINIENTOS**

---------------------------------------------**FOLIO** NÚMERO                               -------------------------------EGR/rrp---

---ACTO: **PROTOCOLIZACIÓN DE ACTA DE ASAMBLEA GENERAL ORDINARIA DE ACCIONISTAS**. ------

---OTORGANTE: **"DEMAR INSTALADORA Y CONSTRUCTORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**. -----------------------------------------------------------------------------------------------------------------------

---En la ciudad de Naucalpan, a                  de abril de dos mil veintiséis, **YO**, licenciada **ROSA MARÍA REED PADILLA**, titular de la **NOTARÍA PÚBLICA** número **CIENTO SIETE** del **ESTADO DE MÉXICO**, con residencia en esta localidad, HAGO CONSTAR: ----------------------------------------------------------------------------------------------

---Que **ANTE MÍ** comparece la señora **AMADA JOSEFA FERRERA GUNNARSEN**, como delegada especial de la Asamblea General Ordinaria de Accionistas de "**DEMAR INSTALADORA Y CONSTRUCTORA**", **SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, celebrada el trece de abril de dos mil veintiséis, y me solicita llevar a cabo la **PROTOCOLIZACIÓN** del acta levantada de dicha asamblea, lo cual realizo con sujeción a lo siguiente: ------------------------------------------------------------------------------------------------------------------------

------------------------------------------------------------ **P R O T E S T A** ------------------------------------------------------------

---Para los efectos del artículo setenta y nueve, fracción octava de la Ley del Notariado del Estado de México, la compareciente declara bajo protesta de decir verdad que los antecedentes y manifestaciones que hace con relación al presente instrumento son verídicos y que fue apercibida por la suscrita de las penas en que incurren quienes declaran con falsedad. ------------------------------------------------------------------------------------------------------------

------------------------------------------------------- **A N T E C E D E N T E S** -------------------------------------------------------

---**I.- CONSTITUCIÓN DE LA SOCIEDAD**.- Por acta número mil setenta y siete, de fecha ocho de marzo de mil novecientos noventa, otorgada ante la licenciada María Guadalupe Ponce Torres, entonces notaria número cuarenta y uno del distrito de Tlalnepantla, Estado de México, cuyo primer testimonio quedó inscrito el siete de septiembre de mil novecientos noventa, en el folio mercantil número ciento treinta y dos mil cuatrocientos ochenta y seis del Registro Público de Comercio del entonces Distrito Federal (hoy Ciudad de México), se hizo constar la constitución de **"DEMAR INSTALADORA Y CONSTRUCTORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, con domicilio en México, Distrito Federal (hoy Ciudad de México), duración noventa y nueve años, cláusula de admisión de extranjeros, con el capital y el objeto social precisados en dicha escritura, de la que en lo conducente copio lo siguiente: "…CAPITULO III.- ASAMBLEAS GENERALES DE ACCIONISTAS.- SÉPTIMO.- EL ORGANO SUPREMO DE LA SOCIEDAD ES LA ASAMBLEA GENERAL DE ACCIONISTAS, LA CUAL CELEBRARA REUNIONES QUE SERAN ORDINARIAS Y EXTRAORDINARIAS. LAS ASAMBLEAS GENERALES ORDINARIAS SERAN LA (ASÍ) QUE TENGAN POR OBJETO TRATAR CUALESQUIER ASUNTO DE LOS ENUMERADOS EN EL ARTÍCULO CIENTO OCHENTA Y UNO DE LA LEY GENERAL DE SOCIEDADES MERCANTILES, O CUALESQUIER OTROS QUE NO SEAN DE LOS ENUMERADOS EN EL ARTICULO CIENTO OCHENTA Y DOS DE DICHO ORDENAMIENTO O DE LOS RESERVADOS A LA ASAMBLEA EXTRAORDINARIA DE ACCIONISTAS, POR ESTOS ESTATUTOS Y PODRAN REUNIRSE EN CUALQUIER TIEMPO, PERO DEBERAN CELEBRARSE, POR LO MENOS, UNA VEZ AL AÑO DENTRO DE LOS CUATRO MESES SIGUIENTES A LA CLAUSURA DEL EJERCICIO SOCIAL, A FIN DE QUE UNA ASAMBLEA GENERAL ORDINARIA SE CONSIDERE LEGALMENTE REUNIDA, SERA NECESARIO QUE ESTEN REPRESENTADAS CUANDO MENOS EL CINCUENTA Y CINCO POR CIENTO DE LAS ACCIONES EMITIDAS, Y EN CIRCULACION, Y PARA QUE LAS RESOLUCIONES SE CONSIDEREN VALIDAS, SE NECESITARA EL VOTO AFIRMATIVO DE LA MAYORÍA DE LAS ACCIONES REPRESENTADAS. LAS ASAMBLEAS GENERALES EXTRAORDINARIAS SERAN LAS QUE TENGAN POR OBJETO TRATAR CUALESQUIERA DE LOS ASUNTOS ENUMERADOS EN EL ARTICULO CIENTO OCHENTA Y DOS DE LA LEY GENERAL DE SOCIEDADES MERCANTILES, A FIN DE QUE UNA ASAMBLEA GENERAL EXTRAORDINARIA SE CONSIDERE LEGALMENTE REUNIDA, SERA NECESARIO QUE ESTE REPRESENTADO, POR LO MENOS EL SETENTA Y CINCO POR CIENTO DE LAS ACCIONES EMITIDAS, Y PARA QUE LAS RESOLUCIONES DE DICHAS ASAMBLEAS SE CONSIDEREN VALIDAS SE NECESITARA EL VOTO AFIRMATIVO DE ACCIONES QUE REPRESENTEN EL CINCUENTA Y CINCO POR CIENTO DEL CAPITAL SOCIAL, COMO MINIMO.- - - OCTAVO.- LAS ASAMBLEAS GENERALES DE ACCIONISTAS SE VERIFICARAN DE ACUERDO CON LAS SIGUIENTES REGLAS: 1.- SE REUNIRAN EN EL DOMICILIO SOCIAL DE LA COMPAÑIA SALVO CASO FORTUITO O DE FUERZA MAYOR Y SERAN CONVOCADAS

2

POR EL ADMINISTRADOR UNICO, O POR EL CONSEJO DE ADMINISTRACION SI LO HUBIERE, EL PRESIDENTE, UNO DE LOS VICE-PRESIDENTES, EL SECRETARIO, EL COMISARIO O CONFORME A LO ESTABLECIDO POR LOS ARTICULOS CIENTO SESENTA Y OCHO, CIENTO OCHENTA Y CUATRO Y CIENTO OCHENTA Y CINCO DE LA LEY GENERAL DE SOCIEDADES MERCANTILES, POR MEDIO DE LA PUBLICACION DE LA CONVOCATORIA EN EL DIARIO OFICIAL DE LA FEDERACION O EN UN PERIODICO DE LOS DE MAYOR CIRCULACION DEL DOMICILIO DE LA SOCIEDAD AUNQUE NO SEA EDITADO EN EL, CON QUINCE DÍAS DE ANTICIPACIÓN CUANDO MENOS A LA FECHA DE LA ASAMBLEA, QUE CONTENDRA LA FECHA, HORA Y LUGAR DE LA ASAMBLEA Y EL ORDEN DEL DIA Y SERA FIRMADA POR QUIEN LA HAGA; 2.- CUANDO LOS CONCURRENTES A UNA ASAMBLEA REPRESENTEN EL TOTAL DE LAS ACCIONES EMITIDAS, NO SERA NECESARIA LA CONVOCATORIA NI TAMPOCO LO SERA EN EL CASO DE QUE UNA ASAMBLEA SUSPENDIDA POR CUALQUIER CAUSA, DEBA CONTINUARSE EN HORA, Y FECHA DIFERENTES. EN CUALQUIERA DE ESTOS DOS CASOS SE HARA CONSTAR EL HECHO EN EL ACTA CORRESPONDIENTE; 3.- LOS ACCIONISTAS PODRAN CONCURRIR A LA ASAMBLEA PERSONALMENTE O POR MEDIO DE APODERADO CON PODER GENERAL O ESPECIAL, BASTANDO EN ESTE ULTIMO CASO UNA SIMPLE CARTA PODER FIRMADA POR EL ACCIONISTA. 4.- PARA SER ADMITIDOS LOS ACCIONISTAS A LA ASAMBLEA BASTARA QUE ESTOS ESTEN INSCRITOS EN EL LIBRO DE REGISTRO DE ACCIONES Y ACCIONISTAS COMO DUEÑOS DE UNA O MAS ACCIONES, O COMPROBAR SU CALIDAD DE ACCIONISTAS CON LA PRESENTACION DE LOS TITULOS DE LAS ACCIONES O DE CUALQUIER OTRA MANERA LEGAL. 5.- ANTES DE INSTALARSE LA ASAMBLEA, EL FUNCIONARIO QUE LA PRESIDA NOMBRARA A UNO O MAS ESCRUTADORES QUIENES CERTIFICARAN EL NUMERO DE ACCIONES REPRESENTADAS Y FORMULARAN LA LISTA DE LOS CONCURRENTES, CON EXPRESION DEL NUMERO DE ACCIONES QUE CADA UNO REPRESENTE. 6.- UNA VEZ QUE SE HAGA CONSTAR LA ASISTENCIA NECESARIA O QUORUM, EL PRESIDENTE DECLARARA LEGALMENTE REUNIDA LA ASAMBLEA Y PROCEDERA A DESAHOGAR EL ORDEN DEL DIA, PRESIDIENDO LOS ACUERDOS Y DEBATES.- 7.- PRESIDIRA LA ASAMBLEA EL ADMINISTRADOR UNICO, EL PRESIDENTE DEL CONSEJO DE ADMINISTRACION SI LO HUBIERE, EL PRESIDENTE DE LA COMPAÑIA, Y EN SU DEFECTO LOS VICE-PRESIDENTES, EN EL ORDEN DE SU NOMBRAMIENTO, Y A FALTA DE ESTOS, LA PERSONA QUE ELIJA LA MISMA ASAMBLEA, SERA SECRETARIO DE LA ASAMBLEA, EL SECRETARIO DE LA COMPAÑIA Y EN AUSENCIA EL QUE ELIJA LA MISMA ASAMBLEA. 8.- DE CADA ASAMBLEA GENERAL EL SECRETARIO LEVANTARA UN ACTA Y FORMULARA UN EXPEDIENTE. EL EXPEDIENTE SE COMPONDRA DE LOS SIGUIENTES DOCUMENTOS: A) UN EJEMPLAR DEL PERIODICO EN QUE SE HUBIERE PUBLICADO LA CONVOCATORIA, CUANDO FUERE ESTE EL CASO; B).- LA LISTA DE ASISTENCIA DE LOS ACCIONISTAS; C).- LAS CARTAS PODER QUE SE HUBIEREN PRESENTADO, O EXTRACTO CERTIFICADO POR EL SECRETARIO O EL ESCRUTADOR, DEL DOCUMENTO QUE ACREDITE LA PERSONALIDAD; D).- UNA COPIA DEL ACTA DE LA ASAMBLEA; E).- LOS INFORMES, DICTAMENES Y DEMAS DOCUMENTOS QUE NO HUBIEREN PRESENTADO EN LA ASAMBLEA; 9.- SI POR CUALQUIER MOTIVO DEJARE DE INSTALARSE UNA ASAMBLEA CONVOCADA LEGALMENTE, SE LEVANTARA TAMBIEN ACTA EN QUE CONSTE EL HECHO Y SUS MOTIVOS, Y SE FORMARA UN EXPEDIENTE DE ACUERDO CON EL INCISO OCHO ANTERIOR; 10.- LAS RESOLUCIONES DE LA ASAMBLEA GENERAL TOMADAS EN LOS TERMINOS DE ESTA ESCRITURA OBLIGAN A TODOS LOS ACCIONISTAS, AUN A LOS AUSENTES O DISIDENTES, Y SERAN DEFINITIVAS Y SIN ULTERIOR RECURSO, QUEDANDO AUTORIZADO EN VIRTUD DE ELLAS EL ADMINISTRADOR UNICO O EL CONSEJO DE ADMINISTRACION SI LO HUBIERE, PARA TOMAR LOS ACUERDOS; DICTAR LAS PROVIDENCIAS Y HACER GESTIONES O CELEBRAR, LOS CONTRATOS NECESARIOS PARA LA EJECUCION DE LOS ACUERDOS APROBADOS; 11.- TRATANDOSE DE SEGUNDAS O ULTERIORES CONVOCATORIAS, PARA LA VALIDA CELEBRACION DE ASAMBLEA ORDINARIA, SE REQUERIRA QUE LAS RESOLUCIONES SEAN APROBADAS POR EL VOTO DE LA MAYORIA DE LAS ACCIONES QUE SE ENCUENTREN REPRESENTADAS EN LA ASAMBLEA, TRATANDOSE DE ASAMBLEAS EXTRAORDINARIAS DE ACCIONISTAS REUNIDAS EN VIRTUD DE SEGUNDA O ULTERIORES CONVOCATORIAS, PARA SU VALIDA CELEBRACION SE REQUERIRA QUE LAS RESOLUCIONES SEAN APROBADAS POR EL VOTO DE LAS ACCIONES QUE REPRESENTEN POR LO MENOS EL CINCUENTA Y CINCO POR CIENTO DEL CAPITAL SOCIAL.- - ...CLAUSULAS TRANSITORIAS...TERCERA.- SE DESIGNA COMO ADMINISTRADOR UNICO DE LA SOCIEDAD AL SEÑOR MARINO AGUSTIN FERNANDEZ AGUILAR,

