**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 15 |
| DEMAR INSTALADORA Y | § | |
| CONSTRUCTORA, S.A. DE C.V., | § | Case No.: 26-90523 |
| | § | |
| Debtor in a Foreign Proceeding. | § | |
| | § | ***Emergency Hearing Requested*** |

**EMERGENCY MOTION FOR PROVISIONAL RELIEF PURSUANT
TO SECTIONS 105, 1519 AND 1521 OF THE BANKRUPTCY CODE**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 4:00 P.M. (PREVAILING CENTRAL TIME) ON MAY 11, 2026[1].**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Miguel Hernandez Quezada and Amada Josefa Ferrera Gunnersan, as the duly authorized representatives (the "Foreign Representatives") of DEMAR Instaladora y Constructora, S.A. de C.V. ("DEMAR" or the "Debtor"), which is subject to a bankruptcy proceeding (the "Mexican Concurso Proceeding") pending before the First District Court in Commercial Bankruptcy Matters in Mexico City, Mexico (the "Mexican Court"), submits this *Emergency Motion seeking provisional relief pursuant to sections 105(a), 1519 and 1521 of the Bankruptcy Code*[2] (the "Emergency Motion").

---

[1] To the extent that a hearing on this Motion is set to occur in person or otherwise require the physical presence of undersigned counsel, undersigned counsel respectfully requests that the hearing be scheduled for May 8 or May 11, 2026 to allow undersigned counsel to make necessary travel arrangements.

[2] Unless otherwise indicated, all statutory references shall be to title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

1

In support of this Emergency Motion, the Foreign Representatives respectfully refer this Court to (i) the form of voluntary petition [DE 1] filed by DEMAR; (ii) the *Verified Petition for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and for Related Relief* ("Chapter 15 Petition") and (iii) the *Declaration of Miguel Hernandez Quezada in Support of the Chapter 15 Petition for Recognition of a Foreign Main Proceeding & Emergency Motion for Provisional Relief* (including exhibits thereto, the "Declaration"), each of which has been filed contemporaneously herewith and is incorporated herein by reference. In support of the Emergency Motion, the Foreign Representatives respectfully submit the following:

## PRELIMINARY STATEMENT

The Foreign Representatives seek provisional relief on an emergency basis because two of DEMAR's creditors are presently racing to attach and/or execute upon DEMAR's bank account at Zions Bancorporation d/b/a Amegy Bank ("Amegy Bank") in this District under two pending admiralty actions filed after the commencement of the Mexican Concurso Proceeding: *Ocean Sub Sea Services, LLC v. Demar Instaladora y Constructora S.A. de C.V.*, Case No. 4:26-cv-01274 (S.D. Tex.) (the "Ocean Admiralty Case"), and *The Adani Harbour International DMCC v. Demar Instaladora y Constructora S.A.*, Case No. 4:26-cv-03308 (S.D. Tex.) (the "Adani Admiralty Case," and together with the Ocean Admiralty Case, the "Texas Admiralty Cases").

By this Emergency Motion, the Foreign Representatives request, pursuant to sections 1519(a), 105(a), and 1521, entry of an order granting provisional relief, attached hereto as **Exhibit "A"**: (i) applying section 362 of the Bankruptcy Code to DEMAR and DEMAR's property within the territorial jurisdiction of the United States; (ii) staying the commencement or continuation of any action or proceeding concerning DEMAR or its U.S. assets, including the Texas Admiralty Cases; and (iii) staying execution against DEMAR's U.S. assets, including the funds held at Amegy Bank pending hearing on DEMAR's petition for recognition. Provisional relief is urgent and necessary. Ocean Sub Sea Services, LLC ("Ocean"), the creditor that filed the involuntary

