**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 15 |
| DEMAR INSTALADORA Y | § | |
| CONSTRUCTORA, S.A. DE C.V., | § | Case No.: 26-90523 |
| | § | |
| Debtor in a Foreign Proceeding. | § | |
| | § | |
| | § | |

**EMERGENCY MOTION FOR ENTRY OF ORDER
(I) SCHEDULING RECOGNITION HEARING, (II) SPECIFYING FORM AND
MANNER OF SERVICE OF NOTICE, AND (III) GRANTING RELATED RELIEF**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 4:00 P.M. (PREVAILING CENTRAL TIME) ON MAY 11, 2026[1].**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Miguel Hernandez Quezada and Amada Josefa Ferrera Gunnersan, as the duly authorized representatives (the "Foreign Representatives") of DEMAR Instaladora y Constructora, S.A. de C.V. ("DEMAR" or the "Debtor"), which is subject to a bankruptcy proceeding (the "Mexican Concurso Proceeding") pending before the First District Court in Commercial Bankruptcy Matters in Mexico City, Mexico (the "Mexican Court") has commenced the above-captioned chapter 15 case (the "Chapter 15 Case") ancillary to the Mexican Concurso Proceeding and respectfully represents as follows in support of this motion (this "Scheduling Motion"):

---

[1] To the extent that a hearing on this Motion is set to occur in person or otherwise require the physical presence of undersigned counsel, undersigned counsel respectfully requests that the hearing be scheduled for May 8, 2026 or May 11, 2026 to allow undersigned counsel to make necessary travel arrangements.

**RELIEF REQUESTED**

1. Pursuant to Rules 1012, 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1001-1(c), 2002-1, and 9013-1(i) of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Bankruptcy Rules"), the Foreign Representatives seek entry of an order, substantially in the form attached hereto as **Exhibit "A"** (the "Proposed Order"): (a) setting 4:30 p.m. (prevailing Central Time) on June 01, 2026, or as soon thereafter as the Court's calendar permits and as such date conforms with the twenty-one (21) day notice-period required pursuant to Rule 2002(q)(1), as the time and date (the "Recognition Hearing Date") for the hearing (the "Recognition Hearing") on the relief sought in the *Verified Petition for Recognition of Foreign Main Proceeding and Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition" and, together with the petition filed concurrently therewith, the "Petition"), filed contemporaneously herewith; (b) setting 4:00 p.m. (prevailing Central Time) on May 26, 2026, as the deadline by which any responses or objections to the Verified Petition must be received (the "Objection Deadline"); (c) approving the form of notice of the Recognition Hearing (the "Notice"), substantially in the form attached as **Exhibit "1"** to the Proposed Order and filed contemporaneously herewith; (d) approving the manner of service of the Notice as described herein, and (e) granting related relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334.

3. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

4. The Foreign Representatives has properly commented this Chapter 15 case pursuant to section 1504 by the Foreign Representatives' filing of a petition for recognition of the Mexican Concurso Proceeding under section 1515(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1410(1). The Debtor has a bank account located in this District with Zions Bancorporation d/b/a Amegy Bank ("Amegy

Bank") with account number XXXXXX9431. *See Declaration of Miguel Hernandez Quezada in Support of the Chapter 15 Petition for Recognition of a Foreign Main proceeding & Emergency Motion for Provisional Relief* at ¶ 30 (the "Declaration"). Additionally, there are pending actions against the Debtor in in this District in the matters of *Ocean Sub Sea Services, LLC v. Demar Instaladora y Constructora S.A. de C.V.,* Case No. 4:26-cv-01274 (S.D. Tex.) and *The Adani Harbour International DMCC v. Demar Instaladora y Constructora S.A.*, Case No. 4:26-cv-03308 (S.D. Tex.).

## BACKGROUND

6.      On the date hereof, the Foreign Representatives filed a voluntary petition for relief under chapter 15 of the Bankruptcy Code for DEMAR in the United States Bankruptcy Court for the Southern District of Texas [ECF 01].

