**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| DEMAR INSTALADORA Y CONSTRUCTORA, S.A. DE C.V., | Case No. 26-90523 |
| Debtor in a Foreign Proceeding. | |

**RESPONSE TO PETITION FOR ORDER GRANTING RECOGNITION**
**OF FOREIGN MAIN PROCEEDING AND RESERVATION OF RIGHTS**

Ocean Sub Sea Services, LLC ("Ocean"), through undersigned counsel, submits this Response (this "Response") to Petition for Order Granting Recognition of Foreign Main Proceeding (the "Petition") in accordance with the Court's Order Scheduling Recognition Hearing, Specifying Form and Manner of Service of Notice, and Granting Related Relief [ECF No. 23].

## I.     BACKGROUND

1.     On February 17, 2026, Ocean filed a Verified Complaint and Request for Issuance of Writ of Maritime Attachment and Garnishment against Demar Instaladora Y Constructora S.A.de C.V. (the "Debtor") as defendant and Zions Bancorporation N.A. d/b/a Amegy Bank as garnishee (the "Maritime Case").

2.     The Verified Complaint alleges that the Debtor failed to make payments due and owing to Ocean under certain applicable agreements related to the charter, fuel, lube demobilization, and other expenses related to the charter of the *Ocean Intrepid*, a multi-purpose vessel that the Debtor time chartered from Ocean for use in connection with an offshore project that the Debtor was performing for Pemex.  The Verified Complaint sought $16,788,644.78 in damages, plus $750,000.00 in estimated costs and continued interest for a projected period of two-years until resolution of the Maritime Case.

3.      The Maritime Case is pending as Case No. 4:26-cv-01274 in the U.S. District Court for the Southern District of Texas before Judge Rosenthal.

4.      On February 18, 2026, the Court in the Maritime Case issued an Order Granting Ocean's motion for writ of maritime attachment and garnishment pursuant to Rule B[1] of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions as to amounts on deposit in the Debtor's deposit account at Amegy Bank (the "Maritime Attachment").

5.      On March 12, 2026, Amegy Bank answered the writ of garnishment and confirmed that it had control or possession of at least $17,538,644.78 of the Debtor's funds.

6.      On May 12, 2026, upon the filing of the Petition and the Debtor's filing of a suggestion of bankruptcy, the Court in the Maritime Case issued an Order Staying and Administratively Closing the Maritime Case.  The Maritime Attachment remains in place.

## II.      **RESPONSE**

7.      Ocean does not oppose the Court's recognition of the Mexican Concurso Proceeding (as defined in the Petition) as a foreign main proceeding.  However, Ocean files this Response to ensure the scope of the Foreign Representatives' authority with respect to the Debtor's U.S. assets is clear.  In the Debtor's proposed recognition order, it requests that the Court entrust the Foreign Representatives with the "full administration and realization of all or part of the Debtor's assets within the territorial jurisdiction of the United States."  ECF No. 2 at 23; *See* 11

---

[1] To grant a process of maritime attachment and garnishment under Supplemental Admiralty Rule B, the Court found that:  1) Ocean had a *prima facie* admiralty claim against the Debtor  2) as a non-resident defendant, the Debtor cannot be found within the Southern District of Texas; 3) the Debtor's property (the funds in the Amegy Bank account) were  found within the Southern District of Texas; and 4) there is no statutory or maritime law bar to the attachment. *Ultra Deep Picasso Pte. Ltd. v. Dynamic Indus. Saudi Arabia Ltd.,* 119 F.4th 437, 441 (5th Cir. 2024).  E.C.F. No. 19 filed in Cause No. 4:26-cv-01274.  A Rule B attachment provides both security for a plaintiff's claim and quasi in rem jurisdiction over the defendant.

