**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| | § | |
| | § | **Chapter 15** |
| | § | **Case No.: 26-90523** |
| | § | |
| **DEMAR INSTALADORA Y** | § | |
| **CONSTUCTORA, S.A.D.E C.V.,** | § | |
| | § | |
| **Debtor in a Foreign Proceeding.** | § | |
| | § | |

**OBJECTION OF THE ADANI HARBOUR INTERNATIONAL FZCO TO**
**MEXICAN ENTITIES' REQUESTED RECOGNITION OF**
**FOREIGN PROCEEDING AND RELATED RELIEF**

The Adani Harbour International FZCO[1] ("Adani") hereby files this objection ("Objection") to *Verified Petition for order granting recognition of Foreign Main Proceeding Pursuant to 11 U.S.C. § 1515 and 1517 of the Bankruptcy Code and Related Relief* [Doc. 2] filed by Miguel Hernandez Quezada and Amanda Josefa Ferrera Gunnersan ("Petitioners"), as the alleged duly authorized representatives of DEMAR Instaladora Y Constructora, S.A., de C.V. ("Demar"). In support of this Objection, Adani relies on the *Declaration of XXX* ("XXX Declaration"), filed contemporaneously herewith, and respectfully state as follows:

I.     **FACTS**

1.     On December 16, 2023, Adani, as Owner, and Demar, as Charterer, entered into a BIMCO SUPPLYTIME 2017 Time Charter Party for Offshore Support Vessels (the "Charter Party") for the vessel *MARIDIVE 235* (renamed the *TAHID KAVERI*, IMO No. 9694086) (the "Vessel").

---

[1] The Adani Harbour International FZCO was formerly known as The Adani International DMCC. Pursuant to mandate of the UAE Local Freezone Authority, all companies that had the suffix "DMCC" in their names had to change to "FTCO."

2.      The Vessel is a 2015-build 78m offshore supply vessel owned by Adani and sailing under the Liberian flag. A photograph of the Vessel is provided for reference:



3.      The Charter Party was a time charter of the Vessel and consisted of the following documents:  (i) a modified BIMCO SUPPLYTIME 2017 form, including Parts I & II; (ii) Appendix 1- Additional Clauses; (iii) Annex A- Vessel details sheet; (iv) Annex B- Insurance requirements; (v) Annex C- Table of Certificates and/or Documents Required for Navigation Permits en [*sic*] Mexican Waters; (vi) Annex D- Pemex Checklist; (vii) Annex E- Regulations for DP Operations; (viii) Annex F- Pemex Rules & Regulations for Marine Heliports; (ix) Annex G- Catering, Meals & Food Products; and (x) Annex H- Demar Vessel Daily Report.

4.      The Charter Party is a maritime contract. *See Diamond Services Corp. v. RLB Contracting, Inc.,* 113 F.4th 430, 440 (5th Cir. 2024), *citing Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1214 (5th Cir. 1986) (stating, "[a] charter party is a classic example of a maritime contract."

5.      Adani timely delivered the Vessel to Demar in accordance with the Charter Party, and Demar accepted the Vessel.

6.      Following Demar's acceptance of the Vessel, the Vessel performed services for Demar while on charter hire during 2024.

7.      Pursuant to Clause 20 of the Charter Party, Demar was obligated to pay Adani a Vessel charter hire day rate of $45,000.00/day on a pro rata basis.

8.      Pursuant to Clause 15 of the Charter Party, Demar agreed to pay a demobilization fee of $500,000.00 upon completion or termination of the Charter Party

9.      Pursuant to Clause 24 of the Charter Party, other than the invoice for the last thirty (30) days of charter hire, payment from Demar was due in thirty (30) days of receipt of Adani's invoices.

10.     Pursuant to Clause 25 of the Charter Party, contractual interest on past due amounts was set at the equivalent of 7.35% per month.

11.     On August 6, 2024, the parties entered into a Settlement Agreement in Respect of Outstanding Amounts (the "Settlement Agreement") related to past due and owing monies payable by Demar.

12.     In the Settlement Agreement, the parties agreed that the "TOTAL OUTSTANDING" amounts owed by Demar to Adani were $4,447,270.30.

13.     The parties also agreed to a payment plan as per the following schedule:

| Instalment No. | Amount Payable (USD) nett | Instalment Due Date |
|---|---|---|
| Instalment 1 | 657,878.38 | 30 August 2024 |
| Instalment 2 | 657,878.38 | 30 September 2024 |
| Instalment 3 | 657,878.38 | 30 October 2024 |
| Instalment 4 | 657,878.38 | 30 November 2024 |
| Instalment 5 | 657,878.38 | 30 December 2024 |
| Instalment 6 (if de-mob is waived as per Clause 2) | 657,878.38 | 30 January 2025 |
| Instalment 7 (if de-mob is payable as per Clause 2) | 500,000.00 | 30 January 2025 |

14.     Demar made payments towards the first two Installments, although both were received late.

15.    Notwithstanding the express payment terms of the Charter Party and Settlement Agreement, Demar has failed to make payments to Adani for amounts that are past due and owing. Adani's current damages are in the total amount of THREE MILLION, FOUR HUNDRED and SIXTY TWO THOUSAND, TWO HUNDRED and SEVENTY TWO DOLLARS and THIRTY ONE cents ($3,462,272.31) for charter hire, demobilization costs, and contractual interest under the Charter Party (exclusive of continuing interest, costs, and attorney's fees). This amount is comprised of $3,131,513.52 in principal amounts outstanding and an additional $330,758.79 in contractual interest owed through April 21, 2026.