3

QUIEN ACEPTA EL CARGO, PROTESTA SU FIEL DESEMPEÑO...". -------------------------------------------------
---**II**.- **AUMENTO DE CAPITAL EN SU PARTE VARIABLE**.- Por acta número cuatro mil quinientos setenta, de fecha veintinueve de enero de mil novecientos noventa y dos, otorgada ante la misma notaria que la anterior, se hizo constar el aumento del capital social en su parte variable, en la cantidad de ciento ochenta millones de pesos (actualmente ciento ochenta mil pesos), que sumados al capital fijo de veinte millones de pesos (actualmente veinte mil pesos), el capital social quedó fijado en la cantidad de doscientos millones de pesos (actualmente doscientos mil pesos, moneda nacional). ----------------------------------------------------------------
---**III**.- **AUMENTO DE CAPITAL EN SU PARTE FIJA Y REFORMA ESTATUTARIA**.- Por acta número dos mil ciento diecinueve, de fecha diecisiete de octubre de mil novecientos noventa y cuatro, otorgada ante el licenciado Jorge Reed Chavarría, entonces notario número cuarenta y tres del distrito de Tlalnepantla, Estado de México, cuyo primer testimonio quedó inscrito el veintinueve de noviembre de mil novecientos noventa y cuatro, en el folio y registro antes mencionado, se hizo constar la protocolización del acta de la asamblea general extraordinaria de accionistas de **"DEMAR, INSTALADORA Y CONSTRUCTORA"**, **SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, celebrada el veintinueve de septiembre de mil novecientos noventa y cuatro, en la que entre otros puntos se acordó aumentar el capital social en su parte fija hasta la cantidad de un millón ochocientos veinte mil pesos, que sumados al capital variable de ciento ochenta mil pesos, el capital social total quedó fijado en la cantidad de dos millones de pesos, moneda nacional, así como reformar los artículos quinto, décimo primero y décimo cuarto de los estatutos sociales. ------------------------------------------------
---**IV**.- **AUMENTO DE CAPITAL SOCIAL EN SU PARTE FIJA Y MODIFICACIÓN AL OBJETO SOCIAL**.- Por acta número tres mil quinientos uno, de fecha ocho de diciembre de mil novecientos noventa y siete, otorgada ante la suscrita, entonces notaria interina de la notaría número cuarenta y tres del distrito de Tlalnepantla, Estado de México, cuyo primer testimonio quedó inscrito el treinta de diciembre de mil novecientos noventa y siete, en el folio y registro antes mencionados, se hizo constar la protocolización del acta de la asamblea general extraordinaria de accionistas de **"DEMAR, INSTALADORA Y CONSTRUCTORA"**, **SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, celebrada el diecinueve de noviembre de mil novecientos noventa y siete, en la que entre otros puntos se acordó aumentar el capital fijo de la sociedad a la suma de diez millones de pesos, moneda nacional, representado por acciones comunes, nominativas, con valor nominal de un peso, cada una, reformándose al efecto el artículo quinto de los estatutos sociales, así como ampliar el objeto social, reformándose al efecto el artículo tercero de los estatutos sociales, para quedar redactado en los términos precisados en dicho instrumento. --------------------------------------------------------------------------------------------------
---**V**.- **RATIFICACIÓN DE ADMINISTRADOR ÚNICO**.- Por acta número nueve mil novecientos noventa y dos, de fecha veinticuatro de mayo de dos mil doce, otorgada ante la suscrita notaria, se hizo constar la protocolización del acta de la asamblea general ordinaria de accionistas de **"DEMAR INSTALADORA Y CONSTRUCTORA"**, **SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, celebrada el ocho de septiembre de dos mil once, en la que entre otros puntos se acordó reelegir al ingeniero Marino Agustín Fernández Aguilar como Administrador Único y al ingeniero Denis Antonio Chow Flores, como Comisario de la sociedad. -----------
---**VI**.- **DESIGNACIÓN DEL CONSEJO DE ADMINISTRACIÓN Y COMISARIO**.- Por acta número diez mil ochocientos noventa y dos, de fecha veinte de marzo de dos mil catorce, otorgada ante la suscrita, cuyo primer testimonio quedó inscrito el treinta de mayo de dos mil catorce, en el folio mercantil y registro antes mencionados, se hizo constar la protocolización del acta de la asamblea general ordinaria de accionistas de **"DEMAR INSTALADORA Y CONSTRUCTORA"**, **SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, celebrada el quince de octubre de dos mil trece, en la que entre otros puntos se acordó designar al Consejo de Administración, el cual quedó integrado por las personas y con los cargos siguientes: Presidente: Denis Antonio Chow Flores, Tesorero: Marino Agustín Fernández Aguilar, Vocal: Carlos Su Nava, Vocal: Raúl Hernández Peralta, Vocal: Yannel Oyervides Vega, Vocal Independiente: Mariano Ruiz-Funes Macedo, Vocal Independiente: Francisco Javier Hernández Franco y de Secretario sin cargo de Consejero: Francisco Arce Gurza. Asimismo, se designó como nuevo Comisario de la Sociedad al señor Bernardo Soto Peñafiel. -----------
---**VII**.- **MODIFICACIÓN AL OBJETO SOCIAL**.- Por escritura número quince mil trescientos, de fecha veintiocho de octubre de dos mil veintiuno, otorgada ante la suscrita notaria, cuyo primer testimonio quedó inscrito el día siete de marzo de dos mil veintidós, en el citado folio mercantil "132486" (ciento treinta y dos mil cuatrocientos ochenta y seis) y registro antes mencionado, se hizo constar la protocolización del acta de la asamblea general extraordinaria de accionistas de "DEMAR, INSTALADORA Y CONSTRUCTORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, celebrada el veinticuatro de septiembre de dos mil veintiuno, en la que se acordó ampliar

4

el objeto social, reformándose al efecto el artículo tercero de los estatutos sociales, para quedar redactado en los términos siguientes: "..."ARTÍCULO TERCERO.- El objeto de la Sociedad será: I. La prestación dentro de la industria pública y privada de Hidrocarburos y Energía de toda clase de servicios relacionados con la ingeniería, procura, construcción, prefabricación, instalación, interconexión, arranque, puesta en operación, manejo y mantenimiento de plataformas marinas e instalaciones terrestres, incluyendo el tendido de tuberías y cables submarinos, relacionadas con la exploración, extracción y producción de petrolíferos; II. Manejo y operación de embarcaciones de construcción, posicionamiento dinámico, abastecimiento y tripulación, así como de barcazas, chalanes y cualquier otro tipo de embarcaciones relacionadas con la actividad; III. La operación de construcciones costa fuera, para equipos de perforación tendido e instalación de tubería; oleoductos, gaseoductos, servicios relacionados con la operación y explotación de plantas de beneficio, fundición o cualquier otra planta que lo requiera; IV. La obtención de concesiones, permisos, autorizaciones, cesiones parciales de derechos, subsidios y franquicias legales relacionados con las actividades de su objeto social y adquirir por cualquier título legal, incluso por concesión del poder público, el dominio directo sobre tierras, aguas o a sus accesiones y explotarlos, ya sean para irrigación, para generar fuerza motriz o para objetos industriales. Para llevar a cabo el Objeto Social, la sociedad podrá realizar en forma enunciativa más no limitativa, lo siguiente: 1. Endosar, aceptar y avalar toda clase de títulos de crédito y garantizar obligaciones, bien sea de la sociedad o de terceros y poder constituirse como obligada solidaria a favor de terceros con la investigación de las instituciones especificadas por la ley cuando ello sea necesario directamente o relacionada con el objeto de la sociedad; 2. Expandir y/o suscribir obligaciones de terceros por cualquier medio incluyendo aval; 3. Obtener o conceder toda clase de préstamos o créditos con o sin garantía específica; 4. Emitir, girar, aceptar, endosar o avalar pagarés, cheques, letras de cambio, obligaciones y toda clase de títulos de crédito; 5. Otorgar fianzas y garantías de cualquier clase respecto de obligaciones a cargo de la sociedad o de terceros, actuando además como obligado solidario para avalar, certificar, girar, emitir, endosar, aceptar o por cualquier otro título suscribir títulos de crédito, así como fungir como obligado solidario en los actos que considere pertinente; 6. Solicitar, obtener y otorgar préstamos con o sin garantía; 7. Disponer de cualquier forma de todo tipo o parte de los negocios y bienes y operaciones de la sociedad; 8. Establecer sucursales, empresas, subsidiarias, agencias y representaciones dentro de la república o en el extranjero; 9. La adquisición y arrendamiento de bienes muebles e inmuebles, para llevar a cabo el objeto social; 10. La adquisición de acciones y participaciones en sociedades y empresas; 11. Servicios de avituallamiento naval; 12. Celebración de todo tipo de contratos mercantiles que le permitan cumplir su objeto social.". -------------------------------------------------------------------------------------------------

---VIII.- **ACTA QUE SE PROTOCOLIZA**.- La compareciente me exhibe en tres fojas impresas sólo por el anverso, en unión de su lista de asistencia, del acta levantada relativa a la Asamblea General Ordinaria de Accionistas de **"DEMAR INSTALADORA Y CONSTRUCTORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE,** celebrada el trece de abril de dos mil veintiséis, que agrego al apéndice con la **letra "A"**, cuya protocolización me solicita de conformidad con lo dispuesto en el artículo ciento noventa y cuatro de la Ley General de Sociedades Mercantiles, la cual literalmente dice: ----------------------------------------------------------------

**"ACTA DE LA ASAMBLEA GENERAL ORDINARIA DE ACCIONISTAS DE "DEMAR INSTALADORA Y CONSTRUCTORA S.A. DE C.V." CELEBRADA EL 13 DE ABRIL DE 2026 A LAS 12:00 HORAS. -------------**

**ASISTENCIA.** Asistieron o estuvieron debidamente representados los accionistas propietarios de la totalidad de las acciones en que se divide el capital social, como se hace constar en la lista de asistencia que se agrega al apéndice de la presente acta. ----------------------------------------------------------------------------------

Asistieron también los señores Francisco Arce Gurza y Hugo Israel Jiménez García, el primero como invitado y el segundo en calidad de Comisario de la sociedad. ------------------------------------------------------------

**PRESIDENCIA Y SECRETARÍA.** Presidió la Asamblea el señor Denis Antonio Chow Flores y actuó como Secretario el señor Francisco Arce Gurza. --------------------------------------------------------------------------

**ESCRUTADOR.** El Presidente nombró escrutador al señor Francisco Arce Gurza, quien en su dictamen hizo constar que se encontraban presentes o debidamente representados los accionistas propietarios de la totalidad de las acciones en que se divide el capital social. ------------------------------------------------------------------

**QUORUM.** Tomando en consideración el dictamen del escrutador, y sin previa publicación de la convocatoria por encontrarse presente o debidamente representada la totalidad del capital social, el presidente declaró la Asamblea legalmente constituida bajo el siguiente: ----------------------------------------------------------------

----------------------------------------------------------**ORDEN DEL DÍA**----------------------------------------------------------

4

5

**ÚNICO.** Discusión y, en su caso, aprobación del otorgamiento de un Poder General Judicial para Pleitos y Cobranzas a favor de los licenciados en derecho Amada Josefa Ferrera Gunnarsen y Miguel Hernández Quezada, para que lo puedan ejercer separadamente o en forma conjunta, y se les nombre representantes de la sociedad en el extranjero e instruyan el *chapter 15* en los Estados Unidos de América, y la adopción de las medidas que la asamblea juzgue oportunas. ------------------------------------------------------------------------------------ ----------------------------------------------------------------------\*\*\*\*\*\*----------------------------------------------------------------------

**I. Discusión y, en su caso, aprobación del otorgamiento de un Poder General Judicial para Pleitos y Cobranzas a favor de los licenciados en derecho Amada Josefa Ferrera Gunnarsen y Miguel Hernández Quezada, para que lo puedan ejercer separadamente o en forma conjunta, y se les nombre representantes de la sociedad en el extranjero e instruyan el denominado *chapter 15* en los Estados Unidos de América, y la adopción de las medidas que la asamblea juzgue oportunas**. En uso de la palabra el presidente de la asamblea , e de  (así) "Demar Instaladora y Constructora S.A. de C.V.", señaló que: ----------

\* "Ocean Sub Sea Services, LLC" y JK Ingeniería, S.A. de C.V.", demandaron el Concurso Mercantil a "Demar Instaladora y Constructora S.A. de C.V.". ----------------------------------------------------------------------------------------

\* En acuerdo de 9 nueve de octubre de dos mil veinticinco (2025), se admitió a trámite la demanda de Concurso Mercantil en el expediente 18855/2025 del Juzgado Primero de Distrito en Materia de Concursos Mercantiles con Residencia en la Ciudad de México y jurisdicción en toda la República Mexicana y se dictaron providencias precautorias. ----------------------------------------------------------------------------------------------------------------------------

\* En sentencia de 23 veintitrés de marzo de dos mil veintiséis (2026), se declaró en Concurso Mercantil a "Demar Instaladora y Constructora S.A. de C.V." y se dejaron subsistentes las providencias precautorias dictadas. ------

\* Se tiene conocimiento que "Ocean Sub Sea Services, LLC", no obstante que demandó el mencionado concurso mercantil a "Demar Instaladora y Constructora S.A. de C.V.", en forma posterior promovió en su contra una demanda mercantil en el Estado de Texas, realizando un embargo en sus cuentas bancarias. ----------------

\* Derivado de ese actuar por parte de "Ocean Sub Sea Services, LLC", se considera necesario otorgar un poder general judicial para pleitos y cobranzas, para que para que se nombre representante de la sociedad en el extranjero y se instruyan el denominado *chapter 15* en los Estados Unidos de América, para atender la improcedente demanda mercantil interpuesta en el Estado de Texas en contra de "Demar Instaladora y Constructora S.A. de C.V.". ----------------------------------------------------------------------------------

\* Se propone que el referido poder sea otorgado a favor de los licenciados en derecho Amada Josefa Ferrera Gunnarsen y Miguel Hernández Quezada, para que lo puedan ejercer separadamente o en forma conjunta, y se les nombre representantes de la sociedad en el extranjero e instruyan el denominado *chapter 15* en los Estados Unidos de América. ----------------------------------------------------------------------------------------

Después de algunas deliberaciones al respecto, la Asamblea conformada por el total del capital de la sociedad, en forma unánime, adoptó el siguiente acuerdo: ------------------------------------------------------------------------------

**ACUERDO:** ------------------------------------------------------------------------------------------------------------------------------

**ÚNICO.** Se aprueba la propuesta de que "Demar Instaladora y Constructora S.A. de C.V." otorgue un Poder General Judicial para Pleitos y Cobranzas a favor de los licenciados en derecho Amada Josefa Ferrera Gunnarsen y Miguel Hernández Quezada, para que lo puedan ejercer separadamente o en forma conjunta, y se les nombre como representantes de la sociedad en el extranjero e instruyan el denominado *chapter 15* en los Estados Unidos de América. ----------------------------------------------------------------------------------------------------------- ----------------------------------------------------------------------\*\*\*\*\*\*----------------------------------------------------------------------