petition that commenced DEMAR's Mexican Concurso Proceeding, has already obtained an *ex parte* writ of maritime attachment against DEMAR's account at Amegy Bank in the amount of $17,538,644.78, an amount that satisfies its claim in full (plus anticipated costs and interest). Ocean is now seeking a default judgment on the attachment, thereby preventing DEMAR from even presenting defenses to the maritime attachment. The Adani Harbour International DMCC ("Adani"), for its part, obtained its own writ of garnishment over the same Amegy Bank account on April 27, 2026, in the amount of $4,272,272.31, an amount that satisfied its claim in full (plus anticipated costs and interest) and service on the garnishee is imminent. Adani—which filed its action against DEMAR just days ago on April 23, 2026—previously initiated a pre-arbitral proceeding against DEMAR in Mexico, which resulted in an attachment over receivables that was lifted as a result of the Mexican Concurso Proceeding. Absent provisional relief, Ocean and Adani will continue their efforts to circumvent the Mexican Concurso Proceeding by executing against DEMAR's only meaningful U.S. assets, thereby obtaining a *de facto* priority over DEMAR's more than 300 other creditors and incentivizing additional creditors to do the same in this District before this Court can rule on recognition.

The relief requested is urgent and cannot await the recognition hearing. Once the Amegy Bank funds are turned over and disbursed, they cannot meaningfully be reassembled, and the centralized, collective process the Mexican Concurso Proceeding is designed to provide—and that Chapter 15 is designed to support—will have been irrevocably circumvented. As shown more fully below, provisional relief is warranted here because (i) recognition of the Mexican Concurso Proceeding as a foreign main proceeding is highly likely on the verified record before this Court; (ii) the threatened harm is concrete, immediate, and irreparable; (iii) the balance of equities weighs heavily in favor of preserving the *status quo*, since neither Ocean nor Adani is prejudiced by a short-term stay as each is free to assert and pursue its claim in the Mexican Concurso Proceeding (which Ocean commenced, and which halted Adani's prior efforts at attachment); and (iv) the public interest, as codified in section 1501, is unambiguously served by preventing piecemeal collection efforts and preserving the integrity of a foreign main proceeding pending recognition.

3

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction in this matter pursuant to 28 U.S.C § 1334.

2.      This is a core proceeding pursuant to 28 U.S.C §157(b)(2)(P) and the Court may enter a final order consistent with Article III of the United States Constitution.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1410(1). The Debtor has a bank account located in this District with Zions Bancorporation d/b/a Amegy Bank ("Amegy Bank") with account number XXXXXX9431. *See The Declaration of Miguel Hernandez Quezada in Support of the Chapter 15 Petition for Recognition of a Foreign Main Proceeding & Emergency Motion for Provisional Relief.* Additionally, there are pending actions against the Debtor in in this District in the matters of *Ocean Sub Sea Services, LLC v. Demar Instaladora y Constructora S.A. de C.V.*, Case No. 4:26-cv-01274 (S.D. Tex.) and *The Adani Harbour International DMCC v. Demar Instaladora y Constructora S.A.*, Case No. 4:26-cv-03308 (S.D. Tex.).

**BACKGROUND**

1.      The facts related to this matter are set forth in detail in the Chapter 15 Petition and the Declaration and are incorporated herein by reference.

A.      **DEMAR's Path to Insolvency and Concurso Proceeding**

2.      DEMAR is a commercial company incorporated in Mexico in 1990, with its registered office located at Ejército Nacional número 216, Piso 15, Col. Anzures, C.P. 11590, Ciudad de México, México. *See* Declaration at ¶ 18. DEMAR provides engineering, procurement, construction, and marine operations services, principally within the oil, gas, and energy sectors, and its principal client is Petróleos Mexicanos ("PEMEX"), Mexico's state-owned national oil company. *See Id.*

3.      Beginning in late 2023 and continuing through 2025, PEMEX experienced a significant financial crisis and failed to make payments on substantial outstanding invoices owed

to DEMAR. *See Id.* at ¶ 19. Those unpaid invoices remain outstanding and, in turn, left DEMAR without sufficient liquidity to meet its own obligations to vendors, employees, and fiscal authorities, prompting the events that led to the Mexican Concurso Proceeding. *See* Ex. 1 at ¶ 19.