7.      A further Description of DEMAR's business and the events leading up to the commencement of and throughout the Mexican Concurso Proceeding and this Chapter 15 Case is included in the Declaration and the Verified Petition.

## BASIS FOR RELIEF REQUESTED

I.    **Form and Manner of Service of the Notice**

8.      Bankruptcy Rule 2002(q) provides that at least 21 days' notice must be given to (i) the debtor, (ii) all person or bodies authorized to administer foreign proceedings of the debtor, (iii) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, and (iv) all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition by mail of the hearing to consider the petition for recognition. of a foreign proceeding. Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the Court shall designate the form and manner in which such notice shall be given (unless otherwise specified in the Bankruptcy Rules). Fed. R. Bankr. P. 2002(m) & 9007.

A. **Proposed Notice Procedures Are Adequate and Permitted by the Bankruptcy Rules**

9.      By this Scheduling Motion, and pursuant to Rule 2002(q) of the Bankruptcy Rules and Section E(11) of the Complex Case Procedures for the Southern District of Texas, the Foreign Representatives propose to serve, or cause to be served, the Petition, Notice, and other relevant chapter 15 pleadings and notices (collectively, the "Notice Documents") by electronic mail, if available, and otherwise by overnight mail on the following parties (with the exception of the DEMAR, which will be served by both electronic mail and by overnight mail):

(a)  The Office of the United States Trustee for the Southern District of Texas;

(b)  DEMAR Instaladora y Constructora SA de CV;

(c)  Miguel Hernandez Quezada;

(d)  Amada Josefa Ferrero Gunnarsen;

(e)  Fernando Perez Correa Camarena;

(f)  Zions Bancorporation d/b/a Amegy Bank;

(g)  Ocean Sub Sea Services, LLC;

(h)  Squire Patton Boggs (US) LLP, Attn: Michael J. Wray c/o Ocean Sub Sea Services LLC;

(i)  The Adani Harbour International DMCC;

(j)  Schouest, Bamdas, Soshea, BenMaier Eastham, PLLC, Attn: Robert Prentice Vining and Sbsb Eastham, Attn: Erik David Garza c/o The Adani Harbour International DMCC;

(k)  all other parties to be served pursuant to Section E(11) of the Complex Case Procedures.

(collectively, the "Notice Parties"). The proposed service provides the Notice Parties with copies of the Notice Documents more than twenty-one days before the Recognition Hearing. The Notice Parties will not be prejudiced by such service, and the Foreign Representatives believe such service is reasonable and necessary given the facts and circumstances of this Chapter 15 Case.

4

B. **Form and Manner Generally**

10.       The Foreign Representatives propose to effect service of Notice Papers on the Notice Parties promptly after the filing of this Scheduling Motion. Under the facts and circumstances of DEMAR's Chapter 15 Case, the form and manner of service of the Notice requested herein constitutes adequate and sufficient notice of this Chapter 15 Case, the relief sought in the Verified Petition and the associated Objection Deadline and the Recognition Hearing Date. Accordingly, the Foreign Representatives request that this Court approve the form and manner of service of the Notice.

II.   **Form and Manner of Responses and Objections to the Verified Petition**

11.       Bankruptcy Rule 1012(b) provides that, among other things, a party objecting to a petition to recognize a foreign proceeding under chapter 15 has until no later than seven (7) days before the date set for the hearing on the petition to respond, unless the court orders otherwise. In light of this requirement, it is appropriate to set (a) June 01, 2026 at 4:30 p.m. (prevailing Central Time), or as soon thereafter as the Court's calendar permits, as the Recognition Hearing Date, and (b) the seventh day before the date of the Recognition Hearing, May 26, 2026 at 4:00 p.m. (prevailing Central Time) as the deadline by which any responses or objections to the relief sought in the Verified Petition as the Objection Deadline.