U.S.C. § 1521(a)(5). *In re Agrokor d.d.* articulates the distinction between (i) administration and realization and (ii) distribution:

> The Court's discretionary relief under section 1521 of the Code may either allow the foreign representative to merely administer the debtor's assets in the United States, but require that those assets remain here, or may allow the foreign representative to remove the debtor's assets from the United States. Section 1521(a)(5) entrusts to the foreign representative the "administration or realization" of the debtor's assets within the United States. This is part of the relief the Foreign Representative requested in the present case. It is not to be confused with the optional relief provided by section 1521(b), which allows the Court to "entrust the distribution" of the debtor's assets within the United States to the foreign representative. This alternative provision allows the debtor's assets to exit the United States for *distribution*.

*In re Agrokor d.d.*, 591 B.R. 163, 188 (Bankr. S.D.N.Y. 2018) (citations omitted) (emphasis in original).

8.      Ocean opposes entrusting the distribution of the Debtor's assets to the Foreign Representatives pursuant to 11 U.S.C. § 1521(b). Entitlement to authority under Section 1521(b) would require the Debtor to demonstrate that Ocean is sufficiently protected. 11 U.S.C. § 1521(b). Sufficient protection includes three principles: (i) the just treatment of all holders of claims against the bankruptcy estate, (ii) the protection of U.S. claimants against prejudice and inconvenience in the processing of claims in the foreign proceeding, and (iii) the distribution of proceeds of the foreign estate substantially in accordance with the order prescribed by U.S. law." *In re Markus*, 610 B.R. 64, 76 (Bankr. S.D.N.Y. 2019), *aff'd*, 620 B.R. 31 (S.D.N.Y. 2020). The Debtor's assets subject to the Maritime Attachment serve as security for Ocean's claims against the Debtor under applicable maritime law. *See Swift & Co. Packers v. Compania Columbiana Del Caribe*, 339 U.S. 684, 693 (1950) (noting that one purpose of maritime attachment is to "assure satisfaction in case the suit is successful"); *accord*, *Winter Storm Shipping Ltd. v. TPI,* 310 F.3d 263, 268, (2d Cir.

3

2002), *cert denied*, 539 U.S. 927 (2003) (There are two rationales for a Rule B attachment, it provides security for the plaintiff's claim against the defendant, and it assures the defendant's appearance in an action).  Ocean would not be sufficiently protected if the Foreign Representatives were authorized to distribute the Debtor's U.S. assets that are subject to Ocean's Maritime Attachment.  Any recognition order must respect Ocean's Maritime Attachment rights in the Debtor's U.S. deposit account.

9.      Ocean hereby explicitly reserves any and all of its rights, claims, defenses, remedies, counterclaims, and cross-claims under the United States Bankruptcy Code, federal law, applicable state law, and any relevant foreign law.  Without limiting the generality of the foregoing, Ocean's Response to the entry of an order recognizing the Mexican Concurso Proceeding as a foreign main proceeding is made without prejudice to, and shall not be deemed a waiver or relinquishment of, Ocean's right to:

(a)      Seek relief from the automatic stay under 11 U.S.C. §§ 362 and 1520(a) to pursue or enforce any claims, actions, or judgments against the Debtor or its property;

(b)      Object to, oppose, or seek modification of any subsequent request by the Foreign Representative for additional relief, entrustment of property, turnover, or discovery pursuant to 11 U.S.C. §§ 1507, 1521, or 1522;

(c)      Assert any rights of setoff, recoupment, netting, or any security interests, liens, or contractual protections it may possess under applicable law; and

(d)      Seek modification, termination, or conditioning of any recognition order pursuant to 11 U.S.C. § 1517(d) or § 1522 if the grounds for granting it are shown to be flawed or if circumstances change.

Dated: June 3, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**

/s/  Andrew J. Geppert
Andrew J. Geppert (TX 24097733)
601 S.W. Second Avenue
Portland, Oregon 97204
Tel: (503) 778-2100
Email: gepperta@ballardspahr.com

and

Gregory R. Fox (admitted *pro hac vice*)
1301 2nd Ave., Suite 2800
Seattle, WA 98101
Tel: (206) 223-7129
Email: foxg@ballardspahr.com

5

## **CERTIFICATE OF SERVICE**

I certify that on June 3, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

_/s/ Andrew J. Geppert_