16.    Despite ongoing demands and amicable attempts to collect by Adani, Demar has failed, and continues to fail, to pay Adani the amounts past due and owing under the Time Charter. Demar's wrongful and ongoing refusal to remit payment to Adani constitutes a breach of the Charter Party.

17.    To date, Adani's total damages are in the amount of $3,462,272.31, with interest continuing to accrue, and exclusive of costs and attorney's fees.

18.    On September 29, 2025, two of Demar's creditors commenced insolvency proceedings seeking an order adjudicating Demar in bankruptcy. *See* Affidavit if XXX, attached hereto as Ex. A.

19.    In its response to such petition, Demar denied that it was insolvent and, in support of that position, submitted a list of creditors that omitted two of its principal creditors and understated certain liabilities, which were later found by the examiner (a court-appointed officer charged with reviewing Demar's books and records) to be substantially higher than originally reported by Demar. Indeed, the information submitted by Demar failed to disclose approximately 43% of its outstanding indebtedness, representing at least MXN 2,114,496,776.32 in liabilities. Such response and creditor list were submitted by Amada Josefa Ferrera Gunnersan, Demar's attorney-in-fact and the purported Foreign Representative, even though the creditor list contained

material misstatements and omissions that resulted in a grossly inaccurate portrayal of Demar's liabilities and financial position.  *Id.*

20. The examiner submitted his report to the Court, concluding that Demar met the legal standard for insolvency proceeding and that certain creditors were owed amounts greater than those originally disclosed by Demar.  *Id.*

21. In a judgment dated March 23, 2026, the Bankruptcy Court declared Demar to be in insolvency proceeding.  *Id.*

22. On the merits, the Bankruptcy Court found that Demar had total payment obligations (whether due or not yet due) in the amount of $5,008,126,045.37, while its assets amounted to only $1,189,772,688.48.  *Id.*

## II.   RECOGNITION SHOULD BE DENIED – NO FOREIGN REPRESENTATIVE

23. The Petition is premature and should be denied in that there has not been a foreign representative designated.

24. A "foreign representative [is a] person or body … authorized in a foreign proceeding to administer the reorganization or liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."  11 U.S.C. § 101(24).

25. Similarly, Article 279 of the Ley de Concursos Mercantiles ("Mexican Bankruptcy Law") provides that a "Foreign Representative shall mean the person or body, including one appointed on an interim basis, that has been authorized in a foreign proceeding to administer the reorganization or the liquidation of the Merchant's assets or business, or to act as a representative of the Foreign Proceeding."

26. There is no ruling on file in the bankruptcy proceeding involving Demar in Mexico authorizing Petitioners to be Foreign Representatives.  *See* Ex. A.

27. Petitioners, at least under Mexican Bankruptcy Law, are only attorneys-in-fact.

28.     As such, the only person entitled to commence a Chater 15 proceeding is the current Trustee (conciliator), and that Trustee did not sign the Petition.

### III. RECOGNITION SHOULD BE DENIED – NO PROVISION FOR WORLDWIDE STAY

29.     As the Court knows, the U.S. bankruptcy laws provide an essential worldwide automatic stay.  *See* 11 U.S.C. § 362; *In re Elcoteq, Inc.*, 521 B.R. 189 (Bankr. N.D. Tex. 2014); *In re Pro-Fit Holdings, Ltd.*, 391 B.R. 850 (Bankr. C.D. Cal. 2008).

30.     Unlike in the U.S., Mexican Bankruptcy Law does not provide for a worldwide automatic stay.  *See* Ex. A.

31.      Also, the Mexican Federal Civil Code provides that Mexican statutes and laws are applicable to persons, acts and events that are or take place within the Mexican territory.[2] Therefore, neither the Mexican Bankruptcy Law nor the protection that is granted under that law, has extra-territorial effects.

32.     Moreover, the funds on account at Amegy Bank and which have been attached by Adani have not been listed as an asset of the estate of Demar in its Mexican bankruptcy proceedings.  *See* Ex. A.

33.     Simply put, there is no basis under Mexico law to impose an automatic stay on purported assets of Demar located in the U.S. and which purported assets are not part of a bankruptcy proceeding.

### IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Adani respectfully requests that the Court deny recognition and grant all other appropriate relief to which it is entitled.

---

[2] "Article 12. Mexican laws govern all persons present in the Republic, as well as acts and events occurring within its territory or jurisdiction, and those that are subject to such laws, except where those laws provide for the application of foreign law and except as otherwise provided in treaties and conventions to which Mexico is a party."

Respectfully submitted,

**SCHOUEST, BAMDAS, SOSHEA, BENMAIER, PLLC**

*[signature: Robert Vining]*

**ROBERT P. VINING**
Attorney In Charge
State Bar No. 24049870
S.D. Tex ID No. 35870
rvining@sbsblaw.com
1001 McKinney, Suite 1400
Houston, Texas 77002
Phone: (713) 588-0446
Fax: (713) 574-2942

*Attorneys for*
*The Adani Harbour International FZCO*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2026, a true and correct copy of the foregoing was served by electronic means as listed on the Court's ECF noticing system.

*[signature: Robert Vining]*

Robert P. Vining