**REDACCIÓN Y AUTORIZACIÓN.** Una vez desahogado el Orden del Día, el Secretario procedió a redactar la presente acta y a circularla entre los accionistas. Una vez que obtuvo el voto aprobatorio de todos, el secretario, el presidente de la Asamblea y el Comisario procedieron a firmarla. Los accionistas por unanimidad de votos autorizaron a Francisco Arce Gurza y/o Amada Josefa Ferrera Gunnarsen para que, en caso necesario, acuda cualquiera de ellos indistintamente ante el Fedatario Público de su preferencia para protocolizar en lo conducente la presente acta. --------------------------------------------------------------------------------------------------

**CLAUSURA.** No habiendo otro asunto que tratar, se dio por terminada esta asamblea a las trece horas. -------- ----------------------------------------[FIRMA]---------------------------------------- [FIRMA]------------------------------------------ ------------------------Denis Antonio Chow Flores  -------------------- Francisco Arce Gurza ------------------------------------- ----------------------------------------Presidente ----------------------------------------Secretario ----------------------------------------- ----------------------------------------------------------------------[FIRMA]------------------------------------------------------------- ----------------------------------------------------------Hugo Israel Jiménez García ------------------------------------------------

5

6

-----------------------------------------------------------Comisario". -------------------------------------------------------

---Expuesto lo anterior, la compareciente otorga lo que se contiene en las siguientes: ---------------------------------

-----------------------------------------------------------C L Á U S U L A S ------------------------------------------------------

---**PRIMERA**.- A solicitud de la señora **AMADA JOSEFA FERRERA GUNNARSEN**, delegada especial de la Asamblea General Ordinaria de Accionistas de "**DEMAR INSTALADORA Y CONSTRUCTORA**", **SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, celebrada el trece de abril de dos mil veintiséis, queda protocolizada el acta levantada de dicha asamblea en los términos en que obra transcrita en el antecedente ocho romano de la presente escritura. ----------------------------------------------------------------------------------------------------------------

---**SEGUNDA**.- Como consecuencia de la protocolización consignada en la cláusula anterior, se formaliza la **APROBACIÓN DEL OTORGAMIENTO DE UN PODER GENERAL JUDICIAL PARA PLEITOS Y COBRANZAS A FAVOR DE LOS LICENCIADOS EN DERECHO AMADA JOSEFA FERRERA GUNNARSEN** Y **MIGUEL HERNÁNDEZ QUEZADA, PARA SER EJERCIDO CONJUNTA O SEPARADAMENTE, Y SE LES NOMBRA REPRESENTANTES DE LA SOCIEDAD EN EL EXTRANJERO E INSTRUYAN EL DENOMINADO "CHAPTER 15" EN LOS ESTADOS UNIDOS DE AMÉRICA,** en los términos redactados en dicha acta, que se tienen aquí por reproducidos como si a la letra se insertasen. ------------------------------------------------------------

---**TERCERA**.- Todos los gastos y honorarios que se causen con motivo de este instrumento son a cargo de la otorgante. -------------------------------------------------------------------------------------------------------------------------

----------------------------------------------------- C E R T I F I C A C I O N E S --------------------------------------------------

---**YO, LA NOTARIA DOY FE**: ---------------------------------------------------------------------------------------------------

---**I**.- De que conozco a la compareciente, cerciorándome además de su identidad con el documento que agrego en fotocopia al apéndice con la **letra "B"**, quien a mi juicio tiene capacidad legal para este acto, pues nada me consta en contrario y por sus generales declaró ser mexicana, hija de padres mexicanos, originaria de la Ciudad del Carmen, Estado de Campeche, donde nació el veinticuatro de octubre de mil novecientos sesenta y nueve, soltera, empleada, con domicilio en avenida Ejército Nacional número doscientos dieciséis, colonia Anzures, código postal once mil quinientos noventa, alcaldía Miguel Hidalgo, Ciudad de México, de paso por esta entidad, con Clave Única de Registro de Población: "FEGA691024MCCRNM07" (FEGA, sesenta y nueve, diez, veinticuatro, MCCRNM, cero siete), y Registro Federal de Contribuyentes: "FEGA691024LS5" (FEGA, sesenta y nueve, diez, veinticuatro, LS, cinco). ----------------------------------------------------------------------------------------------

---**II**.- De que lo relacionado e inserto concuerda fielmente con los originales que tuve a la vista y a los cuales me remito. -------------------------------------------------------------------------------------------------------------------------

---**III**.- Que la compareciente me manifiesta de manera expresa que su representada tiene capacidad legal, que las facultades con que comparece no le han sido revocadas, modificadas, ni limitadas en forma alguna hasta la fecha, y son tal como se asientan en el acta protocolizada, y que los estatutos de la sociedad no han tenido otras modificaciones distintas a las relacionadas. ----------------------------------------------------------------------------

---**IV**.- Que la compareciente manifestó que las firmas que calzan el documento protocolizado son de las personas a quienes se les atribuyen. ----------------------------------------------------------------------------------------------

---**V**.- Que para los efectos del artículo treinta y cuatro de la Ley de Inversión Extranjera, la compareciente manifiesta que su representada no tiene actualmente participación de inversión extranjera por lo que no está obligada a inscribirse en el Registro Nacional de Inversiones Extranjeras. ---------------------------------------------------

personas a quienes se atribuyen. ------------------------------------------------------------------------------------------------

---**VI**.- Que para dar cumplimiento a lo dispuesto en los apartados "B", fracción IX (nueve romano), "D", fracción V (cinco romano) del artículo veintisiete del Código Fiscal de la Federación y la Resolución Miscelánea Fiscal Vigente, hago constar que le solicité a la compareciente, me proporcionara la clave del Registro Federal de Contribuyentes, de los accionistas y de quien ejerza las facultades de representación y la constancia de situación fiscal respectiva, la Cédula de Identificación Fiscal o la Constancia de Registro Fiscal, declarando que las claves del Registro Federal de Contribuyentes, son: ------------------------------------------------------------------------

---DENIS ANTONIO CHOW FLORES**:** "COFD460401JV6" (COFD, cuarenta y seis, cero cuatro, cero uno, J V seis. ----------------------------------------------------------------------------------------------------------------------------------

---MARINO AGUSTÍN FERNÁNDEZ AGUILAR: "FEAM410716NV5" (FEAM, cuarenta y uno, cero siete, dieciséis, NV cinco). ------------------------------------------------------------------------------------------------------------------

---ROBERT DENNIS CHOW: "EXTF900101NI1" (EXTF, noventa, cero uno, cero uno, N I uno). --------------------

---AMADA JOSEFA FERRERA GUNNARSEN: "FEGA691024L16" (FEGA, sesenta y nueve, diez, veinticuatro, L dieciséis). -------------------------------------------------------------------------------------------------------------------------

6

7

---MIGUEL HERNÁNDEZ QUEZADA: "HEQM820430H21" (HEQM, ochenta y dos, cero cuatro, treinta, H veintiuno). -----------------------------------------------------------------------------------------------------------------------

---De lo cual me cercioré con los documentos que agrego en fotocopia al apéndice de esta escritura con la **letra "C"**. -----------------------------------------------------------------------------------------------------------------------------

---**VI**.- De que en cumplimiento de lo dispuesto por la Ley Federal de Protección de Datos Personales en Posesión de los Particulares, la compareciente manifiesta conocer el aviso de privacidad de la notaría, por lo que con la firma del presente instrumento otorga su consentimiento expreso con el tratamiento de sus datos personales para los efectos legales a que haya lugar. --------------------------------------------------------------

---**VII**.- De que habiendo leído la presente escritura a la compareciente y explicado el valor y fuerza legal de su contenido, se manifestó conforme y la firma el                    de su fecha, por lo que acto continuo la AUTORIZO DEFINITIVAMENTE en Naucalpan, Estado de México, con mi firma y sello.- DOY FE. ---------------

AMADA JOSEFA FERRERA GUNNARSEN

*[logo]*
NOTARY PUBLIC OFFICE 107
ROSA MARÍA REED PADILLA
NOTARY PUBLIC OFFICE 107 OF ESTADO DE MÉXICO

THIS IS **A CERTIFIED COPY** OF THE **DEED** CONTAINING THE **NOTARIZATION OF THE MINUTES OF THE ORDINARY GENERAL SHAREHOLDERS' MEETING** OF **"DEMAR INSTALADORA Y CONSTRUCTORA," SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, HELD ON THE THIRTEENTH OF APRIL OF TWO THOUSAND TWENTY-SIX. -----

| | |
|---|---|
| Instrument No. | 19450 |
| Volume No. | 540 |
| Page No. | 81 |
| Date: | 04/23/2026 |
| EGR/rrp* | |

Blvd. de los Misiones N° 129, fraccionamiento Loma Suave, Zip Code 53140, Naucalpan, Mexico
Tel. 55-53-95-03-52, 55-53-95-85-06, 55-53-95-81-12, and 55-55-57-75-89* www.notreed107.com.mx

*[stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN]*

1

---------------------------------------- **DEED NUMBER NINETEEN THOUSAND FOUR HUNDRED AND FIFTY** ----------------------------------------

---------------------------------------------------- **VOLUME NUMBER FIVE HUNDRED FORTY** ----------------------------------------------------

---------------------------------------------------- **FOLIO NUMBER EIGHTY-ONE**----------------------------EGR/rrp*----------------------

---- ACT: **NOTARIZATION OF THE MINUTES OF THE ORDINARY GENERAL SHAREHOLDERS' MEETING.**---------------------------------------------

---- GRANTOR: **"DEMAR INSTALADORA Y CONSTRUCTORA," SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE.**----------------------------------------

---- In the city of Naucalpan, on the twenty-third of April of two thousand twenty-six, **I, ROSA MARÍA REED PADILLA, NOTARY PUBLIC** number **ONE HUNDRED AND SEVEN** of **ESTADO DE MÉXICO**, residing in this locality, HEREBY CERTIFY:--------------------------------------------

---- That appearing **BEFORE ME** is **AMADA JOSEFA FERRERA GUNNARSEN**, as special delegate of the Ordinary General Shareholders' Meeting of "**DEMAR INSTALADORA Y CONSTRUCTORA**," **SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, held on April 13, 2026, and requests that I carry out the **NOTARIZATION** of the minutes of said meeting, which I hereby perform subject to the following:--------------------------

------------------------------------------------------------------------ **AFFIDAVIT** --------------------------------------------------------------

---- For the purposes of Article 79, Section 8 of the Notary Public Law of the Estado de México, the appearing party declares under oath that the facts and statements made in relation to this instrument are true and that she was warned by the undersigned of the penalties incurred by those who make false statements. -------------------------------------------------------------------------------------------

--------------------------------------------------------------------- **BACKGROUND**--------------------------------------------------------------

---- **I. INCORPORATION OF THE COMPANY**. By deed number one thousand seventy-seven, dated March 8, 1990, granted before Maria Guadalupe Ponce Torres, then Notary Public number forty-one of the district of Tlalnepantla, Estado de México, the first official copy of which was registered on September 7, 1990, in commercial folio number one hundred thirty-two thousand four hundred eighty-six of the Public Registry of Commerce of the then Federal District (now Mexico City), the incorporation of **"DEMAR INSTALADORA Y CONSTRUCTORA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, was notarized, with its registered office in Mexico City (formerly the Federal District), a duration of ninety-nine years, a clause permitting the admission of foreign shareholders, with the capital and corporate purpose specified in said deed, from which I hereby quote the following: "...CHAPTER III. GENERAL SHAREHOLDERS' MEETINGS.—SEVENTH.—THE SUPREME BODY OF THE CORPORATION IS THE GENERAL SHAREHOLDERS' MEETING, WHICH SHALL HOLD MEETINGS THAT ARE ORDINARY AND EXTRAORDINARY. ORDINARY GENERAL MEETINGS SHALL BE THOSE WHOSE PURPOSE IS TO ADDRESS ANY MATTER LISTED IN ARTICLE ONE HUNDRED AND EIGHTY-ONE OF THE GENERAL LAW ON COMMERCIAL COMPANIES, OR ANY OTHER MATTERS NOT LISTED IN ARTICLE ONE HUNDRED AND EIGHTY-TWO OF SAID LAW OR RESERVED FOR THE EXTRAORDINARY SHAREHOLDERS' MEETING BY THESE BYLAWS, AND MAY MEET AT ANY TIME, BUT MUST BE HELD AT LEAST ONCE A YEAR WITHIN FOUR MONTHS FOLLOWING THE CLOSING OF THE FISCAL YEAR. FOR AN ORDINARY GENERAL MEETING TO BE CONSIDERED LEGALLY CONVENED, AT LEAST FIFTY-FIVE PERCENT OF THE ISSUED AND OUTSTANDING SHARES MUST BE REPRESENTED, AND FOR RESOLUTIONS TO BE CONSIDERED VALID, THE AFFIRMATIVE VOTE OF A MAJORITY OF THE SHARES REPRESENTED SHALL BE REQUIRED. EXTRAORDINARY GENERAL MEETINGS SHALL BE THOSE HELD FOR THE PURPOSE OF ADDRESSING ANY OF THE MATTERS LISTED IN ARTICLE ONE HUNDRED EIGHTY-TWO OF THE GENERAL LAW ON COMMERCIAL COMPANIES, IN ORDER FOR AN EXTRAORDINARY GENERAL MEETING TO BE CONSIDERED LEGALLY CONVENED, AT LEAST SEVENTY-FIVE PERCENT OF THE ISSUED SHARES MUST BE REPRESENTED, AT LEAST SEVENTY-FIVE PERCENT OF THE ISSUED SHARES MUST BE REPRESENTED, AND FOR THE RESOLUTIONS OF SUCH MEETINGS TO BE CONSIDERED VALID, THE AFFIRMATIVE VOTE OF SHARES REPRESENTING AT LEAST FIFTY-FIVE PERCENT OF THE CAPITAL STOCK WILL BE REQUIRED. EIGHTH—GENERAL SHAREHOLDERS' MEETINGS SHALL BE CONDUCTED IN ACCORDANCE WITH THE FOLLOWING RULES: 1.—THEY SHALL BE HELD AT THE COMPANY'S REGISTERED OFFICE EXCEPT IN CASES OF ACTS OF GOD OR FORCE MAJEURE AND SHALL BE CONVENED