4.       On September 29, 2025, two of DEMAR's creditors—(i) Ocean, a Washington limited liability company, and (ii) JK Ingenieria S.A. de C.V. ("JK"), filed a petition for involuntary commercial bankruptcy against DEMAR before the Mexican Court pursuant to the Mexican Business Reorganization Act, on account of claims relating to DEMAR's chartering of an Ocean vessel known as the "Ocean Intrepid" from October 21, 2023 through December 31, 2024. *See Id.* at ¶¶ 22–23.

5.       On October 9, 2025, the Mexican Court entered an order admitting the involuntary concurso petition and imposing a series of precautionary measures, including: (i) prohibiting DEMAR from making payments on any obligation arising prior to the petition date; (ii) suspending all execution proceedings and attachments against DEMAR's assets and rights; (iii) prohibiting DEMAR from alienating or encumbering its principal assets; (iv) prohibiting the seizure of DEMAR's indispensable assets; and (v) prohibiting the transfer of DEMAR's resources or securities to third parties. *See id.* at ¶ 24. DEMAR thereafter answered the concurso petition on October 28, 2025. *See id.* ¶ 25.

6.       The Federal Institute of Commercial Insolvency Specialists ("IFECOM") appointed a *visitador* (visitor), who conducted an extensive examination of DEMAR's books and records and submitted a report to the Mexican Court. *See id.* at ¶ 26. On January 6, 2026, the Mexican Court entered an order recognizing the visitor's report, in which the visitor concluded that DEMAR was generally delinquent on its obligations to creditors and had approximately 312 creditors with claims that exceeded DEMAR's available liquidity. *See id.* On February 25, 2026,

DEMAR filed a notice consenting to the involuntary commercial insolvency petition. *See id.* at ¶ 27.

7.       On March 23, 2026, the Mexican Court entered an order (the "Reconciliation Order") (i) granting Ocean and JK's petition for involuntary commercial bankruptcy against DEMAR; (ii) opening the conciliation stage for a period of 185 days; (iii) maintaining the precautionary measures decreed in the October 9, 2025 order; (iv) appointing a *conciliador* (conciliator), to be designated by IFECOM; and (v) suspending any and all execution proceedings against DEMAR's assets and rights. *See* Ex. 1 at ¶ 28 & Ex. A. Pursuant to the Mexican Business Reorganization Act, DEMAR remains in control of the administration of its business and reorganization efforts during the conciliation stage. *See* Ex. 1 at ¶¶ 12–13, 29.

8.       On April 23, 2026, DEMAR's shareholders adopted a written resolution authorizing Miguel Hernandez Quezada and Amada Josefa Ferrera Gunnersan to act as DEMAR's representatives, with the powers to administer DEMAR's reorganization efforts abroad, including the commencement and prosecution of this Chapter 15 case. *See id.* at ¶ 29 & Ex. B.

### B.       The Texas Admiralty Cases

#### i.       The Ocean Admiralty Case

9.       After Ocean commenced the Mexican Concurso Proceeding and obtained the precautionary measures described above, on February 16, 2026, Ocean filed a complaint and request for issuance of a maritime attachment and garnishment against DEMAR in the United States District Court for the Southern District of Texas, commencing the Ocean Admiralty Case. *See id.* at ¶¶ 53–54.

10.       Two days after the complaint was filed, the court granted Ocean's *ex parte* writ of garnishment as to the Amegy Bank account. *See id.* at ¶ 55. On March 12, 2026, Amegy Bank

6

answered the writ and confirmed that it had control or possession of at least $17,538,644.78 of DEMAR's funds—an amount equal in full to the entirety of Ocean's alleged claim. *See id.* at ¶ 56.