**BASIS FOR EMERGENCY RELIEF**

12.       Pursuant to Bankruptcy Local Rule 9013-1, the Foreign Representatives request emergency consideration of this Scheduling Motion. Section 1517(a) and (c) of the Bankruptcy Code contemplates that a "petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time" following a 21-day notice period, as set forth in Bankruptcy Rule 2002(q). The relief requested in this Scheduling Motion must be entered on an emergency basis to facilitate timely consideration of the Verified Petition.

**NOTICE**

13.     The Foreign Representatives will give notice of this Scheduling Motion to the Notice Parties and such other entities as this Court may direct. In light of the nature of the relief requested, the Foreign Representatives submit that no further notice is required.

**NO PRIOR REQUEST**

14.     No previous request for the relief sought herein has been made by the Foreign Representatives to this or any other court in the United States.

**CONCLUSION**

WHEREFORE the Foreign Representatives respectfully request that the Court enter an order granting this Scheduling Motion substantially in the form of the proposed order attached hereto as **Exhibit "A",** and granting such other and further relief as the Court may deem just and proper.

Dated: May 6, 2026

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
jmendoza@sequorlaw.com
fmenendez@sequorlaw.com
mhanlon@sequorlaw.com
Telephone:     (305) 372-8282
Facsimile:     (305) 372-8202

By:   /s/ Juan J. Mendoza
         Juan J. Mendoza
         Florida Bar No.: 113587
         Fernando J. Menendez (*pro hac vice pending*)
         Florida Bar No.: 18167
         Michael D. Hanlon (*pro hac vice pending*)
         Florida Bar No.: 1068478

*Attorneys to the Foreign Representatives*

**<u>CERTIFICATE OF SERVICE</u>**

I CERTIFY that on May 6, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Juan J. Mendoza*
*Juan J. Mendoza*

7

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 15 |
| DEMAR INSTALADORA Y | § | |
| CONSTRUCTORA, S.A. DE C.V., | § | Case No.: |
| | § | |
| Debtor in a Foreign Proceeding. | § | |
| | § | |

**ORDER (I) SCHEDULING RECOGNITION
HEARING, (II) SPECIFYING FORM AND MANNER OF
SERVICE OF NOTICE, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Scheduling Motion") of Miguel Hernandez Quezada and Amada Josefa Ferrera Gunnersan, as the duly authorized representatives (the "Foreign Representatives") of DEMAR Instaladora y Constructora, S.A. de C.V. ("DEMAR" or the "Debtor"), which is subject to a bankruptcy proceeding (the "Mexican Concurso Proceeding") pending before the First District Court in Commercial Bankruptcy Matters in Mexico City, Mexico (the "Mexican Court"), seeking entry of an order (a) scheduling a hearing on the relief sought in the Verified Petition, (b) setting the deadline by which any responses or objections to the Verified Petition must be received, (c) approving the form of notice of the Recognition Hearing, substantially in the form attached hereto as Exhibit 1 (the "Notice"), (d) approving the manner of service of the Notice, and (e) granting related relief; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Scheduling Motion in this district is proper pursuant to 28 U.S.C. § 1410(1); and that this Court may enter a final order consistent with Article III of the United States Constitution; and that adequate and sufficient notice of the filing of the Scheduling Motion having been given by the Foreign Representatives; and it appearing that

9

the relief requested in the Scheduling Motion is necessary and beneficial to DEMAR; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Scheduling Motion is granted to the extent set forth herein.

2. A hearing on the relief requested in the Verified Petition is scheduled for _____, 2026 at _:__ a.m. / p.m. (prevailing Central Time).

3. The form of Notice is hereby approved.

4. Service of the Notice in accordance with the procedures set forth in the Scheduling Motion satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rule 2002(q), and the Local Bankruptcy Rules, and shall constitute good and sufficient service and adequate notice of the Petition and the Recognition Hearing. No other or further notice is required.