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

2

BY THE SOLE DIRECTOR, OR BY THE BOARD OF DIRECTORS IF ANY, THE CHAIRMAN, ONE OF THE VICE-CHAIRMEN, THE SECRETARY, THE STATUTORY AUDITOR, OR IN ACCORDANCE WITH THE PROVISIONS OF ARTICLES ONE HUNDRED SIXTY-EIGHT, ONE HUNDRED EIGHTY-FOUR, AND ONE HUNDRED EIGHTY-FIVE OF THE GENERAL LAW ON COMMERCIAL COMPANIES, BY PUBLISHING THE NOTICE IN THE OFFICIAL GAZETTE OF THE FEDERATION OR IN A NEWSPAPER WITH THE WIDEST CIRCULATION IN THE COMPANY'S DOMICILE, EVEN IF IT IS NOT PUBLISHED THERE, AT LEAST FIFTEEN DAYS PRIOR TO THE DATE OF THE MEETING, WHICH SHALL INCLUDE THE DATE, TIME, AND PLACE OF THE MEETING AND THE AGENDA, AND SHALL BE SIGNED BY THE PERSON ISSUING IT; 2.- WHEN THE ATTENDEES AT A MEETING REPRESENT ALL OF THE ISSUED SHARES, NO NOTICE SHALL BE REQUIRED, NOR SHALL IT BE REQUIRED IN THE EVENT THAT A MEETING SUSPENDED FOR ANY REASON MUST BE CONTINUED AT A DIFFERENT TIME AND DATE. IN EITHER OF THESE TWO CASES, THE FACT SHALL BE RECORDED IN THE CORRESPONDING MINUTES; 3.- SHAREHOLDERS MAY ATTEND THE MEETING IN PERSON OR THROUGH A PROXY HOLDING A GENERAL OR SPECIAL POWER OF ATTORNEY; IN THE LATTER CASE, A SIMPLE POWER OF ATTORNEY SIGNED BY THE SHAREHOLDER SHALL SUFFICE. 4.- TO BE ADMITTED TO THE MEETING, SHAREHOLDERS NEED ONLY BE LISTED IN THE SHARE AND SHAREHOLDER REGISTER AS OWNERS OF ONE OR MORE SHARES, OR TO PROVE THEIR STATUS AS SHAREHOLDERS BY PRESENTING THEIR SHARE CERTIFICATES OR BY ANY OTHER LEGAL MEANS. 5.- BEFORE THE MEETING BEGINS, THE OFFICER PRESIDING OVER IT SHALL APPOINT ONE OR MORE TELLERS WHO SHALL CERTIFY THE NUMBER OF SHARES REPRESENTED AND DRAW UP THE LIST OF ATTENDING SHAREHOLDERS, SPECIFYING THE NUMBER OF SHARES EACH ONE REPRESENTS. 6. ONCE THE REQUIRED ATTENDANCE OR QUORUM HAS BEEN ESTABLISHED, THE CHAIRMAN SHALL DECLARE THE MEETING LEGALLY CONVENED AND SHALL PROCEED TO ADDRESS THE AGENDA, PRESIDING OVER THE RESOLUTIONS AND DEBATES.- THE MEETING SHALL BE CHAIRED BY THE SOLE DIRECTOR, THE CHAIRMAN OF THE BOARD OF DIRECTORS IF ANY, THE CHAIRMAN OF THE COMPANY, AND IN THEIR ABSENCE, THE VICE-CHAIRMEN, IN THE ORDER OF THEIR APPOINTMENT, AND IN THE ABSENCE OF THESE, THE PERSON CHOSEN BY THE MEETING ITSELF. THE SECRETARY OF THE MEETING SHALL BE THE COMPANY SECRETARY, AND IN HIS OR HER ABSENCE, THE PERSON CHOSEN BY THE MEETING ITSELF. 8.- FOR EACH GENERAL MEETING, THE SECRETARY SHALL DRAW UP MINUTES AND PREPARE A RECORD. THE RECORD SHALL CONSIST OF THE FOLLOWING DOCUMENTS: A) A COPY OF THE NEWSPAPER IN WHICH THE NOTICE OF MEETING WAS PUBLISHED, IF APPLICABLE; B) THE ATTENDANCE LIST OF SHAREHOLDERS; C)- ANY PROXY LETTERS SUBMITTED, OR AN EXTRACT CERTIFIED BY THE SECRETARY OR THE TELLER, FROM THE DOCUMENT PROVING IDENTITY; D) A COPY OF THE MINUTES OF THE MEETING; E)- THE REPORTS, OPINIONS, AND OTHER DOCUMENTS THAT WERE NOT PRESENTED AT THE MEETING; 9.- IF, FOR ANY REASON, A LEGALLY CONVENED MEETING FAILS TO TAKE PLACE, MINUTES SHALL ALSO BE DRAWN UP RECORDING THE FACT AND THE REASONS THEREFOR, AND A FILE SHALL BE ESTABLISHED IN ACCORDANCE WITH THE FOREGOING SUBSECTION EIGHT; 10.- THE RESOLUTIONS OF THE GENERAL MEETING ADOPTED IN ACCORDANCE WITH THIS DEED SHALL BE BINDING ON ALL SHAREHOLDERS, INCLUDING THOSE ABSENT OR DISSENTING, AND SHALL BE FINAL AND WITHOUT FURTHER APPEAL, THUS AUTHORIZING THE SOLE DIRECTOR OR THE BOARD OF DIRECTORS, IF ANY, TO ENACT THE RESOLUTIONS; ISSUE THE ORDERS AND TAKE THE NECESSARY STEPS OR ENTER INTO THE CONTRACTS REQUIRED FOR THE IMPLEMENTATION OF THE APPROVED RESOLUTIONS; 11.- IN THE CASE OF SECOND OR SUBSEQUENT CALLS FOR A MEETING, FOR THE VALID CONVENING OF AN ORDINARY SHAREHOLDERS' MEETING, RESOLUTIONS SHALL BE REQUIRED TO BE APPROVED BY A MAJORITY VOTE OF THE SHARES REPRESENTED AT THE MEETING, IN THE CASE OF EXTRAORDINARY SHAREHOLDERS' MEETINGS CONVENED BY SECOND OR SUBSEQUENT CALLS, FOR THE MEETING TO BE VALID, RESOLUTIONS MUST BE APPROVED BY A VOTE OF SHARES REPRESENTING AT LEAST FIFTY-FIVE PERCENT OF THE CAPITAL STOCK....TRANSITIONAL CLAUSES...THIRD.- MR. MARINO AGUSTIN FERNANDEZ AGUILAR IS APPOINTED AS THE SOLE DIRECTOR OF THE COMPANY,

[stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN]

3

WHO ACCEPTS THE POSITION AND SWEARS TO PERFORM HIS DUTIES FAITHFULLY…". -----------------------------------------------------------------
---- **II. INCREASE IN THE VARIABLE PORTION OF THE CAPITAL**.—By deed number four thousand five hundred seventy, dated January twenty-nine, nineteen ninety-two, granted before the same notary as the previous one, the increase in the variable portion of the capital stock was recorded in the amount of one hundred and eighty million pesos (currently one hundred and eighty thousand pesos), which, when added to the fixed capital of twenty million pesos (currently twenty thousand pesos), set the capital stock at two hundred million pesos (currently two hundred thousand pesos, national currency). --------------------------------------------------------------------------
---- **III.- INCREASE IN THE FIXED PORTION OF CAPITAL AND AMENDMENT OF THE BYLAWS**.- By deed number two thousand one hundred nineteen, dated October seventeen, nineteen ninety-four, granted before Jorge Reed Chavarría, Esq., then notary number forty-three of the district of Tlalnepantla, Estado de México, the first official copy of which was registered on November twenty-nine, nineteen ninety-four, in the aforementioned folio and registry, the notarization of the minutes of the extraordinary general meeting of shareholders of "**Demar Instaladora y Constructora," sociedad anónima de capital variable**, held on September 29, 1994, was recorded, at which, among other matters, it was agreed to increase the fixed portion of the capital stock to the amount of one million eight hundred twenty thousand pesos, which, when added to the variable capital of one hundred eighty thousand pesos, set the total capital stock at two million pesos, in national currency, as well as to amend Articles 5, 11, and 14 of the bylaws. ------------------------------------------------------------------
---- **IV-INCREASE IN THE FIXED PORTION OF THE CAPITAL STOCK AND AMENDMENT TO THE CORPORATE PURPOSE**.- By deed number three thousand five hundred and one, dated December 8, 1997, granted before the undersigned, then acting notary of Notary Public number forty-three of the district of Tlalnepantla, Estado de México, the first official copy of which was registered on December 30, 1997, in the aforementioned folio and registry, the notarization of the minutes of the extraordinary general meeting of shareholders of **"Demar Instaladora y Constructora," sociedad anónima de capital variable**, held on November 19, 1997, was recorded, at which, among other matters, it was agreed to increase the company's fixed capital to the sum of ten million pesos, in national currency, represented by registered common shares with a par value of one peso each, amending Article 5 of the bylaws for this purpose, as well as to expand the corporate purpose, amending Article 3 of the bylaws for this purpose, to be worded as specified in said instrument.----------------------------
---- **V. RATIFICATION OF THE SOLE DIRECTOR**.—By Minutes No. 9,992, dated May 24, 2012, granted before the undersigned notary, the recording of the minutes of the ordinary general meeting of shareholders of **"DEMAR INSTALADORA Y CONSTRUCTORA," SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, held on September 8, 2011, in which, among other matters, it was agreed to re-elect Marino Agustín Fernández Aguilar as Sole Director and Denis Antonio Chow Flores as the company's Statutory Auditor.-------------------------------------------
---- **VI. APPOINTMENT OF THE BOARD OF DIRECTORS AND STATUTORY AUDITOR**. By deed number ten thousand eight hundred ninety-two, dated March 20, 2014, granted before the undersigned, the first official copy of which was registered on May 30, 2014, in the aforementioned commercial register and registry, the notarization of the minutes of the ordinary general meeting of shareholders of **"Demar Instaladora y Constructora," sociedad anónima de capital variable**, held on October 15, 2013, was recorded, in which, among other matters, it was agreed to appoint the Board of Directors, which was composed of the following individuals and positions: Chairman: Denis Antonio Chow Flores, Treasurer: Marino Agustin Femández Aguilar, Member: Carlos Su Nava, Member: Raúl Hernández Peralta, Member: Yannel Oyervides Vega, Independent Member: Mariano Ruiz-Funes Macedo, Independent Member: Francisco Javier Hernández Franco, and Secretary without the position of Director: Francisco Arce Gurza. Likewise, Bernardo Soto Peñafiel was appointed as the Company's new Statutory Auditor. ------------------------------------------------------------------------------------------------
---- **VII.-AMENDMENT TO THE CORPORATE PURPOSE**.- By deed number fifteen thousand three hundred, dated October twenty-eight, two thousand twenty-one, granted before the undersigned notary, the first official copy of which was registered on March seven, two thousand twenty-two, in the aforementioned commercial folio *132486" (one hundred thirty-two thousand four hundred eighty-six) and the aforementioned registry, the notarization of the minutes of the extraordinary general meeting of shareholders of "Demar Instaladora y Constructora," sociedad anónima de capital variable, held on September 24, 2021, was recorded, at which it was agreed to expand

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

4

the corporate purpose, amending Article 3 of the Articles of Incorporation to read as follows: "... ARTICLE 3. The purpose of the Company shall be: I. The provision, within the public and private hydrocarbons and energy industries, of all types of services related to engineering, procurement, construction, prefabrication, installation, interconnection, start-up, commissioning, operation, and maintenance of offshore platforms and onshore facilities, including the laying of subsea pipelines and cables, related to the exploration, extraction, and production of petroleum products; II. The management and operation of construction vessels, dynamic positioning vessels, supply vessels, and crew vessels, as well as barges, lighters, and any other type of vessel related to the activity; III. The operation of offshore construction for drilling equipment, pipeline laying, and installation; oil pipelines, gas pipelines, and services related to the operation and exploitation of processing plants, smelters, or any other plant that requires such services; IV. Obtaining concessions, permits, authorizations, partial assignments of rights, subsidies, and legal exemptions related to the activities of its corporate purpose, and acquiring, by any legal means, including by concession from the government, direct ownership of land, water, or their appurtenances, and exploiting them, whether for irrigation, to generate motive power, or for industrial purposes. To carry out its Corporate Purpose, the company may, by way of example but not limited to, do the following: 1. Endorse, accept, and guarantee all types of negotiable instruments and secure obligations, whether of the company or of third parties, and act as a joint and several guarantor in favor of third parties with the approval of the institutions specified by law when necessary, either directly or in connection with the company's corporate purpose; 2. Extend and/or underwrite third-party obligations by any means, including guarantees; 3. Obtain or grant all types of loans or credits, with or without specific collateral; 4. Issue, draw, accept, endorse, or guarantee promissory notes, checks, bills of exchange, bonds, and all types of negotiable instruments; 5. Grant sureties and guarantees of any kind regarding obligations of the company or third parties, and further act as a joint and several obligor to guarantee, certify, draw, issue, endorse, accept, or otherwise subscribe to credit instruments, as well as act as a joint and several obligor in such acts as deemed appropriate; 6. To apply for, obtain, and grant loans with or without collateral; 7. To dispose of, in any manner, all or part of the company's business, assets, and operations; 8. To establish branches, companies, subsidiaries, agencies, and representative offices within the Republic or abroad; 9. The acquisition and leasing of movable and immovable property to carry out the corporate purpose; 10. The acquisition of shares and equity interests in companies and enterprises; 11. Naval supply services; 12. Entering into all types of commercial contracts that enable it to fulfill its corporate purpose."-------------------------------------------------------------------------------------------------------------
---- **VIII. MINUTES TO BE REGISTERED**.—The appearing party presents to me, on three sheets printed on the front side only, together with its attendance list, the minutes of the Ordinary General Shareholders' Meeting of **"DEMAR INSTALADORA Y CONSTRUCTORA," SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, held on April 13, 2026, which I attach to the appendix as "Appendix A," and which she requests be recorded in accordance with the provisions of Article 194 of the General Law of Commercial Companies, which reads as follows:------------
"MINUTES OF THE ORDINARY GENERAL SHAREHOLDERS' MEETING OF "DEMAR INSTALADORA Y CONSTRUCTORA S.A. DE C.V." HELD ON APRIL 13, 2026, AT 12:00 P.M. ---------------------------------------------------------------------------------------------------------------------------
**ATTENDANCE**. The shareholders owning all of the shares into which the capital stock is divided were present or duly represented, as recorded in the attendance list attached to the appendix of these minutes. --------------------------------------------------------------------------------
Also in attendance were Mr. Francisco Arce Gurza and Mr. Hugo Israel Jiménez García, the former as a guest and the latter in his capacity as the company's Statutory Auditor. ----------------------------------------------------------------------------------------------------------------
**CHAIRMAN AND SECRETARY**. Mr. Denis Antonio Chow Flores presided over the Meeting, and Mr. Francisco Arce Gurza acted as Secretary.
**TELLER**. The Chairman appointed Mr. Francisco Arce Gurza as teller, who in his report stated that the shareholders owning all the shares into which the capital stock is divided were present or duly represented. --------------------------------------------------------------------------
**QUORUM**. Taking into consideration the scrutineer's report, and without prior publication of the notice of meeting since the entire capital stock was present or duly represented, the Chairman declared the Meeting legally constituted under the following: ----------------------------
-------------------------------------------------------------------------------- **AGENDA**--------------------------------------------------------------------------------