11.     Notwithstanding the pendency of the Mexican Concurso Proceeding (which Ocean itself initiated), Ocean has aggressively pursued enforcement against DEMAR in the Ocean Admiralty Case. On March 23, 2026—the same day the Mexican Court entered the Reconciliation Order—DEMAR received from Ocean a request for waiver of service under Federal Rule of Civil Procedure 4(d) (the "Request for Waiver of Service"), advising that DEMAR had sixty (60) days to respond to the Request for Waiver of Service and an additional thirty (30) days thereafter to respond to the complaint if the waiver were returned. *See* Ex. 1 at ¶ 57. Just days later, in a letter dated March 26, 2026, Ocean asserted (for the first time) that DEMAR was purportedly required to file an answer to the attachment under Admiralty Rule 3(b) within thirty (30) days after process had been executed—a deadline Ocean alleged had already run on or about March 25, 2026 (*i.e.*, before its letter). *See id.* at ¶ 58.

12.     On April 3, 2026, Ocean requested that the clerk of the court enter a default against DEMAR. *See id.* at ¶ 59. Ocean did not serve DEMAR with that request. *Id.* After DEMAR's Chapter 15 counsel attempted to confer with counsel for Ocean concerning the request for entry of default on April 20, 2026, Ocean responded (not by conferring or withdrawing the request) but by moving expeditiously for entry of default judgment. *Id.* On April 22, 2026, DEMAR entered a restricted appearance in the Ocean Admiralty Case pursuant to Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to file a Motion to Vacate Clerk's Default and for Extension of Deadline to Respond to Attachment, which remains pending as of the filing of this Emergency Motion. *See id.* at ¶ 60.

### i.   The Adani Admiralty Case

13.    On April 23, 2026, Adani filed a complaint and request for issuance of a maritime attachment and garnishment against DEMAR in the United States District Court for the Southern District of Texas, commencing the Adani Admiralty Case. *See id.* at ¶ 41. Adani asserts a breach of contract claim in the amount of $4,272,272.31 and seeks a maritime attachment and garnishment under Supplemental Rule B, and attachment under Texas state law, against the Amegy Bank Account. *See id.*

14.    On April 27, 2026, the court granted Adani's writ of garnishment as to the Amegy Bank Account. *See id.* at ¶ 42. As of the filing of this Emergency Motion, service of that writ on Amegy Bank is imminent.

### RELIEF REQUESTED

15.    The Foreign Representatives seek emergency provisional relief to prevent Ocean, Adani (or others) from continuing their ongoing litigation and attempting to enforce their attachments against DEMAR and DEMAR's assets located in this District to gain an unfair advantage outside the structure provided by the Mexican Business Reorganization Act. The Foreign Representatives have applied to this Court for recognition of the Mexican Concurso Proceeding pursuant to chapter 15 of the Bankruptcy Code. However, the requested relief herein is necessary to effectuate the purposes of Chapter 15 in the interim and is appropriate and warranted here as will be described below. Accordingly, the Foreign Representatives request the entry of an emergency provisional relief order pursuant to sections 105(a), 1519, and 1521, substantially in the form attached hereto as **Exhibit "A"** (the "Provisional Order"), granting the following limited interim relief:

i.  Applying section 362 of the Bankruptcy Code to the Debtor and the Debtor's property within the territorial jurisdiction of the United States, including staying the commencement or continuation of any action or proceeding concerning the rights, obligations or liabilities of the Debtor and/or the Debtor's assets located in the United States, including (i)  the action brought in the United States District Court in and for the Southern District of Texas, styled as *Ocean Sub Sea Services v. Demar Instaladora y Constructora S.A. de C.V.*, Case No. 4:26-cv-1274 and (ii) the action brought in the United States District Court in and for the Southern District of Texas, styled as *The Adani Harbour International DMCC v. Demar Instaladora y Constructora S.A.*, Case No. 4:26-cv-03308 (S.D. Tex.); and

ii. Staying execution against the Debtor and/or the Debtor's assets located in the United States.

**<u>BASIS FOR RELIEF</u>**

16.     The Foreign Representatives have contemporaneously filed the Chapter 15 Petition seeking recognition of the Mexican Concurso proceeding as a foreign main proceeding under sections 1517 and 1520. Although a "petition or recognition of a foreign proceeding shall be decided upon at the earliest possible time," there is necessarily a gap between the time the petition for recognition is filed and the time the Court enters an order granting recognition. Accordingly, the Foreign Representatives seek emergency provisional relief under sections 105(a), 1519, and 1521(a)(7).