5. Responses or objections to the Verified Petition must be filed with the Court no later than May 26, 2026 at 4:00 p.m. (prevailing Central Time) (the "Objection Deadline").

6. This Court retains exclusive jurisdiction to hear and determine all matters arising from or relating to the implementation, interpretation, or enforcement of this Order.

7. The Recognition Hearing may be adjourned from time to time without further notice other than a notice of adjournment in open court or a notice of adjournment filed on the docket in this Chapter 15 Case or an announcement in open court of the adjourned date or dates of any further adjourned hearing.

8. The Foreign Representatives are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

9.     This Order is without prejudice to the Foreign Representatives requesting any additional relief in this Chapter 15 Case.

Dated: _____, 2026                    _____
       Houston, Texas                            UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 15 |
| DEMAR INSTALADORA Y | § | |
| CONSTRUCTORA, S.A. DE C.V., | § | Case No.: |
| | § | |
| Debtor in a Foreign Proceeding. | § | |
| | § | |

**NOTICE OF RECOGNITION HEARING**
**FOR FOREIGN MAIN PROCEEDING**

      **PLEASE TAKE NOTICE** that on May 6, 2026 Miguel Hernandez Quezada and Amada Josefa Ferrera Gunnersan, as the duly authorized representatives (the "Foreign Representatives") of DEMAR Instaladora y Constructora, S.A. de C.V. ("DEMAR" or the "Debtor"), which is subject to a bankruptcy proceeding (the "Mexican Concurso Proceeding") pending before the First District Court in Commercial Bankruptcy Matters in Mexico City, Mexico (the "Mexican Court"), filed a Verified Petition for Recognition of Foreign Main Proceeding and Related Relief under Chapter 15 of the Bankruptcy Code (the "Verified Petition" and, together with the petition filed concurrently therewith, the "Petition") pursuant to sections 105(a), 1507, 1510, 1515, 1517, 1520, and 1521 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas.

      **PLEASE TAKE FURTHER NOTICE** that, among other things, the DEMAR seeks entry of an order recognizing the Mexican Concurso Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and granting certain additional relief pursuant to sections 105(a), 1507, 1510, 1515, and 1521 of the Bankruptcy Code.

      **PLEASE TAKE FURTHER NOTICE** that a hearing with respect to the Verified Petition (the "Recognition Hearing") will be held before the Honorable _____, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of Texas (the "Court"), on _____, _____, 2026 at _:__ a.m / p.m. (prevailing Central Time).

      **PLEASE TAKE FURTHER NOTICE** that any party-in-interest wishing to submit a response or objection to the Verified Petition must do so in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and such response or objection must be in writing and must set forth the basis for the response or objection. The response or objection must be filed with the Court by Friday, May 26, 2026 at 4:00 p.m. (prevailing Central Time) (the "Objection Deadline").

      **PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court or a notice of adjournment filed on the docket in this Chapter 15 Case.

13

**PLEASE TAKE FURTHER NOTICE that your rights may be affected. You should read the Petition carefully and discuss it with your attorney, if you have one in connection with this Chapter 15 Case. If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested by the Foreign Representatives, or if you want the Court to consider your views on any matter requested at the Recognition Hearing, then you or your attorney must attend such hearing. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought by the Foreign Representatives and may enter an order granting the relief requested.

Dated: May 6, 2026

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
jmendoza@sequorlaw.com
fmenendez@sequorlaw.com
mhanlon@sequorlaw.com
Telephone:     (305) 372-8282
Facsimile:     (305) 372-8202

By:   /s/ *Juan J. Mendoza*
          Juan J. Mendoza
          Florida Bar No.: 113587
          Fernando J. Menendez (*pro hac vice forthcoming*)
          Florida Bar No.: 18167
          Michael D. Hanlon (*pro hac vice forthcoming*)
          Florida Bar No.: 1068478

*Attorneys to the Foreign Representatives*