*[stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN]*

5

**SOLE ITEM**.- Discussion and, if applicable, approval of the granting of a General Power of Attorney for Lawsuits and Collections in favor of Amada Josefa Ferrera Gunnarsen and Miguel Hernández Quezada, so that they may exercise it severally or jointly, and that they be appointed as representatives of the company abroad and initiate Chapter 15 proceedings in the United States of America, and the adoption of such measures as the meeting deems appropriate. ----------------------------------------------------------------------------------------------------------- ------------------------------------------------------------------------ ******------------------------------------------------------------------

**I. Discussion and, if appropriate, approval of the granting of a General Power of Attorney for Lawsuits and Collections in favor of Amada Josefa Ferrera Gunnarsen and Miguel Hernández Quezada, so that they may exercise it severally or jointly, and that they be appointed as representatives of the company abroad to initiate Chapter 15 proceedings in the United States of America, and the adoption of such measures as the meeting deems appropriate.** Taking the floor, the chairman of the meeting, and of (thus) "Demar Instaladora y Constructora S.A. de C.V.", stated that:-----------------------------------------------------------------------------------------------------------

* "Ocean Sub Sea Services, LLC" and "JK Ingeniería, S.A. de C.V." filed for commercial insolvency proceedings against "Demar Instaladora y Constructora S.A. de C.V."-----------------------------------------------------------------------------------------------------------

*By order dated October 9, 2025, the petition for commercial insolvency proceedings was admitted for processing in Case No. 18855/2025 of the FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES. -----------------------------------------------------------------------------------------------------------

* In a judgment dated March 23, 2026, "Demar Instaladora y Constructora S.A. de C.V." was declared in commercial insolvency proceedings, and the preliminary injunctions issued were upheld.-----------------------------------------------------------------------------------------------------------

* It is known that "Ocean Sub Sea Services, LLC," despite having filed for commercial insolvency proceedings against "Demar Instaladora y Constructora S.A. de C.V.," subsequently filed a commercial lawsuit against it in the State of Texas and placed a lien on its bank accounts. -

*As a result of this action by "Ocean Sub Sea Services, LLC," it is deemed necessary to grant a general power of attorney for lawsuits and collections, so that a representative of the company may be appointed abroad and Chapter 15 proceedings may be initiated in the United States of America to address the improper commercial lawsuit filed in the State of Texas against "Demar Instaladora y Constructora S.A. de C.V.".-----------------------------------------------------------------------------------------------------------

*It is proposed that the aforementioned power of attorney be granted to Amanda Josefa Ferrera Gunnarsen and Miguel Hernández Quezada, so that they may exercise it severally or jointly, and that they be appointed as the company's representatives abroad and initiate Chapter 15 proceedings in the United States of America. -----------------------------------------------------------------------------------------------------------

After some deliberation on the matter, the Meeting, comprising the total capital of the company, unanimously adopted the following resolution:-----------------------------------------------------------------------------------------------------------

**RESOLUTION**: -----------------------------------------------------------------------------------------------------------

**SOLE ITEM**. The proposal that "Demar Instaladora y Constructora S.A. de C.V." grant a General Power of Attorney for Lawsuits and Collections to Amanda Josefa Ferrera Gunnarsen and Miguel Hernández Quezada, so that they may exercise it severally or jointly, and that they be appointed as representatives of the company abroad and initiate *Chapter* 15 proceedings in the United States of America. --------- ------------------------------------------------------------------------ ******------------------------------------------------------------------

**DRAFTING AND AUTHORIZATION**. Once the Agenda had been addressed, the Secretary proceeded to draft these minutes and circulate them among the shareholders. Once approval was obtained from all, the Secretary, the Chairman of the Meeting, and the Auditor proceeded to sign it. The shareholders, by unanimous vote, authorized Francisco Arce Gurza and/or Amada Josefa Ferrera Gunnarsen so that, if necessary, either of them may, without distinction, appear before the Notary Public of their choice to have these minutes duly recorded. -----------------------------------------------------------------------------------------------------------

**CLOSING**. There being no further business to discuss, this meeting was adjourned at 1:00 p.m.-------------------------------------------------------- ------------------------------------------- [SIGNATURE] -------------------------------[SIGNATURE]-------------------------------------------------------- -------------------------------------------- Denis Antonio Chow Flores--------------------- Francisco Arce Gurza ----------------------------------------------- ---------------------------------------------- Chairman------------------------------------------ Secretary---------------------------------------------- --------------------------------------------------------------------------[SIGNATURE]------------------------------------------------------------------ --------------------------------------------------------------------Hugo Israel Jiménez García --------------------------------------------------------------

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

6

---

Statutory Auditor." In view of the foregoing, the appearing party agrees to the following:

**CLAUSES**

**FIRST**.—At the request of **AMADA JOSEFA FERRERA GUNNARSEN**, special delegate of the Ordinary General Shareholders' Meeting of **"DEMAR INSTALADORA Y CONSTRUCTORA," SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE**, held on April 13, 2026, the minutes of said meeting are hereby recorded in the terms transcribed in Roman numeral VIII of this deed.

**---SECOND**.- As a result of the registration set forth in the preceding clause, the **APPROVAL OF THE GRANT OF A GENERAL POWER OF ATTORNEY FOR LAWSUITS AND COLLECTIONS IN FAVOR OF AMADA JOSEFA FERRERA GUNNARSEN AND MIGUEL HERNÁNDEZ QUEZADA, BOTH ATTORNEYS-AT-LAW, TO BE EXERCISED JOINTLY OR SEVERALLY, AND THEY ARE APPOINTED AS REPRESENTATIVES OF THE COMPANY ABROAD AND TO CONDUCT THE SO-CALLED "CHAPTER 15" IN THE UNITED STATES OF AMERICA**, under the terms set forth in said deed, which are hereby deemed to be reproduced as if inserted verbatim.

**THIRD**.—All expenses and fees incurred in connection with this instrument shall be borne by the grantor.

**CERTIFICATIONS**

**I, THE NOTARY, CERTIFY**:

**I**.— That I know the appearing party, having further verified her identity with the document I attach as a photocopy to the appendix **marked "B,"** who, in my judgment, has legal capacity for this act, as I have no record to the contrary, and who, in her general statement, declared herself to be Mexican, the daughter of Mexican parents, originally from Ciudad del Carmen, State of Campeche, where she was born on October 24, 1969, unmarried, employed, residing at avenida Ejército Nacional 216, colonia Anzures, zip code 11590, alcaldía Miguel Hidalgo, Mexico City, currently visiting this state, with Sole Population Registry Code: "FEGA691024MCCRNM07" (FEGA, sixty-nine, ten, twenty-four, MCCRNM, zero seven), and Federal Taxpayer Registry: "FEGA691024LS5" (FEGA, sixty-nine, ten, twenty-four, LS, five).

**II**. That the attached and included documents faithfully correspond to the originals I have reviewed and to which I refer.

**III**.- That the appearing party expressly states to me that her principal has legal capacity, that the powers with which she appears have not been revoked, modified, or limited in any way to date, and are as recorded in the notarized document, and that the company's bylaws have not undergone any modifications other than those mentioned herein.

**IV**. That the appearing party stated that the signatures affixed to the notarized document belong to the people to whom they are attributed.

**V**. That for the purposes of Article 34 of the Foreign Investment Law, the appearing party states that the company she represents currently has no foreign investment participation and is therefore not required to register with the National Registry of Foreign Investments. people to whom they are attributed

**VI**. That in compliance with the provisions of sections "B," subsection IX (nine), and "D," subsection V (five) of Article 27 of the Federal Tax Code and the current Miscellaneous Tax Resolution, I hereby state that I requested the appearing party to provide me with the Federal Taxpayer Registry numbers of the shareholders and of the person exercising representative powers, as well as the respective proof of tax status, the Tax Identification Card, or the Proof of Tax Registration, declaring that the Federal Taxpayer Registry numbers are:

DENIS ANTONIO CHOW FLORES: "COFD460401JV6" (COFD, forty-six, zero four, zero one, J V six.

MARINO AGUSTÍN FERNÁNDEZ AGUILAR: "FEAM410716NV5" (FEAM, forty-one, zero seven, sixteen, NV five).

ROBERT DENNIS CHOW: "EXTF900101NI1" (EXTF, ninety, zero one, zero one, N I one).

AMADA JOSEFA FERRERA GUNNARSEN: "FEGA691024L16" (FEGA, sixty-nine, ten, twenty-four, L sixteen).

*[stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN]*

7

MIGUEL HERNÁNDEZ QUEZADA "HEQM820430H21" (HEQM, eighty-two, zero four, thirty, H twenty-one). ----------------------------------------
---- I have verified this with the documents that I attach in photocopy to the appendix of this deed marked with the letter "C" --------------
---- VI.—That in compliance with the provisions of the Federal Law on the Protection of Personal Data Held by Private Parties, the appearing party declares that she is aware of the notary's privacy notice; therefore, by signing this instrument, she grants her express consent to the processing of her personal data for the applicable legal purposes. --------------------------------------------------------------------------------------------
---- VII.—Having read this deed to the appearing party and explained the legal value and force of its contents, she expressed her agreement and signed it on the same day as its date; therefore, I hereby DEFINITIVELY AUTHORIZE it in Naucalpan, Estado de México, with my signature and seal.—I ATTEST. ----------------------------------------------------------------------------------------------------------------------------------
---- AMADA JOSEFA FERRERA GUNNARSEN.-SIGNATURE. -------------------------------------------------------------------------------------------
---- ROSA MARÍA REED PADILLA, ESQ. – SIGNATURE. -----------------------------------------------------------------------------------------------
---- THE SEAL OF AUTHORIZATION. -------------------------------------------------------------------------------------------------------------------
---------------------------------------------------------------------------------**INSERTION** ---------------------------------------------------------------
---- ARTICLE SEVEN POINT SEVEN HUNDRED SEVENTY-ONE OF THE CIVIL CODE IN FORCE IN ESTADO DE MÉXICO AND ITS CORRESPONDING ARTICLE TWO THOUSAND FIVE HUNDRED FIFTY-FOUR OF THE FEDERAL CIVIL CODE AND THE CIVIL CODE FOR THE FEDERAL DISTRICT, NOW MEXICO CITY, STATE: ---"In all general powers of attorney for lawsuits and collections, it shall suffice to state that they are granted with all general powers and those special powers requiring special clauses in accordance with the Law, so that they are understood to be conferred without any limitation----------------------------------------------------------------------------------------------------------------------------------------------
---- In general powers of attorney for the administration of property, it shall suffice to state that they are granted for that purpose, so that the attorney-in-fact shall have all administrative powers. ------------------------------------------------------------------------------------------------
---- In general powers of attorney to exercise acts of ownership, it shall suffice that they are granted in that capacity for the attorney-in-fact to have all the powers of an owner, both with respect to the property and to take all necessary steps to defend it. -----------------------
---- If it is desired to limit the powers of the agents in the three cases mentioned above, the limitations shall be specified, or the powers of attorney shall be special. -----------------------------------------------------------------------------------------------------------------------------------------
---- Notaries shall include this article in the certificates of the powers of attorney granted."-----------------------------------------------------------
---- THIS IS A CERTIFIED COPY OF DEED NUMBER NINETEEN THOUSAND FOUR HUNDRED AND FIFTY, WHICH FAITHFULLY CONFORMS TO THE ORIGINAL ON FILE IN THE REGULAR REGISTER UNDER MY SUPERVISION AND IS ISSUED TO AMADA JOSEFA FERRERA GUNNARSEN AND MIGUEL HERNÁNDEZ QUEZADA, IN THEIR CAPACITY AS ATTORNEYS-IN-FACT, FOR THEIR JOINT USE. IT CONSISTS OF SEVEN PAGES, DULY VERIFIED AND CORRECTED.—NAUCALPAN, MEXICO, ON THE TWENTY-THIRD OF APRIL, TWO THOUSAND TWENTY-SIX.—I ATTEST.---------

*[hologram]*                     *[illegible signature]*                     *[stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN]*

THIS DOCUMENT CONTAINS HOLOGRAM(S) NO. CFL0102710 *[illegible signature]*

*[text that reads "VERIFIED" on the right side of the page]*

MINUTES OF THE ORDINARY GENERAL SHAREHOLDERS' MEETING OF "DEMAR INSTALADORA Y CONSTRUCTORA S.A. DE C.V." HELD ON APRIL 13, 2026, AT 12:00 P.M.

*[stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN]*

**ATTENDANCE**. The shareholders owning all of the shares into which the capital stock is divided were present or duly represented, as evidenced by the attendance list attached to the appendix of these minutes.

Also in attendance were Mr. Francisco Arce Gurza and Mr. Hugo Israel Jiménez García, the former as a guest and the latter in his capacity as a director of the company.

**CHAIRMAN AND SECRETARY**. Mr. Denis Antonio Chow Flores presided over the Meeting, and Mr. Francisco Arce Gurza served as secretary.