17.     Section 1519 permits the Court "from the time of filing a petition for recognition until [it] rules on the petition" to grant provisional relief on a temporary basis pending recognition

of the foreign proceeding where such "relief is urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a).  Such provisional relief may include the following:

> (1) staying execution against the debtor's assets, *see* 11 U.S.C. § 1519(a)(1);

> (2) entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court … to protect and preserve the value of assets, *see* 11 U.S.C. § 1519(a)(2);

> (3) granting any additional relief that may be available to a trustee, *see* 11 U.S.C. § 1519(a)(3) & 1521 (a)(7), including imposition of the automatic stay under section 362.

18.     Sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code authorize the Bankruptcy Court to "grant any appropriate relief, including—granting any additional relief that may be available to the trustee, except for relief available under section 522, 544, 547, 548, 550 and 724(a) [of the Bankruptcy Code]." 11 U.S.C. § 1521 (a)(7); *see In re Cell C Proprietary Ltd.*, 571 B.R. 542, 554 (Bankr. S.D.N.Y. 2017) (noting that the list of "appropriate relief" under section 1521(a) is "non-exhaustive"); see also *In re Vitro, S.A.B. de C.V.*, 455 B.R. 571, 579 (Bankr. N.D. Tex. 2011) ("the relief enumerated in section 1519 is not all-inclusive"). Accordingly, the Court may impose the automatic stay under section 362 provisionally and in fact, this Court commonly and frequently grants the provisional application of section 362 in chapter 15 cases. *See, e.g., In re BOS Solutions Ltd.*, Case No. 20-32465, (Bankr. S.D. Tex. May, 5, 2020) [DE 17]; *In re Archer Limited*, Case No. 17-33103, (Bankr. S.D. Tex. July 12, 2017) [DE 16]; *In re Argent Energy (Canada) Holdings, Inc.*, Case No. 16-20060, (Bankr. S.D. Tex. Feb. 24, 2016) [DE 30]; *In re Calmena Drilling Services, LLC et al.*, Case No. 15-30786, (Bankr. S.D. Tex. Mar. 5, 2015) [DE 17].

19.     In addition, section 105(a) of the Bankruptcy Code grants Courts the broad power

10

to "issue any order . . . necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

20.     The Foreign Representatives seek the imposition of the stay under section 362 for the purpose of maintaining the *status quo* until the Court rules on the Chapter 15 Petition. Upon recognition of the Mexican Concurso Proceeding as a foreign main proceeding, the section 362 automatic stay will automatically take effect in respect of DEMAR and its property within the United States pursuant to section 1520(a)(1).

21.     The provisional relief requested here is an "effective mechanism" to implement the chapter 15 policies of promoting cooperation between courts of the United States and courts of foreign countries involved in cross-border insolvency cases, the "fair and efficient administration of cross border insolvencies that protects the interest of all creditors, and other interested entities," including the Chapter 15 debtor, the "protection and maximization of the value of the [Chapter 15 Debtors'] assets," and the "facilitation of the rescue of financially troubled businesses, thereby protecting investment and preserving employment." 11 U.S.C. § 1501(a).

## ARGUMENT

### I.     Provisional Relief is Urgently Needed to Protect DEMAR's Assets

22.     The provisional relief is urgently needed here to protect DEMAR's assets and to protect the interests of its creditors as a whole. *See* 11 U.S.C. § 1519(a). Without the application of the stay afforded by section 362, there is a real and significant risk that certain of the Debtor's alleged creditors, including Ocean and Adani Harbour will continue to adjudicate their respective actions in the United States which are more properly subject to the Mexican Concurso Proceeding. The commencement and continuation of these actions may interfere with the Mexican Court's ability to adjudicate the Mexican Concurso Proceeding, effectively nullifying and interfering with

11

the orderly administration of DEMAR's affairs. Any disruption in the Mexican Concurso Proceeding could cause significant harm to DEMAR and/or other parties in interest. This "snowball effect" demonstrates the urgency of the requested relief and is precisely what provisional relief under section 1519 is intended to address. *See, e.g., In re Petition of Garcia Avila*, 296 B.R. 95, 114 (Bankr. S.D.N.Y. 2003) (finding that, under former section 304 of the Bankruptcy Code, irreparable harm would be caused by permitting creditors to execute judgments against bond proceeds because it would "diminish the recovery available to other creditors and possibly wreck the reorganization").