**TELLER**. The chairman appointed Mr. Francisco Arce Gurza as teller, who in his report stated that the shareholders owning all of the shares into which the capital stock is divided were present or duly represented.

**QUORUM**. Taking into consideration the scrutineer's report, and without prior publication of the notice of meeting since the entire capital stock was present or duly represented, the chairman declared the Meeting legally constituted under the following:

### AGENDA

**SOLE ITEM**. Discussion and, if applicable, approval of the granting of a General Power of Attorney for Lawsuits and Collections in favor of Amanda Josefa Ferrera Gunnarsen and Miguel Hernández Quezada, so that they may exercise it severally or jointly, and to appoint them as representatives of the company abroad and to initiate Chapter 15 proceedings in the United States of America, and the adoption of such measures as the meeting deems appropriate.

******

**I. Discussion and, if applicable, approval of the granting of a General Power of Attorney for Lawsuits and Collections in favor of Amanda Josefa Ferrera Gunnarsen and Miguel Hernández Quezada, so that they may exercise it severally or jointly, and that they be appointed as representatives of the company abroad to initiate Chapter 15 proceedings in the United States of America, and the adoption of such measures as the meeting deems appropriate.** Taking the floor, the chairman of the meeting, and of "Demar Instaladora y Constructora S.A. de C.V.", stated that:

"Ocean Sub Sea Services, LLC" and "JK Ingeniería, S.A. de C.V." filed for commercial insolvency proceedings against "Demar Instaladora y Constructora S.A. de C.V."

* By order dated October 9, 2025, the petition for commercial insolvency proceedings was admitted for processing in Case No. 18855/2025 of the FIRST DISTRICT COURT IN COMMERCIAL INSOLVENCY MATTERS, WITH SEAT IN MEXICO CITY AND JURISDICTION THROUGHOUT THE UNITED MEXICAN STATES.

* In a judgment dated March 23, 2026, "Demar Instaladora y Constructora S.A. de C.V." was declared in commercial insolvency proceedings, and the preliminary injunctions issued were upheld.

*It is known that "Ocean Sub Sea Services, LLC," despite having filed the aforementioned commercial insolvency proceedings against "Demar Instaladora y Constructora S.A. de C.V.," subsequently filed a commercial lawsuit against it in the State of Texas, placing a lien on its bank accounts.

* As a result of this action by "Ocean Sub Sea Services, LLC," it is deemed necessary to grant a general power of attorney for lawsuits and collections, so that a representative of the company may be appointed abroad and Chapter 15 proceedings may be initiated in the

1

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signatures on the right side of the page]*

NO TEXT

United States of America, to address the improper commercial lawsuit filed in the State of Texas against "Demar Instaladora y Constructora S.A. de C.V."

*[stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN]*

\* It is proposed that the aforementioned power of attorney be granted to Amanda Josefa Ferrera Gunnarsen and Miguel Hernández Quezada, so that they may exercise it severally or jointly, and that they be appointed as representatives of the company abroad and initiate Chapter 15 proceedings in the United States of America.

After some deliberation on the matter, the Meeting, comprising the total capital of the company, unanimously adopted the following resolution:

**RESOLUTION:**

> **SOLE ITEM**. The proposal that "Demar Instaladora y Constructora S.A. de C.V." grant a General Power of Attorney for Lawsuits and Collections to Amanda Josefa Ferrera Gunnarsen and Miguel Hernández Quezada, so that they may exercise it severally or jointly, and that they be appointed as representatives of the company abroad and initiate the so-called Chapter 15 proceedings in the United States of America.

******

**DRAFTING AND AUTHORIZATION**. Once the Agenda had been addressed, the secretary proceeded to draft these minutes and circulate them among the shareholders. Once approval was obtained from all, the secretary, the chairman of the meeting, and the auditor proceeded to sign it. The shareholders unanimously authorized Francisco Arce Gurza and/or Amada Josefa Ferrera Gunnarsen so that, if necessary, either of them may, without distinction, appear before the Notary Public of their choice to have these minutes duly recorded.

**CLOSING**. There being no further business to discuss, this meeting was adjourned at 1:00 p.m.

<table>
<tr><td align="center">*[illegible signature]*<br>Denis Antonio Chow Flores<br>Chairman</td><td align="center">*[illegible signature]*<br>Francisco Arce Gurza<br>Secretary</td></tr>
</table>

<div align="center">

*[illegible signature]*
Hugo Isreal Jiménez García
Statutory Auditor

</div>

2

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

Case 26-90523   Document 5   Filed in TXSB on 05/06/26   Page 148 of 172

NO TEXT

ATTENDANCE LIST FOR THE ANNUAL GENERAL MEETING OF SHAREHOLDERS OF "DEMAR INSTALADORA Y CONSTRUCTORA S.A. DE C.V." HELD ON APRIL 13, 2026, AT 12:00 P.M.

| SHAREHOLDERS | SHARES | | |
|---|---|---|---|
| | **Fixed Capital.** | **Variable Capital.** | **Total.** |
| *[illegible signature]* **Denis Antonio Chow Flores** Tax ID COFD460401JV6 | 5,500,000 | 980,000 | 6,480,000 |
| *[illegible signature]* **Marino Agustín Fernández Aguilar** Tax ID FEAM410716NV5 | | 120,000 | 120,000 |
| *[illegible signature]* **Robert Dennis Chow** Permanent resident of the U.S. Represented by Amada Josefa Ferrera Gunnarsen | 4,500,000 | 900,000 | 4,590,000 |

### TELLER'S REPORT

The Teller hereby certifies that the shareholders owning 100% (ONE HUNDRED PERCENT) of the capital stock of "Demar Instaladora y Constructora S.A. de C.V." were present or duly represented at the Meeting, as evidenced by this attendance list.

*[illegible signature]*
Francisco Arce Gurza
Teller

3

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

NO TEXT

[black box]

| TAX IDENTIFICATION CARD | | [stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN] |
|---|---|---|
| [logo] Ministry of Finance<br>Ministry of Finance and Public Credit | [logo] SAT<br>TAX ADMINISTRATION SERVICE | |
| | COFD460401JV6<br>Federal Taxpayer Registry | **CERTIFICATE OF TAX STATUS** |
| [QR code] | DENIS ANTONIO CHOW FLORES Name, business name, or corporate name | Place and Date of Issuance<br>**MIGUEL HIDALGO, MEXICO CITY, APRIL 8, 2026** |
| | idCIF: 15070150690<br>VALIDATE YOUR TAX INFORMATION | [barcode] |

### Taxpayer Identification Information

| | |
|---|---|
| RFC: | COFD460401JV6 |
| CURP: | COFD460401HNEHLN08 |
| Name(s): | DENIS ANTONIO |
| First Surname: | CHOW |
| Second Surname: | FLORES |
| Start Date: | APRIL 16, 2013 |
| Status in the registry: | ACTIVE |
| Date of last status change: | APRIL 18, 2013 |
| Trade Name: | DENIS ANTONIO CHOW FLORES |

### Registered Address Information

| | |
|---|---|
| Zip Code: 11560 | Street Type: STREET |
| Street Name: LORD BYRON | Exterior Number: 737 |
| Interior Number: PH 2 | Neighborhood Name: POLANCO CHAPULTEPEC |
| Name of the City: | Municipality or Administrative District: MIGUEL HIDALGO |
| State Name: MEXICO CITY | Street: CALLE RUBEN DARIO |

**Page [1] of [3]**

[logo] Ministry of Finance
Ministry of Finance and Public Credit

[logo] SAT
TAX ADMINISTRATION SERVICE

**Contact**
Av. Hidalgo 77, col. Guerrero, ZIP 06300, Mexico City.
Phone support available from anywhere in the country
Dial 55 627 22 728 within Mexico, and for international calls
(+52) 55 627 22 728

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

████████████████████████████████████

**And Street**: CALLE TRES PICOS

**Economic Activities:**

| Order | Economic Activity | Percentage | Start Date | End Date |
|---|---|---|---|---|
| 2 | Rental of Unfurnished Housing | 58 | 08/24/2023 | |
| 1 | Employee | 40 | 08/24/2023 | |
| 3 | Partner or shareholder | 2 | 09/22/2025 | |

**Regimes:**

| Regime | Start Date | End Date |
|---|---|---|
| Regime for Wages, Salaries, and Income Equivalent to Wages | 04/16/2013 | |
| Lease Regime | 08/24/2023 | |
| Regime for Dividend Income (Partners and Shareholders) | 09/22/2025 | |

**Obligations:**

| Description of the Obligation | Description Due Date | Start Date | End Date |
|---|---|---|---|
| Annual Income Tax Return. Individuals. | No later than April 30 of the following fiscal year. | 01/01/2016 | |
| Monthly provisional income tax payment for real estate leases by individuals | No later than the 17th day of the month immediately following the applicable period. | 08/24/2023 | |

**Your personal data is incorporated and protected in the SAT's systems, in accordance with the Personal Data Protection Guidelines and various tax and legal provisions regarding confidentiality and data protection, in order to exercise the powers conferred upon the tax authority.**

**If you wish to modify or correct your personal data, you may visit any Tax Services Office and/or contact us at http://sat.gob.mx**

**"Corruption has consequences—report it! If you are aware of any possible act of corruption or crime, file a complaint or report it via: www.sat.gob.mx, denuncias@sat.gob.mx, from Mexico: (55) 8852 2222, from abroad: +55 8852 2222, SAT Mobile, or www.gob.mx/sfp."**

**Original Stamp String:**          *[alphanumeric code]*
**Digital Seal:**                          *[alphanumeric code]*

**Page [2] of [3]**

*[logo]* Ministry of Finance
Ministry of Finance and Public Credit

*[logo]* SAT
TAX ADMINISTRATION SERVICE

**Contact**
Av. Hidalgo 77, col. Guerrero, ZIP 06300, Mexico City.
Phone support available from anywhere in the country
Dial SAT 55 627 22 728 and from outside the country
(+52) 55 627 22 728

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

*[stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN]*

*[QR code]*

**Page [3] of [3]**

*[logo]* Ministry of Finance
Ministry of Finance and Public Credit

*[logo]* SAT
TAX ADMINISTRATION SERVICE

**Contact**
Av. Hidalgo 77, col. Guerrero, ZIP 06300, Mexico City.
Phone support available from anywhere in the country
Dial SAT 55 627 22 728 and from outside the country
(+52) 55 627 22 728

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

NO TEXT

[black redaction bar]

| TAX IDENTIFICATION CERTIFICATE | | [stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN] |
|---|---|---|
| [logo] Ministry of Finance<br>Ministry of Finance and Public Credit | [logo] SAT<br>TAX ADMINISTRATION SERVICE | |
| [QR code] | FEAM410716NV5<br>Federal Taxpayer Registry | **CERTIFICATE OF TAX STATUS** |
| | MARINO AGUSTIN FERNANDEZ AGUILAR<br>Name, Business Name, or Trade Name | Place and Date of Issuance<br>**MIGUEL HIDALGO, MEXICO CITY, APRIL 20, 2026** |
| | Tax ID: 15080539306<br>VALIDATE YOUR TAX INFORMATION | [barcode] |

### Taxpayer Identification Information

| | |
|---|---|
| Tax ID: | FEAM410716NV5 |
| CURP: | FEAM410716HVZRGR08 |
| Name(s): | MARINO AGUSTIN |
| First Surname: | FERNANDEZ |
| Second Surname: | AGUILAR |
| Date of commencement of operations: | JANUARY 11, 1965 |
| Status in the registry: | ACTIVE |
| Date of last status change: | JANUARY 11, 1965 |
| Trade Name: | |

### Registered address details

| | |
|---|---|
| **Zip Code**: 11590 | **Road Type**: AVENUE (AV.) |
| **Street Name**: EJERCITO NACIONAL | **Exterior Number**: 216 |
| **Interior Number**: 15 | **Neighborhood Name**: ANZURES |
| **City Name**: MIGUEL HIDALGO | **Municipality or Administrative District Name**: MIGUEL HIDALGO |
| **State**: MEXICO CITY | **Street**: LEIBNITZ |

**Page [1] of [2]**

[logo] Ministry of Finance
Ministry of Finance and Public Credit

[logo] SAT
TAX ADMINISTRATION SERVICE

**Contact**
Av. Hidalgo 77, col. Guerrero, ZIP 06300, Mexico City.
Phone support available from anywhere in the country
Dial SAT 55 627 22 728 and from outside the country
(+52) 55 627 22 728

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

<div style="background:black"> </div>

**And Street**: LAPLACE

**Economic Activities:**

| Order | Economic Activity | Percentage | Start Date | End Date |
|---|---|---|---|---|
| 1 | Employee | 98 | 08/01/2020 | |
| 3 | Partner or shareholder | 2 | 08/01/2020 | |

**Regimes:**

| Regime | Start Date | End Date |
|---|---|---|
| Regime for Wages, Salaries, and Income Equivalent to Wages | 01/01/2013 | |
| Dividend Income Tax Regime (Partners and Shareholders) | 08/01/2020 | |

**Your personal data is incorporated into and protected by the SAT's systems, in accordance with the Personal Data Protection Guidelines and various tax and legal provisions regarding confidentiality and data protection, in order to exercise the powers conferred upon the tax authority.**

**If you wish to modify or correct your personal data, you may visit any Tax Services Office and/or contact us at http://sat.gob.mx**

**"Corruption has consequences—report it! If you are aware of any possible act of corruption or crime, file a complaint or report it via: www.sat.gob.mx, denuncias@sat.gob.mx, from Mexico: (55) 8852 2222, from abroad: +55 8852 2222, SAT Mobile, or www.gob.mx/sfp."**

**Original Stamp String:**    *[alphanumeric code]*
**Digital Seal:**    *[alphanumeric code]*

**Page [2] of [2]**

*[logo]* Ministry of Finance
Ministry of Finance and Public Credit

*[logo]* SAT
TAX ADMINISTRATION SERVICE

**Contact**
Av. Hidalgo 77, col. Guerrero, ZIP 06300, Mexico City.
Phone support available from anywhere in the country
Dial SAT 55 627 22 728 and from outside the country
(+52) 55 627 22 728