23.     To obtain provisional relief under section 1519, the Foreign Representatives must satisfy the "standards, procedures, and limitations applicable to an injunction." *See* 11 U.S.C. § 1519(e). Accordingly, a preliminary injunction should be issued where, as here, the following elements are satisfied: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any damage the injunction might cause the opponent; and (4) that the injunction will not disserve the public interest. *Blue Bell Bio-Medical v. Cin-Bad, Inc.*, 864 F.2d 1253, 1256 (5th Cir. 1989); *see also Dallas Cowboy Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979).

### A.     There is a Substantial Likelihood of Recognition

24.     The Foreign Representatives are likely to succeed in their request for Chapter 15 recognition of the Mexican Concurso Proceeding as a foreign main proceeding as the Chapter 15 Petition and accompanying papers satisfy the recognition requirements set forth under sections 1515 and 1517 of the Bankruptcy Code. Specifically, (i) the Mexican Concurso Proceeding is a foreign main proceeding within the meanings of sections 101(23) and 1502(4) of the Bankruptcy

12

Code; (ii) the Foreign Representatives satisfy the requirements of a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code; and (iii) the Chapter 15 Petition was properly filed in accordance with section 1515, accompanied by all fees, documents, and information required by the Bankruptcy Code and the Bankruptcy Rules.

### B. Irreparable Harm Absent Provisional Relief

25.     There is a substantial risk of irreparable harm if the provisional relief sought is not granted immediately to prevent the continuation of the proceedings brought by Ocean and Adani Harbour and any execution on DEMAR's funds held in its Amegy Bank account. Irreparable harm to an estate exists where the "equitable and orderly distribution of a debtor's property" is disrupted. *Victrix S.S. Co., S.A.* v. *Salen Dry Cargo A.B.*, 825 F.2d 709, 713-14 (2d Cir. 1987).  Here, Ocean has already attached over $17 million, an amount equal to the entirety of its alleged claim and has further sought to secure a default judgment—without proper notice to DEMAR—despite simultaneously extending DEMAR's time to respond to the complaint. Absent immediate relief, Ocean will be permitted to obtain and enforce a judgment against substantially all of DEMAR's known U.S.-based funds, thereby elevating its position over other creditors and frustrating the collective nature of the Mexican Concurso Proceeding *that Ocean itself initiated*. Adani is not far behind, as an order has been entered permitting their attachment of DEMAR's bank account at Amegy Bank. Such dismemberment of DEMAR's assets outside the supervision of the Mexican Court would undermine the centralized administration of the estate and constitutes precisely the type of irreparable harm that provisional relief under chapter 15 is designed to prevent.

26.     Further, especially given DEMAR's creditors' aptitude and willingness to file claims outside the confines of the Mexican Concurso Proceeding, the provisional relief requested here would prevent any other of DEMAR's creditors from taking any action against it and/or its

13

property in the United States which as previously explained would interfere with the orderly administration of the Mexican Concurso Proceeding and DEMAR's efforts at reorganization.

27.     Thus, unless this Emergency Motion is granted, DEMAR's assets in the United States are likely to be subject to efforts by DEMAR's creditors to prematurely enforce and collect upon which interferes with the Foreign Representatives' efforts to administer DEMAR's reorganization efforts and undermines DEMAR's efforts to achieve an equitable result for the benefit of all of DEMAR's creditors and interest holders.

**C.      The Balance of Equities Favors Provisional Relief as it Preserves Status Quo**

28.     In contrast to the harm that the Foreign Representatives, the estate, and creditors as a whole would suffer absent the provisional relief requested, the provisional relief requested in this Emergency Motion simply preserves the *status quo* pending the Court's decision on recognition and is not relief that would adversely prejudice Ocean, Adani, or any party in interest.