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

*[stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN]*

| **TAX IDENTIFICATION CERTIFICATE** | |
|---|---|
| *[logo]* Ministry of Finance<br>Ministry of Finance and Public Credit | *[logo]* SAT<br>TAX ADMINISTRATION SERVICE |
| *[QR code]* | FEAM410716NV5<br>Federal Taxpayer Registry<br><br>MARINO AGUSTIN FERNANDEZ<br>AGUILAR<br>Name, business name, or trade name<br><br>Tax ID: 15080539306<br>VERIFY YOUR TAX INFORMATION |

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

NO TEXT

<table>
<tr><td colspan="2">

**TAX IDENTIFICATION CERTIFICATE**

*[logo]* Ministry of Finance
Ministry of Finance and Public Credit | *[logo]* SAT
TAX ADMINISTRATION SERVICE

HEQM820430H21
Federal Taxpayer Registry

*[QR code]*  MIGUEL HERNANDEZ QUEZADA Name, business name, or corporate name

idCIF: 15020152298
VALIDATE YOUR TAX INFORMATION
</td><td>

*[stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN]*

**CERTIFICATE OF TAX STATUS**

Place and Date of Issuance
**GUADALAJARA, JALISCO, APRIL 21, 2026**

*[barcode]*
</td></tr>
</table>

**Taxpayer Identification Information**

| | |
|---|---|
| Tax ID Number: | HEQM820430H21 |
| CURP: | HEQM820430HJCRZG09 |
| Name(s): | MIGUEL |
| First Surname: | HERNANDEZ |
| Second Surname: | QUEZADA |
| Date of commencement of operations: | JUNE 13, 2011 |
| Status in the registry: | ACTIVE |
| Date of last status change: | JUNE 13, 2011 |
| Trade Name: | MIGUEL HERNANDEZ QUEZADA |

**Registered address details**

| | |
|---|---|
| Zip Code: 44690 | Road Type: STREET |
| Street Name: AVENIDA MEXICO | Exterior Number: 3370 |
| Interior Number: J 5 | Neighborhood Name: VALLARTE SAN JORGE |
| Name of the City: | Municipality or Administrative District: GUADALAJARA |
| State: JALISCO | Street: CALLE HOMERO |

**Page [1] of [3]**

*[logo]* Treasury
Ministry of Finance and Public Credit

*[logo]* SAT
TAX ADMINISTRATION SERVICE

**Contact**
Av. Hidalgo 77, col. Guerrero, ZIP 06300, Mexico City.
Phone support available from anywhere in the country
Dial SAT 55 627 22 728 and from outside the country
(+52) 55 627 22 728

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

███████████████████████████████████████████████████

**And Street**: CALLE TEATRO DE LA REPÚBLICA

**Economic Activities:**

| Order | Economic Activity | Percentage | Start Date | End Date |
|---|---|---|---|---|
| 1 | Employee | 60 | 11/07/2020 | |
| 3 | Partner or shareholder | 40 | 06/10/2016 | |

**Regimes:**

| Regime | Start Date | End Date |
|---|---|---|
| Dividend Income Regime (partners and shareholders) | 06/10/2016 | |
| Regime for Wages, Salaries, and Income Equivalent to Wages | 11/07/2020 | |

**Obligations:**

| Description of the Obligation | Description Due Date | Start Date | End Date |
|---|---|---|---|
| VAT return filed with the annual income tax return | Together with the annual tax return for the fiscal year. | 08/07/2012 | |

**Your personal data is incorporated and protected in the SAT's systems, in accordance with the Personal Data Protection Guidelines and various tax and legal provisions regarding confidentiality and data protection, in order to exercise the powers conferred upon the tax authority.**

**If you wish to modify or correct your personal data, you may visit any Tax Services Office and/or contact us at http://sat.gob.mx**

**"Corruption has consequences—report it! If you are aware of any possible act of corruption or crime, file a complaint or report it via: www.sat.gob.mx, denuncias@sat.gob.mx, from Mexico: (55) 8852 2222, from abroad: +55 8852 2222, SAT Mobile, or www.gob.mx/sfp."**

**Original Stamp String:**     *[alphanumeric code]*
**Digital Seal:**     *[alphanumeric code]*

**Page [2] of [3]**

*[logo]* Ministry of Finance
Ministry of Finance and Public Credit

*[logo]* SAT
TAX ADMINISTRATION SERVICE

**Contact**
Av. Hidalgo 77, col. Guerrero, ZIP 06300, Mexico City.
Phone support available from anywhere in the country
Dial SAT 55 627 22 728 and from outside the country
(+52) 55 627 22 728

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

*[stamp that reads "ROSA MARÍA REED PADILLA, NOTARY 107 ESTADO DE MÉXICO, NAUCALPAN]*

*[QR code]*

**Page [3] of [3]**

*[logo]* Ministry of Finance
Ministry of Finance and Public Credit

*[logo]* SAT
TAX ADMINISTRATION SERVICE

**Contact**
Av. Hidalgo 77, col. Guerrero, ZIP 06300, Mexico City.
Phone support available from anywhere in the country
Dial SAT 55 627 22 728 and from outside the country
(+52) 55 627 22 728

*[text that reads "VERIFIED" on the right side of the page]*
*[illegible signature on the right side of the page]*

NO TEXT

| [Coat of arms of the United Mexican States]   MEXICO | NATIONAL ELECTORAL INSTITUTE<br>VOTER ID CARD | | |
|---|---|---|---|
| | NAME | | GENDER M |
| | FERRERA | | |
| | GUNNARSEN | | |
| | AMADA JOSEFA | | |
| [image] | ADDRESS | | |
| | AV THIERS 196 301 | | |
| | COL ANZURES 11590 | | |
| | MIGUEL HIDALGO, MEXICO CITY | | |
| | VOTER ID FRGNAM69102404M700 | | |
| | CURP | | YEAR OF REGISTRATION |
| | FEGA691024MCCRNM07 | | 1991 06 |
| [illegible signature] | DATE OF BIRTH | SECTION | VALIDITY |
| | 10/24/1969 | 5175 | 2026–2036 |

| [barcode] | FEDERAL ELECTIONS | LOCAL AND SPECIAL | INE |
|---|---|---|---|
| | | | [QR code] |
| | | | [illegible text] |
| [QR code] | [QR code] | | [illegible signature] |
| | | | [illegible text] |
| | [alphanumeric code] | | |

[text that reads "VERIFIED" on the right side of the page]
[illegible signature on the right side of the page]

NO TEXT

# Firma digital

| Firmante | RFC |
|---|---|
| SAUL VILLEGAS SOJO | VISS7908109D3 |

**Leyenda**

The undersigned, Saul Villegas Sojo, Expert Translator, appointed by the Supreme Court of the State of Nuevo León, as evidenced in authorization number 802/2026 on January 31, 2026, certify that this translation to English language is, to my knowledge, true, complete, and accurate, without additions or omissions, which was delivered to the undersigned for its translation.

This translation is issued in the City of Monterrey, Nuevo León on April 24, 2026.

Appointment https://drive.google.com/file/d/1-XagUq7v7ytZ12iFdwb8bUYWWGVDJD8R/view?usp=sharing

## Firma digital

s7YcBuLvZBn/lxPUd6evpHWt6s1hP28chRy4yGLvJUui4TxQq8HruyLzEEmLFzPmgYgr9+hW28eQZZztukdIVWzc27y9TkEQ+OKEkD2PadqTMrSqtX3S1eDcB4X10Mi9g5CoiUTowMZY/daeJNmObFmuVFcDAeu2KQXJ3zcI1QQA74AvFbPy73VN2xySGw1B7I5Gx025WEsHdOQkNYdZgN6wrrgNGDJ9ddarZDY4/cLKwnjmMWE3iFLpqkyqEzocOyVnYM7F8C3qXE4w2L7AwfxgGvq14jWIcmO6YA+kizHFoVKWuJWUYGSiT5yT4PuVcA0XvArDGq3m7K4ilO4GRw==

| Fecha de suscripción (Local/UTC) | Número de serie del certificado | Fecha de consulta OCSP |
|---|---|---|
| 2026-04-24 11:57:49 / 2026-04-24 17:57:49 UTC | 30 30 30 30 31 30 30 30 30 30 30 37 30 34 32 35 34 31 31 34 | 2026-04-24 11:57:49 |

**NOM 151**

| Fecha de certificación | Política PSC | Huella digital original |
|---|---|---|
| 2026-04-24 17:57:49 UTC | 2.16.484.101.10.316.100.7.1.2.1.1 | weXe58uxPptHFHMQXK49y/v1vIj0BSk7k79pHn81zPU= |

## Firma PSC

d3bL5lZcQewS9uokp5BPydzTPBemmHPLxbVhKW0LZ7Ts9eZ8nmerbBqWi5gudYUUs9Ej16kmLQnL2vDVc/9eYhN2ZbLm4pm99ejP72aARmB4h1nA+gdGjNM9tYsxndcTBsnvSMBdiVJm/menY9wC1MwmCi/AAVokr3Atf8Cwq3spzk28ybnKiU3FJcwg9Dh/glCHMyP+QEfIwDEqApbgNRr/A11yavJ9PciOwE8YOhQ/zrQ2/clgqv8x4mGCVHQBWpZySPip6XNhrlJAQjTYvMKv62Rniy2cTDmYQxTUYORx4vj57chu0XWcuOWAqrK7GodDjcZh4i3v71XbSFDQe9oE2d1PFLHMaegNSRQLqaNB+W2Do9iCdROaqAkdtfDLl6iFh0DmDRUg/ctvqREaoCDyIEY4kRIXGxNp5LnH82ZEYprG3RnOhvOACT6x037TAAAQyQOi0/EVahBsaOkccm9clqsYYW+jxXbHC6vICp3lEKBQodt601gNtbEYQzRs1TVQJ/ApvL4iEjhHoLweHGSQzl7jbkVy6UkDW2x6ZQb/7RqWRZplgyg7I6E3WvyOf+b0ywYXKx/a4K+h3l9Z1RAk1HMbZDYeVF2+Roa3q/+cPgIocFWuSOxvYkdIoDeobfAQkUM9RZy3JpcLhqkoD1trkBk3WTcSM1iA+IpayeE=

 

**Constancia de Firma en Línea** generada a través de Literax cumple con las disposiciones establecidas en los artículos 89 al 109 del **Código de Comercio de México** en materia de firma electrónica publicada el 29 de agosto de 2003, así como con la **Ley de Firma Electrónica Avanzada (LFEA)**, publicada en el **Diario Oficial de la Federación (DOF)** el 11 de enero de 2012.

## 20260424 51195 Poder representacion extranjero

| Fecha solicitud de firmas: | Fecha fin de firmas: | No. de hojas: |
|---|---|---|
| **24/04/26** | **24/04/26** | **33** |

### Colaboradores:

- SAUL VILLEGAS SOJO

Firmante

### Constancia de conservación



| PSC | Fecha/Hora de Constancia | Huella digital original |
|---|---|---|
| Interfactura | 2026-04-24 17:57:53 UTC | eXqVlN3c+1WSXz316APpKDO4/si578UHqluqfDvkOtc= |