29.     The provisional relief does not affect or otherwise prejudice Ocean and/or Adani Harbour. The relief sought is temporary and for a short term, extending only through the Court's adjudication of the Chapter 15 Petition, whereupon the relief requested would become permanent. *See* 11 U.S.C. § 1520(a)(1) (the automatic stay is imposed as of right upon the entry of a recognition order); *see also In re Innua Canada Ltd.*, No. 09-16362, 2009 WL 1025088, at *4 (Bankr. D.N.J. Mar. 25, 2009) (finding that temporarily maintaining the *status quo* pending recognition of the foreign proceedings actually served to benefit creditors "by allowing for an orderly administration of the Foreign Debtors' financial affairs under the Canadian Proceeding," tipping the balance of harms in favor of the foreign representative). At this stage (and even after the recognition of the Mexican Concurso Proceeding as a foreign main proceeding), parties in interest, including Adani and Ocean, have an opportunity to participate in the Mexican Concurso

Proceeding, which is designed to take account of and balance the needs of all creditors in a collective, centralized process.

30.     Moreover, the imposition of a stay on the pending actions during the gap period will not affect the ability of holders of claims against DEMAR, including Ocean and Adani Harbour, to assert those claims in the Mexican Concurso Proceeding.

31.     In sharp contrast to the nonexistent harm to Ocean and Adani Harbour, DEMAR, its other creditors, and the Foreign Representatives would suffer significant prejudice if the provisional relief is not granted. DEMAR's funds at Amegy Bank are in danger of being enforced upon and collected through the garnishment and default proceedings by Ocean and Adani, notwithstanding the pendency of the Mexican Concurso Proceeding. If permitted to proceed, Ocean would effectively obtain payment on account of its alleged claims in full, to the exclusion of other similarly situated creditors, thereby upsetting the fundamental principle of equality of distribution and circumventing the collective nature of the Mexican Concurso Proceeding. And Adani is not far behind in seeking the same relief. Such a result would not only diminish the estate available for distribution but would also interfere with the Mexican Court's ability to administer and resolve claims in an orderly and centralized manner, to the detriment of all creditors.

32.     Granting the request for provisional relief therefore would benefit DEMAR's creditors because it will ensure that the value of its US assets is preserved, protected, and maximized for the benefit of all creditors rather than only one or two.

**D.     Public Interest Favors Granting Provisional Relief**

33.     Finally, the relief requested herein is in the public interest because it will help advance the purpose and objectives of Chapter 15. *See* 11 U.S.C. § 1501. Specifically, it provides effective mechanisms for dealing with cases of cross-border insolvency, promotes cooperation

between U.S. and foreign courts, ensures the fair and efficient administration of cross-border insolvencies in a manner that protects the interests of the Debtor and all creditors and other interested entities, and protects and maximizes the value of the Debtor's assets. 11 U.S.C. § 1501(a)(1)-(5). Indeed, granting the provisional relief requested will serve the public interest and provide for the efficient administration of the Mexican Concurso Proceeding while preventing piecemeal litigation where certain creditors (like Ocean and Adani) seek to gain an unfair advantage over similarly situated creditors.

## NO PRIOR REQUEST

34.    No prior request for the relief sought in this Emergency Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE the Foreign Representatives respectfully requests that the Court enter an order granting this Emergency Motion substantially in the form of the proposed interim order attached hereto as **Exhibit "A",** and granting such other and further relief as the Court may deem just and proper.