Constancia

MIITEjADAgEAMIITCQYJKoZIhvcNAQcCoIIS+jCCEvYCAQMxDzANBglghkgBZQMEAgEFADCCAUcGCyqGSIb3DQEJEAEEoIIBNgSCATIwggEuAgEBBg1gg2RlCoI8ZAcBAgEBMDEwDQYJYIZIAWUDBAIBBQAEIHl6lZTd3PtVkl899egD6SgzuP7Iue/FB6pbqnw75DrXAgZly7lrQDcYEzIwMjYwNDI0MTc1NzUzLjM3OFowBIACAfSggcOkgcAwgb0xETAPBgNVBAUTCDUwMDAtNDAyMRgwFgYDVQQHEw9TYW50SBDYXRhcmluYSAxEzARBgNVBAgTCk51ZXZvIExlb24xCzAJBgNVBAYTAk1YMRgwFgYDVQQEw9DQ01EQUlGUFJJTUFSSU8xMDAuBgNVBAsTJ25DaXBoZXIgU2VjdXJpdHkgVFNTIETVTjo3ODQ5LTg1NjItRDNCNzEgMB4GA1UEChMXSW50ZXJmYWN0dXJhIFNBUEkgZGUgQ1agggwEMIIH7jCCBdagAwIBAgICAIcwDQYJKoZIhvcNAQELBQAwggFFMRcwFQYDVQQHEw5BbHZhcm8gT2JyZWdvbjEZMBcGA1UECBMQQ2l1ZGFkIGRlIE1leGljbzELMAkGA1UEBhMCTVgxDjAMBgNVBBETBTAxMDAwMSswKQYDVQQJEyJJbnN1cmdlbnRlcyBTdXIgMTk0MCwgQ29sLiBGbG9yaWRhMUcwRQYDVQQDEz5BdXRvcmlkYWQgQ2VydGlmaWNhZG9yYSBTSWxlIZNlZ3VuZGEgZGUgU2VjcmV0YXJpcyBkZSBBFY29ub21pYTWwggZGUgTm9ybWF0aXZpZGFkIE1lcnNhbnBpbDEfMB0GA1UEChMWU2VjcmV0YXJpcyBkZSBZFY29ub21pYTElMCMGA1UEXMPdWVY2byBmZW9uMQswCQYDVQQGEwJNWDEYMBYGA1UEAxMPQ0NNNREFJRlBSSU1BUklPMTAwLgYDVQQLEyduQ2lwaGVyIFNlY3VyaXR5IFRTUyBFU046Nzg0OS04NTYyLURCQzjcxIDAeBgNVBAoTF0ludGVyZmFjdHVyYSBTQVBJIGRlIENWMIICIjANBgkqhkiG9w0BAQEFAAOCAg8AMIICCgKCAgEAtnPADkDIqhscz5bnrTYEPtodz2ozoLLlNJ5UpIRRCZ61TIdE0JSVj8chYFCK9GK8ydr2lo+lhfu76xqJKr+qDyFjv4CNAFEvBpiEgBZO9j2jfwKdBZ3PgoYE/9+uXRgD6rL6NT5kAVKPjV7hBTrFBdPtCVT8F0m1yYM8F8F/XROGsA4G9m11L20w1HLvJLKoUr59OligJIUsc6N36t0kjstb1XuylOSf0S90i4Zc5YLkbDG1GTT5mQUZkxZ2iDsSvtDVLgwEoG2JfNUwsAR1GmWgtNu0PqRWtABFROpuMRAAEBtdfJ3Vcz5u86OX0nX8MhQHFM92RRDbf87dQhlBvLky7QOZjGZcPOxRw7IZrUsvvE8dofX/miiyNlCQdQ4bYmqmQrnm7eG2mid7JoHF/mbdON8t4OwmFhrDxSZE+nSwqP20ZG4me5ULgJ3jTbApwE2/4B9/qUyTqhYGnc2H4NJkzHMt/uZ25K1Z1qruAC3b/HBWURXBtilGrijPmiDaELA8tttG3L4n1RBSqnII0JglgXD0y46Tvva2VvG3YNJgccF06CX9gPVx6SyuhjU/dfjGlzmPfLXZNJLra6f6AV/RF9/3TAB/egK4N/jvc52ODAH9OiriOhzx4Caz8DlmBAyBp8kx5Le63ScB0QIXtSaTqWEpWhLpWyg0c6Qfh6kCAwEAAaOCAWswggFnMB8GA1UdIwQYMBaAFBCBKSrBEg1yzTWCtSFYWW73oEoGMB0GA1UdDgQWBBTPuOjmlqJ2/1GH0pCZ7a9yAeA3STA9BggrBgEFBQcBAQQxMC8wLQYIKwYBBQUHMAGGIWh0dHA6Ly9vY3NwLmVjb25vbWlhLmvjb25wbWlhLmvjb5te5eDo4MDgyLzBABgNVHR8EOTA3MDWgM6Axhi9odHRwczovL3d3dy5hY3Iyc2UuZWNvbm9tm9taWEuZ29iLm14L2Vjb25wbWlhLmNybDBRBgNVHSAESjBIMEYGCWCDZGUKgjwKATA5MDcGCCsGAQUFBwIBFitodHRwczovL3d3d3y5hY3Iyc2UuZWNvbm9taWEuZ29iLm14L2Nwcy5odG1sMB0GA1UdJQQWMBQGCCsGAQUFBwMEBggrBgEFBQcDAjAPBgNVHRMBAf8EBTADAgEAMA4GA1UdDwEB/wQEAwID6DARBglghkgBhvhCAQEEBAMCBaAwDQYJKoZIhvcNAQELBQADggIBAAF7DGS6/u5KmCyUjJdPY4xRIO5SZoBvfuisgdfVbe3o4LbwLWV1c59xA7FO+bbH01Hiu2zY+jSb8JwCo52bt1ImK+p7AXORFNd0r/dJvyo53FrccoZOXNfCq4IHz1A0K1F7ZIKzyIoQpS4mAghCvrzxMfZlMEqxJ0qrcG3xfUXDlikhms3eXu7kHOfHyZZqEMTU2/nihsHREMv1mGNflqqonnOtiDVRhWlBnnBH5d/kwRVwM+LoTVsdIDD5i9+7yt8ox7T+FODWbz9IhBPp0JwY9Ou+E+GhTbxZl8utM2p332TFhDa6r+CwPNY5kJBHuLjNGAd7aY62/t0yC/mj1TagQ2VJFIWYz+PCT6xAVedg0rOCzTUjneZyVXdLJFGfta14MOWPMtTS/Wh9S9PYc377Lmb9ii0QUQT7iSYzxskVV7hZ81gMxWw1i0PLVhKde5vbRJzvscABuy3UAMsSCXY2IC4b17XLZykufuihxf+e3WKgjNsn4vZ5ZuXHSP/y7LWhg3y+1NU2/jSOKYN6YtY7z4qhMidjTl4iWpSMJXe6ugKr8jNczuDk9fQxbGGdNWtKEGEJcQwDTBq9g6pSN3e5WHTEgEsbVWgi0Jlos43R8cZA7sfG8LTZMuqQ5xy7pTh7mO+FixcdLdcBrVk0dnFvTbQHUM5CWxMameUNZVc1ooYIEDjCCAvYCAQEwgeuhgcOkgcAwgb0xETAPBgNVBAUTCDUwMDAtNDAyMRgwFgYDVQQHEw9TYW50SBDYXRhcmluYSAxEzARBgNVBAgTCk51ZXZvIExlb24xCzAJBgNVBAYTAk1YMRgwFgYDVQQEw9DQ01EQUlGUFJJTUFSSU8xMDAuBgNVBAsTJ25DaXBoZXIgU2VjdXJpdHkgVFNTIETVTjo3ODQ5LTg1NjItRDNCNzEgMB4GA1UEChMXSW50ZXJmYWN0dXJhIFNBUEkgZGUgQ1aiIwoBATAHBgUrDgMCGgMVAJyxofIHXkGC7ECI2dWNzBqE1Q4KolIBUTCCAU2kggFJMIIBRTEXMBUGA1UEBxMOQWx2YXJvIE9icmVnb24xGTAXBgNVBAgTEENpdWRhZCBkZSBNZXhpY28xCzAJBgNVBAYTAk1YMQ4wDAYDVQQREwUwMTAzMDErMCkGA1UECRMiSW5zdXJnZW50ZXMgU3VyIDE5NDAsIENvbC4gRmxvcmlkYTFHMEUGA1UEAxM+QXV0b3JpZGFkIENlcnRpZmljYWRvcmEgUmFpeiBTZWd1bmRhIHRlIGRlIFNlY3JldGFyaWEgZGUgRWNvbm9taWExNDAyBgNVBAsTK0RpcmVjY2lvbiBHZW5lcmFsIGRlIGRlIE5vcm1hdGl2aWRhZGBgNVBAoTFlNlY3JldGFyaWEgZGUgRWNvbm9taWWExNDAyBgNVBAsTK0RpcmVjY2lvbiBHZW5lcmFsIGRlIE5vcm1hdGl2aWRhZGBgNVBAoTFlNlY3JldGFyaWEgZGUgRWNvbm9taWWExJTAjBgkqhkiG9w0BCQEWFmFjcjJzZUBlY29ub21pYS5nb2IubXgwDQYJKoZIhvcNAQELBQACBQDtlY+mMCIYDzIwMjYwNDI0MDY0MDMzWhgPMjAyNjA0MjUwNjQzNTBaMHQwOgYKKwYBBAGEWGoEATAMMCowCgIFAO2j6YCAQAwBwIBAAICZAwCAQACFAO2W4SYCAQAwYKKwYBBAGEWGoDAQAKAMAgCAQACAwehIKEKMAgCAQACAwGoDANBgkqhkiG9w0BAQsFAAOCAQEABk7h83p3xJIpeQ2mgxBVVsFPjDpJcARYpyX8bQMDq03QeXP6aExknA1Ugos1U6sKLQLPnZymfaDN32V7fKSQ9c1YYDsD/GXeKwxH3ir1YPqoDcXhCzXuDQRCnN8EPM+n6xsAH/x19Gy+DvWxXiMCRTyXHiLSZ68xcdB63M49icBFVXuve29IAMjVpzLKrP/eaCA6K73ueenrVsgIJNDj+vezTh8eacllFqnbusdZTfQEbnn72MntBunhT4GzTk1cSahyKvFzcPObHkPpeG7GN/ffP6e3aZY2XEr7IC56y64qO4U/rjbRru18wlkSKQ7ZYB9RgpOwNUPhzlj0pks0xDGCBYswggWHAgEBMIIBTTCCAUUxFzAVBgNVBAcTDkFsdmFyby4BPYnJlZ29uMRkwFwYDVQQIExBDaXVkYWQgZGUgTWV4aWNvMQswCQYDVQQGEwJNWDEOMAwGA1UEERMFMDEwMzAxKzApBgNVBAkTIkluc3VyZ2VudGVzIFN1ciAxOTQwLCBDb2wuIEZsb3JpZGExRzBFBgNVBAMTPkF1dG9yaWRhZCBDZXJ0aWZpY2Fkb3JhIFJhaXogU2VndW5kYSBkZSBTZWNyZXRhcmlhIGRlIEVjb25vbWlhMSUwIwYJKoZIhvcNAQkBFhZhY3Iyc2VAZWNvbm9taWEuZ29iLm14AglAhzANBglghkgBZQMEAgEFAKCCAg0wGgYJKoZIhvcNAQkDMQ0GCyqGSIb3DQEJEAEEMC8GCSqGSIb3DQEJBDEiBCBrvV8Efhn0T7mVZhYaQHcZF82NTH1RxRqO46b5BxlcmDCCAbwGCyqGSIb3DQEJEAIvMYIBqzCCAacwggGjMIIBewQgCKru6uGDWSO/P0yGUrVwO3ezcTsedwF+geS6Yvn46kkwggFVMIIBTaSCAUkwggFFMRcwFQYDVQQHEw5BbHZhcm8gT2JyZWdvbjEZMBcGA1UECBMQQ2l1ZGFkIGRlIE1leGljbzELMAkGA1UEBhMCTVgxDjAMBgNVBBETBTAxMDAwMSswKQYDVQQJEyJJbnN1cmdlbnRlcyBTdXIgMTk0MCwgQ29sLiBGbG9yaWRhMUcwRQYDVQQDEz5BdXRvcmlkYWQgQ2VydGlmaWNhZG9yYSBSYWl6IFNlZ3VuZGEgZGUgU2VjcmV0YXJpcyBkZSBFY29ub21pYTElMCMGA1UEChMWU2VjcmV0YXJpcyBkZSBFY29ub21pYTElMCMGA1UEYTAk1YMRgwFgYDVQQEw9DQ01EQUlGUFJJTUFSSU8xMDAuBgNVBAsTJ25DaXBoZXIgU2VjdXJpdHkgVFNTIETVTjo3ODQ5LTg1NjItRDNCNzEwIwYJKoZIhvcNAQkBFhZhY3Iyc2VAZWNvbm9taWEuZ29iLm14AglAhzAICIcwEKAICIcwIICAQAEggGGBglghkgBZQMEAgEFAEgglAZIRW0zhW8KQ0Pv52AViQIJUnG5hfMjc/GLC0Db/C4G+a+FyWbhdlJ/vdFbipkTj3Jec93Kh5/hsMxIpcQS9TYs80xqSRKa+PC4QM1r++JcWlKFvcbGMMeAzf/s3yrkn1ZMM7LBfl3cysZ/GzGhdEizTIHTuCY3HwehTN/2w3KGo5QEU4UyrdeYnFgF04/6HxrwQgS7e/8KH3nPTRPbupQzMs1v6wLHitfUz+KyEw+Xwcorn7jGTd80Ly6H9e3KmqepYsGXqwlDYeyFF3eOL7PQzCczzgSNz/ow8WXtccVtA3IC4chfdLVX28pOJWnJSuMgUzP1kxuX8Maxdw00Lr5prlA6uUriHtR+uNh+ZW8+Afjk8Cz3+6IJKk5i2N2siul2otQmY0UBWqxNrFbLTcxQk2GcKejEHMFdeQfhPR2l7i1QSReiAwhZk2pbzfmPtaaeAhqexHa9puNKlbVvHwkClbFXSsjaO6O1jY409to6mLlx7NTQaUkS9AAOChM3Tuf0PZmucdi5uhmjLggfUce6XTz5PmqlvexhYPEcAkVAV+H3T2A+ebysP9Tbkom/dfM9ZfxGJbNa5uhxMzlMkW396ouUhhAKRd9loygOBKKiTYsUNLeiSwlgyJCYlNqeg5cCJ0JPo5GHkoM2a5nN4KFWukA599qDAmKkDfYfpXGAk=

PSC

**Proveedor de Servicios de Certificación (PSC) Interfactura, S.A.C.V., Prestador de Servicios de Certificación de Servicios de Emisión de Sellos Digitales de Tiempo y de Constancias de Conservación de Mensajes de Datos emitidas de conformidad con la NOM-151-SCFI-2016 acreditado por la Secretaría de Economía en el DOF del 26 de marzo de 2021.**

## Verificación

Verifica en tiempo real la(s) firma(s) en Línea directamente en www.literax.com  o:

**1. Escaneando el QR**



**2. Por medio del siguiente enlace**

URL

https://literax.origon.cloud/validator/uuid

Código de verificación

nbKwpDBipWl5wqp

**3. Cargando archivos PDF y XML a**

URL

https://literax.origon.cloud/validator/xml

Verificación de la(s) Constancia(s) de Conservación:

1. Leer el código **QR** desde su dispositivo móvil.

2. Copiar la Huella Digital Original y el resultado del proceso de la NOM-151 en el enlace https://verificationn151.interfactura.com/ o directamente en www.psc.interfactura.com.

Case 26-90523 Document 5 Filed in TXSB on 05/06/26 Page 169 of 172

*EXHIBIT C*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

In re:                                                  §
                                                        §          Chapter 15
DEMAR INSTALADORA Y                                      §
CONSTRUCTORA, S.A. DE C.V.,                              §          Case No.:
                                                        §
        Debtor in a Foreign Proceeding.                 §
                                                        §

### RULE 7007.1 CORPORATE OWNERSHIP STATEMENT

I, MIGUEL HERNANDEZ QUEZADA, as one of the duly authorized representatives (the "Foreign Representatives") of DEMAR Instaladora y Constructora, S.A. de C.V. ("DEMAR" or the "Debtor"), which is subject to a bankruptcy proceeding (the "Mexican Concurso Proceeding") pending before the First District Court in Commercial Bankruptcy Matters in Mexico City, Mexico (the "Mexican Court"), hereby provide the following information in conformity with Federal Rules of Bankruptcy Procedure 1007(a)(4) and 7007.1:

DEMAR has no parent corporation and no publicly held corporation owns 10% or more of DEMAR's stock.

### 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the foregoing Corporate Ownership Statement is true and correct to the best of my knowledge.

Executed in Mexico City, Mexico on 05 May, 2026

_____
Miguel Hernandez Quezada
for and on behalf of DEMAR Instaladora y
Constructora, S.A. de C.V., as its duly authorized
representative

Dated: May 5, 2026

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
jmendoza@sequorlaw.com
fmenendez@sequorlaw.com
mhanlon@sequorlaw.com
Telephone:     (305) 372-8282
Facsimile:     (305) 372-8202

By:    _/s/ Juan J. Mendoza_____
       Juan J. Mendoza
       Florida Bar No.: 113587
       Fernando J. Menendez (*pro hac vice pending*)
       Florida Bar No.: 18167
       Michael D. Hanlon (*pro hac vice pending*)
       Florida Bar No.: 1068478

2