Dated: May 6, 2026

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
jmendoza@sequorlaw.com
fmenendez@sequorlaw.com
mhanlon@sequorlaw.com
Telephone:    (305) 372-8282
Facsimile:    (305) 372-8202

By:   /s/ *Juan J. Mendoza*
      Juan J. Mendoza
      Florida Bar No.: 113587
      Fernando J. Menendez (*pro hac vice pending*)

16

Florida Bar No.: 18167
Michael D. Hanlon (*pro hac vice pending*)
Florida Bar No.: 1068478

# EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 15 |
| DEMAR INSTALADORA Y | § | |
| CONSTRUCTORA, S.A. DE C.V., | § | Case No.: |
| | § | |
| Debtor in a Foreign Proceeding. | § | |
| | § | |

**ORDER GRANTING EMERGENCY MOTION FOR PROVISIONAL
RELIEF PURSUANT TO SECTIONS 105, 1519 AND 1521 OF THE
BANKRUPTCY CODE**

Upon the *Emergency Motion For Provisional Relief Pursuant To Sections 105, 1519 And 1521 Of The Bankruptcy Code* (the "Emergency Motion") [ECF No. _] filed by Miguel Hernandez Quezada and Amada Josefa Ferrera Gunnersan, by and through counsel, as the duly authorized representatives (the "Foreign Representatives") of DEMAR Instaladora y Constructora, S.A. de C.V. ("DEMAR" or the "Debtor"), which is subject to a bankruptcy proceeding (the "Mexican Concurso Proceeding") pending before the First District Court in Commercial Bankruptcy Matters in Mexico City, Mexico (the "Mexican Court"); and this Court having reviewed the Chapter 15 Petition [ECF No. _], the Emergency Motion, the Declaration of Miguel Hernandez Quezada and its attachments, the Petition ("Petition") [ECF No. _],, and argument of counsel at the hearing; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and that this is a core proceeding under 28 U.S.C. § 157(b)(2)(P); and that this Court having found that venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410(1); and that this Court having found that provisional relief is urgently needed to

18

protect the Assets of the Debtor and the interests of all creditors as required by 11 U.S.C. §1519(a) and 11 U.S.C. §1519(e); and that the Foreign Representatives have demonstrated that (i) there is a substantial likelihood that the Mexican Concurso Proceeding is entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1), and that the provisional relief requested will be granted on a permanent basis upon recognition under 11 U.S.C. §§ 1520 and 1521; (ii) irreparable harm to the Debtor and its creditors will result if the Emergency Motion is not granted on an expedited basis; (iii) that the balance of the equities favors the entry of this order; and (iv) public policy is consistent with entry of this order; and that this Court having found that issuance of this Order is necessary to preserve the status quo, as the Foreign Representatives have demonstrated that unless this Order is issued, there is a risk of irreparable injury to the DEMAR, the orderly administration of the Mexican Concurso Proceeding, and DEMAR's creditors; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.      Pursuant to 11 U.S.C. §§ 105(a) and 1519, from the time of the filing of this Chapter 15 case until the Court enters a ruling on the Chapter 15 Petition, the Court, grants the following provisional relief:

      a.  Applying section 362 of the Bankruptcy Code to the Debtor and the Debtor's property within the territorial jurisdiction of the United States, including staying the commencement or continuation of any action or proceeding concerning the rights, obligations or liabilities of the Debtor and/or the Debtor's assets located in the United States, including (i) the action brought in the United States District Court in and for the Southern District of Texas, styled as *Ocean Sub Sea Services v. Demar Instaladora y Constructora S.A. de C.V.*, Case No. 4:26-cv-

19

1274 and (ii) the action brought in the United States District Court in and for the Southern District of Texas, styled as *The Adani Harbour International DMCC v. Demar Instaladora y Constructora S.A.*, Case No. 4:26-cv-03308 (S.D. Tex.); and

    b.   Staying execution against the Debtor and/or the Debtor's assets located in the United States.

2.    The Foreign Representatives are authorized to take all actions necessary to carry out this Order.

3.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry

4.    This Order shall remain in effect pending the hearing on the Foreign Representatives' Recognition Motion.

5.    This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

6.    This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Emergency Motion or the implementation of this Order. This Order is entered without prejudice to any party in interest objecting to further relief requested by the Foreign Representatives or any other party in interest in this case.

Dated: _____, 2026
    Houston, Texas

_____
United States Bankruptcy Judge